Dianne Coffino, Esq.
Alan Vinegrad, Esq.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000

*Counsel to Migs Woodside*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Case No. 12-MC-00115 (JSR)<br><br>PERTAINS TO CASE 11 Civ. 08743 (JSR) |
| In re:<br><br>MADOFF SECURITIES | |

**DEFENDANT MIGS WOODSIDE'S JOINDER IN THE
REPLY MEMORANDUM OF LAW
OF FRANK A. PETITO, d/b/a THE PETITO INVESTMENT GROUP,
AND FRANK A. PETITO IN FURTHER SUPPORT OF THEIR
MOTION TO WITHDRAW THE REFERENCE**

## **TABLE OF AUTHORITIES**

Migs Woodside hereby joins in the Reply Memorandum of Law in Further Support of Their Motion to Withdraw the Reference[1] submitted by defendants Frank A. Petito, d/b/a The Petito Group and Frank A. Petito (together, the "**Petito Defendants**") as follows:[2]

## BACKGROUND

1. On November 23, 2011, the Petito Defendants filed a Motion to Withdraw the Reference (the "**Motion to Withdraw**") on mandatory withdrawal grounds, in Case No. 11 Civ. 08743 (JSR). Notice of Defs' Mot. For Mandatory Withdrawal of the Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Nov. 30, 2011) (Doc. 1). Ms. Woodside, a co-defendant, joined in the Motion to Withdraw, incorporating by reference the arguments made therein. Def. Migs Woodside's Joinder in the Mot., *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Nov. 30, 2011) (Doc. 8) (the "**Woodside Joinder**"). In the Woodside Joinder, Ms. Woodside also raised grounds for permissive withdrawal of the reference under the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and the Second Circuit's decision in *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) (together, the "**Permissive Withdrawal Grounds**"). Woodside Joinder at 7-16.

2. By Order dated February 4, 2012, this Court directed that the Woodside Joinder be treated as a separate motion to withdraw the reference. Order, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Feb. 4, 2012) (Doc. 14) (the "**February 4 Order**"). On April 6, 2012, in accordance with the Court's Order, the Trustee and the Securities Investor Protection

---

[1] Movants' Reply Mem. of Law in Further Support of Their Respective Motions to Withdraw the Reference, *SIPC v. BLMIS*, No. 12 Misc. 00115 (S.D.N.Y. Apr. 17, 2012) (Doc. 14); *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. April 17, 2012) (Doc. 25) (the "**Reply Memorandum**").

[2] The Motion to Withdraw the Reference was consolidated with five other motions for the purpose of briefing. The Case Numbers for the other five motions are: 11 Civ. 08741 (JSR), 11 Civ. 08742 (JSR), 11 Civ. 08744 (JSR), 11 Civ. 08745 (JSR), 11 Civ. 08746 (JSR).

1

Corporation filed opposition memoranda to the Woodside Joinder, addressing both mandatory withdrawal and permissive withdrawal grounds. Trustee's Mem. of Law in Opp. to Migs Woodside's Mot. to Withdraw the Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Apr. 6, 2012) (Doc. 23); Mem. of Law of the Sec. Investor Protection Corp. in Opp. to Def's Mot. to Withdraw Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Apr. 6, 2012) (Doc. 22). Pursuant to the February 4 Order, Ms. Woodside's reply memorandum is due on April 24, 2012.

3. By Order dated April 13, 2012, the Court entered an Order partially withdrawing the reference in all proceedings in which motions for withdrawal, based on the Permissive Withdrawal Grounds, were pending and directing that the defendants participate in a single common brief on the those issues. Order, *SIPC v. BLMIS*, No. 12 Misc. 00115 (JSR) (S.D.N.Y. Apr. 13, 2012) (Doc. No. 4) (the "**April 13 Order**"). In accordance with the April 13 Order, Ms. Woodside will participate in the consolidated briefing regarding the Permissive Withdrawal Grounds raised in the Woodside Joinder and therefore does not address these issues herein.[3] This joinder thus is limited to the mandatory withdrawal issues raised in the Motion to Withdraw and related Reply Memorandum.

## JOINDER

4. Ms. Woodside hereby joins in and incorporates herein the arguments made by the Petito Defendants in their Reply Memorandum, except as expressly noted herein. Ms. Woodside concurs that the issues related to application of 11 U.S.C. § 546(e) in the context of a SIPA proceeding (*see* Reply Memorandum, Section I. B–Section 546(e), at 11) and the interplay of

---

[3] Ms. Woodside hereby expressly preserves all arguments related to the Permissive Withdrawal Grounds.

2

SIPA with 11 U.S.C. § 548(c) and (d) (*see* Reply Memorandum, Section I. A, at 8-11) provide grounds for mandatory withdrawal of the reference, as this Court has previously held.[4] Ms. Woodside likewise agrees that the arguments made by the Trustee and SIPC regarding the statutorily designated "core" nature of the claims brought by the Trustee are wholly irrelevant to mandatory withdrawal issues (*see* Reply Memorandum, Section III, at 13-14).[5]

5. For the avoidance of doubt, this joinder serves as Ms. Woodside's reply memorandum pursuant to the February 4 Order, and responds to the Trustee's and SIPC's memoranda in opposition to Ms. Woodside's motion. *See* Trustee's Mem. of Law in Opp. to Migs Woodside's Mot. to Withdraw the Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Apr. 6, 2012) (Doc. 23); Mem. of Law of the Sec. Investor Protection Corp. in Opp. to Def's Mot. to Withdraw Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Apr. 6, 2012) (Doc. 22).

---

[4] Ms. Woodside does not join in the arguments made by the "Estate Defendants" in the Reply Memorandum, Section I.C, at 11-12 relating to interpretation of the Internal Revenue Code in the context of Individual Retirement Accounts, because those arguments are inapplicable to her.

[5] The contention by the Trustee that the filing of a proof of claim effects a waiver of the right to move for mandatory withdrawal of the reference is also not applicable to Ms. Woodside. *See* Trustee's Mem. of Law in Opp. to Defs' Mot. to Withdraw the Reference, *Picard v. Petito, et al.*, No. 11 Civ. 08743 (JSR) (S.D.N.Y. Apr. 3, 2012) (Doc. 21), at 15-17. Ms. Woodside has not filed a claim in the SIPA proceeding.

## CONCLUSION

For the reasons stated above, in the Reply Memorandum, and in all prior papers submitted on this motion, Ms. Woodside respectfully requests that this Court enter an Order (a) withdrawing the reference of this action (in its entirety) to the bankruptcy court and (b) granting such other relief as is appropriate.

Dated: New York, New York
April 17, 2012

                                      COVINGTON & BURLING LLP

                                      By: */s/ Dianne Coffino*
                                            Dianne Coffino
                                            Alan Vinegrad

                                      The New York Times Building
                                      620 Eighth Avenue
                                      New York, New York  10018
                                      Telephone:  (212) 841-1000
                                      Facsimile:  (212) 841-1010
                                      Email: dcoffino@cov.com

                                      *Counsel to Migs Woodside*