**GOODWIN PROCTER LLP**
Daniel M. Glosband
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Matthew L. Curro
Christopher Newcomb
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

*Attorneys for David B Pitofsky, As Receiver for Defendant Ascot Partners L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,**<br><br>            Plaintiff,<br><br>      vs.<br><br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**<br><br>            Defendant. | Case No. 12-MC-00115 (JSR) |
| **In re:**<br><br>**MADOFF SECURITIES** | Pertains to Case:<br>      12-cv-02623 (JSR) |

**JOINDER OF DAVID B. PITOFSKY, AS RECEIVER FOR DEFENDANT ASCOT PARTNERS L.P., TO THE MOTION OF BART M. SCHWARTZ, AS RECEIVER OF DEFENDANTS ARIEL FUND LIMITED AND <u>GABRIEL CAPITAL, L.P., TO WITHDRAW THE REFERENCE</u>**

David B. Pitofsky, Esq., as Receiver (the "Receiver") for defendant Ascot Partners L.P. ("Ascot"),[1] by his attorneys, Goodwin Procter LLP, respectfully joins in the Motion of Bart M. Schwartz, As Receiver of Defendants Ariel Fund Limited and Gabriel Capital, L.P., to Withdraw the Reference, filed on April 4, 2012 (Dkt. No. 1) and the concurrently filed memorandum of law and declaration in support thereof (Dkt. Nos. 2 and 3) (together, the "Schwartz Motion").  The Complaint in the underlying adversary proceeding raises issues as to Ascot substantially similar to those addressed in the Schwartz Motion that this Court has determined, in similar cases, require consideration of title 11 and substantial and material consideration of federal non-bankruptcy law.

## Background

1.      Ascot Fund Ltd. ("Ascot Fund") opened an account in 1992 and Ascot opened a BLMIS account in 1993.  In 2003, Ascot Fund transferred its account balance to the account held by Ascot in exchange for a limited partnership interest in Ascot.  Over the life of Ascot's account, approximately $560 million was deposited in the account; however, the Trustee asserts that the transfers included $335 million in fictitious profits embedded in the transferred accounts, leaving net cash deposited of approximately $226 million.  *See* Exhibits B and C to Amended Complaint (Adv. Pro. Dkt. No. 10).[2]   Additionally, Ascot withdrew $489,840,000 and transferred $129,400,000 out to other BLMIS accounts.  *See* Exhibits B and C to Amended

---

[1] On April 6, 2009, the New York State Attorney General filed a Summons and Complaint against J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC" and together with Merkin, the "Merkin Defendants") in the Supreme Court of the State of New York, New York County in the case of *People of the State of New York v. J. Ezra Merkin et al.* (Civ. No. 450879/2009) (Lowe, J.S.C.). The Summons and Complaint also named, among other entities, Ascot, Ariel Fund Limited ("Ariel") and Gabriel Capital, L.P. ("Gabriel") as defendants (the "Funds").  The Summons and Complaint seek, among other things, an accounting of transfers to the Funds.  David Pitofsky is the Court-appointed Receiver for Ascot pursuant to a Stipulation and Order Appointing the Receiver dated July 14, 2009.

[2] Citations to "Adv. Pro. Dkt. No. __" refer to the adversary proceeding against the Defendants, United States Bankruptcy Court for the Southern District of New York, Bankruptcy Docket No. 10-05172.

2

Complaint.  In April 2009, Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Trustee", "BLMIS") filed the Complaint against Merkin, Ascot, Ariel and Gabriel (Adv. Pro. Dkt. No. 1).  The Trustee subsequently filed the Amended Complaint and the Second Amended Complaint (Adv. Pro. Dkt. Nos. 10 and 49).  The Complaint was brought pursuant to sections 78fff(b) , 78fff-1(a) and 78fff-2(c)(3) of SIPA (15 U.S.C. §78aaa, *et seq*.), sections 105(a), 542, 544, 547, 548(a), 550(a) and 551 of the Bankruptcy Code (11 U.S.C. §101, *et seq*.) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §270, *et seq*.).

