UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                          :
                                      :
                 Plaintiff-Applicant, :
                                      :
                 v.                   :      12-misc-00115 (JSR)
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
                 Defendant.           :
-----------------------------------------------------------x
In re:                                :
         MADOFF SECURITIES,           :
                                      :
                 Debtor.              :
-----------------------------------------------------------x
                                      :
PERTAINS TO THE FOLLOWING CASES:      :
                                      :
-----------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation  :
of Bernard L. Madoff Investment Securities LLC, :
                                      :      Case No. 11-cv-08895 (JSR)
                 Plaintiff,           :
                                      :
                 v.                   :
                                      :
JOHN NESSEL,                          :
                                      :
                 Defendant.           :
-----------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation  :
of Bernard L. Madoff Investment Securities LLC, :
                                      :      Case No. 11-cv-08896 (JSR)
                 Plaintiff,           :
                                      :
                 v.                   :
                                      :
MARITAL TRUST OF MARVIN G.            :
GRAYBOW, *et al.*,                    :
                                      :
                 Defendants.          :
-----------------------------------------------------------x

```
------------------------------------------------------------x
                                                  :
IRVING H. PICARD, Trustee for the Liquidation     :
of Bernard L. Madoff Investment Securities LLC,   :
                                                  :        Case No. 11-cv-09368 (JSR)
              Plaintiff,                           :
                                                  :
         v.                                        :
                                                  :
FREDRIC J. PERLEN,                                :
                                                  :
              Defendant.                           :
------------------------------------------------------------x
```

## CONSOLIDATED REPLY MEMORANDUM OF LAW REGARDING DEFENDANTS' MOTIONS FOR WITHDRAWAL OF THE REFERENCE

95556191.3

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ...................................................................................................................... 2

I.     The Trustee and SIPC Are Precluded From Opposing the Motions to Withdraw ............. 2

II.    Withdrawal of the Reference Is Mandatory Because the Resolution of these Adversary Proceedings Requires Significant Interpretation of Substantial Issues of Non-Bankruptcy Law ......................................................................................................... 4

        A.    SIPA Implicates Non-Bankruptcy Federal Securities Law ................................... 4

        B.    The Trustee's Claims Require Significant Interpretation of the Interplay Between SIPA, Other Federal Laws and Bankruptcy Code Section 546(e) .......... 5

        C.    The Antecedent Debt Defense Also Raises Substantial and Material Issues of Non-Bankruptcy Law ....................................................................................... 7

        D.    Stern v. Marshall Raises Substantial and Material Questions of Non-Bankruptcy Federal Law ...................................................................................... 8

III.   The Constitutional Issues Raised by Stern and the Defendants' Rights to a Jury Trial Warrant Permissive Withdrawal .......................................................................... 12

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adele Fox et al. v. Picard*,
    No. 10-cv-04652 (JGK) (S.D.N.Y. Mar. 26, 2012) ..........................................................10

*Adelphia Recovery Trust v. FLP Grp., Inc.*,
    No. 11 Civ. 6847 (PAC), 2012 WL 264180 (S.D.N.Y. Jan. 30, 2012) ............................11

*In re Ambac Fin. Grp., Inc.*,
    457 B.R. 299 (Bankr. S.D.N.Y. 2011)..............................................................................10

*Beck v. Levering*,
    947 F.2d 639 (2d Cir. 1991)................................................................................................3

*In re Bernard L. Madoff Inv. Sec., LLC*,
    654 F.3d 229 (2d Cir. 2011)................................................................................................8

*In re Blixseth*,
    No. 10-00088, 2011 WL 3274042 (Bankr. D. Mont. Aug. 1, 2001) ................................11

*Carney v. Philippone*,
    332 F.3d 163 (2d Cir. 2003)................................................................................................3

*In re Chateaugay*,
    86 B.R. 33 (S.D.N.Y. 1987)................................................................................................5

*In re Chateaugay Corp.*,
    108 B.R. 27 (S.D.N.Y. 1989)..............................................................................................5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
    462 B.R. 457 (S.D.N.Y. 2011)..............................................................................12, 13, 14

*Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP*,
    No. 11 civ. 6337 (CM), 2011 WL 6780600, at *3 (S.D.N.Y. Dec. 23, 2011)....................9

*Dickerson v. United States*,
    530 U.S. 428 (2000)............................................................................................................3

*Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*,
    651 F.3d 329 (2d Cir. 2011)............................................................................................5, 6

*Evans v. Ottimo*,
    469 F.3d 278 (2d Cir. 2006)................................................................................................3

*In re Fairfield Sentry Ltd.*,
    458 B.R. 665 (S.D.N.Y. 2011)...........................................................................9

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989).............................................................................................9

*In re Extended Stay, Inc.*,
    Nos. 11 Civ. 5394, 11 Civ. 5395, 11 Civ. 5396, 11 Civ. 5397, 11 Civ. 5864
    (SAS), 2011 WL 5532258 (S.D.N.Y. Nov. 10, 2011)...................................6, 10

