**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendants. | 12 MISC. 00115 (JSR) |
| In re MADOFF SECURITIES | |
| PERTAINS TO THE FOLLOWING CASE: | |
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>        v.<br><br>RICHARD KARYO,<br><br>        Defendants. | Adv. Pro. No. 10-05216 (BRL)<br><br>11 Civ. 08947 (JSR) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

                                    **BAKER & HOSTETLER LLP**
                                      45 Rockefeller Plaza
                                      New York, New York 10111
                                      Telephone: (212) 589-4200
                                      Facsimile: (212) 589-4201

                                      *Attorneys for Irving H. Picard, Trustee for the*
                                      *Substantively Consolidated SIPA Liquidation of*
                                      *Bernard L. Madoff Investment Securities LLC*
                                        *and Bernard L. Madoff*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.  THE DEFENDANT'S MOTION TO WITHDRAW THE AVOIDANCE
    ACTION CANNOT MEET THE REQUIREMENTS FOR MANDATORY
    WITHDRAWAL......................................................................................................... 4

    A.  Section 157(d) Has Been Narrowly Construed in the Second Circuit.................. 5

    B.  Trustee Is Not Required to Demonstrate Insufficiency of Customer Fund
        to Invoke Avoidance Powers .............................................................................. 7

CONCLUSION....................................................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11 Civ. 06847 (PAC) (S.D.N.Y. Jan. 30, 2012) ............................................................................................................................................. 7

*Buena Vista TV v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 307 B.R. 404 (S.D.N.Y. 2004) ............................................................................................... 9

*Cadle Co. v. Mangan (In re Flanagan)*, 503 F.3d 171 (2d Cir. 2003) ......................................... 9

*Carter Day Indust., Inc. v. EPA (In re Combustion Equip. Assoc.)*, 67 B.R. 709 (S.D.N.Y. 1986) 5

*City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991) .................................................. 6

*Enron Corp. v. J.P. Morgan Sec. (In re Enron Corp.)*, 388 B.R. 131 (S.D.N.Y. 2008) ............... 6

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 343 B.R. 63 (S.D.N.Y. 2006) ............................................................................................................................. 5

*Hill v. Spencer Sav. & Loan Ass'n (In the Matter of Bevill, Bresler & Schulman, Inc.)*, 83 B.R. 880 (D.N.J. 1988) ........................................................................................................ 8

*Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680 (S.D.N.Y. 1995) 6

*In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011) .................................... 3, 4, 5

*In re Johns-Manville Corp.*, 63 B.R. 600 (S.D.N.Y. 1986) ......................................................... 6

*Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 263 B.R. 406 (S.D.N.Y. 2001) .... 4, 5

*Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223 (2d Cir. 2002) ...... 9

*Picard v. Katz,* 2012 WL 691551 (S.D.N.Y. Mar. 5, 2012) ......................................................... 4

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010) ...................................................................... 3

*Shugrue v. Airline Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984 (2d Cir. 1990). ............................................................................................................................... 5, 6

*SIPC v. S.J. Salmon*, No. 72 Civ. 560, 1973 U. S. Dist. LEXIS 15606 (S.D.N.Y. Aug. 8, 1973) . 5

**Statutes**

11 U.S.C. § 502(b) ....................................................................................................................... 8

# TABLE OF AUTHORITIES
## (Continued)

Page

15 U.S.C § 78fff-2(c)(1) ................................................................................................ 7

15 U.S.C. § 78aaa ........................................................................................................... 1

15 U.S.C. § 78eee(b)(4) .................................................................................................. 2

15 U.S.C. § 78fff(b) ........................................................................................................ 3

15 U.S.C. § 78fff-1 ......................................................................................................... 3

15 U.S.C. § 78fff-2(c)(3) ...................................................................................... 3, 4, 7, 9

28 U.S.C. § 152(b)(2)(B) ................................................................................................ 8

28 U.S.C. § 157(a). ......................................................................................................... 5

28 U.S.C. § 157(d) ....................................................................................................... 5, 7

## Other Authorities

Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) ........................................................... 7

