**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendants. | 12 Misc. 00115 (JSR) |
| In re MADOFF SECURITIES | |
| PERTAINS TO THE FOLLOWING CASES: | |
| IRVING H. PICARD,<br><br>     Plaintiff,<br><br>v.<br><br>FITERMAN INVESTMENT FUND, *et al.*,<br><br>     Defendants. | 11 Civ. 08984 (JSR) |
| IRVING H. PICARD,<br><br>     Plaintiff,<br><br>v.<br><br>HESS KLINE REV. TRUST, *et al.*,<br><br>     Defendants. | 11 Civ. 08986 (JSR) |

| | |
|---|---|
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>        v.<br><br>METRO MOTOR IMPORTS, INC.,<br><br>        Defendant. | 11 Civ. 08987 (JSR) |
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>        v.<br><br>MILES Q. FITERMAN REVOCABLE TRUST, *et al.*,<br>        Defendants. | 11 Civ. 08988 (JSR) |
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>        v.<br><br>MILES & SHIRLEY FITERMAN CHARITABLE FOUNDATION, *et al.*,<br><br>        Defendants. | 11 Civ. 08989 (JSR) |

### TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANTS' CONSOLIDATED MOTIONS TO WITHDRAW THE REFERENCE</u>

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................................. 2

BACKGROUND ..................................................................................................................... 3

ARGUMENT .......................................................................................................................... 6

I.    THE DEFENDANTS' MOTIONS TO WITHDRAW THE AVOIDANCE
ACTIONS CANNOT MEET THE REQUIREMENTS FOR MANDATORY
WITHDRAWAL.............................................................................................................. 6

    A.    Section 157(d) Has Been Narrowly Construed in the Second Circuit................... 7

    B.    Application of SIPA Does Not Warrant Mandatory Withdrawal ........................ 8

    C.    The Defendants Submitted to the Jurisdiction of the Bankruptcy Court by
Filing Proofs of Claims ...................................................................................... 10

II.    THE DEFENDANTS HAVE FAILED TO DEMONSTRATE CAUSE FOR
PERMISSIVE WITHDRAWAL ..................................................................................... 12

    A.    The Trustee's Claims Are Core ......................................................................... 12

    B.    The Jury Trial Issue Is Premature and Does Not Warrant Withdrawal of
the Reference ..................................................................................................... 13

    C.    Withdrawal Would Impede Judicial Efficiency and Uniform
Administration of the SIPA Bankruptcy Proceeding........................................... 15

CONCLUSION...................................................................................................................... 16

# TABLE OF AUTHORITIES

Page

**Cases**

*Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11 Civ. 06847 (PAC) (S.D.N.Y. Jan. 30, 2012) ...................................................................................................................... 15

*Bankr. Servs. Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, 529 F.3d 432 (2d Cir. 2008)11

*Carter Day Indust., Inc. v. EPA (In re Combustion Equip. Assoc.)*, 67 B.R. 709 (S.D.N.Y. 1986)7

*Cent. Vermont Pub. Serv. Corp. v. Herber,* 341 F.3d 186 (2d Cir. 2003) .................................... 10

*City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991) .................................................. 8

*Enron Corp. v. J.P. Morgan Sec. (In re Enron Corp.)*, 388 B.R. 131 (S.D.N.Y. 2008) ............... 8

*First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833 (2d Cir. 1991)......................................................................................................................................... 11

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 343 B.R. 63 (S.D.N.Y. 2006)......................................................................................................................................... 7

*Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680 (S.D.N.Y. 1995) 7

*In re Adler Coleman Clearing Corp.*, 195 B.R. 266 (Bankr. S.D.N.Y. 1996) .............................. 8

*In re Bally Total Fitness of Greater N.Y.*, 411 B.R. 142 (S.D.N.Y. 2009).................................... 11

*In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir. 1990)................................................................. 12

*In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011) .................................. 4, 9, 10

*In re Enron Corp.*, 295 B.R. 21 (S.D.N.Y. 2003) ....................................................................... 14

*In re Enron Corp.*, 318 B.R. 273 (S.D.N.Y. 2004)...................................................................... 14

*In re Fairfield Sentry Ltd.*, 2010 WL 4910119 (S.D.N.Y. Nov. 22, 2010) ................................. 14

*In re Johns-Manville Corp.*, 63 B.R. 600 (S.D.N.Y. 1986)........................................................... 8

*In re Laventhol & Horwath*, 139 B.R. 109 (S.D.N.Y.1992)........................................................ 15

*In re Leslie Fay Cos., Inc. v. Falbaum*, 1997 WL 555607 (S.D.N.Y. Sep. 4, 1997)................... 13

*Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 263 B.R. 406 (S.D.N.Y. 2001)...... 10

*Keller v. Blinder (In re Blinder Robinson & Co., Inc.)*, 135 B.R. 892 (D. Col. 1991)................. 10

