**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------:

SECURITIES INVESTOR PROTECTION :
CORPORATION, :
            :
           Plaintiff, :
            : 12-misc-00115 (JSR)
         v. :
            :
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
            :
           Defendant. :

------------------------------------------------------------:

In re: :
        MADOFF SECURITIES :
            :

------------------------------------------------------------:

            :
PERTAINS TO THE FOLLOWING CASES: :
            :

------------------------------------------------------------:

IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
            : Case No. 11-cv-08984 (JSR)
           Plaintiff, :
            : Adv. Pro. No. 10-04354 (BRL)
         v. :
            :
FITERMAN INVESTMENT FUND, *et al.*, :
            :
           Defendants. :

------------------------------------------------------------:

IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
            : Case No. 11-cv-08986 (JSR)
           Plaintiff, :
            : Adv. Pro. No. 10-04719 (BRL)
         v. :
            :
HESS KLINE REVOCABLE TRUST, *et al.*, :
            :
           Defendants. :

------------------------------------------------------------:

```
--------------------------------------------------:
IRVING H. PICARD, Trustee for the Liquidation    :
of Bernard L. Madoff Investment Securities LLC,  :
                                                 :   Case No. 11-cv-08987 (JSR)
                 Plaintiff,                      :
                                                 :   Adv. Pro. No. 10-04499 (BRL)
                 v.                              :
                                                 :
METRO MOTOR IMPORTS, INC.,                       :
                                                 :
                 Defendant.                      :
--------------------------------------------------:
IRVING H. PICARD, Trustee for the Liquidation    :
of Bernard L. Madoff Investment Securities LLC,  :
                                                 :   Case No. 11-cv-08988 (JSR)
                 Plaintiff,                      :
                                                 :   Adv. Pro. No. 10-04337 (BRL)
                 v.                              :
                                                 :
MILES Q. FITERMAN REVOCABLE                      :
TRUST, et al.,                                   :
                                                 :
                 Defendants.                     :
--------------------------------------------------:
IRVING H. PICARD, Trustee for the Liquidation    :
of Bernard L. Madoff Investment Securities LLC,  :
                                                 :   Case No. 11-cv-08989 (JSR)
                 Plaintiff,                      :
                                                 :   Adv. Pro. No. 10-05067 (BRL)
                 v.                              :
                                                 :
MILES & SHIRLEY FITERMAN CHARITABLE :
FOUNDATION, et al.,                              :
                 Defendants.                     :
--------------------------------------------------:
```

**MEMORANDUM OF LAW OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN OPPOSITION TO DEFENDANTS' MOTIONS
<u>TO WITHDRAW THE REFERENCE</u>**

SECURITIES INVESTOR PROTECTION CORPORATION
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone:  (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution
LAUREN T. ATTARD
Assistant General Counsel

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

STATEMENT OF THE ISSUE...................................................................................2

STATEMENT OF FACTS .......................................................................................2

SUMMARY OF THE ARGUMENT ........................................................................3

ARGUMENT ...........................................................................................................3

    I.      STANDARDS GOVERNING WITHDRAWAL OF THE REFERENCE............3

           A.    Standards Governing Mandatory Withdrawal ............................................3

           B.    Standards Governing Permissive Withdrawal ............................................4

    II.     AN AVOIDANCE ACTION IN A SIPA PROCEEDING
           IS TO BE CONDUCTED AS AN AVOIDANCE ACTION IN A
           BANKRUPTCY PROCEEDING ....................................................................5

           A.    Section 78eee(b)(4) and Removal to the Bankruptcy Court.......................5

           B.    Section 78fff(b) Supplies An Additional Basis for
                the Exercise Of Jurisdiction .......................................................................8

           C.    SIPA Vests The Trustee With The Same Powers And Title
                As A Title 11 Trustee.................................................................................10

           D.    Section 78fff-2(c)(3) Permits The Trustee To Avoid Transfers Of
                Customer Property ....................................................................................11

           E.    Mandatory Withdrawal Is Not Required Simply Because
                These Cases Are Brought Under Provisions of the Bankruptcy
                Code Made Applicable by SIPA ................................................................13

    III.    PERMISSIVE WITHDRAWL IS NOT APPROPRIATE HERE........................13

    IV.    MOVANTS SUBMITTED THEMSELVES TO THE JURISDICTIONOF
           THE BANKRUPTCY COURT BY FILING A PROOF OF CLAIM .................14

CONCLUSION.......................................................................................................15

i

## TABLE OF AUTHORITIES

**CASES:**                                                                                                      **PAGE**

*In re Adelphi Institute, Inc.*, 112 B.R. 534 (S.D.N.Y. 1990) ............................................................4

*Bankruptcy Services Inc. v. Ernst & Young (In re CBI Holding Co., Inc.*),
    529 F.3d 432 (2d Cir. 2008) .......................................................................14

*In re Blinder, Robinson & Co.*, 135 B.R. 899 (D. Colo. 1992) ....................................................10

*Bondy v. Chemical Bank*, [1975-76 Transfer Binder] Fed. Sec. L. Rep.
    (CCH) ¶ 95,360 (S.D.N.Y. 1975) ...........................................................11

