USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 5/15/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

In re:

MADOFF SECURITIES

MC
12 ~~CIV~~. 0115

**ORDER**

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

WHEREAS:

A. Pending before the Court are various adversary proceedings commenced by Irving H. Picard, as trustee ("Trustee") in connection with the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, in which certain defendants (the "IRA Defendants") have sought withdrawal of the reference from the Bankruptcy Court to this Court by reason of, among other grounds, each of them claims that provisions of the Internal Revenue Code that effectively require withdrawals from individual retirement accounts ("IRAs") beginning when the beneficiary reaches the age of 70 ½ necessarily prevent the Trustee from avoiding the required withdrawals.

B. Exhibit A hereto, prepared by the Trustee's counsel, identifies single cases or, in certain instances, the lead case of related adversary proceedings where defendants are represented by common counsel, in which IRA Defendants have filed motions to withdraw the reference (or joinders in such motions, as the case may be, which are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) based on, among other grounds, the Trustee cannot avoid transfers that BLMIS made to the IRA Defendants as mandatory withdrawals from IRA accounts with BLMIS (the "Adversary Proceedings"). Only IRA Defendants that adequately raised the Withdrawn IRA Issue (as defined below) in their initial motions to withdraw the reference are included in Exhibit A and are covered by this Order.

C. The Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider whether the Trustee could avoid apparent IRA distributions from BLMIS to certain defendants that would otherwise be taxed under applicable provisions of the Internal Revenue Code. *See Picard v. Flinn Investments LLC*, 463 B.R. 280 (S.D.N.Y. 2011) (the "Prior IRA Withdrawal Ruling").

D. On April 17, 2012, a telephonic conference (the "Telephone Conference") was held among counsel for the Trustee, SIPC and counsel for movants in certain Adversary Proceedings, which was prompted by counsel's submission of proposed briefing schedules in connection with three pending motions to withdraw the reference. The actions and relevant counsel that participated in the Telephone Conference are listed in Exhibit B hereto. During the Telephone Conference, the Court directed the Trustee to propose a form of order consistent with the Order dated April 13, 2012, No. 12 Civ. 0115 (S.D.N.Y. Apr. 13, 2012) (ECF No. 4), to

provide that all currently pending motions to withdraw the reference in the Adversary Proceedings which include the argument that the Trustee is precluded from avoiding IRA distributions from BLMIS to the IRA Defendants will be granted in part solely to address the Withdrawn IRA Issue (as defined below), for the same reasons for withdrawal of the reference stated in the Prior IRA Withdrawal Ruling, but otherwise remain *sub judice*.

E. During the Telephone Conference, the Court directed the Trustee to advise all IRA Withdrawal Defendants, regardless of when the Court granted a motion to withdraw the reference, that the Court preferred to address the Withdrawn IRA Issue (as defined below) on the merits at this time in a common proceeding.

F. On April 18, 2012, a second telephonic conference (the "Second Telephone Conference") was convened at the request of certain counsel that were party to the original Telephone Conference to seek clarification of the Court's directives during the Telephone Conference. The actions and relevant counsel that participated in the Second Telephone Conference are listed in Exhibit C hereto. During the Second Telephone Conference, the Court clarified its prior directives and made the following rulings providing, *inter alia*: (i) the Court was withdrawing the reference, in part, solely as set forth herein, in order to address, among other issues, the merits of the Withdrawn IRA Issue (as defined below); and (ii) this proposed order consolidating briefing of the Withdrawn IRA Issue (as defined below) shall be agreed upon by all affected parties and submitted by no later than May 4, 2012.

G. On April 19, 2012, the Court issued an order directing common briefing on the following issues raised in pending motions to withdraw the reference: (1) whether 11 U.S.C. § 546(e) limits the Trustee's ability to avoid transfers made by Bernard L. Madoff Investment Securities LLC ("Madoff Securities"); (2) whether provisions of the Internal Revenue Code that

tax undistributed portions of IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; (3) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (4) whether the Trustee has standing to pursue common law claims and, if so, whether the Securities Litigation Uniform Standards Act preempts the Trustee's common law claims. (*See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22) (the "Common Briefing Order")).

H. Pursuant to the Common Briefing Order, on April 19, 2012, the Trustee's counsel circulated a proposed order (the "Proposed IRA Order") consistent with the Court's foregoing directives to the IRA Withdrawal Defendants via email to the parties at the email addresses listed on Exhibit A hereto.

