UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendants. | 12 Misc. 115 (JSR) |
| In re: MADOFF SECURITIES | |
| PERTAINS TO THE FOLLOWING CASES: | |
| IRVING H. PICARD,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT GREENBERGER and PHYLLIS GREENBERGER,<br><br>    Defendants. | 11 Civ. 4928 (JSR) |
| IRVING H. PICARD,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY SHAPIRO et al.,<br><br>    Defendants. | 11 Civ. 5835 (JSR)<br><br>**STIPULATION AND ORDER RESOLVING PORTIONS OF <u>PENDING MOTIONS TO DISMISS</u>** |

JED S. RAKOFF, U.S.D.J.

300245736

WHEREAS:

A.   Irving H. Picard (the "Trustee"), in his capacity as the trustee in the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("Madoff Securities") and the substantively consolidated estate of Bernard L. Madoff, filed certain complaints (the "Complaints") commencing the following actions in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"): (1) *Picard v. Robert and Phyllis Greenberger*, No. 11-CV-4928 (JSR) (the "Greenberger Action") and (2) *Picard v. Shapiro, et al.*, No. 11-CV-5835 (JSR) (the "Shapiro Action").

B.   For the reasons stated in *Picard v. Avellino, et al.*, the Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference in the Greenberger Action and the Shapiro Action from the Bankruptcy Court for the limited purposes of determining the following issues: (i) whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c); (ii) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (iii) whether, in light of this Court's decision in *Picard v. Katz*, 11 U.S.C. § 546(e) applies, limiting the Trustee's ability to avoid transfers; (iv) whether, after the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial power," preventing the bankruptcy court from finally resolving such claims; and (v) whether, if the bankruptcy court cannot finally resolve the fraudulent transfer claims in this case, it has the authority to render findings of fact and conclusions of law before final resolution. *See Picard v.*

*Avellino, et al.*, 2012 U.S. Dist. LEXIS 35260 (S.D.N.Y. Mar. 1, 2012) (the "Avellino Decision").

C. Pursuant to the Court's direction in the Avellino Decision, the parties to the Greenberger Action and the Shapiro Action established briefing schedules providing for motions to dismiss to be filed in each such action on or before April 27, 2012.

D. Pursuant to an Order dated April 19, 2012, the Court consolidated briefing on the following issues: "1. whether § 546(e) limits the Trustee's ability to avoid transfers made by Madoff Securities; 2. whether provisions of the Internal Revenue Code that heavily tax undistributed portions of the IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; 3. whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff securities purportedly made in order to satisfy antecedent debts; and 4. whether the Trustee has standing to pursue common law claims and, if so, whether the Securities Litigation Uniform Standards Acts preempts the Trustee's common law claims." ("Common Briefing Issues"). Specifically, Common Briefing Issue Nos. 1, 3 and 4 address the issues set forth above in Paragraph B(ii)-(v), which are raised in a number of pending and previously-decided motions to withdraw the reference, and the resolution of these issues will govern all pending motions to withdraw the reference and those pending motions to dismiss that have not yet been fully briefed and argued. *See SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12 MC 0115 (S.D.N.Y. Order dated Apr. 19, 2012) [ECF No. 22] (the "Common Briefing Order").

E. On April 27, 2012, the Court issued an Order granting in part and denying in part motions to dismiss filed by the defendants in *Picard v. Greiff*, No. 11-CV-03775 (JSR), *Picard v. Blumenthal*, No. 11-CV-04293 (JSR), *Picard v. Hein*, No. 11-CV-04936 (JSR), and *Picard v.*

300245736

*Goldman*, No. 11-CV-04959 (JSR), and dismissed all causes of action asserted by the Trustee against (i) the defendants, with the exception of claims predicated on the avoidance and recovery of transfers pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and (ii) alleged subsequent transferees, with the exception of claims predicated on the avoidance and recovery of transfers pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code. *See SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12 MC 0115 (S.D.N.Y. Order Apr. 30, 2012) [ECF No. 57]. On April 30, 2012, the Court entered an Opinion and Order explaining the reasons for the April 27, 2012 Decision.

F.   As a result of the Opinion and Order and other rulings, the defendants in the Greenberger Action and Shapiro Action (collectively, the "Defendants") obtained an extension of their time to file their motions to dismiss (the "Motions to Dismiss") until May 4, 2012. The Defendants filed the Motions to Dismiss on May 4, 2012.

