ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Michael V. Ciresi
Thomas B. Hatch
Damien A. Riehl

800 LaSalle Avenue — 2800 LaSalle Plaza
Minneapolis, MN 55402–2015

T: 612–349–8500
F: 612–339–4181

*Attorneys for Defendants.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Securities Investor Protection Corporation**, <br><br> Plaintiffs-Applicant, <br><br> v. <br><br> **Bernard L. Madoff Investment Securities LLC**, <br><br> Defendant. <br><br> **In re Madoff Securities.** | 12 MC 115 (JSR) |
| Pertains to: | |
| **Irving H. Picard**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> **Fiterman Investment Fund**, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10–04337 (BRL) <br><br> District Court Case No. 11 Civ. 08984 (JSR) <br><br> Jury Trial Demanded |

| | |
|---|---|
| **Irving H. Picard**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> **Hess Kline Rev. Trust**, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10–04337 (BRL) <br><br> District Court Case No. 11 Civ. 08986 (JSR) <br><br> Jury Trial Demanded |
| **Irving H. Picard**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> **Metro Motor Imports, Inc.**, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10–04337 (BRL) <br><br> District Court Case No. 11 Civ. 08987 (JSR) <br><br> Jury Trial Demanded |
| **Irving H. Picard**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> **Miles Q. Fiterman Revocable Trust**, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10–04337 (BRL) <br><br> District Court Case No. 11 Civ. 08988 (JSR) <br><br> Jury Trial Demanded |

| | |
|---|---|
| **Irving H. Picard**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10–04337 (BRL) |
| Plaintiff, | District Court Case No. 11 Civ. 08989 (JSR) |
| v. | |
| **Miles & Shirley Fiterman Charitable Foundation**, *et al.*, | Jury Trial Demanded |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO WITHDRAW
REFERENCE TO BANKRUPTCY COURT**

# TABLE OF CONTENTS

Page

Introduction ..................................................................................................................... 1

Background ..................................................................................................................... 1

Argument ......................................................................................................................... 3

I. Withdrawal is mandatory because the Proceedings require substantial and material consideration of SIPA at every turn ........................................................................ 3

   A. This is not a routine SIPA liquidation suitable for bankruptcy court adjudication ..... 4

   B. These are not bankruptcy proceedings; they are *securities* proceedings that incorporate the Code only where consistent with SIPA ............................................. 4

   C. Additional issues requiring material interpretation of SIPA will arise in these Proceedings ...................................................................................................... 5

II. Permissive withdrawal is warranted to save both the Parties and this Court time, effort, and expense ..................................................................................................... 7

III. The Trustee and SIPC's argument that Defendants "consented" to the Bankruptcy Court's jurisdiction has been rejected by this Court and by the United States Supreme Court ........................................................................................................ 9

Conclusion ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,*
   462 B.R. 457 (S.D.N.Y. 2011) .................................................................................8

*In re Bernard L. Madoff Inv. Sec.,*
   654 F.3d 229 (2d Cir. 2011) ..........................................................................1, 2, 3, 5, 7

*Kirschner v. Agoglia,*
   11 Civ. 8250 (JSR) (S.D.N.Y. May 9, 2012) .........................................................7

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*
   4 F.3d 1095 (2d Cir. 1993) .......................................................................................8

*Picard v. Avellino,*
   2012 U.S. Dist. LEXIS 35260 (S.D.N.Y. Feb. 29, 2012) ....................................4, 5

*Picard v. Flinn Inv., LLC,*
   463 B.R. 280 (S.D.N.Y. 2011) .................................................................................4

*Picard v. HSBC Bank PLC,*
   450 B.R. 406 (S.D.N.Y. 2011) ..............................................................................3, 9

*Picard v. Primeo Fund,*
   Case No. 1:12 MC 00115 (JSR) (S.D.N.Y. May 15, 2012) ..................................6

**Statutes**

11 U.S.C. section 546(e) ................................................................................................2

11 U.S.C. 101(22A) .........................................................................................................7

15 U.S.C. §§ 78bbb, 78fff, 78fff-1(b) ............................................................................5

15 U.S.C. §§ 78fff, 78fff-1(b) .........................................................................................4

28 U.S.C. § 157(d) ...............................................................................................1, 3, 4, 6

**Other Authorities**

Securities Exchange Act of 1934 ....................................................................................1

Securities Investor Protection Act of 1970 ....................................................................1

**Rules**

Fed. R. Bankr. Proc. 9033 ..............................................................................................9

Fed. R. Civ. Proc. 42(a) ..................................................................................................3

