UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff,

-v-

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant.

In re:

MADOFF SECURITIES

PERTAINS TO:

Picard v. Conn. Gen. Life Ins. Co. et al., 11 Civ. 7174 (JSR); Picard v. Conn. Gen. Life Ins. Co. et al., 11 Civ. 7176 (JSR).

12 MC 115 (JSR)

MEMORANDUM ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/12

JED S. RAKOFF, U.S.D.J.

Connecticut General Life Insurance Company ("Connecticut General") has moved to withdraw the reference to the Bankruptcy Court of two adversarial proceedings brought against it by Irving H. Picard, the trustee of the estate of Bernard L. Madoff Investment Securities ("Madoff Securities") appointed pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. The Court has previously withdrawn the reference to address two of the issues that Connecticut General identifies in its motions. See generally Picard v. Flinn Inv., LLC, 2011 WL 5921544 (S.D.N.Y. Nov. 28, 2011); Picard v.

Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); Picard v. Primeo Fund et al., 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012). Specifically, Connecticut General asks this Court to address:

1. whether 11 U.S.C. § 546(e) applies to this case, limiting the Trustee's ability to avoid transfers; and

2. whether the Court should withdraw the reference in light of Stern v. Marshall, 131 S. Ct. 2594 (2011), which, according to Connecticut General, holds that the Bankruptcy Court lacks the "judicial Power" necessary to enter final judgment on the claims at issue in their case.

The Court has consolidated merits briefing in all proceedings that have raised the issue presented by Stern v. Marshall. See Order dated April 13, 2012. Moreover, with respect to § 546(e), Connecticut General, counsel for Picard ("the Trustee"), and the Securities Investor Protection Corporation ("SIPC") have consented to the application of the Court's decision in SIPC v. Bernard L. Madoff Investment Securities, 2012 WL 1505349 (S.D.N.Y. Apr. 30, 2012) to the underlying cases at issue here. See Consent Order dated May 12, 2012. Therefore, on each of these issues, the Court directs the parties to continue according to the procedures that were previously arranged.

Connecticut General's motions for withdrawal also raise an issue that the Court has not previously considered. The statutory

framework from which motions for withdrawal arise illuminates the standard that applies to such motions. District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district. The Southern District of New York has a standing order that provides for automatic reference.

Notwithstanding the automatic reference, the district court may, on its own motion or that of a party, withdraw the reference, in whole or in part, in appropriate circumstances. Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Second Circuit has ruled that mandatory "[w]ithdrawal under 28 U.S.C. § 157(d) is not available merely whenever non-Bankruptcy Code federal statutes will be considered in the bankruptcy court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990).[1]

---

[1]Connecticut General also argues that the Court should withdraw for "cause shown" based on Connecticut General's right to a jury trial. Cf. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir.

Connecticut General argues that the Court must withdraw the reference to determine whether it acted as a "mere conduit" for transfers made by Madoff Securities. The Second Circuit has held that, in order to qualify as a "transferee" under the Bankruptcy Code and thus face liability in a fraudulent transfer action, one receiving "money or [an]other asset" must have "dominion over [it, i.e.,] the right to put the money to one's own purposes." In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 130 F.3d 52, 57 (2d Cir. 1997) (quoting Bonded Financial Servs. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988)). Connecticut General notes that the determination of whether it had "dominion" over transfers from Madoff Securities will require reference not only to bankruptcy law, but also to common law property principles. Connecticut General relies on Picard v. HSBC Bank PLC, where the Court withdrew the reference to resolve an issue that required the consideration of both federal and state law. See 450 B.R. 406, 410-11 (S.D.N.Y. 2011) ("[W]hile the perimeters of the in pari delicto defense are a matter of state law,

---

1993). Nonetheless, "[a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts." In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992). Connecticut General has not explained why this case, unlike the vast majority of cases, is likely to proceed to trial, necessitating duplicative efforts by two separate courts. Indeed, it acknowledges that little has happened so far in this case, rendering its predictions about trial largely speculative. Thus, the Court declines to withdraw the reference simply because of Connecticut General's right to a jury trial, a right that it will assert, if at all, only much later in the case.

the degree to which such a defense may deprive a plaintiff of standing is a matter of federal law and largely undeveloped federal law at that.").

Nonetheless, section 157(d) does not mandate withdrawal of the issue identified by Connecticut General. In contrast to HSBC, where state common law pertained to an issue of federal non-bankruptcy law, the common law principles to which Connecticut General refers pertain only to federal bankruptcy law, i.e., the interpretation of the word "transferee" in the Bankruptcy Code. See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 130 F.3d at 56-57. Thus, Connecticut General has not shown that the issue it raises requires consideration, much less substantial and material consideration, of "other laws of the United States," i.e., non-bankruptcy federal laws. As the plain language of the statute indicates, an issue under state law does not mandate withdrawal of the reference. Resolving issues of federal bankruptcy law frequently requires reference to principles of state and common law. See, e.g., Travelers Cas. & Sur. Co. v. Pac. Gas and Elec. Co., 549 U.S. 443, 450-51 (2007). Thus, if state law issues mandated withdrawal of the reference, district courts could refer few cases to the bankruptcy courts, and the division of business between district and bankruptcy courts would be radically altered.

Accordingly, the Court denies Connecticut General's motion to withdraw the reference on the issue of whether Connecticut General exercised "dominion" over transfers from Madoff Securities, rendering it a

transferee.

In sum, the Court, as provided in previous orders, withdraws the reference to address the issues presented by § 546(e) and Stern v. Marshall, but denies the motion to withdraw the reference on the issue of whether Connecticut General acted as a "mere conduit" for transfers from Madoff Securities. The Clerk of the Court is ordered to close item number one on the dockets of 11 Civ. 7174 and 11 Civ. 7176.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
May 29, 2012