```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :
              Plaintiff,              :
                                      :
         -v-                          :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
              Defendant.              :      12 MC 115 (JSR)
------------------------------------- x
                                      :           ORDER
In re:                                :
                                      :
MADOFF SECURITIES                     :
                                      :
------------------------------------- x
                                      :
PERTAINS TO:                          :
                                      :
Picard v. Melvin B. Nessel 2006       :
Trust, 11 Civ. 8897 (JSR); Picard v.  :
Melvin N. Lock Trust et al., 11 Civ.  :
8894 (JSR).                           :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

      The defendants in 11 Civ. 8897 and 11 Civ. 8894 have moved to withdraw the reference to the Bankruptcy Court of the adversarial proceedings brought against them by Irving H. Picard, the trustee appointed to liquidate the estate of Bernard L. Madoff Investment Securities, LLC pursuant to the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. The Court's previous orders have resolved the majority of the issues raised by the defendants' motions. See Consent Order Regarding § 546(e) dated May 12, 2012; Order Regarding

Antecedent Debt dated May 12, 2012; Order Regarding Stern v. Marshall dated April 13, 2012. The Court directs the parties to continue according to the procedures outlined in those orders. The defendants also raise an issue on which the Court has previously declined to withdraw the reference: whether the Court should withdraw for "cause shown" based on defendants' right to a jury trial. See Picard v. Conn. Gen. Life Ins. Co., 11 Civ. 7174 (JSR) (S.D.N.Y. May 29, 2011). For the reasons stated in Conn. Gen. Life Ins., the Court denies the defendants' motion to withdraw the reference on this basis.[1] The Clerk of the Court is hereby ordered to close item number 1 on the docket of 11 Civ. 8897 and 11 Civ. 8894.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

June 7, 2012

---

[1] Moreover, to the extent that the defendants argue that the issue of Florida law they have identified -- in addition to potentially affecting the Court's analysis of the issue presented by Stern v. Marshall, 131 S. Ct. 2594 (2011) -- also requires mandatory withdrawal of the reference under 28 U.S.C. § 157(d), the Court rejects their argument for the reasons stated in Conn. Gen. Life Ins. See 11 Civ. 7174 (JSR) (holding that issues arising under state law do not mandate withdrawal).