UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | 12 MC 115 (JSR) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| PERTAINS TO THE FOLLOWING CASES: | |
| IRVING H. PICARD,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. LYNCH a.k.a. FRANK J. LYNCH, III,<br><br>Defendant. | Adv. Pro. No. 10-04629<br><br>11 Civ. 09215 (JSR) |
| IRVING H. PICARD,<br><br>Plaintiff,<br><br>v.<br><br>F&P LYNCH PARTNERSHIP, L.P., *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05109<br><br>11 Civ. 09216 (JSR)<br><br>**STIPULATION AND ORDER** |



JED S. RAKOFF, U.S.D.J.

WHEREAS, Irving H. Picard (the "Trustee"), as trustee for the substantively

consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA") and the estate of Bernard L. Madoff, filed complaints (the "Complaints") in the Bankruptcy Court in the above-captioned adversary proceedings on December 1, 2010 (Adv. Proc. No. 10-04629) and December 2, 2010 (Adv. Proc. No. 10-05109);

WHEREAS, defendant Frank J. Lynch a.k.a. Frank J. Lynch, III (the "Lynch Defendant") filed an motion in the District Court to withdraw the Bankruptcy Court reference ("Lynch Withdrawal Motion") on December 16, 2011, arguing, *inter alia*, that issues related to (i) 11 U.S.C. § 546(e); (ii) antecedent debt under 11 U.S.C. § 548; and (iii) 15 U.S.C. § 78fff-2(c)(3) and the customer property fund, raised questions of non-bankruptcy law;

WHEREAS, defendants F&P Lynch Family Partnership, L.P., Frank J. Lynch a.k.a. Frank J. Lynch, III, and Patricia C. Lynch (the "Lynch Family Defendants," together with the Lynch Defendant, the "Defendants") filed a motion in the District Court to withdraw the Bankruptcy Court reference ("Lynch Family Withdrawal Motion," together with the Lynch Withdrawal Motion, the "Withdrawal Motions") on December 16, 2011, arguing, *inter alia*, that issues related to (i) 11 U.S.C. § 546(e); (ii) antecedent debt under 11 U.S.C. § 548; and (iii) 15 U.S.C. § 78fff-2(c)(3) and the customer property fund, raised questions of non-bankruptcy law;

WHEREAS, in accordance with the schedule established in a joint telephonic conference on April 5, 2012 between the parties and the Court, the Court approved the following briefing and argument schedule in connection with Withdrawal Motions: Trustee and SIPC may each submit one brief responding to the Withdrawal Motions by June 22, 2012; the Defendants, in turn, will collectively submit one reply brief by July 13, 2012; and no oral arguments were scheduled at that time.;

WHEREAS, the Defendants will participate in the consolidated briefing on the merits of certain issues relating to Antecedent Debt pursuant to the Order dated May 16, 2012, No. 12 MC 0115 (S.D.N.Y. May 15, 2012) (ECF No. 107) (the "Antecedent Debt Consolidated Order");

WHEREAS, the Defendants will participate in the consolidated appeal relating to this Court's rulings involving 11 U.S.C. § 546(e) pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) For Entry of Final Judgment Dismissing Certain Claims and Actions dated May 12, 2012, No. 12 MC 0115 (S.D.N.Y. May 16, 2012) (ECF No. 109) (the "Section 546 Appeal");

WHEREAS, pursuant to the consolidated briefings, the only remaining asserted basis for withdrawal of the reference, as raised in the Withdrawal Motions, is whether 15 U.S.C. § 78fff-2(c)(3) precludes the Trustee from bringing avoidance actions where he has, as asserted by the Defendants, already recovered sufficient funds to satisfy all customer claims (the "Customer Property Fund Issue");

WHEREAS, this Court has previously declined to withdraw the reference to consider the Customer Property Fund Issue. *See Picard v. Flinn Inv., LLC*, 463 B.R. 280 (S.D.N.Y. 2011) ("[I]t has long been held that the fund of customer property shall be valued for the purposes of 15 U.S.C. § 78fff–2 (c)(3) as of [the filing date]," and "any different interpretation of 78fff-2(c)(3) would cause the trustee's powers to fluctuate, leading to a logistical nightmare."). *See also Picard v. Avellino*, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); *Picard v. Danville Manufacturing Co.*, 11 Civ. 6573 (S.D.N.Y. June 6, 2012); *Picard v. Lucky Co.*, 11 Civ. 8840 (S.D.N.Y. June 7, 2012); *Picard v. Richard Karyo*, 11 Civ. 8947 (S.D.N.Y. June 7, 2012);

WHEREAS, pursuant to this Court's previous rulings, the parties agree that no further briefing on the Withdrawal Motions is necessary with respect to the Customer Property Fund

-3-

Issue for the reasons stated in the above-referenced rulings;

BASED ON THE FOREGOING, IT IS HEREBY:

ORDERED, that the Withdrawal Motions shall no longer be governed by the briefing and argument schedule described herein which the Court previously approved during a chambers conference on April 5, 2012.

ORDERED, that the Defendants are directed to continue their relevant briefings according to the procedures outlined in the Antecedent Debt Consolidated Order and the Section 546 Appeal.

ORDERED, that for the reasons stated in *Flinn* and the Court's other rulings referenced herein, the Court denies the Withdrawal Motions with respect to the Customer Property Fund Issue and the Clerk of the Court is ordered to close item number one on the dockets of 11 Civ. 09215 and 11 Civ. 09216.

Dated: June 19, 2012
New York, New York

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

_____
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Daniel N. Jocelyn
Email: djocelyn@mwe.com
Nava Hazan
Email: nhazan@mwe.com
Michael R. Huttenlocher
Email: mhuttenlocher@mwe.com

*Attorneys for the Defendants*


_____
**SECURITIES INVESTOR
PROTECTION CORPORATION**
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Josephine Wang
E-mail: jwang@sipc.org
Kevin H. Bell
E-mail: kbell@sipc.org
Lauren T. Attard
E-mail: lattard@sipc.org


SO ORDERED.

Dated: June __, 2012
       New York, New York

_____
JED S. RAKOFF, U.S.D.J.

**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Daniel N. Jocelyn
Email: djocelyn@mwe.com
Nava Hazan
Email: nhazan@mwe.com
Michael R. Huttenlocher
Email: mhuttenlocher@mwe.com

*Attorneys for the Defendants*

**SECURITIES INVESTOR
PROTECTION CORPORATION**
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Josephine Wang
E-mail: jwang@sipc.org
Kevin H. Bell
E-mail: kbell@sipc.org
Lauren T. Attard
E-mail: lattard@sipc.org

SO ORDERED.

Dated: June 21, 2012
       New York, New York

_____
JED S. RAKOFF, U.S.D.J.