UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | 12 MC 115 (JSR) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. |  |
| PERTAINS TO THE FOLLOWING CASES: | |
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>v.<br><br>LAKE DRIVE LLC, *et al.*,<br><br>        Defendants. | 11 Civ. 09371 (JSR) |
| IRVING H. PICARD,<br><br>        Plaintiff,<br><br>v.<br><br>BEAR LAKE PARTNERS, *et al.*,<br><br>        Defendants. | 11 Civ. 09372 (JSR)<br><br>**STIPULATION AND ORDER** |

JED S. RAKOFF, U.S.D.J.

      WHEREAS, Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under

the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA") and the estate of Bernard L. Madoff, filed complaints (the "Complaints") in the Bankruptcy Court in the above-captioned adversary proceedings on December 1, 2010;

WHEREAS, defendants Lake Drive LLC, Richard F. Kaufman, Sylvia C. Kaufman, Michael B. Kaufman, Robert S. Kaufman, Greg A. Kaufman, and Andrew D. Kaufman (the "Lake Drive Defendants") filed a motion in the District Court to withdraw the Bankruptcy Court reference ("Lake Drive Withdrawal Motion") on December 21, 2011, arguing, *inter alia*, that issues related to (i) *Stern v. Marshall;* (ii) 11 U.S.C. § 546(e); (iii) antecedent debt under 11 U.S.C. § 548; and (iv) the Securities Litigation Uniform Standards Act ("SLUSA") as applied to avoidance actions, raised questions of non-bankruptcy law;

WHEREAS, defendants Bear Lake Partners, Richard Kaufman, Sylvia Kaufman, Michael Kaufman, Robert Kaufman, Greg Kaufman, and Andrew Kaufman (the "Bear Lake Defendants") (together with the Lake Drive Defendants, the "Defendants") filed a motion in the District Court to withdraw the Bankruptcy Court reference (the "Bear Lake Withdrawal Motion," together with the Lake Drive Withdrawal Motion, the "Withdrawal Motions") on December 21, 2011, arguing, *inter alia*, that issues related to (i) *Stern v. Marshall;* (ii) 11 U.S.C. § 546(e); (iii) antecedent debt under 11 U.S.C. § 548; and (iv) SLUSA as applied to avoidance actions, raised questions of non-bankruptcy law;

WHEREAS, in accordance with the schedule established in a joint telephonic conference on April 17, 2012, between the parties and the Court, the Court approved the following briefing and argument schedule in connection with Withdrawal Motions: Trustee and SIPC may each submit one brief responding to the Withdrawal Motions by June 29, 2012; the Defendants, in turn, will collectively submit one reply brief by July 20, 2012; and no oral argument was

scheduled at that time;

WHEREAS, the Defendants will participate in the consolidated briefing on the merits of certain issues relating to *Stern v. Marshall* pursuant to the Order dated April 13, 2012, No. 12 MC 0115 (S.D.N.Y. April 13, 2012) (ECF No. 4) (the "Stern Consolidated Briefing Order") and Antecedent Debt pursuant to the Order dated May 16, 2012, No. 12 Civ. 0115 (S.D.N.Y. May 15, 2012) (ECF No. 107) (the "Antecedent Debt Consolidated Briefing Order");

WHEREAS, the Defendants will participate in the consolidated appeal relating to this Court's rulings involving 11 U.S.C. § 546(e) pursuant to the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) For Entry of Final Judgment Dismissing Certain Claims and Actions dated May 12, 2012, No. 12 MC 0115 (S.D.N.Y. May 16, 2012) (ECF No. 109) (the "Section 546 Appeal");

WHEREAS, pursuant to the consolidated briefings, the only remaining asserted basis for withdrawal of the reference, as raised in the Withdrawal Motions, is whether SLUSA bars the Trustee from pursuing his avoidance actions (the "SLUSA Issue");

WHEREAS, the Defendants agree to withdraw the remaining SLUSA Issue from the Court's consideration as a ground for withdrawal of the reference, and the parties agree that no further briefing on the Withdrawal Motions is necessary with respect to the SLUSA Issue;

BASED ON THE FOREGOING, IT IS HEREBY:

ORDERED, that the Withdrawal Motions shall no longer be governed by the briefing and argument schedule described herein which the Court previously approved during a chambers conference on April 17, 2102.

ORDERED, that the Defendants are directed to continue their relevant briefings

-3-

according to the procedures outlined in the Stern Consolidated Briefing Order, the Antecedent Consolidated Briefing Debt Order, and the Section 546 Appeal.

ORDERED, that the Withdrawal Motions are hereby withdrawn solely with respect to the SLUSA Issue.

Dated: June 22, 2012
New York, New York

*/s/*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*

*/s/ Anthony J. Paccione*
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
Anthony L. Paccione
Email: anthony.paccione@kattenlaw.com)
Mark T. Ciani
Email: mark.ciani@kattenlaw.com)

*Attorneys for the Defendants*

*[signature]*

**SECURITIES INVESTOR PROTECTION CORPORATION**
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Josephine Wang
E-mail: jwang@sipc.org
Kevin H. Bell
E-mail: kbell@sipc.org
Lauren T. Attard
E-mail: lattard@sipc.org

SO ORDERED.

Dated: June 22, 2012
New York, New York

*[signature]*
JED S. RAKOFF, U.S.D.J.