UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
                 Plaintiff,          :        12 Misc. 115 (JSR)
                                     :
                 -v-                 :        MEMORANDUM
                                     :
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
                 Defendant.          :
------------------------------------ x
                                     :
In re:                               :
                                     :
MADOFF SECURITIES                    :
------------------------------------ x
                                     :
PERTAINS TO THE FOLLOWING CASES:     :
                                     :
Picard v. Maxam, 11 Civ. 7428        :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

     On October 20, 2011, the defendants moved to withdraw the

reference to Bankruptcy Court of adversary proceeding No. 10-05342

(BRL). On March 13, 2012, the Court issued a "bottom-line" order

granting the defendants' motion and withdrawing the reference to

address: (1) whether the Trustee may, consistent with non-bankruptcy

law, avoid transfers that Bernard L. Madoff Investment Securities LLC

("Madoff Securities") purportedly made in order to satisfy antecedent

debts; (2) whether 11 U.S.C. § 546(e) applies to this case, limiting

the Trustee's ability to avoid transfers; (3) whether the securities

laws, including the Securities Investor Protection Act ("SIPA"), 15

U.S.C. § 78aaa et seq., alter the standard that the Trustee must meet in order to show that defendants did not receive transfers in "good faith"; and (4) whether a provision of SIPA, 15 U.S.C. § 78fff-2(c)(3), allows customers who have received avoidable transfers to pursue those transfers as creditors of Madoff Securities' estate. This Memorandum explains the Court's reasons for its bottom-line decision.

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district. The Southern District of New York has a standing order that provides for automatic reference.

Notwithstanding the automatic reference, the district court may, on its own motion or the "timely" motion of a party, withdraw the reference, in whole or in part, in appropriate circumstances. 28 U.S.C. § 157(d). Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Id. Notwithstanding the plain language of this section, however, the Second Circuit has ruled that mandatory "[w]ithdrawal under 28 U.S.C. § 157(d) is not available merely whenever non-Bankruptcy Code federal statutes will be considered in the bankruptcy court proceeding, but is reserved for

2

cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990).

The defendants in this case identify many issues that they believe require "substantial and material consideration" of non-bankruptcy federal laws regulating organizations or activities affecting interstate commerce, including important unresolved issues under SIPA itself, a statute that has both bankruptcy and non-bankruptcy aspects and purposes. See In re Bernard L. Madoff Investment Securities, 654 F.3d 229, 235 (2d Cir. 2011) ("SIPA serves dual purposes: to protect investors, and to protect the securities market as a whole."); Picard v. HSBC Bank PLC, 450 B.R. 406, 410 (S.D.N.Y. 2011). The Court has previously decided that all but one of the issues raised by the defendants merit withdrawal. See Picard v. Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); Picard v. Flinn Inv., LLC, 463 B.R. 280 (S.D.N.Y. 2011). For the reasons stated in Avellino and Flinn, the Court withdraws the reference to consider issues numbered one through three above.

The defendants further argue that the Court must withdraw the reference to determine whether SIPA prevents the Trustee from disallowing their claims to Madoff Securities' estate under 11 U.S.C. § 502(d). The Court, considering the merits of this issue, has previously found that, although little precedent governs this issue,

3

SIPA suspends the normal application of § 502(d) in this context. Picard v. Katz, 462 B.R. 447, 456 (S.D.N.Y. 2011). Since SIPA, rather than the Bankruptcy Code, governs this issue of first impression, the Court withdraws the reference to undertake the consideration of SIPA required. See HSBC Bank PLC, 450 B.R. at 410 ("A substantial issue under SIPA is therefore, almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'").

The Trustee argues that, notwithstanding the fact that these issues require "substantial and material consideration" of non-bankruptcy law, the Court should deny the defendants' motion under 28 U.S.C. § 157(d) as "untimely." Congress included a timeliness requirement in § 157(d) in order "'to avoid unnecessary delays and costs' [so] that the 'withdrawal provision [c]ould not be allowed to be used by any party for the purpose of delay.'" United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992) (citation omitted). While there is "no specific time limit for applications under 28 U.S.C. § 157(d)[,] . . . courts in this Circuit have defined 'timely' to mean 'as soon as possible after the moving party has notice of the grounds for withdrawing the reference.'" In re FMI Forwarding Co., 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (citations omitted). "Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely." Id.

4

Here, certain of the defendants who have joined the current motion to withdraw also filed a motion to withdraw on different grounds on May 13, 2011.[1] The Trustee argues that the defendants could have raised the issues presented here in their previous motion for withdrawal. Instead, the Trustee notes, the defendants waited to move for withdrawal of these issues until after the Court had resolved the merits of those issues in a manner that the defendants regarded as favorable. See Katz, 462 B.R. 447. Thus, the Trustee concludes that the defendants delayed making the current motion for over five months for nothing other than a tactical reason, i.e., forum shopping.[2]

Nonetheless, "the timeliness standard is flexible and case-specific," and courts considering whether to reject a motion on

---

[1] While at least one of the defendants currently moving to withdraw did not join the previous motion, the Court, granting the motion with respect to all defendants, does not distinguish among them on this basis in its discussion.

