```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :
                Plaintiff,            :
                                      :
          -v-                         :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
                Defendant.            :       12 MC 115 (JSR)
------------------------------------- x
                                      :          ORDER
In re:                                :
                                      :
MADOFF SECURITIES                     :
                                      :
------------------------------------- x
                                      :
PERTAINS TO:                          :
                                      :
Picard v. Citibank, N.A. et al., 11   :
Civ. 7825 (JSR).                      :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendants Citibank, N.A., Citicorp North America, Inc., and Citigroup Global Markets Limited have moved to withdraw the reference to the Bankruptcy Court of the adversarial proceeding brought against them by Irving H. Picard, the trustee of Bernard L. Madoff Securities LLC ("Madoff Securities") appointed pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. The Court has previously withdrawn the reference to address three of the issues that the defendants identify in their motion. See generally Picard v. Flinn Inv., LLC, 2011 WL 5921544 (S.D.N.Y. Nov. 28, 2011); Picard v.

Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); <u>Picard v. Primeo Fund et al.</u>, 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012). Specifically, the defendants ask this Court to address:

1. whether 11 U.S.C. § 546(e) applies to this case, limiting the Trustee's ability to avoid transfers;

2. whether 11 U.S.C. § 546(g) applies to this case, limiting the Trustee's ability to avoid transfers;

3. whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c).

The Court has consolidated merits briefing in all proceedings that have raised the issues presented by § 546(e) and the standard for "good faith." <u>See</u> Order dated May 15, 2012; Order dated June 23, 2012. On those issues, the Court directs the parties to continue according to the procedures that were arranged for the consolidated briefings.

The defendants also ask the Court to withdraw the reference to determine whether the Trustee may pursue actions against subsequent transferees under 11 U.S.C. § 550(a) even though he has settled his claims against the relevant initial transferees. Section 550(a) permits the Trustee to pursue actions against subsequent transferees only "to the extent that a[n initial] transfer is avoided." The defendants argue that the Trustee cannot invoke § 550(a) to pursue

2

actions against them because his settlement agreement with the relevant initial transferee did not provide that the initial transfers were "avoided."

The defendants admit, however, that resolution of this issue requires only consideration of the Bankruptcy Code. Accordingly, on this issue, they do not seek mandatory withdrawal of the reference under 28 U.S.C. § 157(d), but instead withdrawal of the reference for "cause shown." To determine whether "cause" exists, the Second Circuit has developed a two-pronged test. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." Id.[1] "[O]nce a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Id. "In the final analysis, the critical question is efficiency and uniformity." Mishkin v. Ageloff, 220 B.R. 784, 800 (S.D.N.Y. 1998).

---

[1] Following Stern v. Marshall, 131 S. Ct. 2594 (2011), some courts have held that application of the Orion test should focus on whether the Bankruptcy Court has the judicial power to enter final judgment rather than on whether 28 U.S.C. § 157 classifies claims as core or non-core. See Dev. Specialists v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 467 (S.D.N.Y. 2011). Because the Court concludes that, even classifying the claims at issue as core, the defendants have shown cause for withdrawal, it does not address whether the test has changed.

3

Here, notwithstanding the fact that 28 U.S.C. § 157(c)(2)(H) classifies the Trustee's claims as core, the Court concludes that the defendants have shown cause for withdrawal. The defendants plan to move to dismiss the Trustee's claims on the basis of the four issues identified above. If the Court declined to withdraw on the issue of whether the Trustee can bring claims under § 550(a), the parties would have to litigate separate motions to dismiss before two different courts. Requiring two separate motions where one would suffice is the height of inefficiency. Each court, in order to familiarize itself with the allegations on which the defendants base both of their motions, would have to duplicate the other's efforts. Moreover, the case could not proceed past the pleadings until both courts had issued their decisions, creating the possibility of delay. Thus, one court should resolve the defendants' motion, and the fact that this Court must withdraw some of the issues that the defendants raise, see Primeo Fund, 11 Civ. 6524, at 7-9 (finding that issue presented by § 546(g) mandates withdrawal), means that resolution of the entirety of the defendants' motion can occur only here.

In an effort to blunt the force of these observations, the Trustee makes two arguments. First, the Trustee argues that, because the Bankruptcy Court approved the settlement that failed to "avoid" the relevant initial transfers, the Bankruptcy Court's familiarity with that settlement will allow it to resolve the issue that defendants have raised far more efficiently than this Court could.

4

This argument, however, overlooks the fact that resolving this issue will require familiarity with only one provision of the underlying settlement, something this Court can easily attain. Second, the Trustee argues that the Bankruptcy Court will soon consider this same issue in a related proceeding, Picard v. Bureau of Labor Ins., Adv. Pro. No. 11-02732, which also arises from the bankruptcy of Madoff Securities. After consultation with Judge Lifland, however, the Court concludes that the similarity of the issue presented in this case to that raised in Bureau of Labor Ins. does not diminish the efficiency of withdrawing the reference here. To the extent that the issues overlap, whichever court reaches its issue first can provide guidance for the other. The other court can utilize that guidance to reduce the amount of work that it must undertake to resolve the issue before it.[2] Thus, the Court withdraws the reference for "cause shown" to address whether the Trustee may pursue actions against subsequent transferees under 11 U.S.C. § 550(a) even though he has settled his claims against the relevant initial transferees.

Accordingly, the Court grants the defendants motion for withdrawal of the reference on the issues discussed above. The Court directs the parties to jointly call Chambers no later than August 1, 2012 to schedule further proceedings on the two issues that are not

---

[2]Neither does the fact that two different courts will resolve similar issues pose any threat to the "uniformity of bankruptcy administration." After one court issues its decision, the other can consider that decision and ensure that it issues a consistent decision.

5

subject to consolidated briefing. The Clerk of the Court is ordered to close item number one on the docket of 11 Civ. 7825.

    SO ORDERED.

                                                  JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 2, 2012

6