```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
              Plaintiff,             :
                                     :
         -v-                         :
                                     :
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
              Defendant.             :    12 MC 115 (JSR)
------------------------------------- x
                                     :            ORDER
In re:                               :
                                     :
MADOFF SECURITIES                    :
                                     :
------------------------------------- x
                                     :
PERTAINS TO:                         :
                                     :
Picard v. Thybo Asset Mgmt. Ltd. et  :
al., 11 Civ. 7576 (JSR)              :
                                     :
------------------------------------- x
JED S. RAKOFF, U.S.D.J.
```

Defendants Thybo Asset Management Limited ("TAML") and Thybo Stable Fund Limited ("TSFL") have moved to withdraw the reference to the Bankruptcy Court of the adversarial proceeding brought against them by Irving H. Picard ("the Trustee"), the trustee of Bernard L. Madoff Investment Securities LLC ("Madoff Securities") appointed pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. The Court has previously withdrawn the reference to address each of the issues that TAML and TSFL identify in their motion, viz.:

1.  whether 11 U.S.C. § 546(e) applies to this case, limiting the Trustee's ability to avoid transfers;

2.  whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c); and

3.  whether the Court should withdraw the reference in light of Stern v. Marshall, 131 S. Ct. 2594 (2011), which, according to TAML and TSFL, holds that the Bankruptcy Court lacks the "judicial Power" necessary to enter final judgment on the claims at issue in their case.[1]

See Picard v. Flinn Inv., LLC, 2011 WL 5921544 (S.D.N.Y. Nov. 28, 2011); Picard v. Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); Picard v. Primeo Fund et al., 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012). The Court has also consolidated merits briefing in all proceedings that have raised these issues. See Order dated April 13, 2012; Order dated May 15, 2012; Order dated June 23, 2012. While the Court has stayed TAML's motion to withdraw the reference, see Stipulation and Order dated December 23, 2011, it has lifted the stay

---

[1] TAML and TSFL moved for permissive withdrawal of the reference under In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993), but their heavy reliance on Stern renders it appropriate to resolve their motion through the consolidated proceedings on Stern. Cf. Picard v. Avellino, 2012 WL 826602, at *2 n.3 (S.D.N.Y. Feb. 29, 2012).

for the limited purpose of permitting TAML to participate in the consolidated briefing described above, see Order dated May 22, 2012. Thus, the Court directs the parties to continue according to the procedures that were arranged for the consolidated briefing. The Clerk of the Court is hereby directed to close item number 1 on the docket of 11 Civ. 7576 (JSR).

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
July 3, 2012