```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :
                 Plaintiff,           :
                                      :
             -v-                      :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
                 Defendant.           :      12 MC 115 (JSR)
------------------------------------- x
                                      :          ORDER
In re:                                :
                                      :
MADOFF SECURITIES                     :
                                      :
------------------------------------- x
                                      :
PERTAINS TO:                          :
                                      :
Picard v. Federico Ceretti et al., 11 :
Civ. 7134 (JSR); Picard v. Federico   :
Ceretti et al., 11 Civ. 7256 (JSR).   :
                                      :
------------------------------------- x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7/3/12

JED S. RAKOFF, U.S.D.J.

Defendants FIM Limited, FIM Advisers LLP, Carlo Grosso, Federico Ceretti (collectively, "the FIM defendants"), the Ashby Trust, the El Prela Trust, Alpine Trustees Limited, Port of Hercules Trustees Limited, First Peninsula Trustees Limited, El Prela Group Holding Services Limted, Ashby Holding Services Limited, Ashby Investment Services Limited, and El Prela Trading Investments Limited (collectively, "the Trust Defendants"), Kingate Management Limited, and Citi Hedge Fund Services Limited ("Citi Hedge") have moved to withdraw the reference to the Bankruptcy Court of the adversarial

proceeding brought against them by Irving H. Picard, the trustee of Bernard L. Madoff Investment Securities LLC ("Madoff Securities") appointed pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. The Court has previously withdrawn the reference to address each of the issues that the defendants identify in their motions. See generally Picard v. HSBC Bank PLC, 450 B.R. 406 (S.D.N.Y. 2011); Picard v. Flinn Inv., LLC, 2011 WL 5921544 (S.D.N.Y. Nov. 28, 2011); Picard v. Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); Picard v. Primeo Fund et al., 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012). Specifically, the defendants all ask this Court to address:

1. whether 11 U.S.C. § 546(e) applies to this case, limiting the Trustee's ability to avoid transfers;

2. whether the Court should withdraw the reference in light of Stern v. Marshall, 131 S. Ct. 2594 (2011), which, according to the defendants, holds that the Bankruptcy Court lacks the "judicial Power" necessary to enter final judgment on the claims at issue in their case;

3. whether the Trustee has standing to bring common law claims;

4. whether the Securities Litigation Uniform Standards Act ("SLUSA") preempts the Trustee's common law claims; and

> 5. whether SIPA applies extraterritorially, permitting the Trustee to avoid or recover transfers that occurred abroad.

The Court has consolidated merits briefing in all proceedings that have raised the issues listed above. See Order dated April 13, 2012; Order relating to § 546(e) dated May 15, 2012; Order relating to Standing and SLUSA dated May 15, 2012; Order dated June 6, 2012. Therefore, the Court directs the parties to continue according to the procedures that were previously arranged for the consolidated resolution of the issues the defendants have raised.[1]

Citi Hedge also asks the Court to withdraw the reference to determine whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 550(b). For the reasons stated in Picard v. Primeo Fund et al., 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012), the Court withdraws the reference in order to resolve this issue. The Court has previously consolidated briefing on the issue of good faith, see Order dated Order dated June 23, 2012,

---

[1] The Trust defendants argue that, for "reasons of judicial efficiency," the Court should also withdraw the reference to decide their motion to dismiss based on "lack of personal jurisdiction, failure to state a claim, international comity and forum non conveniens." Nonetheless, because the Court will consider the issues on which the defendants have requested mandatory withdrawal in consolidated proceedings that focus on particular issues, withdrawal of the other issues identified by the Trust defendants would not promote the Court's interest in efficiency. Accordingly, the Court declines to withdraw the reference to consider the additional issues identified by the Trust defendants.

3

and thus directs the Trustee, the Securities Investor Protection Corporation, and Citi Hedge to proceed in accordance with that Order. The Clerk of the Court is ordered to close items number one, twelve, and eighteen on the docket of 11 Civ. 7134 and item number one on the docket of 11 Civ. 7256.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 2, 2012