UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                              Plaintiff,

                v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                              Defendant.

In re:

MADOFF SECURITIES

PERTAINS TO:

Actions listed on Exhibit A.

12 Misc. 115 (JSR)

**CONSENT ORDER GRANTING
CERTIFICATION PURSUANT
TO FED. R. CIV. P. 54(b) FOR
ENTRY OF FINAL JUDGMENT
DISMISSING CERTAIN CLAIMS**



JED S. RAKOFF, U.S.D.J.:

   **WHEREAS:**

   A.     On April 27, 2012 the Court entered an Order (ECF No. 57) dismissing certain

claims, as discussed below, of Irving H. Picard (the "Trustee"), in his capacity as the trustee in

the liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("Madoff

Securities"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, in the

adversary proceedings identified in Exhibit B hereto (the Greiff, Blumenthal, Goldman and Hein

groups of actions, collectively, the "Decided Actions"), except for those claims proceeding under

Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code ("Order").  On April 30, 2012, the

Court entered an Opinion and Order (ECF No. 72) explaining the reasons for its decision.

<u>Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)</u>, __ F. Supp. 2d __, 2012 WL 1505349 (S.D.N.Y. Apr. 30, 2012) ("<u>Opinion</u>"). On May 15, 2012 (ECF No. 101), the Court entered a Supplemental Opinion and Order making explicit that Section 546(e) of the Bankruptcy Code applies to the Trustee's claims in the above actions for avoidance and recovery of preferences under Section 547 of the Bankruptcy Code ("<u>Supplemental Opinion</u>"). None of the Trustee's claims in the Decided Actions challenged the good faith of the initial or subsequent transferee(s).

      B.      The claims dismissed by the Order, Opinion and Supplemental Opinion are those asserted by the Trustee that sought avoidance of: (1) preferences under Section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code; and (3) actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by Section 544(b) of the Bankruptcy Code (collectively, the "<u>Dismissed Claims</u>").

      C.      On May 12, 2012, the Court entered a Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions (ECF No. 109), which consolidated numerous actions into Case No. 11 Civ. 7603 (JSR) (the "<u>Fishman Action</u>") for purposes of the entry of judgment dismissing the claims in those actions that sought avoidance of: (1) preferences under section 547 of the Bankruptcy Code; (2) constructive fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code; and (3) actual and constructive fraudulent transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law incorporated by section 544(b) of the Bankruptcy Code (the "<u>Fishman Consent Order</u>").

D.      The actions consolidated with the Fishman Action as described above are listed on the Exhibits to the Fishman Consent Order, including the Decided Actions (which are listed on Exhibit A to the Fishman Consent Order) and numerous other actions in which the Trustee asserted claims for avoidance and recovery that are substantively identical to the Dismissed Claims.  In some of those actions (the "Withdrawn 546(e) Actions," which are listed on Exhibit B to the Fishman Consent Order), the Court previously entered orders withdrawing the reference and scheduling briefing and argument on a motion to dismiss based on the same issues involving Section 546(e) of the Bankruptcy Code that were decided by the Court in the Order and Opinion. In other of those actions (the "Eligible Actions," which are listed on Exhibit C to the Fishman Consent Order), the Court had not yet entered an order determining a motion for withdrawal of the reference.

E.      On May 23, 2012, the Court entered a Final Judgment Dismissing Certain Claims (the "Final Judgment") (ECF No. 124) stating that numerous defendants' motions to dismiss the complaints and amended complaints in the Decided Actions, the Withdrawn 546(e) Actions and the Eligible Actions, as consolidated in the Fishman Action for purposes of the entry of judgment and appeal pursuant to the Fishman Consent Order, are granted with respect to and to the extent of all of the Trustee's claims that are substantively identical to the Dismissed Claims.  On June 21, 2012, the Trustee filed a notice of appeal to the United States Court of Appeals for the Second Circuit (ECF No. 190) (the "Notice of Appeal") from the Final Judgment and other enumerated orders and opinions of the Court that relate to the subject matter of the Final Judgment (the "Fishman Appeal").

