UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                  :

SECURITIES INVESTOR PROTECTION
CORPORATION,
                                  :      Adv. Pro. No. 08-01789 (BRL)

        Plaintiff-Applicant,              :

                                          SIPA LIQUIDATION
        vs.                                     :

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
                                  :      (Substantively Consolidated)

        Defendant.
------------------------------------- X
                                  :      Case No. 12-MC-00115 (JSR)

In re:
                                  :      **(Relates to consolidated proceedings on**
MADOFF SECURITIES                          **Standing and SLUSA issues)**
                                  :
                                          Pertains to Cases 12-CV-02883
                                                        12-CV-02752

------------------------------------- X

**MEMORANDUM OF LAW ON BEHALF OF STEPHANIE MACK AND
DEBORAH MADOFF REGARDING THE APPLICABILITY OF THE "INSIDER
EXCEPTION" TO THE IN PARI DELICTO DOCTRINE AS RAISED BY ORDER OF
THE COURT ENTERED ON MAY 15, 2012**

**Table of Contents**

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| I. | THE PURPOSE OF THE INSIDER EXCEPTION TO THE *IN PARI DELICTO* DOCTRINE | 2 |
| II. | THE INSIDER EXCEPTION DOES NOT APPLY TO THE SPOUSE DEFENDANTS | 3 |
| CONCLUSION | | 7 |

## Table of Authorities

**Page(s)**

**CASES**

*Global Crossing Estate Representative v. Winnick*,
  No. 04 Civ. 2558 (GEL), 2006 WL 2212776 (S.D.N.Y. Aug. 3, 2006) ................................... 2

*In re Granite Partners, L.P.*,
  194 BR 318 (Bankr. S.D.N.Y. 1996) ...................................................................................... 2

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2d Cir. 1995) .................................................................................................... 3

*Kirschner v. KPMG LLP*,
  938 N.E.2d 941 (N.Y. 2010) ............................................................................................. 2, 6

*In re Oakwood Homes*,
  356 F. App'x 622 (3d Cir. 2009) ............................................................................................ 4

*Picard v. HSBC Bank PLC*,
  454 B.R. 25 (S.D.N.Y. 2011) .................................................................................................. 2

*Picard v. Madoff*,
  468 B.R. 620 (Bankr. S.D.N.Y. 2012) .................................................................................... 5

*In re The Mediators, Inc.*,
  105 F.3d 822 (2d Cir. 1997) ............................................................................................. 3, 5

*In re The Mediators, Inc.*,
  190 B.R. 515 (S.D.N.Y. 1995), *aff'd*, 105 F.3d 822 (1997) ................................................... 5

**STATUTES**

11 U.S.C. § 101(31)(B)(vi) .............................................................................................................. 4

# PRELIMINARY STATEMENT

Stephanie Mack and Deborah Madoff (collectively, "the Spouse Defendants")[1] join in the arguments set forth in the Consolidated Brief on Behalf of the Standing and SLUSA Withdrawal Defendants Regarding Issues Raised by Order of the Court Entered on May 15, 2012, namely, that the Trustee's common law claims are barred by the doctrine of *in pari delicto* and the *Wagoner* rule.  The Spouse Defendants submit this separate brief, pursuant to the Court's Order dated May 15, 2012, to address the Trustee's assertion that the *in pari delicto* doctrine does not apply to them, because they are spouses of alleged "insiders" of Bernard L. Madoff Investment Securities ("BLMIS").

The *in pari delicto* doctrine protects even willful wrongdoers from claims by another wrongdoer.  Here – purporting to invoke equity – the Trustee seeks to expand the "insider exception" to the *in pari delicto* doctrine in order to bring equitable claims for unjust enrichment against the Spouse Defendants, who are not alleged to have participated in or even known about any wrongdoing.  But the "insider exception"—which applies only to corporate fiduciaries who control the corporation—is wholly inapplicable to the Spouse Defendants.  It is undisputed that the Spouse Defendants had absolutely no role at BLMIS; they were not its fiduciaries, and they had no control over its activities.  As such, the insider exception is irrelevant.

Nonetheless, the Trustee asserted in the Bankruptcy Court that the Spouse Defendants somehow acquired "insider" status by virtue of their marriage to men who allegedly were "insiders" of BLMIS and ostensibly received joint transfers together with the Spouse Defendants from BLMIS.  This novel proposition is unsupported by any legal authority.  And, the extension of the insider exception to spouses of insiders, merely because of their marital status, is contrary

---

[1] Stephanie Mack is the widow of Mark Madoff, and Deborah Madoff is the wife of Andrew Madoff.  Both Mark and Andrew Madoff held positions at BLMIS.