2. The Second Amended Complaint sought to avoid and recover approximately $461 million from Ascot denominated as "Six Year Transfers", including approximately $235 million denominated as "Two Year Transfers" and $35 million denominated as a "90 Day Transfer."  The 90 Day Transfer was allegedly avoidable and recoverable pursuant to SIPA section 78fff-2(c)(3) and section 547(b) and 550(a)(1) of the Bankruptcy Code and could be preserved for the benefit of the estate under section 551 of the Bankruptcy Code.  The Two-Year Transfers were allegedly avoidable and recoverable under SIPA section 78fff-2(c), sections 548(a) and 550(a)(1) of the Bankruptcy Code and could be preserved for the benefit of the estate under section 551 of the Bankruptcy Code.  The Six Year Transfers were allegedly avoidable and recoverable under SIPA section 78fff-2(c)  and sections 544(b), 550(a)(1) of the Bankruptcy Code, applicable provisions of N.Y. CPLR 203(g) and DCL sections 273 – 279 and could be preserved for the benefit of the estate under section 551 of the Bankruptcy Code.

3. The Defendants held a BLMIS account in the name of "Ascot Partners LP."  *See* Exhibit A to Amended Complaint.  Ascot was among those determined by the Trustee to be "customers with claims for securities within the meaning of SIPA."  *In re Bernard L. Madoff Investment Securities LLC*, 654 F.3d 229, 233 (2d Cir. 2011).

4. On December 17, 2010, Ascot filed its Answer to the Amended Complaint (Adv. Pro. Dkt. No. 96). The Trustee and the Funds are currently engaged in discovery.

## Argument

5. Withdrawal of the reference of a proceeding that meets the terms of the second sentence of 28 U.S.C. § 157(d) is mandatory:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

6. For the reasons set forth in the Schwartz Motion, and because the issues raised in the Schwartz Motion are equally applicable to Ascot, the Receiver submits that the reference should be withdrawn as to the following issues:

(a) Whether the debt of BLMIS to its customer under non-bankruptcy securities laws constitutes antecedent debt to the customer, such that payment to the customer discharges antecedent debt and provides a customer who took that payment in good faith with a complete defense to a claim that the payment was a fraudulent transfer (the "Antecedent Debt Issue").[3]

(b) Whether payments to customers by BLMIS, a registered stockbroker and a debtor in a SIPA proceeding open only to registered brokers, are within the statutory "safe-harbor" of Section 546(e) of the Bankruptcy Code that protects from avoidance (except under section 548(a)(1) of the Bankruptcy Code) "settlement payments" made by a stockbroker "in connection with a securities contract" (the "546(e) Issue").

---

[3] The Court granted partial summary judgment to the Trustee in *Katz*, ruling that transfers made to customers in excess of their investment were not on account of an antecedent debt constituting value for the purposes of Section 548(c). Order dated March 5, 2012 (*Katz* Dkt. No.142). However, as a result of the settlement in *Katz* on March 19, 2012, that Order did not become a final order subject to appellate review. The Defendants reserve their rights to raise this issue pending further order of the Court in this or another case.

(c) Whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under section 548(c), and, if so, whether the applicable duty of inquiry of a stockbroker's customer requires that the Trustee show that a defendant was "willfully blind" in order to establish a lack of good faith (the "<u>Good Faith Issue</u>").

(d) Whether, after the United States Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power" reserved for Article III courts, preventing the bankruptcy court from finally resolving such claims, and, if the bankruptcy court cannot finally resolve the fraudulent transfer claims, it has the authority to render findings of fact and conclusions of law before final resolution (the "<u>*Stern v. Marshall* Issue</u>").

**Conclusion**

For the reasons set forth above and in the Schwartz Motion, the Receiver respectfully requests that the District Court: (a) order mandatory withdrawal of the reference of this case to resolve the Antecedent Debt Issue, the 546(e) Issue, the Good Faith Issue and the Stern v. Marshall Issue, each of which requires substantial and material consideration and interpretation of federal non-bankruptcy law; and (b) grant the Defendants such other and further relief as may be just or necessary.

Dated: New York, New York
       April 18, 2012

Respectfully submitted,

/s/ Daniel M. Glosband
Daniel M. Glosband
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
E-mail: dglosband@goodwinprocter.com

Christopher Newcomb
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
E-mail: cnewcomb@goodwinprocter.com

*Attorneys for David B Pitofsky, As Receiver for Defendant Ascot Partners L.P.*

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 18, 2012, I caused a true and correct copy of the forgoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid upon the non-CM/ECF participants indicated in the Notice of Electronic Filing.

/s/ Daniel M. Glosband
Daniel M. Glosband