*In re Ivan Boesky Sec. Litig.*,
    848 F. Supp. 1119 (S.D.N.Y. 1994)..................................................................3

*Kelley v. JPMorgan Chase & Co.*,
    464 B.R. 854 (D. Minn. 2011) ........................................................................10

*Kirschner v. Agoglia, et al. (In re Refco)*,
    461 B.R. 181 (Bankr. S.D.N.Y. 2011) ............................................................10

*In re Lyondell Chemical Co.*,
    No. 11-cv-8251(DLC) (S.D.N.Y. Mar. 29, 2012) ...........................................11

*New Hampshire v. Maine*,
    532 U.S. 742 (2001).........................................................................................2

*Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*,
    665 F.3d 906 (7th Cir. 2011) .........................................................................11

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)..........................................................................................3

*Picard v. Avellino*,
    Nos. 11 Civ. 3882, 11 Civ. 4772, 11 Civ. 4928, 11 Civ. 6244, 11 Civ. 5835 (JSR),
    2012 WL 826602 (S.D.N.Y. Feb. 29, 2012)..................................2, 5, 6, 7, 8, 12

*Picard v. Flinn Inv., LLC*,
    463 B.R. 280 (S.D.N.Y. 2011)......................................................2, 5, 6, 7, 8, 10

*Picard v. HSBC Bank PLC*,
    450 B.R. 406 (S.D.N.Y. 2011) ....................................................................4, 5

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011)........................................................................5

*Picard v. Katz*,
    No. 11 Civ. 3605 (JSR), 2011 WL 7267859 (S.D.N.Y. July 5, 2011) ...................2, 5, 7, 8

*Picard v. Katz.*,
　　No. 11-cv-03605 (JSR) (S.D.N.Y. Mar. 5, 2012) ...........................................................7

*Picard v. Maxam Absolute Return Fund, L.P. et al.*,
　　No. 11-cv-07428 (JSR) (S.D.N.Y. Mar. 13, 2012) .......................................................2, 7

*Retired Partners of Coudert Bros. Trust v. Baker McKenzie LLP (In re Coudert Bros.
　　LLP)*,
　　No. 11-2785 (CM), 2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011)....................................9

*In re Salander O'Reilly Galleries*,
　　453 B.R. 106 (Bankr. S.D.N.Y. 2011) ...........................................................................10

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
　　454 B.R. 307 (S.D.N.Y. 2011)........................................................................................8

*Sitka Enters., Inc. v. Segarra-Miranda*,
　　No. 10-1847 (CCC), 2011 WL 7168645 (D.P.R. Aug. 12, 2011) .....................................9

*Stern v. Marshall*,
　　131 S. Ct. 2594 (2011).............................................................1, 2, 8, 9, 10, 11, 12

*Stonewell Corp. v. Conestoga Title Ins. Co.*,
　　No. 04 CV 9867 (KMW)(GWG), 2009 U.S. Dist. LEXIS 88563 (S.D.N.Y. Sept.
　　24, 2009) .....................................................................................................................3

*In re Teleservices Grp. Inc.*,
　　456 B.R. 318 (Bankr. W.D. Mich. Aug. 17, 2011)..........................................................9

**RULES AND STATUTES**

11 U.S.C. § 546(e) ............................................................................1, 2, 5, 6, 7

11 U.S.C. § 548.......................................................................................................5

28 U.S.C. § 157.................................................................................................11, 12

28 U.S.C. § 157(b)(2) ..............................................................................................10

28 U.S.C. § 157(b)(2)(H) .........................................................................................10

28 U.S.C. § 157(c)(1)..........................................................................................10, 11

28 U.S.C. § 157(d) ...................................................................................................5

**OTHER AUTHORITIES**

17 C.F.R. § 240.15c1-1 .............................................................................................7

The defendants (a) John Nessel, (b) Marital Trust Created Under Revocable Trust of Marvin G. Graybow, and Neil N. Lapidus and Sharon L. Graybow, in their capacities as Trustees of the Marital Trust Created Under Revocable Trust of Marvin G. Graybow, (c) Sharon L. Graybow, and (d) Fredric J. Perlen (the "Defendants") submit this consolidated reply memorandum in further support of their motions to withdraw the reference of the above-captioned adversary proceedings (the "Motions to Withdraw") and in response to the Trustee's and SIPC's memoranda of law in opposition to the Motions to Withdraw.

## PRELIMINARY STATEMENT

In several written decisions involving many similarly situated defendants, this Court already held that withdrawal of the reference is *mandatory* on the issues raised in the Defendants' Motions to Withdraw:

(A)     whether the "settlement payment" safe harbor in section 546(e) bars the Trustee's fraudulent transfer claims;

(B)     whether the customer account statements and non-bankruptcy law give rise to an "antecedent debt" defense to the Trustee's claims;

(C)     whether the Supreme Court's teaching in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), permits fraudulent transfer actions to be heard and determined by the Bankruptcy Court and, if so, whether the Bankruptcy Court may enter proposed findings of fact and conclusions of law.