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"),[1] 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff ("Madoff," and together with BLMIS, each a "Debtor" and collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this memorandum of law in opposition to the Motion to Withdraw the Reference (the "Motion") and accompanying Memorandum of Law ("Mem. of Law") filed in the following action:  *Picard v. Richard Karyo*, Adv. Pro. No. 10-05216 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08947 (JSR) (S.D.N.Y.) (ECF No. 1) (the "Karyo Action").[2]

## PRELIMINARY STATEMENT

Through this Motion, the Defendant—like the assembly line of defendants that came before him—is opportunistically seeking to jump through the "escape hatch" out of the bankruptcy court seemingly created by this Court's prior rulings.  Not surprisingly, and consistent with the approach in the spate of recent motions, the Defendant is desperately seeking to bypass the bankruptcy court and withdraw an avoidance action involving quintessentially "core" bankruptcy causes of action that Congress intended the bankruptcy courts to hear and determine in the first instance.

The Defendant, apparently emboldened by this Court's recent rulings, argues that withdrawal of the reference is necessary because the bankruptcy court ostensibly cannot analyze and apply basic provisions of the Bankruptcy Code in the context of a SIPA liquidation

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. §§ 78aaa *et seq*. For convenience, subsequent references to SIPA will omit "15 U.S.C."

[2] This Motion is brought on behalf of Defendant Richard Karyo ("Karyo" or the "Defendant"). A copy of the complaint filed by the Trustee against Karyo in the referenced action is annexed to the Declaration of Oren J. Warshavsky, Esq. ("Warshavsky Decl.") as Exhibit 1.

proceeding.  However, this argument is contrary to the express language of SIPA and would require this Court to create and apply a standard to this SIPA proceeding that simply does not exist.  Although the Defendant argues that SIPA is informed by federal securities law, SIPA does not state anywhere that the incorporation of the Bankruptcy Code and its related jurisprudence in a SIPA proceeding is affected by the invocation of unidentified securities law.  Rather, the plain language of SIPA is informed by bankruptcy law and expressly incorporates the Bankruptcy Code and related bankruptcy jurisprudence.[3]  To embrace the Defendant's assertions would contradict the plain meaning of SIPA and permit the exceptional case of withdrawal under section 157(d) to swallow the rule that SIPA proceedings should be presided over by bankruptcy judges in bankruptcy courts, a result wholly at odds with the weight of Second Circuit authority.

Second Circuit precedent and the recent Amended Standing Order of Reference provide a clear directive in favor of maintaining the reference to bankruptcy courts in core matters. Indeed, this District's judges have implemented this mechanism to ensure that bankruptcy courts hear and determine core matters in the first instance.  The Trustee respectfully requests that this Court adhere to that directive and close the door on the glut of copycat motions seeking to avoid the bankruptcy court at all costs—starting with the instant Motion.  Accordingly, the Motion should be denied.

---

[3] For example, SIPA § 78fff-1(b) expressly incorporates the Bankruptcy Code and specifies that a SIPA proceeding is to "be conducted in accordance with, and as though it were being conducted under" the Bankruptcy Code and governed by relevant provisions of title 11. Moreover, SIPA § 78eee(b)(4) specifically requires that "[u]pon the issuance of a protective decree and appointment of a trustee … the court *shall* forthwith order the removal of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under title 11."

## BACKGROUND

### A.     Commencement of the SIPA Liquidation

Having adjudicated various Madoff liquidation matters, this Court's familiarity with the background of this matter is presumed.

### B.     SIPA Authorizes the Trustee to Pursue Avoidance Actions

SIPA § 78fff(b) grants the Trustee authority to conduct a SIPA liquidation proceeding "in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." SIPA § 78fff(b); *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011) (the "*Second Circuit Net Equity Decision*") ("Pursuant to SIPA, Mr. Picard has the general powers of a bankruptcy trustee, as well as additional duties, specified by the Act, related to recovering and distributing customer property.") (citing SIPA § 78fff-1).  SIPA § 78fff-2(c)(3) expressly incorporates the Bankruptcy Code and authorizes a SIPA Trustee to recover any fraudulent transfers, including those to customers.  SIPA § 78fff-2(c)(3); *Second Circuit Net Equity Decision*, 654 F.3d at 241 n.10 ("SIPA and the Code intersect to . . . grant a SIPA trustee the power to avoid fraudulent transfers for the benefit of customers.") (quoting *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 136 (Bankr. S.D.N.Y. 2010) (the "*Net Equity Decision*").