# TABLE OF AUTHORITIES
## (Continued)

Page

*Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59 (S.D.N.Y. 1992) .... 14

*O'Connell v. Terranova (In re Adelphi Inst., Inc.)*, 112 B.R. 534 (S.D.N.Y. 1990) ................... 14

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993) ................................................................................................................................. 12

*Picard v. Katz,* 2012 WL 691551 (S.D.N.Y. Mar. 5, 2012) ......................................... 9

*Rahl v. Bande*, 316 B.R. 127 (S.D.N.Y. 2004) ................................................................ 13

*Schneider v. Riddick (In re Formica Corp.),* 305 B.R. 147 (S.D.N.Y. 2004) ............................ 13

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010) ...................................................................... 4

*Shugrue v. Airline Pilots Ass'n, Int'l* (*In re Ionosphere Clubs, Inc.*), 922 F.2d 984 (2d Cir. 1990). .................................................................................................................................... 7

*SIPC v. Barbour*, 421 U.S. 412 (1975) ......................................................................... 9

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295 (Bankr. S.D.N.Y. 2011) ..................... 10

*SIPC v. S.J. Salmon*, No. 72 Civ. 560, 1973 U. S. Dist. LEXIS 15606 (S.D.N.Y. Aug. 8, 1973) 10

*U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n., (In re U.S. Lines, Inc.)*, 197 F.3d 631 (2d Cir. 1999) .................................................................................................... 12

*Wedtech Corp. v. Banco Popular de Puerto Rico (In re Wedtech Corp.)*, 94 B.R. 293 (S.D.N.Y. 1988) ................................................................................................................... 14, 15

**Statutes**

15 U.S.C. § 78aaa ....................................................................................................... 1

15 U.S.C. § 78eee(b)(4) ............................................................................................... 9

15 U.S.C. § 78fff(b) ................................................................................................ 3, 8

15 U.S.C. § 78fff-1 ..................................................................................................... 4

15 U.S.C. § 78fff-2(c)(3) .......................................................................................... 4, 9

28 U.S.C. § 157(a). ..................................................................................................... 7

28 U.S.C. § 157(d) ............................................................................................... 7, 8, 12

## TABLE OF AUTHORITIES
### (Continued)

Page

**Other Authorities**

Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) .......................................................... 15

H.R. Rep. No. 91-1613 (1970)............................................................................................ 9

*Revision of the Bankruptcy Act: Hearing on H.R. 6439 Before the H. Comm. on the Judiciary*, 75th Cong. 96 (1937) ........................................................................................ 9

S. Rep. No. 91-1218 (1970)................................................................................................ 9

*Securities Investor Protection Act Amendments of 1975: Hearing on H.R. 8064 Before the H. Comm. on Interstate and Foreign Commerce*, 94th Cong. 193 (1975) ...................................... 9

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"),[1] 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff ("Madoff," and together with BLMIS, each a "Debtor" and collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this memorandum of law in opposition to the Motions to Withdraw the Reference (the "Motions") and accompanying Memoranda of Law ("Mem. of Law") filed in the following actions: *Picard v. Fiterman Investment Fund, et al.*, Adv. Pro. No. 10-04354 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08984 (JSR) (S.D.N.Y.) (ECF No. 1)[2]; *Picard v. Hess Klein Revocable Trust, et al.*, Adv. Pro. No. 10-04719 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08986 (JSR) (S.D.N.Y.) (ECF No. 1)[3]; *Picard v. Metro Motor Imports, Inc.*, Adv. Pro. No. 10-04499 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08987 (JSR) (S.D.N.Y.) (ECF No. 1)[4]; *Picard v. Miles Q. Fiterman Revocable Trust, et al.*, Adv. Pro. No. 10-04337 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08988 (JSR) (S.D.N.Y.) (ECF No. 1)[5]; *Picard v. Miles & Shirley*

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. §§ 78aaa *et seq*. For convenience, subsequent references to SIPA will omit "15 U.S.C."

[2] This Motion is brought on behalf of Defendants Fiterman Investment Fund, Verdeway Investment Partners LLC, Steven Fiterman, Susan Fiterman, Steven C. Fiterman Living Trust Dated 1/6/95, and Susan L. Fiterman Living Trust Dated 1/6/95 (the "Fiterman Investment Action").

[3] This Motion is brought on behalf of Defendants Hess Klein Revocable Trust and Hess Kline (the "Hess Kline Action").

[4] This Motion is brought on behalf of Defendant Metro Motor Imports, Inc. (the "Metro Motor Action").