*Exchange National Bank of Chicago v. Wyatt*,
    517 F.2d 453 (2d Cir. 1975)....................................................................5, 7, 9

*Executive Securities Corp. v. Doe*, 702 F.2d 406 (2d Cir.),
    *cert den.*, 464 U.S. 818 (1983).................................................................10

*Ferris, Baker Watts, Inc., v. Stephenson (In re MJK Clearing, Inc.,)*,
    286 B.R. 109 (Bankr. D. Minn. 2002), *aff'd*, 2003 WL 1824937
    (D. Minn. Apr. 07, 2003), *aff'd*, 371 F.3d 397 (8th Cir. 2004) ............................12

*First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.*),
    937 F.2d 833 (2d Cir. 1991).....................................................................14

*Gold v. Hyman*, [1974-75 Transfer Binder] Fed. Sec. L. Rep.
    (CCH) ¶ 95,043 (S.D.N.Y. 1975) .......................................................10, 11

*Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.*),
    83 B.R. 880 (D.N.J. 1988) .......................................................................12

*Horwitz v. Sheldon (In re Donald Sheldon & Co.)*,
    148 B.R. 385 (Bankr. S.D.N.Y. 1992)......................................................12

*In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990), *cert den. sub nom.*,
    *Air Line Pilots' Ass'n Intern. AFL-CIO v. Shugrue*, 502 U.S. 808 (1991)........................4

*Jackson v. Mishkin  (In re Adler Coleman Clearing Corp.)*,
    263 B.R. 406 (S.D.N.Y. 2001)................................................................10

*In re Johns-Manville Corp.*, 63 B.R. 600 (S.D.N.Y. 1986)......................................... 3-4

*Katchen v. Landy*, 382 U.S. 323 (1966) ............................................................14

*Kenai Corp v. Nat'l Union Fire Ins. Co.(In re Kenai)*, 136 B.R. 59, 61 (S.D.N.Y. 1992)............13

## TABLE OF AUTHORITIES
### (cont.)

**CASES:**          **PAGE**

*Klein v. Tabatchnick*, 418 F.Supp. 1368 (S.D.N.Y. 1976),
    *aff'd in part and rev'd in part*, 610 F.2d 1043 (2d Cir. 1979)............................................11

*Langenkamp v. Culp*, 498 U.S. 42 (1990)...................................................................................14

*In the Matter of Lewellyn*, 26 B.R. 246 (Bankr. S.D. Iowa 1982)..................................................10

*In re Lloyd Secs., Inc*., 75 F.3d 853 (3d Cir. 1996) ........................................................................9

*Mishkin v. Ensminger (In re Adler Coleman Clearing Corp.)*,
    218 B.R. 689 (Bankr. S.D.N.Y.1998)...........................................................................11

*National Union Fire Insurance Co. of Pittsburgh, Pa. v. Camp*
    *(In re Government Securities Corp.)*, 972 F.2d 328 (11th Cir. 1992),
    *cert. den.,* 507 U.S. 952 (1993)....................................................................................9

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993),
    *cert. dismissed*, 511 U.S. 1026 (1994).....................................................................4, 13

*Redington v. Touche Ross & Co*., 612 F.2d 68 (2d Cir. 1979) ..........................................................5

*SEC v. Albert & Maguire Sec. Co.*, 378 F. Supp. 906 (E.D. Pa. 1974) ...........................................10

*SEC v. Albert & Maguire Sec. Co*., 560 F.2d 569 (3d Cir. 1977)....................................................10

*SEC v. American Bd. of Trade, Inc.*, 830 F.2d 431 (2d Cir. 1987),
    *cert. den. sub nom., Economou v. SEC*, 485 U.S. 938 (1988). .....................................6, 7

*SEC v. North American Planning Corp*., [1975-76 Transfer Binder]
    Fed. Sec. L. Rep. (CCH) ¶ 95,326 (S.D.N.Y. 1975)...................................................11

*SIPC v. Ambassador Church Finance/Development Group, Inc.*,
    788 F.2d 1208 (6th Cir.), *cert. den. sub nom., Pine Street*
    *Baptist Church v. SIPC*, 479 U.S. 850 (1986) ...............................................................10

*SIPC v. Christian-Paine & Co.*, 755 F.2d 359 (3d Cir. 1985).......................................................10

*SIPC v. S. J. Salmon*, 1973 U.S. Dist. LEXIS 15606 (S.D.N.Y. Aug. 8, 1973)..............................11

*St. Vincent's Catholic Med. Ctrs. of N.Y.*, 445 B.R. 264 (Bankr. S.D.N.Y. 2011).........................14

*Stern v. Marshall*, __U.S.__, 131 S.Ct. 2594 (2011)......................................................................1

## TABLE OF AUTHORITIES
### (cont.)

CASES:                                                                           PAGE

*Turner v. Davis Gillenwater & Lynch (In re Investment Bankers Inc.)*,
    4 F.3d 1556 (10th Cir. 1993), *cert. den.,* 510 U.S. 1114 (1994)......................................10


**STATUTES AND RULES**:

Securities Investor Protection Act (1970), 15 U.S.C. §

78eee(b)(2)......................................................................................................................5
78fff(c)(1) .......................................................................................................................5
78fff(c)(2) .......................................................................................................................6