I. On April 30, 2012 the Court entered an Order (ECF No. 57) dismissing certain claims of the Trustee except those proceeding under sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code in connection with the following actions: *Picard vs. Greiff*, No. 11-cv-3775; *Picard vs. Blumenthal*, No. 11-cv-4293, *Picard vs. Goldman*, No. 11-cv-4959, and *Picard vs. Hein*, No. 11-cv-4936 (collectively cited to herein as "*Greiff* Order"). On May 1, 2012, the Court entered an Opinion and Order (ECF No. 72) explaining the reasons for its decision in the *Greiff* Order (together with the Greiff Order, the "*Greiff* Opinion and Order"), wherein the Court concluded, *inter alia*, the provisions of the Internal Revenue Code relevant to the Withdrawn IRA Issue (as defined below) do not require dismissal of the Trustee's claims under sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code. (*Greiff* Opinion and Order, p. 27).

J. On May 4, 2012, having not received any response from the IRA Defendants to the Proposed IRA Order, the Trustee's counsel requested a conference with the Court among

counsel for the IRA Defendants, SIPC and the Trustee to discuss the status of the Proposed IRA Order. Also on May 4, 2012, during a third telephone conference (the "Third Telephone Conference") regarding common briefing of the Withdrawn IRA Issue (as defined below), certain counsel for the IRA Defendants, counsel for the Trustee and SIPC agreed that (a) no further briefing of the Withdrawn IRA Issue (as defined below) would be required and (b) the *Greiff* Opinion and Order would be binding on the IRA Defendants, the Trustee and SIPC solely for the limited purposes set forth herein and as agreed during the Third Telephone Conference.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1. The reference of the Adversary Proceedings is withdrawn from the Bankruptcy Court solely with respect to the IRA Withdrawal Defendants, in part, to this Court for the limited purpose of deciding whether provisions of the Internal Revenue Code that tax undistributed portions of IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed, however those claims may be advanced in the Adversary Proceedings (the "Withdrawn IRA Issue"). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Withdrawn IRA Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Prior IRA Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Withdrawn IRA Issue, for the reasons stated in the Prior IRA Withdrawal Ruling.

3. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court

(other than the withdrawal of the reference solely with respect to the Withdrawn IRA Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4. Each of the IRA Defendants is deemed to have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (made applicable to the Adversary Proceedings by Fed. R. Bankr. P. 7012(b)) based on the Withdrawn IRA Issue and such ensuing motions to dismiss are deemed denied for the reasons and grounds stated in the *Greiff* Opinion and Order.

5. The Trustee and SIPC are deemed to have raised, in response to the deemed-filed motions to dismiss by each of the IRA Defendants based on the Withdrawn IRA Issue, all arguments previously raised by either or both of them in opposition to all such motions to dismiss denied by the *Greiff* Opinion and Order, and such objections or arguments are deemed to be granted, solely with respect to the Withdrawn IRA Issue, for the reasons stated in the *Greiff* Opinion and Order. Nothing in this Order changes the ruling of the Court as stated in the *Greiff* Opinion and Order.

SO ORDERED.

Dated: New York, New York
May 19, 2012

JED S. RAKOFF, U.S.D.J.

**EXHIBIT A**

| | | | |
|---|---|---|---|
| 1. | ***Picard v. David Abel*** **[Amended Motion of Withdraw]** | 11-cv-07766-JSR | Becker & Poliakoff LLP<br>Helen Davis Chaitman<br>(Hchaitman@beckerny.com) |
| 2. | ***Picard v. Bonnie S. Kansler*** | 11-cv-08533-JSR | Lax & Neville LLP<br>(blax@laxneville)<br>Brian J. Neville<br>(bneville@laxneville)<br>Gabrielle Pretto<br>(gpretto@laxneville) |
| 3. | ***Picard v. Robert M. Siff*** | 11-cv-08583-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |
| 4. | ***Picard v. Kay Morrissey*** | 11-cv-08586-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |
| 5. | ***Picard v. James Morrissey*** | 11-cv-08589-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |
| 6. | ***Picard v. Bertram Bromberg*** | 11-cv-08634-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |
| 7. | ***Picard v. Robert M. Siff*** | 11-cv-08638-JSR | Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |

| | | | |
|---|---|---|---|
| 8. | ***Picard v. Estate of Gilbert M. Kotzen, et al*** | 11-cv-08741-JSR | Goodwin Procter LLP<br>Daniel M. Glosband<br>(dglosband@goodwinprocter.com)<br>Larkin M. Morton<br>(lmorton@goodwinprocter.com)<br>Christopher Newcomb<br>(cnewcomb@goodwinprocter.com) |
| 9. | ***Picard v. Bergman, et al*** | 11-cv-09058-JSR | Rosenberg Feldman Smith LLP<br>Richard B. Feldman<br>(rfeldman@rfs-law.com)<br>McKenzie A. Livingston<br>(mlivingston@rfs-law.com) |
| 10. | ***Picard v. Estate of Paul E. Feffer, et al*** | 11-cv-09275-JSR | Wachtel Masyr & Missry LLP<br>Howard Kleinhendler<br>(hkleinhendler@wmllp.com)<br>Sara Spiegelman<br>(sspiegelman@wmllp.com) |
| 11. | ***Picard v. Nathan Cohen*** | 12-cv-00519-JSR | Akerman Senterfitt LLP<br>Susan F. Balaschak<br>(susan.balaschak@akerman.com)<br>Kathlyn Schwartz<br>(kathlyn.schwartz@akerman.com)<br>Elissa P. Fudim<br>(elissa.fudim@akerman.com)<br>Michael I. Goldberg<br>(michael.goldberg@akerman.com) |
| 12. | ***Picard v. Edward A. Zraick, Jr., et al*** | 12-cv-00521-JSR | Hunton & Williams LP<br>Peter S. Partee, Sr.<br>(ppartee@hunton.com)<br>Richard P. Norton<br>(rnorton@hunton.com)<br>Robert A. Rich<br>(rrich2@hunton.com) |
| 13. | ***Picard v. Ringler Partners, L.P., et al*** | 12-cv-00606-JSR | Kudman Trachten Aloe LLP<br>Paul H. Aloe<br>(paloe@kudmanlaw.com) |

| | | | |
|---|---|---|---|
| | | | Evan S. Cowit<br>(ecowit@kudmanlaw.com)<br>Matthew H. Cohen<br>(mcohen@kudmanlaw.com) |
| 14. | ***Picard v. Gorek*** (Bankr. Dkt No. 10-04797) | 12-cv-01137-JSR | Day Pitney LLP<br>Thomas D. Goldberg<br>(tgoldberg@daypitney.com) |
| 15. | ***Picard v. Gorek, et al*** (Bankr. Dkt No. 10-04623) | 12-cv-01138-JSR | Day Pitney LLP<br>Thomas D. Goldberg<br>(tgoldberg@daypitney.com) |
| 16. | ***Picard v. Estate of Muriel Lederman, et al.*** | 12-cv-02312-JSR | Stroock & Stroock & Lavan, LLP<br>Melvin A. Brosterman<br>(mbrosterman@stroock.com)<br>Danielle Alfonzo Walsman<br>(dwalsman@stroock.com)<br>Christopher Guhin<br>(cguhin@stroock.com)<br><br>Kramer Levin Naftalis & Frankel LLP<br>Elise Scherr Frejka<br>(efrejka@kramerlevin.com)<br>Philip Bentley<br>(pbentley@kramerlevin.com) |
| 17. | ***Picard v. Cohmad Securities Corporation, et al.*** (Cohmad Securities Corporation, Maurice J. Cohn, Marcia B. Cohn, Milton S. Cohn, Marilyn Cohn, and Rosalie Buccellato; – Moving Parties) | 12-cv-02676-JSR | Vinson & Elkins LLP<br>Steven Paradise<br>(sparadise@velaw.com)<br>Clifford Thau<br>(cthau@velaw.com)<br>Nikolay Vydashenko<br>(nvydashenko@velaw.com) |
| 18. | ***Picard v. Estate of Maurice U. Rosenfeld A/K/A Maurice Rosenfield, et al*** | 12-cv-02374-JSR | Bryan Cave LLP<br>Thomas J. Schell<br>(tjschell@bryancave.com)<br><br>J.L. Saffer, P.C.<br>Jennifer L. Saffer |