G.   The parties have met and conferred regarding the scope of the Motions to Dismiss and agreed to resolve several of the issues raised in the motions as set forth below.

On consent of (i) the Defendants, (ii) the Trustee, and (iii) SIPC (collectively, the "Parties"), the Parties agree as follows:

1.   <u>Claim Allowance/Claim Subordination</u>. The Parties agree that (a) Argument IV in the Motion to Dismiss filed in the Shapiro Action, which seeks dismissal of Count 9 (Disallowance Of Certain Customer Claims) and Count 10 (Equitable Subordination Of Defendants' Customer Claims) in the amended complaint filed in the Shapiro Action and (b) Argument VI in the Motion to Dismiss filed in the Greenberger Action, which seeks dismissal of Count 16 (Disallowance Of The Related Account Customer Claim) and Count 17 (Equitable Subordination Of The Related Account Customer Claim) in the complaint filed in the

Greenberger Action for: (i) disallowance of the Defendants' customer claims; and (ii) equitable subordination of the Defendants' customer claims, are not to be considered in the Motions to Dismiss, and/or decided by this Court pursuant to the Motions to Dismiss, in the Shapiro Action and the Greenberger Action. The parties otherwise reserve all rights, including the right to ask any court to issue a ruling addressing these claims or defenses.

2. <u>Trustee's Standing to Assert Common Law Claims</u>. The Parties agree that Argument V in the Greenberger Action, which addresses Count 15 (Unjust Enrichment) alleged in the complaint filed in the Greenberger Action, regarding the issue of whether the Trustee has standing to bring a common law unjust enrichment claim, are not to be considered in the Motion to Dismiss, and/or decided by this Court pursuant to the Motion to Dismiss, in the Greenberger Action. The parties otherwise reserve all rights, including the right to ask any court to issue a ruling addressing these claims or defenses.

3. <u>Section 546(e)</u>. The Parties agree that the Section 546(e) issues, including the issue of collateral estoppel, raised in the Motions to Dismiss in the Shapiro Action and the Greenberger Action are not to be considered in the Motions to Dismiss, and/or decided by this Court pursuant to the Motions to Dismiss, and shall instead be governed by the common briefing directed by the Common Briefing Order.

4. <u>Antecedent Debt</u>. The Parties agree that the Antecedent Debt issues raised in the Motions to Dismiss in the Shapiro Action and the Greenberger Action are not to be considered in the Motions to Dismiss, and/or decided by this Court pursuant to the Motions to Dismiss, and shall instead be governed by the common briefing directed by the Common Briefing Order.

300245736

5. <u>Stern v. Marshall Issues.</u> The Parties agree that any issues regarding <u>Stern vs. Marshall</u> will be governed by the common briefing ordered by Judge Rakoff in the Common Briefing Order.

6. <u>Revised Briefing Schedule.</u> Pursuant to conferences with Judge Rakoff's Chambers on May 16, 2012, the Court approved the following consensual schedule in connection with the Motions to Dismiss to be filed in the Shapiro Action and the Greenberger Action:

(a) the Trustee may file an Amended Complaint in the Greenberger Action on or before May 25, 2012;

(b) the Defendants may file Motions to Dismiss in the Shapiro Action and the Greenberger Action on or before June 22, 2012;

(c) the Trustee and SIPC may each file a memorandum of law in opposition to each Motion to Dismiss on or before July 13, 2012;

(d) the Defendants may file a consolidated reply brief in the Shapiro Action and the Greenberger Action on or before July 27, 2012; and

(e) the Court will hold oral argument on the Motions to Dismiss on August 3, 2012 at 4:00 p.m.

Dated: May 17, 2012

BAKER & HOSTETLER LLP

By: _____
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the Liquidation of Bernard L.
Madoff Investment Securities LLC*

LAX & NEVILLE, LLP

By: _____
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax
Email: blax@laxneville.com
Brian J. Neville
Email: bneville@laxneville.com
Gabrielle J. Pretto
Email: gpretto@laxneville.com

*Attorneys for Robert and Phyllis
Greenberger, and Stanley Shapiro, et al*

SECURITIES INVESTOR
PROTECTION CORPORATION

By: _____
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Josephine Wang
E-mail: jwang@sipc.org
Kevin H. Bell
E-mail: kbell@sipc.org
Lauren T. Attard
E-mail: lattard@sipc.org

SO ORDERED.

Dated: New York, New York
       May 17, 2012

_____
JED S. RAKOFF, U.S.D.J.