## INTRODUCTION

Both the Trustee and SIPC fail to recognize that the above-captioned proceedings (the "Proceedings") are not bankruptcy proceedings, but securities proceedings governed by the Securities Investor Protection Act of 1970 ("SIPA")—a part of the Securities Exchange Act of 1934 (the "1934 Act"). Though SIPA incorporates certain Bankruptcy Code (the "Code") provisions, those provisions apply only to the extent they are consistent with SIPA. Because the Trustee's use of avoidance powers must be constantly squared with SIPA's provisions and policies, these Proceedings require substantial and material consideration of SIPA at every turn. Accordingly, 28 U.S.C. § 157(d) mandates withdrawal of these Proceedings in their entirety. At a minimum, the need for continued consideration of SIPA combined with Defendants' jury demand and practical considerations of efficiency warrant permissive withdrawal.

## BACKGROUND

The present motion applies to the five above-captioned Proceedings.[1] On December 7, 2011, Defendants in these five Proceedings filed motions seeking both mandatory and permissive withdrawal of the District Court's reference to the Bankruptcy Court. Because Defendants in these five Proceedings are represented by the same counsel, and because Defendants' motions raised substantially identical

---

[1] This Court's May 16, 2012 Order reaffirmed the Court's prior ruling that Code section 546(e) barred the Trustee's state-law avoidance claims and dismissed such claims in numerous proceedings, including all five of the above-captioned Proceedings. (Order, *In re Madoff Sec.*, No. 12 MC 00115 (JSR) (S.D.N.Y. May 16, 2012) (ECF No. 109).) In one of the Proceedings, *Picard v. Hess Kline Rev. Trust, et al.*, No. 11 Civ. 08986 (JSR), the Trustee has only asserted avoidance claims under the New York Debtor and Creditor Law; he has not asserted avoidance claims under the Code. Accordingly, all claims in *Hess Kline Rev. Trust* have been dismissed, subject to appeal. To the extent the Court's ruling on Code section 546(e) is reversed, this motion would also apply to *Hess Kline Rev. Trust*.

1

arguments, this Court consolidated the Proceedings under Fed. R. Civ. P. 42(a) "for the limited purpose of addressing the Motions to Withdraw the Reference." (*See* Order, *Picard v. Fiterman Inv. Fund, et al.*, No. 1:11 Civ. 08984 (JSR) (S.D.N.Y. March 8, 2012) (ECF No. 10).) This Order directed that "the Trustee and SIPC should each submit one brief responding to all five motions" and "Defendants, in turn, should collectively submit one reply brief." (*See id.*)

In April 2012, this Court withdrew the reference as to, and ordered consolidated briefing of, the following issues that Defendants raised in their initial briefs:

> (1) whether the *Stern v. Marshall* decision "prevents the Bankruptcy Court from entering a final order or judgment resolving claims by the Trustee to avoid or recover . . . fraudulent conveyances;"
>
> (2) if so, "whether the Bankruptcy Court has the authority to render proposed findings of fact and proposed conclusions of law;"
>
> (3) "whether the Court should permissively withdraw based on the *Stern* Decision for cause;"
>
> (4) "whether [Code section] 546(e) limits the Trustee's ability to avoid transfers made by [Madoff Securities];" and
>
> (5) "whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts."

*See* Order, *In re Madoff Sec.*, No. 12 MC 00115 (JSR) (S.D.N.Y. April 13, 2012) (ECF No. 4); Order, *In re Madoff Sec.*, No. 12 MC 00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22) (collectively, the "Consolidated Briefing Orders"). Accordingly, the Trustee's Opposition to Defendants' Consolidated Motions to Withdraw the Reference ("Trustee's Opp."), the Memorandum of Law of the Securities Investor Protection Corporation in Opposition to Defendants' Motions to Withdraw the Reference ("SIPC Opp."), and this reply brief argue only those grounds for

withdrawal that Defendants raised in their initial briefs and that are not subsumed by the Court's Consolidated Briefing Orders.

## ARGUMENT

### I. Withdrawal is mandatory because the Proceedings require substantial and material consideration of SIPA at every turn.