[2] The Trustee also noted at oral argument that one of the defendants, Maxam Absolute Return Fund, Ltd., filed a parallel action in the Cayman Islands. See Transcript dated March 6, 2012 ("Tr.") at 12:12-19, 22:4-8. The Bankruptcy Court enjoined the Cayman Islands action shortly before the defendants moved to withdraw the reference. Id. The Trustee argues that the fact that defendants moved to withdraw only after the Bankrupcy Court enjoined the Cayman Islands proceeding further shows that the defendants are trying to avoid litigating before the Bankruptcy Court. Nonetheless, the Cayman Islands action was a parallel proceeding and did not affect any defendant's obligation to litigate before the Bankruptcy Court. Tr. at 22:4-16. Moreover, a defendant's decision to participate in a parallel proceeding in a different jurisdiction does not effect its right in this jurisdiction to have the District Court, rather than the Bankruptcy Court, hear issues of non-bankruptcy law. Finally, to the extent that the Trustee merely points out that defendants could have made an earlier motion, but did not feel compelled to do so until their parallel litigation stalled, the Court, as described below, finds that the Trustee and SIPC have suffered little prejudice.

5

timeliness grounds must determine whether doing so would "compromise substantive rights or generate inefficiencies." In re Enron Creditors Recovery Corp., 410 B.R. 374, 381 n.9 (S.D.N.Y. 2008). Applying this "flexible" standard, courts in this Circuit have found motions to withdraw the reference "timely" even where defendants have delayed for as much as a year, the Bankruptcy Court has already resolved a motion to dismiss, and the parties have conducted certain discovery. Interconnect Telephone Serv. v. Farren, 59 B.R. 397, 402 (S.D.N.Y. 1986). Such delays far exceed the delay at issue here, which amounted only to five months.

Moreover, as noted in Enron, the flexibility of the timeliness requirement reflects the need for courts to interpret the word "timely" in a manner that protects parties' substantive rights. Congress provided for mandatory withdrawal in § 157(d) in order to protect litigants' rights to have Article III courts exercise the "judicial power" necessary to resolve substantial issues of non-bankruptcy law. See In re Gaston & Snow, 173 B.R. 302, 304 (S.D.N.Y. 1994) ("Congress enacted 28 U.S.C. § 157 in response to" the Supreme Court's holding "that Congress' [prior] broad grant of jurisdiction to the bankruptcy courts in the Bankruptcy Act of 1978 was an impermissible vesting of the judicial power of Article III courts in Article I adjuncts."). Given the importance of litigants' right to resolution of substantial non-bankruptcy issues by an Article III court, a court must refrain from denying a motion for mandatory

withdrawal as untimely unless the delay imposed by that motion creates some comparable hardship for the other party or the courts hearing the case.

Here, the five-month delay between when the defendants brought their initial motion to withdraw the reference and when they brought the current motion has prejudiced neither the Trustee nor the Securities Investor Protection Corporation ("SIPC"), nor, for that matter, the courts before which this case proceeds. While both the Trustee and SIPC contend that defendants' delay would, if the Court granted the motion, prejudice them, neither has identified any specific motion or proceeding before the Bankruptcy Court whose resolution the current motion to withdraw would postpone. Moreover, the Trustee conceded that the discovery that has begun before the Bankruptcy Court can continue while this Court considers the issues that defendants have presented. See Transcript dated March 6, 2012 ("Tr.") at 9:14-20.

Finally, the motion under consideration does not impose the kind of delay that would impede the efficient resolution of this case and related cases. While the Trustee and SIPC note that repeated motions for withdrawal could prevent litigation from advancing in a timely fashion, the Court and the Bankruptcy Court have foreclosed that possibility here by jointly setting a deadline -- which has now passed -- for motions to withdraw the reference that are based on the pleadings. See Administrative Order Establishing Deadline for Filing

Motions to Withdraw the Reference dated March 5, 2012, Adv. Pro. No. 08-01789 (BRL). Parties to adversarial proceedings arising from Madoff Securities' liquidation have filed hundreds of motions to withdraw the reference, and this Court has undertaken to resolve the issues on which withdrawal is appropriate in a timely fashion. Given the large (but now limited) number of motions to withdraw the reference, some delay is inevitable, and granting this motion will not materially add to the delay.

In sum, the Court finds that the defendants' delay in bringing the current motion to withdraw the reference has not caused any prejudice that would outweigh the defendants' substantial interest in having an Article III court resolve any substantial issues of non-bankruptcy law. Accordingly, the Court finds that defendants have "timely" moved for withdrawal under 28 U.S.C. § 157(d). Because, as described above, the defendants have identified multiple issues requiring substantial and material interpretation of non-bankruptcy law, the Court affirms its bottom-line Order of March 13, 2012.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        June 25, 2012

8