F.      The Trustee also commenced the adversary proceedings listed on Exhibit A hereto, in which the Trustee asserted claims for avoidance and recovery that, like in the Fishman

Action and the actions consolidated therewith under the Fishman Consent Order, which are also substantively identical to the Dismissed Claims but were inadvertently omitted from Exhibit C to the Fishman Consent Order (the "Inadvertently Omitted Actions").   The defendants in each Inadvertently Omitted Action moved to withdraw the reference on grounds that the District Court must decide whether Bankruptcy Code section 546(e) applies to the Trustee's claims, among other grounds, and each respective motion adopted and incorporated the memorandum of law in support of the motion to withdraw the reference filed in Case No. 11 Civ. 9060 (the "Pati H. Gerber Action") (ECF No. 2).  The Pati H. Gerber Action is one of the Eligible Actions listed on Exhibit C to the Fishman Consent Order, and counsel for the defendants in the Pati H. Gerber Action are also counsel for the defendants in the Inadvertently Omitted Actions.   The Inadvertently Omitted Actions were unintentionally excluded from Exhibit C to the Fishman Consent Order.

G.    In order to facilitate a coordinated, single appeal from the dismissal of claims in the Decided Actions, the Withdrawn 546(e) Actions, and the Eligible Actions (all of which have been appealed in the Fishman Appeal to the Second Circuit Court of Appeals), and the Inadvertently Omitted Actions, the Trustee and the Securities Investor Protection Corporation ("SIPC"), and the defendants named in the Inadvertently Omitted Actions, subject to the reservation of rights set forth below, consent to: (1) the withdrawal of the reference in the Inadvertently Omitted Actions, in each of which (a) the Trustee has asserted claims substantively identical to the Dismissed Claims, (b) a motion to withdraw the reference has been filed with respect to whether 11 U.S.C. § 546(e) applies, limiting the Trustee's ability to avoid transfers, but which motion has not yet been determined by the Court, and (c) the Trustee does not challenge the good faith of the initial or subsequent transferee(s); and (2) the entry of an order

under Rule 54(b) entering final judgment dismissing all of the Trustee's claims in the Inadvertently Omitted Actions that are coextensive with the Dismissed Claims.

## THE COURT THEREFORE FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

**A.      Withdrawal of Reference In Inadvertently Omitted Actions**
         **Where No Prior Withdrawal Order Was Entered**

1.      For purposes of the 54(b) order only, the reference is deemed withdrawn from the Bankruptcy Court in each of the Inadvertently Omitted Actions for the limited purpose of deciding whether Section 546(e) of the Bankruptcy Code applies, limiting the Trustee's ability to avoid transfers.

**B.      Certain Reservations of Rights**

2.      The Trustee and SIPC shall be deemed to have preserved all arguments concerning the application of Section 546(e) to the Trustee's claims in the Inadvertently Omitted Actions.  The defendants in the Inadvertently Omitted Actions shall be deemed to have preserved and made all arguments relating to the application and effect of Section 546(e) of the Bankruptcy Code that were raised in the motions to dismiss in the Decided Actions.

3.      All objections and arguments that could be raised by the Trustee and/or SIPC to any motion to withdraw the reference, and all defenses and responses that could be raised in opposition to the Trustee and/or SIPC's objections and arguments, are preserved.

**C.      Rule 54(b) Certification**

4.      The entry of final judgment dismissing the Trustee's claims in the Inadvertently Omitted Actions that are substantively identical to the Dismissed Claims ("Rule 54(b) Judgment") pursuant to Fed. R. Civ. P. 54(b) is appropriate.  To permit entry of final judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim

finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay.  In re Air Crash at Belle Harbor, N.Y., 490 F.3d 99, 108-09 (2d Cir. 2007).

5.      The complaints filed in the Inadvertently Omitted Actions allege multiple claims. The complaints in those actions assert claims that seek avoidance of actual fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code, avoidance of constructive fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, and avoidance of actual *or* constructive fraudulent conveyances pursuant to state avoidance statutes incorporated through Section 544 of the Bankruptcy Code.  In addition, the complaints filed by the Trustee in the Inadvertently Omitted Actions name multiple defendants.