1

to the entire purpose of the doctrine.  Put simply, the Spouse Defendants do not lose their individual identities merely because they got married, and their marital status does not strip them of their entitlement to the *in pari delicto* defense.  The Trustee's effort to stretch the "insider exception" does not comport with equity, nor is it consistent with the New York Court of Appeals' recent admonition that the *in pari delicto* doctrine "applies even in difficult cases and should not be weakened by exceptions."  *Kirschner v. KPMG LLP*, 938 N.E.2d 941, 950 (N.Y. 2010) (citation and internal quotation omitted).

## I.     The Purpose of the Insider Exception To The *In Pari Delicto* Doctrine

It is well established that the *in pari delicto* doctrine prevents a wrongdoer, or a successor standing in the shoes of a wrongdoer, from bringing claims against a third party wrongdoer.  *See, e.g., Picard v. HSBC Bank PLC*, 454 B.R. 25, 29 (S.D.N.Y. 2011).  "The justice of the *in pari delicto* rule is most obvious where a willful wrongdoer is suing someone who is alleged to be merely negligent. . . .  [But] the principle also applies where both parties acted willfully."  *Kirschner*, 938 N.E.2d at 950.  *A fortiori*, it prevents the wrongdoer from bringing claims against defendants, such as the Spouse Defendants, who are not alleged to have acted willfully or even negligently, but rather are innocent of any wrongdoing.

One narrow exception to the *in pari delicto* doctrine exists when the plaintiff standing in the shoes of a wrongdoer corporation sues the corporate managers who controlled its affairs.  This "insider" exception permits a trustee standing in the shoes of a wrongdoing corporation like BLMIS to bring claims against corporate insiders for breach of their fiduciary duties.  *Global Crossing Estate Representative v. Winnick*, No. 04 Civ. 2558 (GEL), 2006 WL 2212776, at *15 (S.D.N.Y. Aug. 3, 2006); *In re Granite Partners, L.P.*, 194 BR 318, 332 (Bankr. S.D.N.Y. 1996) ("*In pari delicto* bars claims against third parties, but does not apply to corporate insiders or partners.  Otherwise, a trustee could never sue the debtor's insiders on account of their own

wrongdoing."). Thus, although the *Wagoner* rule and *in pari delicto* doctrine generally bar claims on behalf of the wrongdoing corporation, a trustee standing in the shoes of the corporation retains the ability to recover from the particular individuals—directors, managers and others who directly controlled the affairs of the company—who actively perpetrated the fraud.

The purpose of the insider exception is to deny the protection of the *in pari delicto* doctrine to wrongdoing insiders whose actions constituted the acts of the plaintiff corporation. Thus, the insider exception is restricted to individuals or entities that exercised *de facto* control over the debtor's corporate affairs. As a result, even when the defendant is a third party who owed fiduciary duties to the corporation, claims are barred unless the plaintiff can establish that the fiduciary defendant exercised *de facto* control over the corporation. *See In re The Mediators, Inc.*, 105 F.3d 822, 826 (2d Cir. 1997) (creditors' committee lacked standing to bring claims against law firm that had assisted sole shareholder in stripping insolvent corporation of assets under *Wagoner* rule); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1094-95 (2d Cir. 1995) (bankruptcy trustee lacked standing to sue accounting firm for malpractice notwithstanding conclusory allegation that accounting firm controlled debtor). This strict limitation of the exception makes sense in light of its animating purpose: permitting the wrongdoer to bring claims against the individuals who effectuated the wrongdoing.

**II.     The Insider Exception Does Not Apply to the Spouse Defendants**

Once the scope and purpose of the insider exception is laid out, little more needs to be said to demonstrate that it does not apply to the Spouse Defendants. Deborah Madoff and Stephanie Mack were not BLMIS employees, officers, or directors. There is no allegation that the Spouse Defendants exercised any control over BLMIS, *de facto* or otherwise. And, it is undisputed that the Spouse Defendants owed no fiduciary duties to BLMIS.

Nonetheless, the Trustee has taken the position that the Spouse Defendants cannot avail themselves of the *in pari delicto* doctrine and the *Wagoner* rule because their marriages somehow transformed them into corporate insiders for transfers they allegedly received jointly with their spouses. There is no legal precedent supporting this proposition.[2] This dearth of authority is hardly surprising. It makes no sense that a wife who had nothing to do with a business can be sued as though she were a corporate insider, but claims against law firms or accounting firms that aided an insider's breach of fiduciary duty are barred by the *in pari delicto* doctrine. The Spouse Defendants—who are not alleged to have perpetrated or participated in the fraud—are entitled to the *in pari delicto* defense against claims brought by the Trustee, standing in the shoes of BLMIS.