The Defendants' cases compel the same result and the Trustee and SIPC are precluded from re-litigating these withdrawal issues.  Yet, the Trustee and SIPC trumpet the very same arguments that the Court rejected.  Indeed, the Trustee and SIPC simply ignore the fact that these issues have already been decided several times over by this Court.  SIPC further recites a plethora of SIPA provisions regarding a SIPA trustee's powers, which are all irrelevant as to

whether there are substantial issues of non-bankruptcy federal law requiring interpretation by an Article III District Judge. Simply put, the Defendants are entitled to the same review by an Article III District Judge as was afforded to numerous other defendants in related Madoff/BLMIS matters.[1]

## ARGUMENT

**I.      The Trustee and SIPC Are Precluded
        From Opposing the Motions to Withdraw**

This Court ruled that withdrawal of the reference is *mandatory* on the issues raised in the Motions to Withdraw. *See Picard v. Katz*, No. 11 Civ. 3605 (JSR), 2011 WL 7267859, at *1 (S.D.N.Y. July 5, 2011); *Picard v. Flinn Inv., LLC*, 463 B.R. 280, 288 (S.D.N.Y. 2011); *Picard v. Avellino*, Nos. 11 Civ. 3882, 11 Civ. 4772, 11 Civ. 4928, 11 Civ. 6244, 11 Civ. 5835 (JSR), 2012 WL 826602, at *4 (S.D.N.Y. Feb. 29, 2012); *Picard v. Maxam Absolute Return Fund, L.P. et al.*, No. 11-cv-07428 (JSR) (S.D.N.Y. Mar. 13, 2012) [Docket No. 22].

Collateral estoppel prevents serial litigation of issues that have been determined and resolved in a prior court proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Collateral estoppel applies where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding and (4) the issue previously litigated was necessary

---

[1]      On April 13, 2012, the Court entered an Order (the "*Stern* Order") withdrawing the reference on a consolidated basis in these and many other adversary proceedings with respect to both mandatory and permissive withdrawal issues related to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), as more specifically set forth in the *Stern* Order. In addition, by Order dated April 19, 2013, in contemplation of further consolidated proceedings, the Court vacated individual briefing schedules with respect to, among other issues, (i) whether section 546(e) limits the Trustee's ability to avoid transfers made by BLMIS and (ii) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that BLMIS purportedly made in order to satisfy antecedent debts. The Defendants motions to withdraw are based on section 546(e), antecedent debt and the *Stern* issues. The Defendants also moved to withdraw the reference based on their right to a jury trial, which is relevant to the *Orion* permissive withdrawal factors as modified by *Stern*. The Trustee and SIPC addressed all withdrawal issues in their opposition papers, which were filed prior to the entry of the above Orders. While the Defendants believe that permissive withdrawal is covered in the *Stern* Order, we nonetheless reply on that issue (*see* Part III below) and all others (*see* Parts I and II below) in an abundance of caution since they were all addressed by the Trustee and SIPC in their opposition papers.

to support a valid and final judgment on the merits." *Carney v. Philippone*, 332 F.3d 163, 170 (2d Cir. 2003); *see also Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).[2]  Each of these elements is satisfied.  The Trustee and SIPC were parties to the prior decisions by this Court withdrawing the reference.  The relevant withdrawal issues were all finally determined on the merits, and the grounds for those determinations were fully articulated by this Court in several written decisions.  The issues sought to be precluded are identical to the issues that were previously litigated by the Trustee and SIPC, and both the Trustee and SIPC were afforded an opportunity to fully brief and argue the merits of the motions.[3]

"Collateral estoppel, . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-27 (1979); *see also In re Ivan Boesky Sec. Litig.*, 848 F. Supp. 1119, 1122 (S.D.N.Y. 1994).  The Trustee's and SIPC's serial re-litigation of the previously decided withdrawal issues has imposed on the Court and the Defendants (and other defendants) the burden that the collateral estoppel doctrine was designed to prevent.[4]

---

[2]     The Court's prior decisions are also *stare decisis*.  Under the *stare decisis* doctrine, courts generally do not upset their prior rulings absent some "special justification," such as new facts or law.  *See Dickerson v. United States*, 530 U.S. 428, 429 (2000).  No such justification exists here.

[3]     That the Defendants were not parties to the Court's prior decisions is irrelevant.  Collateral estoppel may be raised by a party that was not involved in the prior proceedings.  *See Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991) (granting summary judgment "based on the collateral estoppel effect of the factual and legal findings of [the prior case]" in case involving different defendant); *Stonewell Corp. v. Conestoga Title Ins. Co.*, No. 04 CV 9867 (KMW)(GWG), 2009 U.S. Dist. LEXIS 88563, at *17 (S.D.N.Y. Sept. 24, 2009) ("The doctrine of collateral estoppel allows a party to 'foreclose the [opposing party] from litigating an issue the [opposing party] has previously litigated unsuccessfully in an action with another party.'" (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.4 (1979)).