### C.     The Trustee's Avoidance Action Against The Defendant

The Trustee's complaint in the Kayro Action alleges various avoidance causes of action, all "core" matters arising under the Bankruptcy Code or the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) ("DCL")).  *See* Warshavsky Decl. at Exhibit 1.  Specifically, the Trustee seeks to avoid certain transfers as (i) actual fraudulent transfers under Bankruptcy Code sections 544, 548(a)(1)(A), 550(a), and 551 and the DCL and (ii) constructive fraudulent transfers under Bankruptcy Code sections 544,

548(a)(1)(B), 550(a), and 551 and the DCL.

## ARGUMENT

I.  ### THE DEFENDANT'S MOTION TO WITHDRAW THE AVOIDANCE ACTION CANNOT MEET THE REQUIREMENTS FOR MANDATORY WITHDRAWAL

The Defendant contends that this Court must withdraw the reference pursuant to section 157(d), but does not and cannot demonstrate any of the exceptional circumstances required for mandatory withdrawal.  Rather, this avoidance action requires nothing more than adjudication of avoidance actions under the Bankruptcy Code to recover customer property.  In pursuing these bankruptcy claims against the Defendant, the Trustee is not violating SIPA.[4]  Rather, SIPA expressly authorizes the Trustee to avoid transfers that are void and voidable pursuant to title 11. There is no exception in SIPA that precludes avoidance of transfers to customers; to the contrary, the recovery of transfers "to or on behalf of customers" is expressly contemplated in SIPA § 78fff-2(c)(3).

The Second Circuit confirmed that a SIPA trustee is conferred with "the power to avoid fraudulent transfers for the benefit of customers" *Second Circuit Net Equity Decision,* 654 F.3d 229, 242 n. 10.  In fact, courts uniformly have held that a trustee may sue customers for fraudulent transfers.  *See, e.g., Picard v. Katz,* 2012 WL 691551, at *1 (S.D.N.Y. Mar. 5, 2012) (holding that the Trustee could avoid and recover as fraudulent transfers the amounts paid to the defendants in excess of their principal); *Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.),* 263 B.R. 406, 496 (S.D.N.Y. 2001) (affirming bankruptcy court's judgment that fraudulent transfers to customers were avoidable); *see also SIPC v. S.J. Salmon*, No. 72 Civ. 560,

---

[4] *See* Background, Section B *supra*. The Second Circuit noted "[a] SIPA liquidation is a hybrid proceeding" and that a SIPA trustee is conferred with the general powers of a bankruptcy trustee, as well as additional duties, including the ability to pursue fraudulent transfer actions on behalf of customers. *Second Circuit Net Equity Decision*, 654 F.3d 229, 242 n. 10.

1973 U. S. Dist. LEXIS 15606, at *31 (S.D.N.Y. Aug. 8, 1973) ("SIPA was not intended to make the fraudulent transfer provisions of the Bankruptcy Act inoperative as to stockbroker-debtors in SIPA proceedings.").  In fact, the Trustee is pursuing his avoidance claims so that the salutary purposes of the statute may be affected.  *See Second Circuit Net Equity Decision*, 654 F.3d 229, 242 n. 10 (Second Circuit noting that "in the context of this Ponzi scheme – the Net Investment Method is nonetheless more harmonious with provisions of the Bankruptcy Code that allow a trustee to avoid transfers made with the intent to defraud, *see* 11 U.S.C. § 548(a)(1)(A), and 'avoid[s] placing some claims unfairly ahead of others,' *In re Adler, Coleman Clearing Corp.*, 263 B.R. 406, 463 (Bankr. S.D.N.Y. 2001).").  None of these issues, however, require withdrawal of the reference as there is no conflict between title 11 and other federal non-bankruptcy laws.  They merely require the application of such laws.