[5] This Motion is brought on behalf of Defendants Miles Q. Fiterman Revocable Trust, Miles Q. Fiterman Non-Exempt Marital Trust, Towers Management Company LLC, Fiterman GST Exempt Marital Trust, Miles Fiterman Family Trust, Shirley Fiterman, Steven Fiterman, Valerie Herschman, Karen Wasserman, Lynn Guez, Stephanie Rosenthal, Miles Q. Fiterman II, and Matthew Fiterman (the "Fiterman Trust Action").

*Fiterman Charitable Foundation, et al.*, Adv. Pro. No. 10-05067 (Bankr. S.D.N.Y.) (BRL), No. 11 Civ. 08989 (JSR) (S.D.N.Y.) (ECF No. 1)[6]. These actions were consolidated pursuant to this Court's Order dated March 7, 2012.[7]

## PRELIMINARY STATEMENT

Through these Motions, the Defendants—like the assembly line of defendants that came before them—are opportunistically seeking to jump through the "escape hatch" out of the bankruptcy court seemingly created by this Court's prior rulings. Not surprisingly, and consistent with the approach in the spate of recent motions, the Defendants are desperately seeking to bypass the bankruptcy court and withdraw an avoidance action involving quintessentially "core" bankruptcy causes of action that Congress intended the bankruptcy courts to hear and determine in the first instance.

The Defendants argue that withdrawal of the reference is necessary because the bankruptcy court ostensibly cannot analyze and apply basic provisions of the Bankruptcy Code in the context of a SIPA liquidation proceeding. However, this argument is contrary to the express language of SIPA and would require this Court to create and apply a standard to this SIPA proceeding that simply does not exist. Although the Defendants argue that SIPA is "informed" by federal securities law, SIPA does not state anywhere that the incorporation of the Bankruptcy Code and its related jurisprudence in a SIPA proceeding is affected by the invocation of unidentified securities law. Rather, the plain language of SIPA is informed by bankruptcy law

---

[6] This Motion is brought on behalf of Defendants Miles & Shirley Fiterman Charitable Foundation, Steven Fiterman, and Valerie Herschman (the "Fiterman Charitable Action"). Copies of the complaints filed by the Trustee against the Defendants in the referenced actions are annexed to the Declaration of Oren J. Warshavsky, Esq. ("Warshavsky Decl.") as Exhibit 1.

[7] The Court consolidated the above-captioned cases pursuant to an Order dated March 7, 2012 and directed the Trustee to file one brief in opposition to all three Motions to Withdraw the Reference.

and expressly incorporates the Bankruptcy Code and related bankruptcy jurisprudence.[8]   To embrace the Defendants' assertions would contradict the plain meaning of SIPA and permit the exceptional case of withdrawal under section 157(d) to swallow the rule that SIPA proceedings should be presided over by bankruptcy judges in bankruptcy courts, a result wholly at odds with the weight of Second Circuit authority.

Second Circuit precedent and the recent Amended Standing Order of Reference provide a clear directive in favor of maintaining the reference to bankruptcy courts in core matters. Indeed, this District's judges have implemented this mechanism to ensure that bankruptcy courts hear and determine core matters in the first instance.  The Trustee respectfully requests that this Court adhere to that directive and close the door on the glut of copycat motions seeking to avoid the bankruptcy court at all costs—starting with the instant Motions.  Accordingly, the Motions should be denied.

## BACKGROUND

### A.      Commencement of the SIPA Liquidation

Having adjudicated various Madoff liquidation matters, this Court's familiarity with the background of this matter is presumed.

### B.      SIPA Authorizes the Trustee to Pursue Avoidance Actions

SIPA § 78fff(b) grants the Trustee authority to conduct a SIPA liquidation proceeding "in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."  SIPA § 78fff(b); *In re Bernard L. Madoff Inv. Sec.*

---

[8] For example, SIPA § 78fff-1(b) expressly incorporates the Bankruptcy Code and specifies that a SIPA proceeding is to "be conducted in accordance with, and as though it were being conducted under" the Bankruptcy Code and governed by relevant provisions of title 11. Moreover, SIPA § 78eee(b)(4) specifically requires that "[u]pon the issuance of a protective decree and appointment of a trustee … the court *shall* forthwith order the removal of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under title 11."

*LLC*, 654 F.3d 229, 231 (2d Cir. 2011) (the "*Second Circuit Net Equity Decision*") ("Pursuant to SIPA, Mr. Picard has the general powers of a bankruptcy trustee, as well as additional duties, specified by the Act, related to recovering and distributing customer property.") (citing SIPA § 78fff-1).  SIPA § 78fff-2(c)(3) expressly incorporates the Bankruptcy Code and authorizes a SIPA Trustee to recover any fraudulent transfers, including those to customers.  SIPA § 78fff-2(c)(3); *Second Circuit Net Equity Decision*, 654 F.3d at 241 n.10 ("SIPA and the Code intersect to . . . grant a SIPA trustee the power to avoid fraudulent transfers for the benefit of customers.") (quoting *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 136 (Bankr. S.D.N.Y. 2010) (the "*Net Equity Decision*").