Securities Investor Protection Act, as amended, 15 U.S.C. §

78eee(b)(4) ......................................................................................... 5, 7, 8, 13
78eee(d).........................................................................................................................1
78fff(a)..........................................................................................................................9
78fff(b)....................................................................................................................1, 8, 9
78fff-1(a) .....................................................................................................................10
78fff-2(c)(1) .................................................................................................................8
78fff-2(c)(1)(A)...........................................................................................................11
78fff-2(c)(1)(B)...........................................................................................................11
78fff-2(c)(1)(C)...........................................................................................................11
78fff-2(c)(1)(D)...........................................................................................................11
78fff-2(c)(3) ...........................................................................................................11, 12
78fff-3(a) .......................................................................................................................8
78*lll*(2).........................................................................................................................8
78*lll*(4).....................................................................................................................8, 12

United States Bankruptcy Code, 11 U.S.C. §

105(a) ............................................................................................................................9
544.............................................................................................................................3, 9
546(e) ............................................................................................................................1
547...............................................................................................................................10
548...........................................................................................................................9, 10
550(a) .........................................................................................................................3, 9
551.............................................................................................................................3, 9

28 U.S.C. §

157(b)(1) .....................................................................................................................8, 9
157(b)(2)(A)...............................................................................................................3, 9

# TABLE OF AUTHORITIES
## (cont.)

**STATUTES AND RULES:**                                                    **PAGE**

157(b)(2)(H) ......................................................................................................3, 9
157(b)(2)(O) ......................................................................................................3, 9
157(d) ............................................................................................................1, 3, 4
1471(c) ...............................................................................................................7, 8

**OTHER STATUTORY PROVISIONS**:

Pub. L. No. 95-283, 92 Stat. 249 (1978)........................................................6, 7
Pub. L. No. 95-598, 92 Stat. 2549 (1978)....................................................6, 7, 8

**LEGISLATIVE MATERIALS:**

H. R. Rep. No. 95-746 (1977).............................................................................7

S. Rep. No. 91-1218 (1970) ................................................................................5

S. Rep. No. 95-763 (1978) ..................................................................................7

S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 ..................7

*Hearings on H.R. 8331 Before the Subcomm. on Consumer Protection and
    Finance of the H. Comm. on Interstate and Foreign Commerce*, 95th Cong. (1977) ..........6

**PUBLICATIONS AND TREATISES:**

1 *Collier on Bankruptcy* ¶12.14[3] (16th ed. 2011)........................................11

3 *Collier on Bankruptcy* ¶60.85 (14th ed. 1977) ..........................................11

Anthony Michael Sabino, *The Role of Bankruptcy Courts in
    Stockbrokerage Liquidations*, 16 Sec. Reg. L. J. 227 (Fall 1988) .......................................7

The Securities Investor Protection Corporation ("SIPC") submits this memorandum of law in opposition to the motions ("Motions") to withdraw the reference of these adversary proceedings from the United States Bankruptcy Court for this District ("Bankruptcy Court").  In these proceedings, the trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff ("Madoff"), seeks to recover from the Movants herein ("Movants") approximately $110 million in fictitious profits either paid to Movants by BLMIS or subsequently transferred to them.[1]  The actions are brought under avoidance provisions of the Bankruptcy Code ("Code"), made applicable under SIPA section 78fff(b), and state law relating to fraudulent conveyances, made applicable under the Code.  Movants contend that the following questions are grounds for withdrawal:  1) whether Movants' reliance on fictitious account statements in asserted good faith amounts to "antecedent debt" and is a defense to a fraudulent transfer avoidance action under the Code; 2) whether section 546(e) of the Code provides a safe harbor for investors in a Ponzi scheme; 3) whether *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594 (2011), mandates withdrawal;[2] and 4) whether permissive withdrawal is required because, among other things, certain Movants are entitled to a jury trial.

---

[1] For convenience, references herein to provisions of SIPA shall omit "15 U.S.C."  Under SIPA section 78eee(d), SIPC is "a party in interest as to all matters arising in a liquidation proceeding, with the right to be heard on all such matters…."

[2]  Because the first three issues are the subject of future consolidated briefing, they are not addressed here. *See* Order dated April 19, 2012, *In re Madoff Securities*, No. 12-misc-0115, ECF No. 22.

## STATEMENT OF THE ISSUE

The Motions present the following issue:

> Whether under 28 U.S.C. section 157(d), withdrawal of the reference of an adversary proceeding arising in a liquidation proceeding under SIPA is warranted and/or appropriate where:
>
> 1) SIPA mandates the removal of the liquidation proceeding to the bankruptcy court;
>
> 2) to the extent consistent with SIPA, the liquidation proceeding generally is to be conducted "in accordance with" and "as though it were being conducted under" Title 11;
>
> 3) the adversary proceedings present only "core" claims that arise directly under Title 11, and as such, withdrawal of the reference of the proceeding would interfere with the Bankruptcy Court's consideration of matters that Congress has deemed to be within the basic competence of that court; and
>
> 4) certain Movants have filed a "customer" claim.