| | | | |
|---|---|---|---|
| | | | (jlsaffer@jlsaffer.com) |
| 19. | ***Picard v. Chris Lazarides*** | 12-cv-02511-JSR | Gibbons P.C.<br>Michael S. O'Reilly<br>(moreilly@gibbonslaw.com)<br>Nick P. Christopher<br>(Christopher@gibbonslaw.com) |
| 20. | ***Picard v. Carole Kasbar Bulman*** | 12-cv-02574-JSR | Wachtel Masyr & Missry LLP<br>Howard Kleinhendler<br>(hkleinhendler@wmllp.com)<br>Sara Spiegelman<br>(sspiegelman@wmllp.com) |
| 21. | ***Picard v. Samuel-David Associates, Ltd., et al.*** | 12-cv-02644-JSR | Cromwell & Moring LLP; Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>Mark S. Lichtenstein<br>(mlichtenstein@crowell.com)<br>Steven B. Eichel<br>(seichel@crowell.com)<br><br>Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>Linda S. LaRue<br>(llarue@qslwm.com) |
| 22. | ***Picard v. Magnus A. Unflat, et al*** | 12-cv-02726-JSR | Duane Morris LLP<br>Patricia Piskorski Heer<br>(phheer@duanemorris.com)<br>Martin B. Shulkin<br>(MBShulkin@duanemorris.com)<br>Paul D. Moore<br>(PDMoore@duanemorris.com)<br>Jeffrey D. Sternklar<br>(JDSternklar@duanemorris.com)<br>William Heuer (wheuer@duanemorris.com) |
| 23. | ***Picard v. Doris Glantz Living Trust*** | 12-cv-02758-JSR | Klestadt & Winters LLP<br>Tracy L. Klestadt<br>(tklestadt@klestadt.com)<br>Brendan M. Scott |

| | | | |
|---|---|---|---|
| | | | (bscott@klestadt.com) |
| 24. | ***Picard vs. George E. Nadler*** | 12-cv-02923-JSR | Ingram Yuzek Gainen Carroll & Bertolotti, LLP<br>Daniel L. Carroll<br>(dcarroll@ingramllp.com)<br>Jennifer B. Schain<br>(jschain@ingramllp.com) |
| 25. | ***Picard vs. The LDP Corp. Profit Sharing Plan and Trust, et al.*** | 12-cv-03107-JSR | Jaspan Schlesinger LLP<br>Steven R. Schlesinger<br>(sschlesinger@jaspanllp.com)<br>Shannon Anne Scott<br>(sscott@jaspanllp.com) |
| 26. | ***Picard v. Janet Jaffe Trust UA Dtd 4/20/90, et al*** | | Bernfeld, DeMatteo & Bernfeld, LLP<br>David Bernfeld<br>(davidbernfeld@bernfeld-dematteo.com)<br>Jeffrey Bernfeld<br>(jeffreybernfeld@bernfeld-dematteo.com) |

# EXHIBIT B

## Participants To April 17, 2012 Telephonic Conference

**Irving H. Picard,** *Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

BAKER HOSTETLER, LLP
Oren J. Warshavsky
(owarshavsky@bakerlaw.com)
Nicholas Cremona
(ncremona@bakerlaw.com)

SECURITIES INVESTOR PROTECTION CORPORATION
Kevin Bell
(kbell@sipc.org)
Lauren Attard
(lattard@sipc.org)

***Picard v. Lake Drive LLC, et al,*** 11-cv-09371-JSR;
***Picard v. Bear Lake Partners, et al,*** 11-cv-09372-JSR

KATTEN MUCHIN ROSENMAN LLP
Anthony L. Paccione
(anthony.paccione@kattenlaw.com)

***Picard v. Mosaic Fund L.P. , et al ,*** 11-cv-09444-JSR

MACHT, SHAPIRO, AARATO & ISSERLES LLP
Eric S. Olney
(eolney@shapiroarato.com)

**EXHIBIT C**

**Participants To April 18, 2012 Telephonic Conference**

**Irving H. Picard,** *Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

BAKER HOSTETLER, LLP
Oren J. Warshavsky
(owarshavsky@bakerlaw.com)
Nicholas Cremona
(ncremona@bakerlaw.com)

SECURITIES INVESTOR PROTECTION CORPORATION
Kevin Bell
(kbell@sipc.org)
Lauren Attard
(lattard@sipc.org)

***Picard v. Lake Drive LLC, et al,*** 11-cv-09371-JSR;
***Picard v. Bear Lake Partners, et al,*** 11-cv-09372-JSR

KATTEN MUCHIN ROSENMAN LLP
Anthony L. Paccione
(anthony.paccione@kattenlaw.com)

***Picard v. Mosaic Fund L.P. , et al ,*** 11-cv-09444-JSR

MACHT, SHAPIRO, AARATO & ISSERLES LLP
Eric S. Olney
(eolney@shapiroarato.com)

***Picard v. Goldstein, et al,*** 11-cv-08491-JSR

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Elise Scherr Frejka
(efrejka@kramerlevin.com)

***Picard v. Elins Family Trust, et al.,*** 11-cv-04772-JSR

KLEINBERG, KAPLAN, WOLFF & COHEN P.C.
Matthew J. Gold
(mgold@kkwc.com)
David Parker
(dparker@kkwc.com)