The Trustee and SIPC fail to recognize that SIPA is a securities statute that must be substantially and materially interpreted throughout these Proceedings. Because SIPA is a federal securities statute, "[a] substantial issue under SIPA is[,] almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'" *Picard v. HSBC Bank PLC*, 450 B.R. 406, 410 (S.D.N.Y. 2011) (quoting 28 U.S.C. § 157(d)). Here, the Trustee's avoidance actions are proceeding under SIPA, which incorporates the Code and grants the Trustee avoidance powers only "[t]o the extent consistent with the provisions of [SIPA]." 15 U.S.C. §§ 78fff, 78fff-1(b). Thus, the Trustee's avoidance powers must be constantly squared with SIPA's provisions and purpose: "to protect investors, and to protect the securities market as a whole." *See In re Bernard L. Madoff Inv. Sec.*, 654 F.3d 229, 235 (2d Cir. 2011). Because these Proceedings will require substantial and material consideration of SIPA at every turn, section 157(d) mandates withdrawal of the Proceedings in their entirety.

The Trustee and SIPC oppose mandatory withdrawal by arguing: (1) "SIPA proceedings should be presided over by bankruptcy judges in bankruptcy courts,"[2] (2) "these avoidance actions require nothing more than adjudication of avoidance actions under the Bankruptcy Code,"[3] and (3) there are no "legal issues that require

---

[2] (Trustee's Opp. at 3.)

[3] (Trustee's Opp. at 6–7.)

3

application of SIPA beyond those completely subsumed by the [Court's] consolidated briefing [Order]."[4] All three arguments fail.

### A. This is not a routine SIPA liquidation suitable for bankruptcy court adjudication.

The Trustee first argues that "SIPA proceedings should be presided over by bankruptcy judges in bankruptcy courts," noting that "SIPA is routinely interpreted by bankruptcy courts" and that "SIPA mandates removal to the bankruptcy court in the first instance." (Trustee's Opp. at 3, 8–9 (emphasis omitted).) Without question, bankruptcy courts are well-suited to handle some routine aspects of a SIPA liquidation, such as fixing the trustee's compensation, selling assets, and facilitating the claims-allowance process. But these Proceedings are far from routine; they present novel and important questions regarding the protection that federal securities law provides to innocent victims of history's largest financial fraud. Recognizing the novelty and importance of these Proceedings, this Court has already withdrawn the reference to address numerous issues requiring substantial and material interpretation of SIPA and other federal non-bankruptcy law. *See Picard v. Flinn Inv., LLC*, 463 B.R. 280, 288 (S.D.N.Y. 2011); *Picard v. Avellino*, 2012 U.S. Dist. LEXIS 35260, *19 (S.D.N.Y. Feb. 29, 2012). Although a bankruptcy court may appropriately handle some routine aspects of a SIPA liquidation, where, as here, substantial and material consideration of SIPA is consistently required, withdrawal is mandatory.

### B. These are not bankruptcy proceedings; they are *securities* proceedings that incorporate the Code only where consistent with SIPA.

The Trustee next argues that "these avoidance actions require nothing more than adjudication of avoidance actions under the Bankruptcy Code to recover

---

[4] (Trustee's Opp. at 8; *see also* SIPC Opp. at 13.)

4

customer property." (Trustee's Opp. at 6–7.) But these are not bankruptcy proceedings: they are *securities* proceedings, which incorporate the Code only where consistent with SIPA's provisions, including the provisions of the 1934 Act. 15 U.S.C. §§ 78bbb, 78fff, 78fff-1(b). Indeed, this Court has already withdrawn the reference to consider potential conflicts between federal securities law and the Code. *Picard v. Flinn Inv., LLC*, 463 B.R. 280, 288 (S.D.N.Y. 2011); *Picard v. Avellino*, 2012 U.S. Dist. LEXIS 35260, *19 (S.D.N.Y. Feb. 29, 2012). The Second Circuit also resolved two key issues under SIPA. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 236, 242 (2d Cir. 2011) (finding eligible customers had claims for securities, not cash, and approving "Net Investment Method" of calculating net equity). These Proceedings require more than interpreting the Code; they require substantial and material consideration of federal securities law.

### C. Additional issues requiring material interpretation of SIPA will arise in these Proceedings.

The Trustee and SIPC argue that there are no remaining "legal issues that require application of SIPA beyond those completely subsumed by the [Court's] consolidated briefing [Order]." (Trustee's Opp. at 8; *see also* SIPC Opp. at 13.) But this imposes a burden on Defendants found nowhere in the withdrawal statute. Section 157(d) states: "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Defendants have already met this burden: this Court has identified numerous issues requiring substantial and material consideration of SIPA and other federal non-bankruptcy law. Section 157(d) does not require Defendants to identify an uninterrupted stream of issues mandating withdrawal. The Trustee would have this

5

Court withdraw the reference on a piecemeal basis. But this would be inefficient, forcing litigants to file — and this Court to decide — numerous motions to withdraw as previously-unforeseen issues arise. It is impossible to predict all issues that may arise in these Proceedings; neither section 157(d) nor efficiency require Defendants to do so.