6.      The Rule 54(b) Judgment to be entered will finally decide and ultimately dispose of multiple claims asserted by the Trustee in each of the Inadvertently Omitted Actions.  *See* Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980).  By reason of the Court's determination that Section 546(e) applies to the Dismissed Claims, any counts in each complaint that seeks avoidance of constructive fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and avoidance of actual *or* constructive fraudulent conveyances pursuant to state avoidance statutes incorporated through Section 544 of the Bankruptcy Code are finally determined and dismissed against the Trustee.  The Trustee's remaining claims are limited only to those that are proceeding under Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code ("Remaining Claims"), and such claims will not be dismissed by reason of a judgment dismissing the claims in the Inadvertently Omitted Actions that are substantively identical to the Dismissed Claims.  The Dismissed Claims and the Remaining Claims are separable, *see* Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987), and because of the application of Section 546(e)

the Remaining Claims by the Trustee can be decided independently of the claims in the Inadvertently Omitted Actions that are substantively identical to the Dismissed Claims. *See* Ginett v. Computer Task Group, 962 F.2d 1085, 1094 (2d Cir. 1992).

7.    There is no just reason for delay in the entry of final judgment dismissing the claims in the Inadvertently Omitted Actions that are substantively identical to the Dismissed Claims. In light of the number of adversary proceedings, claims and defendants affected by dismissal of the Dismissed Claims pursuant to the Order, and in light of the fact that the Inadvertently Omitted Actions were unintentionally excluded, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of such final judgment and the opportunity for an immediate appeal. *See* Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (entry of judgment on certain claims pursuant to Rule 54(b) avoids potentially expensive and duplicative trials).

8.    As a result, an immediate appeal with respect to the Inadvertently Omitted Actions will avoid protracted, expensive and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the relevant cases, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals. *E.g.*, Consolidated Edison, Inc. v. Northeast Util., 318 F. Supp. 2d 181, 196-97 (S.D.N.Y. 2004).

**D.    Procedures Relating to the Consolidated Entry
of Judgment and the Commencement of An Appeal**

9.    The Inadvertently Omitted Actions are consolidated under the action captioned Picard v. Blue Star Investors, LLC, et al., No. 11-cv-9059 (JSR) (S.D.N.Y.) (the "Blue Star Action"), but solely with respect to and for the purposes of entry of judgment on the claims in the Inadvertently Omitted Actions that are substantively identical to the Dismissed Claims, and not with respect to the Trustee's claims proceeding under Sections 548(a)(1)(A) and 550(a) of

the Bankruptcy Code.   The Court will administer the consolidated proceedings under the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>          v.<br><br>BLUE STAR INVESTORS, LLC, *et al.*,<br><br>                              Defendants. | Consolidated Case No.<br>11-cv-9059 (JSR)<br><br>ECF Case |

10.      A single Rule 54(b) Judgment shall be entered in the Blue Star Action, which shall govern the Inadvertently Omitted Actions.  The Rule 54(b) Judgment shall be entered only in the Blue Star Action.

11.      Counsel for the Trustee, SIPC and the lead counsel in the Inadvertently Omitted Actions are submitting an agreed form of the proposed Rule 54(b) Judgment, which is attached hereto as Exhibit C.

12.      Any appeal from the Rule 54(b) Judgment that the Trustee and/or SIPC may be entitled to file will be taken only from the judgment entered in the Blue Star Action.  The Rule 54(b) Judgment and the Trustee's notice of appeal shall be deemed entered in all of the Inadvertently Omitted Actions without further notice or action.  Notwithstanding the foregoing, the Trustee and SIPC shall not be prevented from filing additional separate notices of appeal in any of the Inadvertently Omitted Actions if the Trustee and SIPC determine the need to do so to preserve the right to appeal.  There will be no right of cross-appeal as to any of the Rule 54(b) Judgments entered in the Blue Star Action or any other Inadvertently Omitted Action in which

the Trustee determines to file a notice of appeal so as to limit the number and scope of appellate proceedings.

SO ORDERED.

Dated: New York, New York
     July 27, 2012

                                           JED S. RAKOFF, U.S.D.J.

## EXHIBIT A

| 1. | *Picard v. BlueStar Investors, LLC, et al.* | 11-cv-9059-JSR | Schulte Roth & Zabel LLP<br>Marcy Ressler Harris<br>(marcy.harris@srz.com)<br>Frank J. LaSalle<br>(frank.lasalle@srz.com)<br>Mark D. Richardson<br>(mark.richardson@srz.com)<br><br>Weil Gotshal & Manges LLP<br>Alfredo R. Perez<br>(alfredo.perez@weil.com)<br>Jonathan Polkes<br>(jonathan.polkes@weil.com) |
|---|---|---|---|
| 2. | *Picard v. HHI Investment Trust #2, et al.* | 11-cv-9061 | Schulte Roth & Zabel LLP<br>Marcy Ressler Harris<br>(marcy.harris@srz.com)<br>Frank J. LaSalle<br>(frank.lasalle@srz.com)<br>Mark D. Richardson<br>(mark.richardson@srz.com) |
| 3. | *Picard v. Brian H. Gerber* | 11-cv-9141 | Bellows & Bellows PC<br>Christopher Gallinari<br>(cgallinari@bellowslaw.com)<br>Schuyler D. Geller<br>(sgeller@bellowslaw.com) |