In seeking leave from the Bankruptcy Court to add claims against the Spouse Defendants, the Trustee argued that it would be inequitable to bar his claims under the *in pari delicto* doctrine. But the comparison mandated by that doctrine is between a wrongdoing corporation, BLMIS, and the innocent Spouse Defendants. Under a plain vanilla application of the *in pari delicto* doctrine, BLMIS has dirty hands, and therefore, its common law claims against the Spouse Defendants are barred. Similarly, the Trustee argued that if *in pari delicto* barred common law claims against the spouses of corporate insiders, those insiders could deliberately pass their money to their spouses and evade liability. Reply Mem. of Law in Further Supp. of Trustee's Motion for Leave to File a Second Amended Complaint at 12, Adv. Pro. No. 09-1503, ECF No. 98 (March 16, 2012) ("Reply Mem."). Of course, that argument has nothing to do with

---

[2] Although the Bankruptcy Code contains a statutory definition of "insider" that includes "relatives" of corporate officers when the debtor is a corporation, *see* 11 U.S.C. § 101(31)(B)(vi), this statutory definition has nothing to do with the distinct common-law development of the "insider exception" to *in pari delicto*. As the Third Circuit has explained, the Bankruptcy Code definition of insider "does not apply to the meaning of 'insider' under New York's *in pari delicto* doctrine." *In re Oakwood Homes*, 356 F. App'x 622, 628 (3d Cir. 2009).

4

the applicability of the legal doctrine of *in pari delicto* to any common law claims, or with whether the spouses are insiders for purposes of that doctrine. Moreover, the *in pari delicto* doctrine does not eliminate other avenues of relief for a bankruptcy trustee. It does not prevent the Trustee from seeking to avoid transfers (including, of course, transfers to a spouse) as fraudulent conveyances or preferences.[3] And the insider exception also permits the Trustee to bring his claims against the alleged insiders themselves; in other words, if the husbands of the Spouse Defendants are "insiders" under the terms of the doctrine, the Trustee may pursue his common law claims regarding the alleged joint transfers against them.

Nor does the *in pari delicto* analysis change because the Trustee has alleged that some of the transfers of BLMIS property to the Spouse Defendants were made "simultaneously and jointly" to their husbands. *See* Reply Mem. at 11-12. *In re The Mediators, Inc.*, 190 B.R. 515 (S.D.N.Y. 1995), *aff'd*, 105 F.3d 822 (1997), demonstrates that when a plaintiff standing in the shoes of a corporation sues a third party for unjust enrichment, the focus of the *in pari delicto* analysis remains on the relationship between the third party and the corporation, not the timing or nature of the subject transfer. In *Mediators*, the Unsecured Creditors' Committee of a bankrupt entity sued a law firm for unjust enrichment, arguing that the entity's sole shareholder had "engineered fraudulent transfers of the corporation's property, and [] the [law firm] defendants . . . knowingly assisted him in that fraud, taking their rewards in the form of professional fees." *Id*. at 530. Thus, the plaintiffs alleged, in effect, that the law firm received funds from the corporation in conjunction with a transfer to an insider of the corporation. The District Court dismissed the Committee's claims out of hand: because the bankrupt entity's

---

[3] The Trustee did not initially bring any avoidance claims against the Spouse Defendants. When the Trustee sought leave to amend to add such claims, the Bankruptcy Court held that (aside from subsequent transfers) they were time barred. *Picard v. Madoff*, 468 B.R. 620, 628-9 (Bankr. S.D.N.Y. 2012).

hands were "filthy with fraud," the Committee lacked standing to sue the law firm for unjust enrichment. *Id*. This case is no different. The *Wagoner* rule bars the Trustee from bringing common law claims against the Spouse Defendants, without regard to whether he can maintain suit against their husbands.

As the New York Court of Appeals explained just two years ago in *Kirschner*, the *in pari delicto* doctrine "has been wrought in the inmost texture of our common law for at least two centuries." *Kirschner*, 938 N.E.2d at 950 (citation omitted). The Trustee proposes to weaken it by expanding the "insider" exception for the first time to innocent spouses of alleged insiders simply because the alleged insiders deposited funds into joint accounts. This Court should reject the Trustee's novel theory that the "*insider*" exception should apply to innocent *outsiders* to a corporation, as the Trustee has not presented "the rare case where . . . the justification and need for departure from carefully developed legal principles are clear and cogent." *Id.* at 959 (citation and internal quotation omitted).

6

## CONCLUSION

For the foregoing reasons, the Trustee's claims against Stephanie Mack and Deborah Madoff are not subject to the insider exception to the *in pari delicto* doctrine, and the Trustee's claims against them are barred by *in pari delicto* and the *Wagoner* rule.

Dated: August 3, 2012  
      New York, New York

Respectfully submitted,

COOLEY LLP

By: /s/ Alan Levine
    Alan Levine
    Laura Grossfield Birger
    Nicholas Flath

1114 Avenue of the Americas  
New York, New York 10036  
Telephone: (212) 479-6000  
Facsimile: (212) 479-6275

*Attorneys for Defendant*  
*Stephanie S. Mack*

COHEN & GRESSER LLP

By: /s/ Mark S. Cohen
    Mark S. Cohen
    Daniel H. Tabak

800 Third Avenue  
New York, New York 10022  
Telephone: (212) 957-7600  
Facsimile: (212) 957-4514

*Attorneys for Defendant*  
*Deborah Madoff*

7