[4]     The Defendants would have agreed to a consensual withdrawal of the reference based on the Court's prior decisions.  However, it was clear based on the record that the Trustee and SIPC would not entertain any consensual arrangement as to the withdrawal issues.

II.     **Withdrawal of the Reference Is Mandatory Because the Resolution of these Adversary Proceedings Requires Significant Interpretation of Substantial Issues of Non-Bankruptcy Law**

A.      SIPA Implicates Non-Bankruptcy Federal Securities Law

As this Court has previously held, the Trustee's adversary proceedings require substantial and material consideration of non-bankruptcy federal law, thus mandating withdrawal of the reference.  The Trustee and SIPC seek to characterize SIPA as a bankruptcy statute, thereby implying that these issues do not implicate non-bankruptcy federal law.  *See* SIPC Memorandum of Law dated April 10, 2012 ("SIPC Opp.") at 13-14; Trustee's Memorandum of Law dated April 10, 2012 ("Trustee Opp.") at 2-3, 4 & n.7.  The Trustee and SIPC also contend that no issue of interpretation outside of Title 11 is required by the pending questions of law.  *See* SIPC Opp. at 15-16; Trustee Opp. at 9-10.

These arguments have already been rejected.  This Court, as well as other courts in this district, has recognized that SIPA itself is non-bankruptcy federal law.  *See Picard v. HSBC Bank PLC*, 450 B.R. 406, 410 (S.D.N.Y. 2011) ("SIPA expressly provides that it shall be considered an amendment to, and section of, the Securities Exchange Act of 1934. . . .").  Therefore, interpretation of the authority that SIPA vests in the Trustee requires significant interpretation of non-bankruptcy federal law.  SIPA's incorporation of provisions of the Bankruptcy Code does not change this fact.  When this Court rejected this same contention by the Trustee and SIPC in an earlier ruling, the Court noted that SIPA protects all securities investors "in or outside the bankruptcy context" and concluded that, "[a] substantial issue under SIPA is therefore, almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'"  *Id.*  Accordingly, as it has done previously, the Court should reject

the Trustee's and SIPC's attempt to remove from this Court's purview questions arising in a

SIPA liquidation, where, as here, substantial and material issues under SIPA have been raised.[5]

     B.     The Trustee's Claims Require Significant Interpretation of the Interplay
               Between SIPA, Other Federal Laws and Bankruptcy Code Section 546(e)

The safe harbor of section 546(e) restricts "a bankruptcy trustee's power to recover

payments that are otherwise avoidable under the Bankruptcy Code. . . ." *Picard v. Katz*, 462

B.R. 447, 451 (S.D.N.Y. 2011) (quoting *Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*,

651 F.3d 329, 334 (2d Cir. 2011)).  Whether the safe harbor of section 546(e) applies "depends

on how a Court resolves numerous questions of securities law." *Flinn Inv.*, 463 B.R. at 285.  If

the safe harbor applies, as a matter of law the Trustee cannot avoid the alleged payments made to

the Defendants (a) as constructively fraudulent transfers under section 548 of the Bankruptcy

Code or (b) at all under New York avoidance statutes in the Debtor and Creditor Law.

In fact, this Court has already described this section 546(e) defense as a "fully-

withdrawable issue." *Id.*; *see also Katz*, 462 B.R. at 451-52.  As a result, this Court previously

withdrew the reference to determine whether section 546(e) applies in these cases.  *See, e.g.*,

*Picard v. Katz*, 2011 WL 7267859, at *1; *Flinn Inv.*, 463 B.R. at 288; *Avellino*, 2012 WL

826602, at *4.

SIPC continues to assert that withdrawal is not required because applying section 546(e)

only requires consideration of title 11, SIPC Opp. at 15-16, while the Trustee contends that

Defendants have not shown any "additional law [that] needs to be interpreted outside of the

Bankruptcy Code."  Trustee Opp. at 9-10.   The Defendants specifically identified SIPA and the

---

[5]      SIPC and to a lesser extent the Trustee include in their briefs narratives on the history of SIPA and/or quote various provisions of SIPA and the Bankruptcy Code.  *See* SIPC Opp. at 5-15; Trustee Opp. at 3.  This type of general discussion of SIPA is irrelevant as to whether the requirements for withdrawal of the reference are met. Once the requirements for mandatory withdrawal are met, a district court is required to withdraw the reference from the bankruptcy court.  *See* 28 U.S.C. § 157(d); *HSBC*, 450 B.R. at 409; *see also In re Chateaugay Corp.*, 108 B.R. 27, 28-29 (S.D.N.Y. 1989); *In re Chateaugay*, 86 B.R. 33, 36-37 (S.D.N.Y. 1987).