### A.    Section 157(d) Has Been Narrowly Construed in the Second Circuit

The scope of bankruptcy jurisdiction over all matters affecting a debtor and its property is broadly construed.  *Shugrue v. Airline Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 994 (2d Cir. 1990).  All cases and proceedings arising under, arising in, or related to a bankruptcy case, including SIPA liquidations, are automatically referred to the bankruptcy court. *See* 28 U.S.C. § 157(a).  For the bankruptcy court to proceed efficiently and within the bounds of its broad grant of jurisdiction, the reference to the bankruptcy court may be withdrawn only in limited circumstances, as provided in section 157(d) of title 28.  *In re Ionosphere Clubs, Inc.*, 922 F.2d. at 993.  The Second Circuit has consistently held that section 157(d) must be "construed narrowly," *see, e.g., id.* at 995, and is not to be used as an "escape hatch through which most bankruptcy matters [could] be removed to a district court."  *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 343 B.R. 63, 66 (S.D.N.Y. 2006) (quoting *Carter Day Indust., Inc. v. EPA (In re Combustion Equip. Assoc.)*, 67 B.R. 709, 711 (S.D.N.Y. 1986))

(internal quotation omitted).   A narrow reading of the mandatory withdrawal provisions is necessary so as not to "eviscerate much of the work of the bankruptcy courts." *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680, 683 (S.D.N.Y. 1995).

Mandatory withdrawal "is not available merely because non-Bankruptcy Code federal statutes will be considered in the bankruptcy court proceeding."   *In re Ionosphere Clubs, Inc.*, 922 F.2d at 995.   Rather, as the Second Circuit has held, mandatory withdrawal "is reserved for cases where *substantial and material consideration* of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Id.* at 995 (emphasis added).   "Substantial and material consideration" requires a bankruptcy judge to "engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *Enron Corp. v. J.P. Morgan Sec.* (*In re Enron Corp.*), 388 B.R. 131, 136 (S.D.N.Y. 2008).   Indeed, the "substantial and material consideration" standard excludes from mandatory withdrawal those cases that involve only the routine application of non-title 11 federal statutes to a particular set of facts.   *See In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y. 1986).

The Defendant cannot meet the standard for withdrawal of the reference to resolve the Trustee's claims because no material interpretation of non-bankruptcy federal statutes is required to resolve the issues at hand, nor is there any potential conflict between the Bankruptcy Code and other non-bankruptcy federal statutes.   On its face, SIPA mandates removal to the bankruptcy court in the first instance.   SIPA is routinely interpreted by bankruptcy courts, as it was originally derived from a bankruptcy statute and specifically incorporates the Bankruptcy Code.   The Defendant's allegation that SIPA cannot be analyzed and applied by the Bankruptcy Court is simply wrong, as evidenced by, *inter alia*, the *Net Equity Decision* and the Second Circuit's

determination thereof.[5]

**B.     Trustee Is Not Required to Demonstrate Insufficiency of Customer Fund to Invoke Avoidance Powers**

SIPA authorizes the Trustee to recover fraudulent transfers, including those made to customers, under title 11 pursuant to SIPA § 78fff-2(c)(3). The Trustee may do so "[w]henever customer property is not sufficient to pay in full the claims set forth in subparagraphs (A) through (D) of paragraph (1)."[6] The Defendant attempts to argue that the Trustee is required to first prove there is not sufficient funds to pay all the customer claims as set forth in 15 U.S.C. §78fff-2(c) before proceeding with any avoidance actions against recipients of BLMIS funds. *See* Mem. of Law at 5. But under that reading of SIPA, the Trustee's avoidance powers would come and go depending on the value of the customer fund as measured against the amount of allowed claims as of any particular date. This argument defies not only logic but also law.

In a similar SIPA liquidation, the court rejected this argument, finding that the "purpose of SIPA, and the responsibility of the court, is to administer the estate in a manner that benefits all customers, not just defendants in avoidance actions." *Hill v. Spencer Sav. & Loan Ass'n (In*

---

[5] Moreover, based on the clear mandate set forth in the recently entered Amended Standing Order of Reference, the bankruptcy court has the authority to adjudicate this avoidance action. The order specifically provides that for any proceeding referred to the bankruptcy court and "determined to be a core matter, the bankruptcy judge *shall* . . . hear the proceeding and submit proposed findings of fact and conclusions of law to the district court." Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (emphasis added). In light of this directive, a Court in this District recognized that this "explicit authority to issue proposed findings and conclusions in connection with core matters" dictated maintaining the reference to the bankruptcy court. *See* Opinion & Order, *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11 Civ. 06847 (PAC) (S.D.N.Y. Jan. 30, 2012) at 10.