**C.     The Defendants' Customer Claims**

On or about February 23, 2009, Verdeway Investment Partners LLC filed a customer claim with respect to Account No. 1V0019, which the Trustee has designated as Claim No. 003109.   On or about September 28, 2010, the Trustee issued a Notice of Trustee's Determination to Verdeway Investment Partners LLC, denying the customer claim.  Verdeway Investment Partners LLC did not file an objection with the Court.

On or about February 23, 2009, the Miles Q. Fiterman Non-Exempt Marital Trust filed a customer claim with respect to Account No. 1F0200, which the Trustee has designated as Claim No. 002973.   On or about October 26, 2010, the Trustee issued a Notice of Trustee's Determination of Claim to the Miles Q. Fiterman Non-Exempt Marital Trust, denying the customer claim. The Miles Q. Fiterman Non-Exempt Marital Trust did not file an objection with the Court.

On or about February 23, 2009, Miles & Shirley Fiterman Charitable Foundation filed a customer claim with respect to Account No. 1F0020, which the Trustee has designated as Claim

No. 002975.   On or about October 7, 2010, the Trustee issued a Notice of Trustee's Determination of Claim to the Miles & Shirley Fiterman Charitable Foundation, denying the customer claim.  The Miles & Shirley Fiterman Charitable Foundation did not file an objection with the Court.

Defendant Shirley Fiterman holds a BLMIS account in the name "Shirley Fiterman," designated as Account No. 1F0198.  On or about February 23, 2009, Shirley Fiterman filed a customer claim with respect to this Account, which the Trustee has designated as Claim No. 003156.  Non-Defendant MSM Investment Group LLC ("MSM Investment") holds a BLMIS account in the name "MSM Investment Group LLC," designated as Account No. 1M0246. Upon information and belief, the members of MSM Investment include Defendants Steven Fiterman, Stephanie Fiterman, Miles Q. Fiterman II, and Matthew Fiterman. On or about February 23, 2009, MSM Investment filed a customer claim, which the Trustee has designated as Claim No. 003162. Non-Defendant Fairway II LLC ("Fairway II") holds a BLMIS account in the name "Fairway Partnership II," designated as Account No. 1F0190. Upon information and belief, the members of Fairway II include Defendants Steven Fiterman, Valerie Herschman, Karen Wasserman, and Lynn Guez. On or about February 23, 2009, Fairway II filed a customer claim with the Trustee which the Trustee has designated as Claim No. 003077. The BLMIS accounts held by Defendant Shirley Fiterman, in her own name, MSM Investment, and Fairway II (collectively, the "Related Accounts") all filed claims for which the Trustee has yet to issue a determination and/or make distributions in connection with the Related Accounts.[9]  All of these issues remain in this consolidated action.

---

[9] Copies of the customer claims are annexed to the Warshavsky Decl. as Exhibit 2.

**D.      The Trustee's Avoidance Actions Against The Defendants**

The Trustee's complaints in the avoidance actions against the Defendants allege various avoidance causes of action, all "core" matters arising under the Bankruptcy Code or the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) ("DCL")).  *See* Warshavsky Decl. at Exhibit 1.  Specifically, the Trustee seeks to avoid certain transfers as (i) actual fraudulent transfers under Bankruptcy Code sections 544, 548(a)(1)(A), 550(a), and 551 and the DCL and (ii) constructive fraudulent transfers under Bankruptcy Code sections 544, 548(a)(1)(B), 550(a), and 551 and the DCL.

## ARGUMENT

I.   **THE DEFENDANTS' MOTIONS TO WITHDRAW THE AVOIDANCE ACTIONS CANNOT MEET THE REQUIREMENTS FOR MANDATORY WITHDRAWAL**[10]

The Defendants contend that this Court must withdraw the reference pursuant to section 157(d), but does not and cannot demonstrate any of the exceptional circumstances required for mandatory withdrawal.  Rather, these avoidance actions require nothing more than adjudication

---

[10] The Trustee has not addressed the Defendants' *Stern v. Marshall* arguments pursuant to the April 13, 2012 Order, in which the Court has decided to consolidate briefing to decide whether the *Stern v. Marshall* decision "prevents the Bankruptcy Court from entering a final order or judgment resolving claims by the Trustee to avoid or recover . . . fraudulent conveyances" and if so, "whether the Bankruptcy Court has the authority to render proposed findings of fact and proposed conclusions of law," and "whether the Court should permissively withdraw based on the *Stern* Decision for cause."  *See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 13, 2012) (ECF No. 4). The Trustee has also not addressed the Defendants' arguments concerning Bankruptcy Code section 546(e) or antecedent debt pursuant to the April 19, 2012 Order, in which this Court has decided to consolidated briefing on the merits of four issues, including "whether 546(e) limits the Trustee's ability to avoid transfers made by Bernard L. Madoff Investment Securities LLC ('Madoff Securities')" and "whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts." *See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22) (the "April 19 Order"). The Trustee reserves all rights as contemplated in the forthcoming order as related to the *Stern v. Marshall*, Bankruptcy Code section 546(e), and antecedent debt common issue briefings.

of avoidance actions under the Bankruptcy Code to recover customer property.