SIPC respectfully submits that under the facts presented, withdrawal of the reference to the Bankruptcy Court is neither warranted nor appropriate.

## STATEMENT OF FACTS

As alleged in the Complaints in these cases, the Trustee is seeking to recover from Movants approximately $110 million of fictitious profits in the six year period prior to the liquidation proceeding, approximately $49 million of which was transferred in the two year period prior to the commencement of the liquidation proceeding. The fictitious profits received by Movants were not generated through investment, but were other customers' stolen funds disguised as "profits" in amounts that Bernard Madoff invented.

The Complaints assert various avoidance causes of action, all "core" matters arising under the Bankruptcy Code or related state law. Specifically, the Trustee seeks to avoid the initial and subsequent transfers as (i) actual fraudulent transfers under Bankruptcy Code sections

544, 550(a), and 551, and New York Debtor and Creditor Law ("NYDCL"); and (ii) constructive

fraudulent transfers under Bankruptcy Code sections 544, 550(a), and 551, and the NYDCL.

## SUMMARY OF THE ARGUMENT

The instant Motions are unwarranted attempts to remove to this Court matters within the

Bankruptcy Court's "core" jurisdiction and competence.  Through the Complaints, the Trustee

asserts claims under the Bankruptcy Code and the NYDCL that do not require substantial

interpretation of SIPA or any other federal statute.  All of the Trustee's claims constitute "core"

matters within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (H), and (O).

Movants erroneously assert that because these cases are brought as part of a SIPA

liquidation, the reference must be withdrawn.  The language of SIPA, however, makes clear that

a liquidation proceeding is to be conducted in the bankruptcy court.  In addition, Movants argue

that because other matters have been withdrawn to this Court, permissive withdrawal is

appropriate for these cases.  Contrary to Movants' assertions, judicial efficiency further confirms

that the bankruptcy court is the proper forum for these cases.

## ARGUMENT

### I.  STANDARDS GOVERNING WITHDRAWAL OF THE REFERENCE

#### A.  Standards Governing Mandatory Withdrawal

28 U.S.C. section 157(d) governs withdrawal of the reference to the bankruptcy court,

and provides for both mandatory and discretionary withdrawal.  A district court must withdraw a

reference where "[t]he court determines that resolution of the proceeding requires consideration

of both title 11 and other laws of the United States regulating organizations or activities affecting

interstate commerce."  *Id.*  The purpose of this provision is to reserve to the federal district courts

those issues that Congress "intended to have decided by a district judge rather than a bankruptcy

judge." *In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.  1986).

Because the language of section 157(d)'s mandatory withdrawal provision, if read literally, would eliminate much of the work of the bankruptcy courts, the district courts are cautioned to construe this sentence "narrowly."  *In re Adelphi Institute, Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990) ("*Adelphi*").  In fact, section 157(d) does not mandate withdrawal unless the district court makes an affirmative determination that resolution of the matter in question will require "substantial and material consideration" of non-Title 11 federal statutes.  *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990), *cert. den. sub nom.*, *Air Line Pilots Ass'n Intern., AFL-CIO v. Shugrue*, 502 U.S. 808 (1991); *Adelphi*, 112 B.R. at 536.  This standard is stringent, and is designed to ensure that the mandatory withdrawal provisions of section 157(d) do not become "an escape hatch for matters properly before [the bankruptcy] court." *Adelphi*, 112 B.R. at 536 (*quoting In re Johns-Manville Corp.*, 63 B.R. at 603).

### B.  **Standards Governing Permissive Withdrawal**

Section 157(d) also permits a district court to withdraw the reference, *inter alia*, "[o]n timely motion of any party, for cause shown."  Courts in this jurisdiction consider a number of factors in determining whether "cause" for a discretionary withdrawal of the reference exists. The Second Circuit, however, has emphasized that the threshold question is whether a claim is core or non-core.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1100-02 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994) ("*Orion Pictures Corp.*").  In fact, determination of this question has a profound impact on the relevance of many of the factors often considered in connection with a motion for discretionary withdrawal, including, for example, whether judicial efficiency is best served by withdrawal of the reference.  *See, e.g.*, *Orion Pictures Corp.*, 4 F.3d at 1101 (explaining that "questions of efficiency and uniformity will turn" on whether a claim is

core or non-core).  Neither mandatory nor permissive withdrawal is warranted here.

## II.   AN AVOIDANCE ACTION IN A SIPA PROCEEDING IS TO BE CONDUCTED AS AN AVOIDANCE ACTION IN A BANKRUPTCY PROCEEDING

The matters in the Complaints are typically considered by bankruptcy courts.  That this adversary proceeding arises in a SIPA liquidation does not change that fact.  As discussed below, at least four sections of SIPA make that clear.

### A.  Section 78eee(b)(4) and Removal to the Bankruptcy Court

Section 78eee(b)(4) is headed "Removal to Bankruptcy Court" and specifies that upon the issuance of the customer protective decree and appointment of a trustee, the district court "shall forthwith order the removal of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under title 11."  The relevant case law under, and history of, SIPA illustrate that Congress intended SIPA proceedings to be considered by the bankruptcy courts.