Additional issues requiring substantial and material consideration of SIPA will inevitably arise. Recently, in *Picard v. Primeo Fund*, this Court withdrew the reference as to two newly identified issues requiring substantial and material consideration of SIPA: (1) whether consistent with SIPA, certain Defendants qualify as "financial participants" under Code section 548(d)(2), and (2) whether SIPA prevents the Trustee from disallowing customer claims under Code section 502(d). Order, *Picard v. Primeo Fund*, No. 1:12 MC 00115 (JSR) at 10–11 (S.D.N.Y. May 15, 2012). Like *Primeo Fund*, these Proceedings require resolution of these issues.[5]

Additional issues requiring substantial and material consideration of SIPA will likely arise, such as:

- the effect the Trustee's investigative powers under SIPA section 78fff-1 have on the scope of permissible discovery under the Bankruptcy Rules;
- whether SIPA entitles Defendants to interest or a reasonable return on their investments or whether the Court must adopt the SEC's "constant dollar" approach; or
- whether, consistent with SIPA, Defendants are entitled to setoff or recoupment.

---

[5] The Trustee's Amended Complaint in one of the Proceedings—*Picard v. Miles Q. Fiterman Revocable Trust, et al.*, No. 11 Civ. 08988 (JSR)—shows that one Defendant had a Madoff account balance of "not less than $100,000,000 . . . on any day during the 15–month period preceding the date of the filing of the petition" and therefore qualifies as a "financial participant." *See* 11 U.S.C. 101(22A) (defining "financial participant"). In the same Proceeding, the Trustee seeks to disallow certain "related account customer claims" under Code section 502(d).

The fundamental conflict between the Trustee's approach of suing innocent investors and SIPA's purpose "to protect investors, and to protect the securities market as a whole" could generate a near-endless variety of issues requiring substantial and material consideration of SIPA. *See In re Bernard L. Madoff Inv. Sec.*, 654 F.3d 229, 235 (2d Cir. 2011). Because the Trustee's novel avoidance claims will require substantial and material consideration of SIPA throughout, section 157(d) mandates withdrawal of these Proceedings in their entirety.

**II. Permissive withdrawal is warranted to save both the Parties and this Court time, effort, and expense.**

Withdrawing the reference in these Proceedings would save both the Parties and this Court time, effort, and expense. While, in some cases, efficiency may be best served by having a bankruptcy court submit reports and recommendations, this is not so here. *See Kirschner v. Agoglia*, No. 11 Civ. 8250 (JSR) at 11 (S.D.N.Y. May 9, 2012) (finding reports and recommendations from bankruptcy court would save time where bankruptcy court was more familiar with proceeding than district court). Here, both this Court and the Bankruptcy Court are intimately familiar with this liquidation. This being so, there is no efficiency gained in referring these Proceedings to the Bankruptcy Court. In fact, doing so would multiply these Proceedings by (1) forcing the Parties to argue dispositive issues to both the Bankruptcy and the District Court and (2) requiring the Parties to file motions to withdraw the reference whenever new issues requiring substantial and material consideration of SIPA arise. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011) ("there will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations *de novo*."); Fed. R. Bankr. P. 9033 (in conducting *de novo* review of bankruptcy court's findings of fact,

7

district court may receive "additional evidence"). Thus, any efficiency to be gained in having the Bankruptcy Court adjudicate these Proceedings until trial would be lost through duplicative argument and unnecessary briefing.

The Trustee argues that these Proceedings involve "core" claims and that "[w]ithdrawal is not appropriate on this basis alone." (Trustee's Opp. at 13.) However, every case the Trustee cites to support this proposition was decided before the Supreme Court's ruling in *Stern v. Marshall,* 131 S. Ct. 2594 (2011). (*See* Trustee's Opp. at 12–13.) Before *Stern*, the question of whether a claim was core or non-core was one factor used to determine whether permissive withdrawal was appropriate. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)* 4 F.3d 1095, 1101 (2d Cir. 1993). *Stern,* however, renders irrelevant the core/non-core distinction. After *Stern,* the Southern District of New York has recognized that, in considering permissive withdrawal, the question of whether a claim is "core" is replaced with whether "the Bankruptcy Court has final power to adjudicate it." *See Dev. Specialists, Inc.*, 462 B.R. at 467. "[W]here the Bankruptcy Court lacks final adjudicative authority, the remaining *Orion* considerations will often tend to point toward withdrawal . . . ." *Id.* The Court concluded that "the [fact] . . . that the claim is not subject to final adjudication in Bankruptcy Court coupled with defendants' jury demand is sufficient cause to withdraw the reference." *Id.* at 472. As in *Development Specialists,* the Bankruptcy Court cannot finally adjudicate these Proceedings, due in part to Defendants' jury demand.[6] Thus, like the *Development Specialists* Court, this Court should withdraw the reference for cause.