**EXHIBIT B**

**EXHIBIT A**

| 1. | *Picard v. James Greiff* | 11-03775 | Becker & Poliakoff LLP<br>Helen Davis Chaitman<br>hchaitman@becker-poliakoff.com |
|---|---|---|---|
| 2. | *Picard v. Gerald Blumenthal* | 11-04293 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 3. | *Picard v. Gary Albert, individually and his capacity as shareholder of Impact Designs Ltd.* | 11-04390 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 4. | *Picard v. Aspen Fine Arts Co.* | 11-04391 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 5. | *Picard v. The Aspen Company and Harold Thau* | 11-04400 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 6. | *Picard v. Jan Marcus Capper* | 11-04389 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 7. | *Picard v. Norton Eisenberg* | 11-04388 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 8. | *Picard v. P. Charles Gabriele* | 11-04481 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 9. | *Picard v. Stephen R. Goldenberg* | 11-04483 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com |
| 10. | *Picard v. Ruth E. Goldstein* | 11-04371 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 11. | *Picard v. Harnick Bros. Partnership and Gary Harnick individually and as general partners of The Harnick Brothers Partnership* | 11-04729 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com)<br><br>Becker & Poliakoff LLP<br>Helen Davis Chaitman<br>hchaitman@becker-poliakoff.com |

| | | | |
|---|---|---|---|
| 12. | *Picard v. John Denver Concerts, Inc. Pension Plan Trust and Harold Thau as the Trustee* | 11-04387 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 13. | *Picard v. Anita Karimian* | 11-04368 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 14. | *Picard v. Lester Kolodny* | 11-04502 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 15. | *Picard v. Laurence Leif* | 11-04392 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 16. | *Picard v. Steven V. Marcus Separate Property of the Marcus Family Trust; The Marcus Family Limited Partnership; Steven V. Marcus, individually and in his capacity as Trustee of the Steven V. Marcus Separate Property of the Marcus Family Trust, General Partner of the Marcus Family Limited Partnership and Guardian of O.M., K.M. and H.M.; and Denise C. Marcus, in her capacity as Trustee of the Steven .V Marcus Separate Property of the Marcus Family Trust* | 11-04504 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 17. | *Picard v. Trust U/W/O Harriette Myers* | 11-04397 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 18. | *Picard v. Robert Potamkin and Alan Potamkin* | 11-04401 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 19. | *Picard v. Potamkin Family Foundation, Inc.* | 11-04398 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 20. | *Picard v. Delia Gail Rosenberg and Estate of Ira S. Rosenberg* | 11-04482 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |
| 21. | *Picard v. Miriam Ross* | 11-04480 | Milberg LLP Jennifer L. Young (jyoung@milberg.com) |