federal securities laws as such laws in the Motions to Withdraw.  Moreover, this Court already

held that *substantial and material consideration of securities law* is required to determine the

meaning of  "in connection with" as used in section 546(e)—a phrase "common, and frequently

interpreted, in the securities laws"—and whether "transfers from Madoff Securities completed

securities transactions even though Madoff Securities never purchased or sold securities."  *Flinn*

*Inv.*, 463 B.R. at 285.  As this Court explained, section 546(e) itself stands "at the intersection of

two important national legislative policies on a collision course—the policies of bankruptcy and

securities law," and so raises "numerous questions of securities law."  *Id.* (quoting *Enron*

*Creditors Recovery Corp*., 651 F.3d at 334).[6]

In addition, Defendants demonstrated in the Motions to Withdraw that application of the

section 546(e) safe harbor in the context of a SIPA liquidation requires substantial and material

consideration of SIPA, particularly where, as here, the Trustee argues that SIPA and section

546(e) are in conflict.  Indeed, the Trustee makes the point by stating that he "reasserts" that

argument, Trustee Opp. at 9 n.10, indicating his clear intention to argue on the merits that section

546(e) is inconsistent with SIPA. Put simply, the Trustee's reassertion of this argument proves

withdrawal is mandated, so that the Court may reconcile the purported conflict between section

546(e) and SIPA, which raises questions of non-bankruptcy federal securities law.  As this Court

explained in *Avellino*, "the Trustee's arguments in previously withdrawn cases belie [the] claim

[that these cases do not require consideration of the SIPA and securities laws]."  *Avellino*, 2012

WL 826602, at *2 ("For example, in *Picard v. Blumenthal*, the Trustee argued that applying

§ 546(e) would conflict with SIPA" and that the transfers by BLMIS fall "outside the ambit of

---

[6]       The Trustee's reliance on *In re Extended Stay, Inc.*, Nos. 11 Civ. 5394, 11 Civ. 5395, 11 Civ. 5396, 11 Civ.
5397, 11 Civ. 5864 (SAS), 2011 WL 5532258, at *7 (S.D.N.Y. Nov. 10, 2011), *see* Trustee Opp. at 9-10, is
misplaced. *Extended Stay*, which arose in the context of an ordinary Chapter 11 bankruptcy proceeding, did not
require the consideration of SIPA, a federal securities law.  Moreover, the court determined that any application of
non-bankruptcy federal law would be routine, which is not true here.

§ 546(e) because they do not complete a securities transaction" referring to 17 C.F.R. § 240.15c1-1, a securities regulation).

At any rate, the Trustee's attempts to otherwise argue the merits of the application of section 546(e), Trustee Opp. at 9 n.10, are beside the point. "[T]he question before the Court is not whether § 546(e) applies, but whether resolving that issue will require substantial and material consideration of non-bankruptcy law, which it plainly does . . . ." *Avellino*, 2012 WL 826602, at *5 n.1.   This Court answered that question affirmatively several times in the BLMIS cases.   Continued withdrawal of the reference as to the section 546(e) issues will ensure that section 546(e) is  implemented and construed in a consistent manner in all of these cases.

C.      The Antecedent Debt Defense Also Raises Substantial and
        Material Issues of Non-Bankruptcy Law

The Trustee argues that the "antecedent debt" issue should not be withdrawn because the court has rejected the antecedent debt defense in the recent order issued in *Picard v. Katz*, No. 11-cv-03605 (JSR) (S.D.N.Y. Mar. 5, 2012) [Docket No. 142].  *See* Trustee Opp. at 7-8.  Not surprisingly, the Trustee ignores the fact that this Court consistently withdrew the reference on this same issue several times, ruling that withdrawal of the reference on the antecedent debt issue is *mandatory.  See Flinn Inv.*, 463 B.R. at 285; *Avellino*, 2012 WL 826602, at *2.  The Trustee also fails to come to grips with the fact that on March 13, 2012, the Court ruled that withdrawal of the reference on the antecedent debt issue is still *mandatory* — in a ruling entered *after* entry of the *Katz* order.  *See Picard v. Maxam Absolute Return Fund, L.P. et al.*, No. 11-cv-07428, (S.D.N.Y. Mar. 13, 2012) [Docket No. 22] (withdrawing the reference to address, among other things, "whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts. . . .").

Moreover, the *Katz* Order is a "bottom line" order. The Court's ruling will likely be supplemented in another BLMIS case with an opinion that more fully explicates the basis for the ruling. Finally, even assuming the Court has entirely rejected the antecedent debt defense in the *Katz* order, there is no requirement that an issue be one of first impression to require withdrawal of the reference, so long as the determination of the issue "will involve consideration of federal non-bankruptcy law." *See, e.g.*, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 312 (S.D.N.Y. 2011). At any rate, the Trustee again seeks to argue the merits rather than address the issue at hand — that resolution of the Trustee's claims will require substantial and material application of the securities laws and thus withdrawal is mandatory. *Flinn Inv.*, 463 B.R. at 285 (resolution of the antecedent debt issue "requires 'significant interpretation' of the securities laws").[7]

> D.   *Stern v. Marshall* Raises Substantial and Material
>        Questions of Non-Bankruptcy Federal Law

This Court has held that the application of the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), with respect to whether bankruptcy courts have the constitutional authority to adjudicate fraudulent transfer claims "requires 'significant interpretation' of both Article III and the Supreme Court precedent analyzing it." *Flinn Inv.*, 463 B.R. at 287; *Avellino*, 2012 WL 826602, at *2. The Trustee's adversary proceedings against the Defendants raise the exact same substantial constitutional questions as those that were at issue in *Flinn Inv.* and *Avellino*.