[6] Subparagraphs (A) through (D) of SIPA § 78fff-2(c)(1) relate to the allocation of customer property and the distribution waterfall of SIPA. The second, third, and fourth priorities, relevant here, are payments to customers, payments to SIPC as subrogee for claims of customers, and payments to SIPC in repayment of its advances to customers.

*the Matter of Bevill, Bresler & Schulman, Inc.),* 83 B.R. 880, 892-3 (D.N.J. 1988).  As the *Bevill* court recognized, if over time, a trustee recovered 100% of the funds necessary to satisfy all net equity claims and SIPC, a defendant in an avoidance action would receive the benefit of that recovery by asserting a claim against the estate after satisfying the avoidance action judgment. *Id.* at 891.  Indeed, SIPA expressly contemplates this possibility.  *See* SIPA § 78fff-2(c)(1) ("Any customer property remaining after allocation in accordance with this paragraph shall become part of the general estate of the debtor.").

Thus, even if the Trustee had enough today to satisfy customer claims (which he does not), it would not impact the Trustee's ability to pursue his action against the Defendant.  The amount of customer property on the Filing Date was less than $1 billion,[7] clearly insufficient to pay either: (1) the amount of current allowed claims, approximately $7.4 billion or (2) the amount of potentially allowable customer claims based on the Trustee's net equity calculation upheld by the Second Circuit, $17.3 billion (the amount of principal lost by customers who filed claims).[8] The Trustee is authorized under SIPA to pursue his avoidance claims, and to the extent that he yields a 100% distribution on net equity claims—a questionably likely but decidedly positive result—defendants like Karyo can assert a claim and yield the benefit of the Trustee's work on behalf of all customers and the estate.

Moreover, to the extent the Defendant's arguments rest on the allowance of claims, the claims determination process is a core bankruptcy function that bankruptcy courts routinely handle.  *See* 11 U.S.C. § 502(b)*;* 28 U.S.C. § 152(b)(2)(B); *Cadle Co. v. Mangan (In re*

---

[7] *See* Trustee's First Interim Report For The Period December 11, 2008 Through June 30, 2009 at ¶¶ 33-34, 37, 40, 43-51, 57 n.7, *BLMIS*, Adv. Pro. No. 08-01789 (BRL) (Bankr. S.D.N.Y.) (ECF No. 314).

[8] The total amount of principal lost by BLMIS investors is approximately $20 billion. The amount of principal lost by those that filed claims against the estate is approximately $17.3 billion.

*Flanagan)*, 503 F.3d 171, 179 (2d Cir. 2003) ("A plain reading of the statute [11 U.S.C. § 502(b)] thus suggests that the bankruptcy court should determine whether a creditor's claim is enforceable against the debtor as of the date the bankruptcy petition was filed"); *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230 (2d Cir. 2002) (confirming that the bankruptcy court has jurisdiction over allowance or disallowance of claims against the estate); *Buena Vista TV v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 307 B.R. 404, 424 (S.D.N.Y. 2004) ("Because nothing is more directly at the core of bankruptcy administration than the quantification of all liabilities of a debtor, a bankruptcy court's determination whether to allow or disallow a claim is a core function.").  As a result, there is no basis to withdraw the reference with respect to SIPA § 78fff-2(c)(3).[9]

---

[9] The Trustee has not addressed the Defendant's antecedent debt arguments pursuant to the April 19, 2012 Order, in which this Court has decided to consolidated briefing on the merits of four issues, including "whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts." *See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22). The Trustee reserves all rights as contemplated in the forthcoming order as related to the Antecedent Debt common issue briefings.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests the court deny the Motion.

Date:  New York, New York
       April 24, 2012

*/s/* Oren J. Warshavsky
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*