## A.   Section 157(d) Has Been Narrowly Construed in the Second Circuit

The scope of bankruptcy jurisdiction over all matters affecting a debtor and its property is broadly construed. *Shugrue v. Airline Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 994 (2d Cir. 1990). All cases and proceedings arising under, arising in, or related to a bankruptcy case, including SIPA liquidations, are automatically referred to the bankruptcy court. *See* 28 U.S.C. § 157(a). For the bankruptcy court to proceed efficiently and within the bounds of its broad grant of jurisdiction, the reference to the bankruptcy court may be withdrawn only in limited circumstances, as provided in section 157(d) of title 28. *In re Ionosphere Clubs, Inc.*, 922 F.2d. at 993. The Second Circuit has consistently held that section 157(d) must be "construed narrowly," *see, e.g., id.* at 995, and is not to be used as an "escape hatch through which most bankruptcy matters [could] be removed to a district court." *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 343 B.R. 63, 66 (S.D.N.Y. 2006) (quoting *Carter Day Indust., Inc. v. EPA (In re Combustion Equip. Assoc.)*, 67 B.R. 709, 711 (S.D.N.Y. 1986)) (internal quotation omitted). A narrow reading of the mandatory withdrawal provisions is necessary so as not to "eviscerate much of the work of the bankruptcy courts." *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680, 683 (S.D.N.Y. 1995).

Mandatory withdrawal "is not available merely because non-Bankruptcy Code federal statutes will be considered in the bankruptcy court proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d at 995. Rather, as the Second Circuit has held, mandatory withdrawal "is reserved for cases where *substantial and material consideration* of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Id.* at 995 (emphasis added). "Substantial and material consideration" requires a bankruptcy judge to "engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New*

*York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *Enron Corp. v. J.P. Morgan Sec. (In re Enron Corp.)*, 388 B.R. 131, 136 (S.D.N.Y. 2008).  Indeed, the "substantial and material consideration" standard excludes from mandatory withdrawal those cases that involve only the routine application of non-title 11 federal statutes to a particular set of facts.  *See In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y. 1986).

The Defendants cannot meet the standard for withdrawal of the reference to resolve the Trustee's claims because no material interpretation of SIPA is required to resolve the remaining issues at hand, nor is there any potential conflict between the Bankruptcy Code and SIPA with respect to such issues.

### B.   Application of SIPA Does Not Warrant Mandatory Withdrawal

Defendants argue that the Trustee's avoidance actions require "substantial and material consideration of SIPA at every turn because the Code only applies to the extent that it is consistent with SIPA."[11] However, the Defendants have failed to identify any legal issues that require application of SIPA beyond those completely subsumed by the consolidated briefing ordered by the Court's April 19 Order.  Although the Trustee does not believe that this issue has been adequately raised in the relevant Motions to warrant a separate response—and the Motions failed to provide any independent basis for mandatory withdrawal on this point—the Trustee responds to this issue herein out of an abundance of caution.

"[A] SIPA liquidation is essentially a bankruptcy liquidation tailored to achieve the special purposes of SIPA." *In re Adler Coleman Clearing Corp.*, 195 B.R. 266, 269-70 (Bankr. S.D.N.Y. 1996) (citing SIPA § 78fff(b)).  SIPA is routinely interpreted by bankruptcy courts, as

---

[11] *See* Fiterman Investment Action at 4; Hess Kline Action at 4; Metro Motor Action at 4, Fiterman Trust Action at 4; and Fiterman Charitable Action at 4.

it was originally derived from a bankruptcy statute and specifically incorporates the Bankruptcy Code.[12]

The Defendants' allegation that SIPA cannot be analyzed and applied by the Bankruptcy Court is simply wrong. On its face, SIPA <u>mandates</u> removal to the bankruptcy court in the first instance. *See* SIPA § 78eee(b)(4) (authorizing removal of SIPA cases to "the court of the United States in the same judicial district having jurisdiction over cases under Title 11"). More importantly, SIPA expressly authorizes the Trustee to avoid transfers that are void and voidable pursuant to title 11.[13] There is no exception in SIPA that precludes avoidance of transfers to customers; to the contrary, the recovery of transfers "to or on behalf of customers" is expressly contemplated in SIPA § 78fff-2(c)(3). The Second Circuit further confirmed that a "[a] SIPA liquidation is a hybrid proceeding" and that a SIPA trustee is conferred with the general powers of a bankruptcy trustee, as well as additional duties, including the ability to pursue fraudulent transfer actions on behalf of customers. *Second Circuit Net Equity Decision*, 654 F.3d 229, 242 n. 10. Indeed, courts uniformly have held that a trustee may sue customers for fraudulent transfers. *See, e.g., Picard v. Katz,* 2012 WL 691551, at *1 (S.D.N.Y. Mar. 5, 2012) (holding