Although the original version of SIPA did not expressly include a removal or referral provision, the Second Circuit concluded in *Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453 (2d Cir. 1975) ("*Wyatt*"), that referral of the proceedings to the bankruptcy courts carried out the purposes of SIPA.  In doing so, the court examined:  1) section 5(b)(2) of SIPA, 15 U.S.C. § 78eee(b)(2) (1970), giving to the district courts exclusive jurisdiction over the debtor and its property and the powers of a bankruptcy court and of a court in a proceeding under chapter X of the Bankruptcy Act;[3]  2) section 6(c)(1), 15 U.S.C. § 78fff(c)(1) (1970), providing

---

[3]  In 1970, while specifying that a debtor under SIPA would not be reorganized, SIPA incorporated provisions of the Bankruptcy Act applicable to reorganization proceedings.  *See* S. Rep. No. 91-1218, at 13 (1970), and *Redington v. Touche Ross & Co.*, 612 F.2d 68, 71-72 (2d Cir. 1979).  In 1978, Congress deleted the reference to the reorganization provisions and

that the SIPA proceeding would be conducted "in accordance with, and as though it were being conducted under," specified provisions of the Bankruptcy Act; and  3) section 6(c)(2), 15 U.S.C. § 78fff(c)(2) (1970), setting forth provisions that were unique to a SIPA liquidation.  The Second Circuit observed that since section 22 of the Bankruptcy Act, providing for a general reference of cases to referees in bankruptcy, was contained in a chapter of the Bankruptcy Act that applied to a SIPA proceeding, reference of the SIPA proceeding would be proper.  517 F.2d at 456.  The power of the district court to refer SIPA proceedings to referees in bankruptcy was not only "consistent with the purposes of SIPA but essential."  *Id.* at 457.  Thus, there was no difference in the processing of customer claims, at issue in that case, as performed in a SIPA liquidation and as performed in an ordinary bankruptcy liquidation.   Indeed, the conduct of such proceedings, for practical reasons, was best left to the bankruptcy courts.  As the Second Circuit observed:

> The process for the determination of ["customer"] claims [in a SIPA proceeding] did not differ in any significant respect from what would have been required in a large stockbroker bankruptcy before enactment of SIPA; the difference lies in the supersession of § 60, sub. e of the Bankruptcy Act by the somewhat altered Special Provisions of § 6(c)(2) of SIPA and the entitlement of "customers" as therein defined to benefit from the SIPC Fund. *This is the kind of business for which bankruptcy judges have developed special expertness and administrative skills and which Congress did not intend to dump on already overburdened district courts without needed clerical and other facilities.*

*Id.* at 457-58 (emphasis added).[4]

---

expressly made the liquidation provisions applicable.  Pub. L. No. 95-283, 92 Stat. 249, 259 (1978), and Pub. L. No. 95-598, 92 Stat. 2549, 2675 (1978).  *See Hearings on H.R. 8331 Before the Subcomm. on Consumer Protection and Finance of the H. Comm. on Interstate and Foreign Commerce*, 95th Cong., 175-76 (1977).

[4] That the bankruptcy court is best-equipped to handle the liquidation of financially failing securities broker-dealers finds support in *SEC v. American Bd. of Trade, Inc.*, 830 F.2d 431, 436-438 (2d Cir. 1987), *cert. den. sub nom., Economou v. SEC*, 485 U.S. 938 (1988).  *See also*

Congress's intent that SIPA matters be heard by bankruptcy courts was made clear twice in 1978, first when it amended SIPA to include section 78eee(b)(4), and second when, several months later, it revised that section to its current form.  The provision initially authorized the district court "at any stage of the [SIPA] proceeding, [to] refer the proceeding to a referee in bankruptcy to hear and determine any or all matters, or to a referee in bankruptcy as special master to hear and report generally or upon specified matters."  Pub. L. No. 95-283, 92 Stat. 249, 257 (1978).  In adding the section, Congress explained that "[a]uthority for the existing practice of referring all or part of a liquidation proceeding to a referee in bankruptcy, thereby in many cases expediting liquidation proceedings, is clarified.  See, e.g., [*Wyatt*]."  S. Rep. No. 95-763, at 10 (1978).  *See also* H.R. Rep. No. 95-746, at 27 (1977).

Subsequently, section 308 of Title III of the Bankruptcy Reform Act of 1978 made certain amendments to SIPA to conform it to the Bankruptcy Code.  *See* S. Rep. No. 95-989, at 19 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5805.  Section 78eee(b)(4) was amended to its present form, providing for removal to the "court of the United States in the same judicial district having jurisdiction over cases under title 11."  Pub. L. No. 95-598, 92 Stat. 2549, 2674 (1978).  The intended court was the bankruptcy courts because under 28 U.S.C. § 1471(c), Pub. L. No. 95-598, 92 Stat. 2549, 2668 (1978), the bankruptcy courts would exercise all of the jurisdiction