---

[6] Also precluding the Bankruptcy Court from finally adjudicating these Proceedings is this Court's recent holding that, under *Stern*, bankruptcy courts cannot finally adjudicate fraudulent transfer claims, like those at issue in these Proceedings. *See Kirschner v. Agoglia*, No. 11 Civ. 8250 (JSR) at 11 (S.D.N.Y. May 9, 2012).

8

### III. The Trustee and SIPC's argument that Defendants "consented" to the Bankruptcy Court's jurisdiction has been rejected by this Court and by the United States Supreme Court.

The Trustee and SIPC argue that "[b]y filing claims in the BLMIS liquidation proceeding, certain Defendants have submitted to the bankruptcy court's equitable jurisdiction" over these Proceedings. (Trustee's Opp. at 11; *see also* SIPC Opp. at 14.) Both the United States Supreme Court and this Court have rejected this argument. *See Stern,* 131 S. Ct. at 2614, 2618 (creditors who file proofs of claim do not "consent" to bankruptcy court jurisdiction over actions that do not "stem from the bankruptcy itself" or that would not "necessarily be resolved in the claims allowance process"); *see also Picard v. Katz*, 825 F. Supp. 2d 484, *9 (S.D.N.Y. 2011) ("neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed") (quoting *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993)); *Picard v. Flinn,* 463 B.R. 280, 283 n.2 (S.D.N.Y. 2011) (rejecting Trustee and SIPC's arguments that submitting claim waives right to withdraw reference). Here, the Trustee's avoidance actions are unrelated to the claims-allowance process. *See Picard v. Katz*, 825 F. Supp. 2d 484, *9 (S.D.N.Y. 2011) ("adjudication of the Trustee's fraudulent-transfer claims occurs here apart from the larger regulatory scheme Congress has enacted for 'allowance and disallowance' of claims"). Thus, no Defendant "consented" to Bankruptcy Court jurisdiction over these Proceedings.

These Proceedings represent five lawsuits naming twenty-two distinct defendants.[7] Of these twenty-two Defendants, only four have submitted customer claims.[8] Three of these claims were denied without objection.[9] Thus, across all five

---

[7] This counts Defendants named in multiple Proceedings as a single Defendant.

[8] The four Defendants to submit customer claims are Verdeway Investment Partners LLC, the Miles Q. Fiterman Non-Exempt Marital Trust, the Miles & Shirley Fiterman Charitable Foundation, and Shirley Fiterman. (*See* Trustee's Opp. at 4–5.)

Proceedings, one Defendant's customer claim remains unresolved. It is inconceivable how the Trustee and SIPC can argue in good faith that this single Defendant (Shirley Fiterman) can "consent" to bankruptcy court jurisdiction over a clawback claim by submitting a customer claim, when she was offered no other procedure for asserting that claim. And it is even more inconceivable how the Trustee and SIPC can argue in good faith that one Defendant's unresolved customer claim constitutes "consent" to bankruptcy court jurisdiction on behalf of twenty-one other Defendants across five lawsuits.

## CONCLUSION

Because the Trustee's novel avoidance claims will require substantial and material consideration of SIPA throughout, section 157(d) mandates withdrawal of these Proceedings in their entirety. At a minimum, the need for continued consideration of SIPA combined with Defendants' jury demand and practical considerations of efficiency warrant permissive withdrawal.

---

[9] The Trustee denied, without objection, the claims of Verdeway Investment Partners LLC, the Miles Q. Fiterman Non-Exempt Marital Trust, and the Miles & Shirley Fiterman Charitable Foundation. (*See id.*)

| | |
|---|---|
| May 29, 2012 | **Jones & Schwartz, P.C.** |
| | By: /s/ Harold Jones |

        Harold Jones (Bar No. HDJ–4652)

           One Old Country Road – Suite 384
           Carle Place, New York 11514

           T: 516–873–8700
           F: 516–873–8711

        **Robins, Kaplan, Miller & Ciresi L.L.P.**

           Michael V. Ciresi
           Thomas B. Hatch
           Damien A. Riehl

           800 LaSalle Avenue
           2800 LaSalle Plaza
           Minneapolis, MN 55402–2015

           T: 612–349–8500
           F: 612–339–4181

        *Attorneys for Defendants.*

83057217.10