| 22. | *Picard v. Leon Ross* | 11-04479 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
|-----|----------------------|----------|---------------------------|
| 23. | *Picard v. Richard Roth* | 11-04501 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 24. | *Picard v. Harold A. Thau* | 11-04399 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 25. | *Picard v. William M. Woessner Family Trust, Sheila A. Woessner Family Trust, William M. Woessner individually, and as Trustee of the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust, Sheila A. Woessner, individually, and Trustee of the William M. Woessner Family Trust and the Sheila A. Woessner Family Trust* | 11-04503 | Milberg LLP<br>Jennifer L. Young<br>(jyoung@milberg.com) |
| 26. | *Picard v. Elbert R. Brown, et al.* | 11-05155 | Seeger Weiss LLP<br>Parvin K. Aminolroaya<br>(paminolroaya@seegerweiss.com) |
| 27. | *Picard v. Lewis Franck individually and in his capacity as Trustee for the Florence Law Irrevocable Trust dtd 1/24/05, et al.* | 11-04723 | Seeger Weiss LLP<br>Parvin K. Aminolroaya<br>(paminolroaya@seegerweiss.com) |
| 28. | *Picard v. Joseph S. Popkin Revocable Trust DTD 2/9/2006 a Florida trust, Estate of Joseph S. Popkin, Robin Popkin Logue as trustee of the Joseph S. Popkin Revocable Trust Dated Feb. 9, 2006, as the personal representative of the Estate of Joseph S. Popkin, and as an individual* | 11-04726 | Seeger Weiss LLP<br>Parvin K. Aminolroaya<br>(paminolroaya@seegerweiss.com) |
| 29. | *Picard v. Jonathan Sobin* | 11-04728 | Seeger Weiss LLP<br>Parvin K. Aminolroaya<br>(paminolroaya@seegerweiss.com) |
| 30. | *Picard v. Kara Fishbein Goldman, et al.* | 11-04959 | Pryor Cashman LLP<br>Richard Levy, Jr.<br>(rlevy@pryorcashman.com) |
| 31. | *Picard v. Patrice M. Auld, Merritt Kevin Auld, and James P. Marden* | 11-05005 | Pryor Cashman LLP<br>Richard Levy, Jr.<br>(rlevy@pryorcashman.com) |

| 32. | *Picard v. Boslow Family Limited Partnership et al.* | 11-05006 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
|-----|------|----------|------|
| 33. | *Picard v. Bernard Marden Profit Sharing Plan et al.* | 11-05007 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 34. | *Picard v. Helene R. Cahners Kaplan et al.* | 11-05008 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 35. | *Picard v. Charlotte M. Marden et al.* | 11-05009 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 36. | *Picard v. Robert Fried and Joanne Fried* | 11-05156 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 37. | *Picard v. Jordan H. Kart Revocable Trust & Jordan H. Kart* | 11-05157 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 38. | *Picard v. James P. Marden et al.* | 11-05158 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 39. | *Picard v. Marden Family Limited Partnership et al.* | 11-05160 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 40. | *Picard v. Norma Fishbein* | 11-05161 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 41. | *Picard v. Norma Fishbein Revocable Trust et al.* | 11-05162 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 42. | *Picard v. Oakdale Foundation Inc. et al.* | 11-05163 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 43. | *Picard v. Bruce D. Pergament et al.* | 11-05216 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 44. | *Picard v. Sharon A. Raddock* | 11-05217 | Pryor Cashman LLP Richard Levy, Jr. |

| | | | (rlevy@pryorcashman.com) |
|---|---|---|---|
| 45. | *Picard v. The Murray & Irene Pergament Foundation, Inc. et al.* | 11-05218 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 46. | *Picard v. David S. Wallenstein* | 11-05219 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 47. | *Picard v. Avram J. Goldberg et al.* | 11-05220 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 48. | *Picard v. Pergament Equities, LLC et al.* | 11-05221 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 49. | *Picard v. Wallenstein/NY Partnership & David S. Wallenstein* | 11-05222 | Pryor Cashman LLP Richard Levy, Jr. (rlevy@pryorcashman.com) |
| 50. | *Picard v. Bell Ventures Limited et al.* | 11-05507 | Jacobs Partners LLC Mark Jacobs (mark.jacobs@jacobs-partners.com) |
| 51. | *Picard v. Harold J. Hein* | 11-04936 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |
| 52. | *Picard v. Kelman Partners Limited Partnership et al.* | 11-05513 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |
| 53. | *Picard v. Barbara J. Berdon* | 11-07684 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |
| 54. | *Picard v. Laura E. Guggenheimer Cole* | 11-07670 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |
| 55. | *Picard v. Sidney Cole* | 11-07669 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |
| 56. | *Picard v. Epic Ventures, LLC & Eric P. Stein* | 11-07681 | SNR Denton US LLP Carole Neville (carole.neville@snrdenton.com) |