---

[7]     Although the merits are not before this Court at this time, it must be noted that the arguments advanced by the Trustee and SIPC are flawed. The Trustee and SIPC argue that the transfers at issue were not on account of an antecedent debt based on the Second Circuit's decision upholding the Trustee's method of determining a customer's net equity for purposes of allowance of their claims. *See In re Bernard L. Madoff Inv. Sec., LLC*, 654 F.3d 229 (2d Cir. 2011). Notwithstanding the Trustee's and SIPC's continued efforts to give the ruling broad implications, the Second Circuit decision has no bearing on what constitutes an "antecedent debt" for purposes of state and federal fraudulent transfer actions.

*Stern* is directly relevant and applicable to these adversary proceedings.  In *Stern*, the Supreme Court held that a counterclaim that was "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy," *Stern*, 131 S. Ct. at 2611, could only be finally adjudicated by an Article III District Judge, despite being named as a "core" proceeding by statute and the plaintiff's submission to the bankruptcy court's jurisdiction.  *Id.* at 2608, 2615, 2617-18.

The Supreme Court's reasoning in *Stern*, and its reliance on *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 34-35 (1989) — in which the Court found that fraudulent conveyance actions were *private right actions* — makes clear that the fraudulent conveyance claims brought by the Trustee cannot be finally adjudicated by the Bankruptcy Court.  Contrary to the Trustee's argument, other courts have interpreted *Stern* precisely this way.  *See Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP*, No. 11 civ. 6337 (CM), 2011 WL 6780600, at *3 (S.D.N.Y. Dec. 23, 2011) (holding that under *Stern* and *Granfinanciera* the bankruptcy courts lack "final adjudicative power" over fraudulent conveyance claims); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 687-89 (S.D.N.Y. 2011) (holding that the bankruptcy court could not finally adjudicate the common law claims brought by the Trustee "without violating the Constitution"); *In re Teleservices Grp. Inc.*, 456 B.R. 318, 338 (Bankr. W.D. Mich. Aug. 17, 2011) (finding no authority to issue judgment on fraudulent transfer action pursuant to the Bankruptcy Code in light of *Stern*); *Sitka Enters., Inc. v. Segarra-Miranda*, No. 10-1847 (CCC), 2011 WL 7168645, at *3 (D.P.R. Aug. 12, 2011) (finding the bankruptcy court lacked constitutional authority to adjudicate fraudulent conveyance action); *Retired Partners of Coudert Bros. Trust v. Baker McKenzie LLP (In re Coudert Bros. LLP)*, No. 11-2785 (CM), 2011 WL 5593147, at *15

(S.D.N.Y. Sept. 23, 2011) (vacating bankruptcy court rulings on non-core, "related-to," state law claims and converting the ruling to a report and recommendation).

Indeed, in *In re Refco*, on which the Trustee heavily relies, *see* Trustee Opp. at 13-14, Bankruptcy Judge Drain stated that "[r]easonable people may differ over whether <u>Stern</u>'s prohibition on the bankruptcy court's issuance of a final judgment extends to fraudulent transfer claims," and acknowledges that "the majority in <u>Stern</u> would have concluded, if asked, that a bankruptcy judge lacks the power to issue a final order or judgment on a fraudulent transfer claim." *Kirschner v. Agoglia, et al. (In re Refco)*, 461 B.R. 181, 186, 191 (Bankr. S.D.N.Y. 2011) (granting a motion to dismiss on other grounds).[8]

This Court recognized *Stern*'s impact in withdrawing the reference in *Flinn Inv.*   *Flinn Inv.*, 463 B.R. at 288 ("[T]he Court also withdraws the reference to address whether, if the bankruptcy court cannot finally resolve the fraudulent transfer claims in <u>Flinn</u>, it has the authority to render findings of fact and conclusions of law before final resolution occurs."). *Stern*, by virtue of Article III, does not permit a bankruptcy court to hear and determine certain proceedings that Congress defined as "core" under 28 U.S.C. § 157(b)(2). Under 28 U.S.C. § 157(b)(2)(H), Congress expressly defined "core proceedings" to include those "to determine, avoid, or recover fraudulent conveyances."   While a bankruptcy court is authorized under 28