---

[12] SIPA's origin is in section 60(e) of the Chandler Act, the Bankruptcy Act of 1898. Section 60(e) was enacted "in order to make uniform the rules applicable to the liquidation of the assets of bankrupt stockbrokers and to secure greater approximation to equality in distribution." *See Revision of the Bankruptcy Act: Hearing on H.R. 6439 Before the H. Comm. on the Judiciary*, 75th Cong. 96 (1937). In response to the number of brokerage failures in 1969 and 1970, Congress enacted SIPA to enhance section 60(e)'s protections. *See* S. Rep. No. 91-1218, at 2, 12 (1970); H.R. Rep. No. 91-1613 (1970), *reprinted in* 1970 U.S.C.C.A.N. 525; *SIPC v. Barbour*, 421 U.S. 412, 415 (1975); *Securities Investor Protection Act Amendments of 1975: Hearing on H.R. 8064 Before the H. Comm. on Interstate and Foreign Commerce*, 94th Cong. 193 (1975) ("It was the clear purpose of Congress in adopting the 1970 Act to supplement the single and separate fund by the use of SIPA funds, but not to make any basic changes in the concepts underlying Section 60e. Thus, although it made some minor clarifying changes, the 1970 Act substantially tracks the provisions of Section 60e.").

[13] *See* Background, Section B *supra*.

that the Trustee could avoid and recover as fraudulent transfers the amounts paid to the defendants in excess of their principal); *Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 263 B.R. 406, 496 (S.D.N.Y. 2001) (affirming bankruptcy court's judgment that fraudulent transfers to customers were avoidable); *see also SIPC v. S.J. Salmon*, No. 72 Civ. 560, 1973 U. S. Dist. LEXIS 15606, at *31 (S.D.N.Y. Aug. 8, 1973) ("SIPA was not intended to make the fraudulent transfer provisions of the Bankruptcy Act inoperative as to stockbroker-debtors in SIPA proceedings."). In fact, the Trustee is pursuing his avoidance claims so that the salutary purposes of the statute may be affected. *See Second Circuit Net Equity Decision*, 654 F.3d 229, 242 n. 10 (Second Circuit noting that "in the context of this Ponzi scheme – the Net Investment Method is nonetheless more harmonious with provisions of the Bankruptcy Code that allow a trustee to avoid transfers made with the intent to defraud, *see* 11 U.S.C. § 548(a)(1)(A), and 'avoid[s] placing some claims unfairly ahead of others,' *In re Adler, Coleman Clearing Corp.*, 263 B.R. 406, 463 (Bankr. S.D.N.Y. 2001)."). The Motions fail to identify any remaining issues requiring substantial and material consideration of SIPA. Therefore, mandatory withdrawal of the reference is unwarranted to resolve the remaining issues that are not otherwise subsumed by the common briefing directed by the April 19 Order.

### C.    The Defendants Submitted to the Jurisdiction of the Bankruptcy Court by Filing Proofs of Claims

That prior to being sued by the Trustee, the Defendants filed customer claims[14] in the BLMIS liquidation proceeding[15] reinforces the conclusion that the bankruptcy court is the

---

[14] *See* Background, Section C *supra*; Warshavsky Decl. at Exhibit 2.

[15] The filing of a customer claim in a SIPA action is the equivalent of filing a proof of claim in a typical bankruptcy proceeding for purposes of submission to jurisdiction. *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295, 310 (Bankr. S.D.N.Y. 2011) (citing *Keller v. Blinder (In re Blinder Robinson & Co., Inc.)*, 135 B.R. 892, 896–97 (D. Col. 1991)). *See Cent. Vermont Pub. Serv. Corp. v. Herber,* 341 F.3d 186, 191 (2d Cir. 2003) (finding that courts in this district have

appropriate court for the adjudication of the actions against it. Multiple courts have made clear that the bankruptcy court is the proper forum to adjudicate a proof of claim and matters directly related to that claim. *See, e.g.*, *In re Bally Total Fitness of Greater N.Y.*, 411 B.R. 142, 145 (S.D.N.Y. 2009) (finding that "plaintiffs waived their ability to seek withdrawal of the reference when they filed a proof of claim and two motions before the Bankruptcy Court.") (quoting *Bankr. Servs. Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, 529 F.3d 432, 466-67 (2d Cir. 2008).