---

Anthony Michael Sabino, *The Role of Bankruptcy Courts in Stockbrokerage Liquidations,* 16 Sec. Reg. L. J. 227 (Fall 1988).  In *American Board of Trade*, the Second Circuit criticized the use of a district court equity receivership to effect the liquidation of insolvent entities, stating that the district court had undertaken to oversee routine bankruptcy matters, "without the aid of either the experience of a bankruptcy judge or the guidance of the bankruptcy code."  830 F.2d at 438.  The Second Circuit admonished that in the future, such receiverships were not to be continued "beyond the point necessary to get the estate into the proper forum for liquidation – the bankruptcy court."  *Id.* at 437.

of the district courts including jurisdiction over Title 11 cases.[5]

Although SIPA was thereby brought in line with the broader jurisdiction and powers which the 1978 Bankruptcy Reform Act conferred upon bankruptcy courts, Congress already independently had demonstrated its intent that SIPA liquidation proceedings be considered by the bankruptcy courts.  Thus, in section 78eee(b)(4), as originally enacted, Congress expressly provided for referral of all or part of the proceedings to bankruptcy referees because such referrals would "expedite" the liquidations.  When considered with SIPA section 78fff(b) making Title 11 provisions applicable to a SIPA proceeding, the intent of current section 78eee(b)(4) is plain that except for the special protection afforded customers,[6] SIPA liquidation proceedings are to be administered no differently than ordinary Title 11 bankruptcies.

## B.  Section 78fff(b) Supplies An Additional Basis for the Exercise Of Jurisdiction

Under 28 U.S.C. section 157(b)(1), the bankruptcy court exercises the district court's jurisdiction with respect to all cases under Title 11 and all "core" proceedings arising under Title 11, or arising in a case under Title 11, referred by the district courts.  In the context of 28 U.S.C. § 157(b)(1), SIPA section 78fff(b) supplies an additional basis for the exercise of jurisdiction by

---

[5] Ultimately, section 1471(c) did not become effective pursuant to section 402(b) of Pub. L. No. 95-598, as amended.  It is noteworthy that the broader powers conferred upon the bankruptcy courts nevertheless remained unchanged in SIPA section 78eee(b)(4).  Whether the jurisdiction and powers of a bankruptcy court in a SIPA case are broader than in ordinary bankruptcy is not at issue, as the bankruptcy court under the facts of the case at hand would exercise no broader jurisdiction and powers than it would in ordinary bankruptcy.

[6] In a SIPA proceeding, "customers" share on a priority basis and *pro rata* in "customer property," that is, property received, acquired or held for them by the broker.  To the extent such property is insufficient to satisfy a customer claim, the customer is eligible to have his claim satisfied through an advance of funds by SIPC – up to $500,000 of which up to $100,000 (raised to $250,000 in 2010) may be used to satisfy the portion of a claim that is for cash only.  If the customer's claim is still unsatisfied, the customer shares in any general estate, *pro rata*, with unsecured general creditors.  *See* SIPA §§ 78*lll*(2) and (4); 78fff-2(c)(1); and 78fff-3(a).

the bankruptcy courts.

There are two operative requirements in the first sentence of section 78fff(b).  To the extent consistent with SIPA, the SIPA liquidation proceeding is to be conducted 1) "in accordance with" and 2) "as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."  The provisions of Title 11 referred to in section 78fff(b) are the bankruptcy liquidation provisions of the Code, except for the stockbroker and commodity broker provisions.  In order for the SIPA liquidation to be conducted "in accordance with" Title 11, the bankruptcy provisions, including, among others, sections 105(a), 544, 548, 550(a) and 551, relied upon here, must be held to apply in a SIPA liquidation.  *Cf.*, *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Camp (In re Government Securities Corp.*), 972 F.2d 328, 330-331 (11th Cir. 1992), *cert. den.*, 507 U.S. 952 (1993).

Furthermore, because the SIPA liquidation must be conducted "as though it were being conducted" under the straight bankruptcy provisions of Title 11, the procedures that apply to Title 11 actions also must be deemed to apply to actions in SIPA liquidations.

In the context of an ordinary bankruptcy case, this adversary proceeding raises "core" matters under 28 U.S.C. sections 157(b)(2)(A), (H), and (O), which automatically would be referred to the Bankruptcy Court under the Amended Standing Order of Reference issued by this Court on February 1, 2012, and would be heard and considered by the Bankruptcy Court under 28 U.S.C. § 157(b)(1).  If the second requirement of section 78fff(b) is to be implemented, there can be no different outcome here merely because the adversary proceeding is brought within a SIPA liquidation.  Indeed, the fact that a SIPA liquidation is simply an outright bankruptcy proceeding for all practical purposes has been consistently recognized.  *See* SIPA § 78fff(a).  *See also Wyatt*, 517 F.2d at 457-459; *In re Lloyd Secs., Inc.*, 75 F.3d 853, 857 (3d Cir. 1996); *SIPC v.*

*Ambassador Church Finance/Development Group, Inc.*, 788 F.2d 1208, 1210 (6th Cir.), *cert den. sub nom., Pine Street Baptist Church v. SIPC*, 479 U.S. 850 (1986); *SEC v. Albert & Maguire Sec. Co.*, 378 F. Supp. 906, 909, 911 (E.D. Pa. 1974) (SIPA's predecessor was section 60e of the Bankruptcy Act).  An adversary proceeding involving "core" matters brought in the context of a SIPA liquidation therefore should be adjudicated no differently than the same proceeding in a bankruptcy case.  *See, e.g.*, *Turner v. Davis Gillenwater & Lynch (In re Investment Bankers Inc.)*, 4 F.3d 1556, 1558, 1563 (10th Cir. 1993) (holding that the bankruptcy court had jurisdiction to determine avoidance actions under Bankruptcy Code sections 547 and 548 in a SIPA liquidation), *cert. den.*, 510 U.S. 1114 (1994); *In re Blinder, Robinson & Co.*, 135 B.R. 899, 901 (D. Colo. 1992); *Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.),* 263 B.R. 406, 479, 496 (S.D.N.Y. 2001) (affirming bankruptcy court's judgment that fraudulent transfers to customers were avoidable in a SIPA liquidation).