| 57. | *Picard v. Ida Fishman Revocable Trust et al.* | 11-07603 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
|-----|---|---|---|
| 58. | *Picard v. The Frederica Ripley French Revocable Trust et al.* | 11-07622 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 59. | *Picard v. Alvin Gindel Revocable Trust & Alvin Gindel* | 11-07645 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 60. | *Picard v. Rose Gindel Trust et al.* | 11-07601 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 61. | *Picard v. S&L Partnership et al.* | 11-07600 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 62. | *Picard v. Joel I. Gordon Revocable Trust & Joel I. Gordon* | 11-07623 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 63. | *Picard v. Toby T. Hobish et al.* | 11-07559 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 64. | *Picard v. Helene Cummings Karp Annuity & Helene Cummins Karp* | 11-07646 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 65. | *Picard v. Lapin Children LLC* | 11-07624 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 66. | *Picard v. BMA L.P. et al.* | 11-07667 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 67. | *Picard v. David R. Markin, et al.* | 11-07602 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 68. | *Picard v. Stanley T. Miller* | 11-07579 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 69. | *Picard v. The Murray Family Trust et al.* | 11-07683 | SNR Denton US LLP<br>Carole Neville |

| | | | (carole.neville@snrdenton.com) |
|---|---|---|---|
| 70. | *Picard v. Estate of Marjorie K. Osterman et al.* | 11-07626 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 71. | *Picard v. Neil Reger Profit Sharing Keogh & Neil Reger* | 11-07577 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 72. | *Picard v. Eugene J. Ribakoff 2006 Trus et al.* | 11-07644 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 73. | *Picard v. Sage Associates et al.* | 11-07682 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 74. | *Picard v. Sage Realty et al.* | 11-07668 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 75. | *Picard v. The Norma Shapiro Revocable Declaration of Trust Under Agreement Dated 9/16/2008 et al.* | 11-07578 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 76. | *Picard v. Estate of Jack Shurman et al.* | 11-07625 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 77. | *Picard v. Barry Weisfeld* | 11-07647 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com) |
| 78. | *Picard v. Marital Trust Under Article X of the Charles D. Kelman Revocable Trust* | 11-04936 | SNR Denton US LLP<br>Carole Neville<br>(carole.neville@snrdenton.com)<br><br>Proskauer Rose LLP<br>Sheldon I. Hirshon<br>(shirshon@proskauer.com) |

**EXHIBIT C**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | 12 Misc. 115 (JSR) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| MADOFF SECURITIES | |

PERTAINS TO:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Consolidated Case No. 11-cv-9059 (JSR) |
| v. | |
| BLUE STAR INVESTORS, LLC, *et al.*, | ECF Case |
| Defendants. | **FINAL JUDGMENT DISMISSING CERTAIN CLAIMS** |

This action came before the Court on motions to dismiss the complaints and amended complaints in actions later consolidated for certain purposes under Case No. 12-mc-0115 (JSR). The motions came on for hearing before the Court, and the Court issued, in Case No. 12 Misc. 115 (JSR), an Order on April 27, 2012 (ECF No. 57) ("Dismissal Order"), an Opinion and Order on April 30, 2012 (ECF No. 72), a Supplemental Opinion and Order on May 15, 2012 (ECF No.

101), a Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final

Judgment Dismissing Certain Claims and Actions on May 12, 2012 (ECF No. 109), and a

Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final

Judgment Dismissing Certain Claims on July __, 2012 (ECF No. ___) (the "Consent Order"),

which consolidated into Case No. 11-cv-9059 (JSR) (the "Blue Star Action") all of the actions

listed on Exhibit A to the Consent Order for purposes of the entry of judgment dismissing the

claims in those actions that sought avoidance of: (1) constructive fraudulent transfers under

section 548(a)(1)(B) of the Bankruptcy Code; and (2) actual and constructive fraudulent transfers

or fraudulent conveyances under provisions of the New York Debtor & Creditor Law

incorporated by section 544(b) of the Bankruptcy Code.

  **IT IS ORDERED AND ADJUDGED**, pursuant to Fed. R. Civ. P. 54(b):

  The complaints as consolidated in the Blue Star Action for purposes of the entry of

judgment and appeal, are dismissed and judgment is entered, in part, solely with respect to and to

the extent of all of the claims that sought avoidance of: (1) constructive fraudulent transfers

under section 548(a)(1)(B) of the Bankruptcy Code; and (2) actual and constructive fraudulent

transfers or fraudulent conveyances under provisions of the New York Debtor & Creditor Law

incorporated by section 544(b) of the Bankruptcy Code. There is no just reason for delay.

Dated: New York, New York
   July ___, 2012

         _____

          JED S. RAKOFF, U.S.D.J.

         ENTERED ON _____, 2012

         RUBY J. KRAJICEK
         Clerk of Court

         By:_____
            Deputy Clerk