---

[8]        The other decisions in this district on which the Trustee relies are inapposite, because Defendants have neither filed proofs of claim, nor asserted a counterclaim against the debtor, and the Trustee has sought adjudication of his fraudulent conveyance claims in the bankruptcy court which would not involve resolution of any proofs of claim even were any such claims filed.  *See In re Salander O'Reilly Galleries*, 453 B.R. 106, 118 (Bankr. S.D.N.Y. 2011) (finding that the resolution of the claim at issue would necessarily resolve the petitioner's proof of claim already filed in the bankruptcy proceeding); *In re Extended Stay Inc.*, 2011 WL 5532258, at *6 ("[M]any of these claims are asserted against creditors who filed proofs of claim in the Debtors' bankruptcy."); *In re Ambac Fin. Grp., Inc.*, 457 B.R. 299, 308 (Bankr. S.D.N.Y. 2011) (finding *Stern* inapplicable where the debtor was "not asking the Court to hear and adjudicate" certain claims).  Further, *Adele Fox et al. v. Picard*, No. 10-cv-04652 (JGK) (S.D.N.Y. Mar. 26, 2012) [Docket No. 44] involved approval by the Bankruptcy Court of a settlement of the Trustee's "claw back" claims against the Picower parties and not adjudication of the "claw back" action.  Moreover, the Picower parties as well as the parties objecting to the settlement had filed proofs of claims. Finally, *Kelley v. JPMorgan Chase & Co.*, non-controlling authority from another jurisdiction on which the Trustee further relies, addresses permissive withdrawal only.  464 B.R. 854, 859-60 (D. Minn. 2011).

U.S.C. § 157(c)(1) to submit proposed findings of fact and conclusions of law as to non-core proceedings, there is no statutory provision authorizing a bankruptcy court to submit such findings and conclusions as to core proceedings. Nor does the statute provide any authority to treat "core" proceedings as "non-core" proceedings, permitting a bankruptcy court to submit proposed findings of facts or conclusions of law.

Thus, even though the Southern District of New York recently issued an Amended Standing Order of Reference providing that a bankruptcy court may hear proceedings and submit proposed findings of fact and conclusions of law to the district court where the entry of a final order by a bankruptcy judge is not consistent with Article III, it is not clear that the bankruptcy court has statutory authority under 28 U.S.C. § 157 to do so as to "core" matters. One of the few, if only, appellate courts to analyze this issue post-*Stern* found the question "straightforward" in holding that fraudulent conveyance claims "do not fit under § 157(c)(1)" and therefore a bankruptcy court is not authorized under the Bankruptcy Code to issue proposed findings of fact or conclusions of law. *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 665 F.3d 906, 915 (7th Cir. 2011) (internal citations omitted); *see also In re Blixseth*, No. 10-00088, 2011 WL 3274042, at *12 (Bankr. D. Mont. Aug. 1, 2001) ("Unlike in non-core proceedings, a bankruptcy court has no statutory authority to render findings of fact and conclusions of law for core proceedings that it may not constitutionally hear.").[9] Thus, in light of *Stern*, withdrawal of the reference is mandated in order for this Court to address the bankruptcy court's authority

---

[9]     The Defendants respectfully submit that the holdings in *In re Lyondell Chemical Co.*, No. 11-cv-8251 (DLC) [Docket No. 35] at 28-29 (S.D.N.Y. Mar. 29, 2012), and *Adelphia Recovery Trust v. FLP Grp., Inc.*, No. 11 Civ. 6847 (PAC), 2012 WL 264180, at *6 (S.D.N.Y. Jan. 30, 2012), which, in light of the Amended Standing Order of Reference, found that a bankruptcy court has authority to hear and issue proposed findings of fact and conclusions of law regarding a fraudulent transfer action, and on which the Trustee relies for its interpretation of the Amended Standing Order of Reference, is inconsistent with the authority vested in the bankruptcy court under 28 U.S.C. § 157. Section 157 of the Bankruptcy Code simply does not provide the statutory authority for such treatment of claims over which the bankruptcy court lacks constitutional authority to adjudicate.

under section 157 with respect to the fraudulent conveyance claims at issue in these Adversary Proceedings.[10]

### III.     The Constitutional Issues Raised by *Stern* and the Defendants' Rights to a Jury Trial Warrant Permissive Withdrawal

As noted in the Motions to Withdraw, even if the Court were to find that withdrawal is not mandatory, at a minimum the constitutional issues raised by *Stern* call for permissive withdrawal in light of the inefficiency of having a bankruptcy court decide the constitutional contours of its own authority.  In addition, *Stern* made a substantive impact on the application of the *Orion* withdrawal factors, such that the Court should exercise permissive withdrawal over this adversary proceeding.  *See Avellino*, 2012 WL 826602, at *2 n.3 ("[W]hat powers the bankruptcy court has to adjudicate fraudulent transfer claims ineluctably affects considerations such as how to efficiently use judicial resources and whether bankruptcy courts can uniformly administer the relevant laws . . . .").