By filing claims in the BLMIS liquidation proceeding, certain Defendants have submitted to the bankruptcy court's equitable jurisdiction for the adjudication of matters related to their claims, and cannot now argue that the bankruptcy court should not have jurisdiction over matters related to such claims. *See, e.g.*, *First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 838 (2d Cir. 1991) ("[A] creditor who invokes the bankruptcy court's equitable jurisdiction to establish a claim against a debtor's estate is also subject to the procedures of equity in the determination of preference actions brought on behalf of the estate."). These are straightforward avoidance actions; all relevant counts in the complaints are typical fraudulent conveyance actions derived from the Bankruptcy Code and the DCL. As such, the Defendants' filing of proofs of claims brings their claims and matters related to resolving such claims clearly within the jurisdiction of the bankruptcy court. The bankruptcy court is well-suited to handle these sorts of claims and routinely does so.

---

previously upheld bankruptcy jurisdiction in adversary proceedings where the opposing party has filed a proof of claim based on two theories; "(1) the proof of claim transforms litigation into a core proceeding; and (2) by filing the proof of claim, the creditor consents to the bankruptcy court's broad equitable jurisdiction.").

## II.   THE DEFENDANTS HAVE FAILED TO DEMONSTRATE CAUSE FOR PERMISSIVE WITHDRAWAL

This Court may permissively withdraw the reference to bankruptcy court pursuant to section 157(d), but the Defendants must show "cause" for such withdrawal.  To determine whether such "cause" exists, this Court must first evaluate whether the claim is core or non-core, and then "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  The Defendants bear the burden of proving "cause" to warrant withdrawal. *See In re Ames Dep't Stores*, 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991).  The Defendants have failed to meet their burden.  The Defendants' argument that permissive withdrawal is warranted to promote judicial efficiency, prevent delay, and/or limit cost to the parties is unavailing.  None of the *Orion* factors warrant withdrawal.

### A.   The Trustee's Claims Are Core

All of the Trustee's claims as filed against the Defendants are core.  Pursuant to section 157, a proceeding may be core if it is "unique to or uniquely affected by the bankruptcy proceedings" or "directly affect[s] a core bankruptcy function." *U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n., (In re U.S. Lines, Inc.)*, 197 F.3d 631, 637 (2d Cir. 1999). In enacting section 157, Congress intended core proceedings to be interpreted broadly and that "95 percent of the proceedings brought before bankruptcy judges would be core proceedings." *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1398 (2d Cir. 1990).  The Defendants concede that their avoidance actions all involve core claims, but insist even core claims may be withdrawn for

cause.[16]  However, a finding that claims are core "weighs against permissive withdrawal." *In re Leslie Fay Cos., Inc. v. Falbaum*, 1997 WL 555607, at *2 (S.D.N.Y. Sep. 4, 1997).

Here, all of the Trustee's fraudulent conveyance and subsequent transfer claims against the Defendants in the consolidated avoidance actions are brought pursuant to 11 U.S.C. §§ 544, 548, and 550, and therefore "arise under" title 11.[17]  *See Rahl v. Bande*, 316 B.R. 127, 131 (S.D.N.Y. 2004) (holding that claims under § 544(b) "arise under" title 11 and are therefore core).  Such avoidance actions are core claims according to the non-exhaustive list of core proceedings set forth in section 157(b)(2)(H) of the Bankruptcy Code.  *See* 28 U.S.C. § 157(b)(2)(H) (defining core matters to include "proceedings to determine, avoid, or recover fraudulent conveyances.").[18]  Withdrawal is not appropriate on this basis alone.

**B.    The Jury Trial Issue Is Premature and Does Not Warrant Withdrawal of the Reference**

The Defendants also argue in favor of withdrawal of the reference based on their inchoate right to demand a jury trial.[19]  However, any such right does not require withdrawal of the reference until the case is ready to proceed to trial.  *In re Formica Corp,* 305 B.R. at 150.  As this Court stated in *In re Kenai Corp.*:

> A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts.

---

[16] *See* Fiterman Investment Action at 8; Hess Kline Action at 8; Metro Motor Action at 8, Fiterman Trust Action at 8; and Fiterman Charitable Action at 8.

[17] *See* Exhibit 1.

[18] *See* Exhibit 1.

[19] *See* Fiterman Investment Action at 7-9; Hess Kline Action at 7-9; Metro Motor Action at 7-9, Fiterman Trust Action at 7-9; and Fiterman Charitable Action at 7-9.