## C.  SIPA Vests The Trustee With The Same Powers And Title As A Title 11 Trustee

That the SIPA trustee has the same authority as a trustee in bankruptcy to sue in avoidance also is supported by SIPA section 78fff-1(a) which gives to the SIPA Trustee "the same powers and title with respect to the debtor and the property of the debtor… as a trustee in a case under title 11."  *See Executive Securities Corp. v. Doe,* 702 F.2d 406, 407 (2d Cir.), *cert. den.*, 464 U.S. 818 (1983); *SIPC v. Christian-Paine & Co.*, 755 F.2d 359, 361 (3d Cir. 1985); *SEC v. Albert & Maguire Sec. Co.*, 560 F.2d 569, 574 (3d Cir. 1977); *Gold v. Hyman*, [1974-75 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,043 at 97,657-58 (S.D.N.Y. 1975).

Because the Trustee's responsibilities extend not only to stockbroker customers but to the entire bankruptcy estate, *In the Matter of Lewellyn*, 26 B.R. 246, 253-254 (Bankr. S.D. Iowa 1982), the Trustee may sue to recover assets to satisfy unpaid customers, SIPC, as subrogee, and

even, general creditors.  *See Gold v. Hyman, supra,* at 97,657; *Bondy v. Chemical Bank,* [1975-76 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,360 at 98,784, 98,785-86 (S.D.N.Y. 1975). The avoidance powers provide the trustee with a means of recovery.  As stated in 3 *Collier on Bankruptcy* ¶ 60.85 at 1246 (14th ed. 1977):

> The trustee, therefore, has all the powers conferred by the Bankruptcy Act upon an ordinary bankruptcy trustee to avoid or set aside transfers of property or other transactions occurring prior to institution of the proceedings, to recover property and collect the assets of the estate or to assert any right or defenses the debtor might have against the claims of others …. In short, whenever an ordinary bankruptcy trustee could under the Bankruptcy Act invalidate a transaction or transfer, the SIPA trustee can do the same, and the fact that he was appointed under SIPA does not suggest a different rule.

*See* 1 *Collier on Bankruptcy* ¶ 12.14[3] at 12-70 (16th ed. 2011).  *See also Mishkin v. Ensminger (In re Adler Coleman Clearing Corp.)*, 218 B.R. 689, 702 (Bankr. S.D.N.Y. 1998) (holding that a SIPA trustee may bring fraudulent transfer claims under the Bankruptcy Code); *Klein v. Tabatchnick*, 418 F.Supp. 1368 (S.D.N.Y. 1976), *aff'd in part and rev'd in part*, 610 F.2d 1043 (2d Cir. 1979) (unresolved factual questions making summary judgment improper); *Bondy v. Chemical Bank, supra*, at 98,786; *SEC v. North American Planning Corp*., [1975-76 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,326 at 98,640 (S.D.N.Y. 1975) ("[SIPA] Trustee alone has the power to recover property which has been fraudulently, preferentially or otherwise voidably transferred."); *SIPC v. S. J. Salmon*, 1973 U.S. Dist. LEXIS 15606, at *31 (S.D.N.Y. Aug. 8, 1973) ("But SIPA was not intended to make the fraudulent transfer provisions of the Bankruptcy Act inoperative as to stockbroker-debtors in SIPA proceedings.")

**D.  Section 78fff-2(c)(3) Permits The Trustee To Avoid Transfers Of Customer Property**

Finally, section 78fff-2(c)(3) expressly permits the Trustee to avoid transfers of customer property to a customer where (i) "customer property is not sufficient to pay in full" all customer claims as set forth in SIPA section 78fff-2(c)(1)(A)-(D), and (ii) to the extent that the transfers

are "voidable or void under the provisions of title 11." The section mandates that recovered property be treated as customer property under SIPA section 78*lll*(4). For purposes of determining whether a transfer is void or voidable under Title 11, the section treats the cash or securities so transferred as if they were owned by the debtor prior to transfer, and, if the transfer was for the benefit of a customer, treats the customer as if he was a creditor. These legal fictions permit the Trustee to fit the transfers into the provisions of the avoidance sections of Title 11. *See Hill v. Spencer Sav. & Loan Ass'n (In re Bevill, Bresler & Schulman, Inc.)*, 83 B.R. 880, 893 (D.N.J. 1988) ("To promote equality of distribution to similarly situated claimants, the trustee is permitted, under 15 U.S.C. sec. 78fff-2(c)(3), to recover securities that would have been part of the fund of customer property but for a prior transfer to a customer.")