The first relevant question post-*Stern*, as Judge McMahon has found, is "whether, under *Stern*, the Bankruptcy Court has the final power to adjudicate" the action, not, as had previously been the test, whether the matter can be classified as a "core" proceeding under 28 U.S.C. § 157. *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 466-67 (S.D.N.Y. 2011).  As discussed above, it is clear under *Stern* that the Bankruptcy Court does *not* have the constitutional authority to finally adjudicate the fraudulent conveyance claims brought by the Trustee.  And, where the bankruptcy court does lack final adjudicative authority, "the remaining Orion considerations will often tend to point toward withdrawal, for the same reasons they did when the question asked was whether or not the actions were core."  *Id.* at 467.

---

[10]       It bears noting that the Trustee failed to include in his quote from the Amended Standing Order (Trustee Opp. at 14) certain key and critical words.  In that regard, the Amended Standing Order provides that the Bankruptcy Court may hear such claims "unless otherwise ordered by the district court…."

The *Orion* factors all militate towards withdrawal.  Judicial economy and efficiency will be served by granting permissive withdrawal.  Because the Bankruptcy Court does not have the authority to finally adjudicate this case, if it remains in the Bankruptcy Court, any determination that the Bankruptcy Court could make will be subject to *de novo* review by this Court, thereby fostering an inefficient—and unnecessary—allocation of judicial resources.  *See id.* at 467 ("[T]here will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations de novo. . . ."). That is all the more compelling given the Defendants' indisputable constitutional right to a jury trial which the Bankruptcy Court cannot conduct since *de novo* review of a jury's fact findings would violate the Seventh Amendment to the Constitution.  *See id.* at 472 ("'Under Orion, the court's finding that the claim [is not subject to final adjudication in Bankruptcy Court] coupled with defendants' jury demand is sufficient cause to withdraw the reference. . . .'").[11]

In any event, the Trustee's suggestion that judicial efficiency would be served by the Bankruptcy Court's adjudication of these cases, by virtue of the Bankruptcy Court's role in presiding over the general SIPA liquidation of BLMIS, is wrong.  Nothing has occurred in these adversary proceedings in the Bankruptcy Court. The Defendants have not yet responded to the Complaints, the Bankruptcy Court has not yet held a single conference, no discovery has taken place, and no issues have been presented to the Bankruptcy Court for its determination.  Rather, this Court has significant knowledge and experience in all of the issues relevant in these cases and is extensively familiar with the facts and circumstances underlying the avoidance actions brought by the Trustee as a result of the substantial activity that has occurred in this Court in

---

[11]     The Trustee's contention that the right to a jury trial does not mandate immediate withdrawal and that the Bankruptcy Court can handle the pre-trial matters ignores *Stern*'s effect on the *Orion* factors given the Bankruptcy Court's inability as a Constitutional matter to finally determine any issues in these adversary proceedings.

numerous adversary proceedings brought by the Trustee.  Thus, judicial efficiency would be better served if the reference were withdrawn.

Uniformity would also be promoted by withdrawal of the reference.  The Trustee has brought approximately 900 "claw back" actions that generally raise the same or similar issues. This Court has already made and will continue to make significant rulings that impact these cases.  The Trustee, however, will argue that the rulings in other BLMIS adversary proceedings are not binding and thus will be seeking contrary rulings if the cases are heard by the Bankruptcy Court.  Withdrawal of the reference will ensure that this Court's rulings are implemented and construed in a consistent manner in all of the "claw back" cases and will avoid conflicting decisions.

Finally, there is no forum shopping by the Defendants since they are entitled to have these private right actions finally determined by an Article III District Judge.  As Judge McMahon stated, "because this Court would have to review [the Bankruptcy Judge's] conclusions of law *de novo* were the case left in the Bankruptcy Court . . . , there is no reason not to do now what must be done eventually."  *Id.* at 473.   If anything, the Trustee's continued resistance to withdrawal reflects forum shopping that will fragment the decisions in the "claw back" cases and should not be condoned.

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in the Motions to Withdraw, the Defendants respectfully request that the Court enter an order withdrawing the reference of this proceeding to the Bankruptcy Court.

Dated: New York, New York
      April 24, 2012

                FULBRIGHT & JAWORSKI L.L.P.


                By: /s/ David A. Rosenzweig
                    David A. Rosenzweig
                    David L. Barrack
                666 Fifth Avenue
                New York, New York 10103-3198
                Telephone:  212 318 3035
                Facsimile:  212 318 3400

*Attorneys for (a) John Nessel, (b) Marital Trust Created Under Revocable Trust of Marvin G. Graybow, and Neil N. Lapidus and Sharon L. Graybow, in their capacities as Trustees of the Marital Trust Created Under Revocable Trust of Marvin G. Graybow, and (c) Fredric J. Perlen*


                GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP


                By: /s/ Jonathan L. Flaxer
                    Jonathan L. Flaxer
                    Michael S. Weinstein
                437 Madison Avenue
                New York, New York 10022
                Telephone:  212 907 7300
                Facsimile:  212 754 0330

*Attorneys for Sharon L. Graybow*