136 B.R. at 61 (citing *In re Adelphi Inst., Inc.*, 112 B.R. 534, 538 (S.D.N.Y. 1990)).  *See In re Fairfield Sentry Ltd.*, 2010 WL 4910119 at *3 (S.D.N.Y. Nov. 22, 2010) (denying motion to withdraw the reference to the bankruptcy court because it was premature and "[d]istrict courts 'are generally unreceptive to motions to withdraw references where the underlying action is in its preliminary stages.'"); *In re Enron Corp.*, 318 B.R. 273, 275 (S.D.N.Y. 2004) ("Even if the Bankruptcy Court determines that the proceeding is non-core, and thus this Court concludes that [the defendant] is entitled to a jury trial on its claims, the Court would still not withdraw the reference of the case to the Bankruptcy Court until the case is trial-ready.").  Accordingly, to the extent that the reference may be withdrawn so that a jury trial may be conducted in the District Court, this may be done if and only when the case is ready for trial.

In fact, courts have consistently denied motions to withdraw the reference in spite of a valid demand for a jury trial, where judicial economy weighed in favor maintaining the reference for pre-trial matters.  *See In re Enron Corp.,* 295 B.R. 21, 28 (S.D.N.Y. 2003) ("Courts have also recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial").  In *Wedtech Corp. v. Banco Popular de Puerto Rico (In re Wedtech Corp.),* the court stated that "the defendant's right to a jury trial would not be disturbed by allowing [the bankruptcy judge] to continue to oversee the pre-trial supervision of this case, until such time as the case is ready for trial or dispositive motions." 94 B.R. 293, 298 (S.D.N.Y. 1988).  The bankruptcy judge's "expressed familiarity with the present action, as well as the factual overlap with the numerous cases before him, present[ed] a unique and compelling opportunity *to promote judicial economy and swift resolution,* to the benefit of both of the parties." *Id.* (emphasis added).

### C.      Withdrawal Would Impede Judicial Efficiency and Uniform Administration of the SIPA Bankruptcy Proceeding

The other *Orion* considerations weigh against withdrawal.  The bankruptcy court has been administering this SIPA bankruptcy proceeding for over three years.  Judicial economy would only be promoted by allowing the specialized bankruptcy court, already familiar with the extensive record and proceedings in the BLMIS case, to initially adjudicate these cases.  *See In re Wedtech Corp.*, 94 B.R. at 296; *In re Laventhol & Horwath*, 139 B.R. 109, 116 (S.D.N.Y.1992).  It is the more efficient and appropriate course, as "[a]llowing the bankruptcy courts to consider complex questions of bankruptcy law before they come to the district court for *de novo* review promotes a more uniform application of bankruptcy law." *In re Extended Stay, Inc.*, 2011 WL 5532258 at *10 (finding that preserving bankruptcy court's ability to determine claims implicating section 546(e) of the Bankruptcy Code weighed against withdrawal).

Moreover, withdrawal is not warranted based on the clear mandate set forth in the recently entered Amended Standing Order of Reference.  The order specifically provides that for any proceeding referred to the bankruptcy court and "determined to be a core matter, the bankruptcy judge *shall* . . . hear the proceeding and submit proposed findings of fact and conclusions of law to the district court." Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (emphasis added).  In light of this directive, a Court in this District recognized that this "explicit authority to issue proposed findings and conclusions in connection with core matters" dictated maintaining the reference to the bankruptcy court.  *See* Opinion & Order, *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11 Civ. 06847 (PAC) (S.D.N.Y. Jan. 30, 2012) at 10.[20]

---

[20] In addition, the Local Rules Committee for the United States Bankruptcy Court for the Southern District of New York has proposed certain new Local Bankruptcy Rules as of February 21, 2012—all of which require parties in adversary proceedings to affirmatively state in

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully requests the court deny the Motions.

Date:   New York, New York            /s/ Oren J. Warshavsky
       May 8, 2012                    Baker & Hostetler LLP
                                   45 Rockefeller Plaza
                                   New York, New York 10111
                                   Telephone: (212) 589-4200
                                   Facsimile: (212) 589-4201
                                   David J. Sheehan
                                   Email: dsheehan@bakerlaw.com
                                   Oren J. Warshavsky
                                   Email: owarshavsky@bakerlaw.com
                                   Nicholas J. Cremona
                                   Email: ncremona@bakerlaw.com
                                   Anat Maytal
                                   Email: amaytal@bakerlaw.com

                                   *Attorneys for Irving H. Picard, Trustee for the*
                                   *Substantively Consolidated SIPA Liquidation*
                                   *of Bernard L. Madoff Investment Securities*
                                   *LLC and Bernard L. Madoff*

---

responsive pleadings whether the pleader consents to the entry of final orders or judgment by the bankruptcy court. These proposed rules further establish that the bankruptcy court should preside over core proceedings and leave the determination of whether the bankruptcy court may enter a final judgment until the case is fully determined. *See Proposed New Local Bankruptcy Rules,* United States Bankruptcy Court, Southern District of New York, http://www.nysb. uscourts.gov/localrules2012.html (last visited February 24, 2012).