Section 78fff-2(c)(3) has no exception for customers who receive fictitious profits exceeding the amounts of their deposits as in the case of BLMIS. "Customer property" in SIPA section 78*lll*(4) is expansive and is designed to ensure that customer property is funded for priority distribution to customers. *See Ferris, Baker Watts, Inc. v. Stephenson* (*In re MJK Clearing, Inc.*,), 286 B.R. 109, 132-133 (Bankr. D. Minn. 2002), *aff'd*, 2003 WL 1824937 (D. Minn. Apr. 7, 2003), *aff'd*, 371 F.3d 397 (8th Cir. 2004); *Horwitz v. Sheldon* (*In re Donald Sheldon & Co.*), 148 B.R. 385, 388-390 (Bankr. S.D.N.Y. 1992).

Taken together, the SIPA provisions discussed above make clear that a SIPA trustee has, at a minimum, all of the avoidance powers of an ordinary bankruptcy trustee to seek to avoid transfers. Because the SIPA proceeding, in this regard, proceeds as a Title 11 case would, there is no substantial and material consideration of non-Title 11 law making withdrawal either necessary or appropriate.

### E.   Mandatory Withdrawal Is Not Required Simply Because These Cases Are Brought Under Provisions of the Bankruptcy Code Made Applicable by SIPA

Movants state that "[b]ecause the Trustee's use of Code provisions must be constantly reconciled with SIPA, withdrawal of this proceeding is mandatory." *See, e.g.,* Memorandum of Law in Support of Defendant's Motion to Withdraw Reference to Bankruptcy Court, 11-cv-08987, at 4.  As examples, Movants point solely to the issues which are now the subject of consolidated briefing.  However, to the extent that Movants argue that these cases need to be withdrawn because they are part of a SIPA liquidation, Movants are incorrect.  SIPA itself states that the bankruptcy court shall have jurisdiction over a SIPA case.  *See, e.g.*, SIPA § 78eee(b)(4).

### III.   PERMISSIVE WITHDRAWAL IS NOT APPROPRIATE HERE

Movants' argument that the reference should be withdrawn because the reference has been withdrawn in other cases on certain issues and because certain Movants are entitled to a jury trial can be summarily dispatched.  Even if, *arguendo*, Movants are correct about their asserted right to a jury trial, there is no reason why the Court cannot continue to allow all pretrial proceedings to occur in the bankruptcy court, as the courts in this jurisdiction have long held.  *See*, *e.g.*, *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02 (2d Cir. 1993); *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts").  That procedure is particularly appropriate here given the Bankruptcy Court's extensive familiarity with the BLMIS liquidation and the many related adversary proceedings.

In addition, this District Court is conducting consolidated briefing on certain of the issues that it has withdrawn in previous cases.  Once the consolidated briefing is finished, it will be most efficient to return these cases to the Bankruptcy Court.

## IV. MOVANTS SUBMITTED THEMSELVES TO THE JURISDICTION OF THE BANKRUPTCY COURT BY FILING A PROOF OF CLAIM

The fact that prior to being sued by the Trustee, certain of the Movants herein filed claims in the BLMIS liquidation proceeding reinforces the conclusion that the Bankruptcy Court is the appropriate court for the adjudication of the suits against them.  The Supreme Court, as well as the Court of Appeals for the Second Circuit, has made clear that filing a claim may submit a party to the bankruptcy court's equitable jurisdiction for determination of that claim. *See Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."); *Bankruptcy Services Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, 529 F.3d 432, 466 (2d Cir. 2008).  By filing a claim in the BLMIS liquidation proceeding, certain Movants submitted themselves to the jurisdiction of the Bankruptcy Court for determination of the causes of action in the Complaints.  They cannot now argue that the Bankruptcy Court should not have equitable jurisdiction over them.  *See*, *e.g.*, *First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 838 (2d Cir. 1991) ("[A] creditor who invokes the bankruptcy court's equitable jurisdiction to establish a claim against a debtor's estate is also subject to the procedures of equity in the determination of preference actions brought on behalf of the estate.").  *See Katchen v. Landy*, 382 U.S. 323, 335 (1966); *In re St. Vincent's Catholic Med. Ctrs. of N. Y.*, 445 B. R. 264, 268 (Bankr. S.D.N.Y. 2011).

## <u>CONCLUSION</u>

For all of the aforementioned reasons, the Motions should be denied.

Dated:  Washington, D.C.
       May 8, 2012                      Respectfully submitted,

                                         JOSEPHINE WANG
                                         General Counsel

                                       /s/Kevin H. Bell
                                       KEVIN H. BELL
                                       Senior Associate General Counsel for
                                        Dispute Resolution

                                         LAUREN T. ATTARD
                                         Assistant General Counsel

                                         SECURITIES INVESTOR
                                           PROTECTION CORPORATION
                                       805 15th Street, N.W., Suite 800
                                       Washington, D.C. 20005
                                       Telephone: (202) 371-8300
                                       E-mail: jwang@sipc.org
                                       E-mail: kbell@sipc.org
                                       E-mail: lattard@sipc.org