UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | **12 Misc. 115 (JSR)**<br><br><br><br>**SIPA Liquidation**<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br><br>ABN AMRO BANK (IRELAND) LTD. (F/K/A FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED), ABN AMRO CUSTODIAL SERVICES (IRELAND) LTD. (F/K/A FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.), and RYE SELECT BROAD MARKET XL FUND, LP,<br><br>   Defendants. | **11 Civ. 6877 (JSR)** |

**SUPPLEMENTAL DECLARATION OF CHRISTOPHER R. HARRIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT BASED ON SECTION 546(G) OF THE BANKRUPTCY CODE**

   I, Christopher R. Harris, do hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a partner with Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, (212) 906-1200, counsel to ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) ("AA Irish Bank")[1] and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) ("AA Custodial") (collectively, "Defendants").

2.  As a member in good standing in this Court and in the Bar of the State of New York, I respectfully submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.

3.  Attached hereto as Exhibit E is a true and correct copy of KBC's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment in *Peterson v. Somers Dublin Ltd. (In re Lancelot Investors Fund, L.P.),* Adv. Pro. No. 10-1980 (Bankr. N.D. Ill. Oct. 21, 2011) [Dkt. No. 59].

---

[1] Now known as ABN AMRO Retained Custodial Services (Ireland) Limited.

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2012
New York, New York

                      LATHAM & WATKINS LLP

                By: /s/ Christopher R. Harris
                    Christopher R. Harris
                    885 Third Avenue, Suite 1000
                    New York, NY 10022
                    Telephone: (212) 906-1628
                    Email: christopher.harris@lw.com

*Attorneys for ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.)*

# Exhibit E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------x
: 
In re: : Chapter 7
:
LANCELOT INVESTORS FUND, L.P., et al., : Case No. 08-28225
:
Debtors. : Jointly Administered
: Hon. Jacqueline P. Cox Presiding
:
---------------------------------------------------------------x
:
RONALD PETERSON, not individually but as :
Liquidation Trustee and Representative of the :
Estate of Lancelot Investors Fund, L.P., et al., :
:
Plaintiff, :
v. : Adv. Pro. No. 10-01980
:
SOMERS DUBLIN LTD., KBC FINANCIAL :
PRODUCTS (CAYMAN ISLANDS) LTD., KBC :
INVESTMENTS LTD., KBC INVESTMENTS :
CAYMAN ISLANDS V LTD., KBC-SECURITIES :
NV, PENTAGON CAPITAL MANAGEMENT :
PCL, PENTAGON SELECT LTD., PENTAGON :
CAPITAL LTD., AND HSBC SECURITIES :
SERVICES HOLDINGS (IRELAND) LIMITED, :
:
Defendants. :
:
---------------------------------------------------------------x
:
RONALD PETERSON, not individually but as :
Liquidation Trustee and Representative of the :
Estate of Lancelot Investors Fund, L.P., et al., :
:
Plaintiff, :
:
v. : Adv. Pro. No. 10-02000
:
FORTIS PRIME FUND SOLUTIONS :
CUSTODIAL SERVICES (IRELAND) LTD., :
KBC INVESTMENTS LTD., KBC :
INVESTMENTS CAYMAN ISLANDS V LTD., :

| | |
|---|---|
| EDEN ROCK FINANCE FUND LP, EDEN ROCK FINANCE FUND LTD., and EDEN ROCK FINANCE MASTER LTD. | : : : : |
| Defendants. | : : |
| ---------------------------------------------------------------x | |
| RONALD PETERSON, not individually but as Liquidation Trustee and Representative of the Estate of Lancelot Investors Fund, L.P., et al., | : : : : : |
| Plaintiff, | : : |
| v. | :   Adv. Pro. No. 10-02003 |
| FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD., KBC FINANCIAL PRODUCTS (CAYMAN ISLANDS) LTD., EDEN ROCK FINANCE FUND LP, PALLADIUM SERIES FUND, LLC, and PALLADIUM SERIES FUND LLC (PSF SERIES B), | : : : : : : : : |
| Defendants. | : : |
| ---------------------------------------------------------------x | |
| RONALD PETERSON, not individually but as Liquidation Trustee and Representative of the Estate of Lancelot Investors Fund, L.P., et al., | : : : : : |
| Plaintiff, | : : |
| v. | :   Adv. Pro. No. 10-02007 |
| FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD., KBC FINANCIAL PRODUCTS (CAYMAN ISLANDS) LTD., EDEN ROCK FINANCE FUND LP, PALLADIUM SERIES FUND, LLC, And PALLADIUM SERIES FUND LLC (PSF SERIES B), | : : : : : : : : |
| Defendants. | : |
| ---------------------------------------------------------------x | |

## KBC'S STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants KBC Financial Products (Cayman Islands) Ltd. ("KBC Cayman"), KBC Investments Ltd. ("KBC Investments"), KBC Investments Cayman Islands V Ltd. ("KBC Cayman V"), and KBC-Securities NV ("KBC Securities," individually and collectively with KBC Cayman, KBC Investments, and KBC Cayman V, "KBC") submit this Statement of Undisputed Material Facts in support of KBC's motion for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, Federal Rule of Civil Procedure 56, and Rule 7056-1 of the Local Rules of this Court.

### I. The Parties to This Litigation

1. Defendant KBC Cayman is a Cayman Islands company, wholly owned by KBC Financial Holding Inc., a U.S. corporation. (Adv. No. 10-01980, Am. Compl. ¶ 13.) KBC Cayman is a financial participant for purposes of § 546 of the Bankruptcy Code. During the 15-month period preceding the date of the Debtors' bankruptcy petition filing, KBC Cayman traded in onshore fund derivatives, as well as other onshore financial products. As of December 31, 2007,[1] the strike price of KBC Cayman's trades in fund derivates alone was more than $1.8 billion, and the net asset value of these trades was more than $4.7 billion. (Tosar Aff. ¶ 35.)

2. Defendant KBC Investments is a company registered in the United Kingdom. (Adv. No. 10-01980, Am. Compl. ¶ 15.) KBC Investments is a financial participant for purposes of § 546 of the Bankruptcy Code. During the 15-month period preceding the date of the Debtors' bankruptcy petition filing, KBC Investments traded in offshore fund derivatives, as well

---

[1] The definition of "financial participant" for purposes of the § 546 safe harbors considers the value of specified agreements or transactions "on any day during the 15-month period preceding the date of the filing of the petition." *See* 11 U.S.C. § 101(22A). Lancelot Ltd., Lancelot LP, Colossus Ltd., and Colossus LP (the "Lancelot Entities," and collectively with the other hedge fund debtors, the "Debtors") filed for Chapter 7 protection on October 20, 2008 (Adv. No. 10-01980, Am. Compl. ¶ 11), and so the December 31, 2007 date falls within the relevant 15-month period.

as other offshore financial products. As of December 31, 2007, the strike price of KBC Investments' trades in fund derivates was more than $7.1 billion, and the net asset value of these trades was more than $20.5 billion. (Tosar Aff. ¶ 36.)

3. Defendant KBC Cayman V is a Cayman Islands company. (Adv. No. 10-01980, Am. Compl. ¶ 16.) KBC Cayman V is a financial participant for purposes of § 546 of the Bankruptcy Code. During the 15-month period preceding the date of the debtor's bankruptcy petition filing, KBC Cayman V traded in offshore fund derivatives, as well as other offshore financial products. As of December 31, 2007, the strike price of KBC Cayman V's trades in fund derivates was more than $7.1 billion, and the net asset value of these trades was more than $20.5 billion. (Tosar Aff. ¶ 36.)

4. Defendant KBC-Securities NV is a stockbroker. It did not play a role in any of the transfers at issue in the above-captioned cases nor did it receive any funds or other assets on account of or in connection with these transfers. (*Id*. ¶ 11.)

5. Defendant Somers Dublin Ltd. is an Irish corporation with its principal place of business in Dublin, Ireland and, prior to 2010, was a wholly owned subsidiary undertaking of Defendant HSBC Securities Services Holdings (Ireland) Limited (Adv. No. 10-01980, Answer of HSBC Securities Services Holdings (Ireland) Limited ¶ 17.)

6. Defendant Pentagon Capital Management PLC is an investment adviser and investment manager based in London, England. (Adv. No. 10-01980, Am. Compl. ¶ 18.)

7. Defendant Pentagon Select Ltd. is a fund managed by Pentagon Capital Management PLC. (*Id*. ¶ 19.)

8. An entity called Pentagon Capital Ltd. does not exist. Chester Dep., 22:23-23:2, Sept. 8, 2011 (attached hereto as Exhibit 1).

2

9. Defendant ABN AMRO Custodial Services (Ireland) Limited ("ABN AMRO"), is an entity formerly known as Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd. (Adv. No. 10-02003, Answer of ABN AMRO Custodian Services (Ireland) Limited, at 1.)

10. Defendant Eden Rock Finance Fund LP is a limited partnership organized and existing under the laws of the State of Delaware. (Adv. No. 10-02003, Answer of Defendant Eden Rock Finance Fund LP ¶ 12.)

11. Defendant Palladium Series Fund, LLC is a U.S. limited liability company. (Adv. No. 10-02003, Compl. ¶ 13.)

12. Defendant Palladium Series Fund, LLC (PSF Series B) is a U.S. limited liability company. (*Id*. ¶ 14.)

13. Defendant Eden Rock Finance Master Ltd. is a limited company organized under the laws of the British Virgin Islands. (Adv. No. 10-02000, Eden Rock Defendants' Answer ¶ 14.)

14. Plaintiff Ronald R. Peterson is the chapter 7 case Trustee for the debtors. (Adv. No. 10-02003, Compl. ¶ 10.)

II. **Facts Supporting Jurisdiction and Venue**

15. These adversary proceedings arise in, arise under, or are related to a Title 11 case, *In re Lancelot Investors Fund, L.P., et al.*, pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, jointly administered as Case No. 08-28225. (Adv. No. 10-01980, Am. Compl. ¶ 2.)[2]

---

[2] The Trustee makes substantively the same allegations regarding jurisdiction and venue set forth herein in each of its complaints in the above-captioned cases.

3

16.     The Court has personal jurisdiction over the defendants pursuant to Federal Rule of Bankruptcy Procedure 7004(f).  (*Id.* ¶ 3.)

17.     Venue is proper is this District pursuant to 28 U.S.C. § 1409(a).  (*Id.* ¶ 9.)

18.     The above-captioned complaints are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(H).  (*Id.* ¶ 10.)

### III.    Investments in Lancelot Securities

19.     At issue in this case are transfers that arise from investments in common stock in Lancelot Investors Fund, Ltd. ("Lancelot Ltd.") and Colossus Capital Fund, Ltd. ("Colossus Ltd."), and limited partnership interests in Lancelot Investors Fund, LP ("Lancelot LP") and Colossus Capital Fund, LP ("Colossus LP," and collectively with the other listed investments, the "Lancelot Securities").  (Tosar Aff. ¶¶ 6-7.)

20.     The Lancelot Securities at issue in this motion were purchased as a result of confirmation agreements KBC entered into with hedge fund-of-funds counterparties:[3] Pentagon Select Ltd. (together with its investment manager, defendant Pentagon Capital Management, PLC, "Pentagon"), and Eden Rock Finance Master Ltd. and Eden Rock Finance Fund LP (individually and collectively, "Eden Rock").  (Tosar Aff. ¶ 9.)

21.     Under each confirmation agreement, the applicable fund-of-funds entity had the right to request that its KBC counterparty effect a purchase of a basket of investments in various hedge funds.  In connection with this agreement, KBC would grant the fund-of-funds an in the money call option whereby the fund-of-funds obtained the right to purchase the basket of investments at a negotiated strike price substantially less than the reported net asset value of the fund investments at the time of the grant.  All of the hedge fund investments in the basket were

---

[3] A hedge fund-of-funds is a hedge fund that invests in other hedge funds.

acquired at the direction of the fund-of-funds counterparty pursuant to the confirmation agreement. Under this arrangement, the fund-of-funds would direct KBC to effect an investment in a specified hedge fund interest. The applicable KBC entity would then direct a securities custodian to enter into a subscription agreement to effect the purchase of the specified interest. (Tosar Aff. ¶ 7.) The confirmation agreements described herein are considered equity options and swap agreements in the industry. (Tosar Aff. ¶ 8; Chester Dep. 90:19-91:3, 160:23-161:6, Sept. 8, 2011 (Ex. 1.))

22. KBC Cayman V and KBC Investments entered into transactions with entities that did not reside, and were not incorporated, in the United States. With respect to the Pentagon Confirmation Agreement and the Eden Rock Master Confirmation Agreement, each of which had fund-of-funds counterparties that were not U.S. entities,[4] KBC Cayman V was the counterparty to such fund-of-funds with respect to the confirmation agreements, and KBC Investments was the entity that had a contractual relationship with the custodian that subscribed to investments in Lancelot Ltd. (with respect to Pentagon), and Colossus Ltd. (with respect to Eden Rock).[5] KBC Cayman entered into transactions with entities that resided in the United States. With respect to the investment in Lancelot LP and the investment in Colossus LP in relation to the Eden Rock Finance Confirmation Agreement, KBC Cayman entered into the confirmation agreement with Eden Rock Finance Fund LP[6] (the U.S. Eden Rock entity) and also

---

[4] The fund-of-funds counterparties to the Pentagon Confirmation Agreement and the Eden Rock Master Confirmation Agreement were Pentagon Select Ltd. and Eden Rock Finance Master Ltd., respectively.

[5] Lancelot Ltd. and Colossus Ltd. are also incorporated outside the United States.

[6] The counterparty named in the Eden Rock Finance Fund LP confirmation agreement is Palladium Series Fund, LLC on behalf of Palladium Series Fund, LLC (PSF Series B), of which Eden Rock Finance Fund LP is the beneficial owner.

5

entered into the custodian agreement with the securities custodian who invested in Lancelot LP and Colossus LP.

### A.      Investment in Lancelot Ltd. at the Direction of Pentagon

23.      With respect to adversary proceeding number 10-01980, KBC Cayman V and Pentagon entered into an initial confirmation agreement on April 1, 2005 (the "<u>Pentagon Confirmation Agreement</u>").  (Tosar Aff. Ex. B.)[7]

24.      In May 2007, Pentagon Capital Management, acting on behalf of Pentagon Select Ltd., instructed KBC Cayman V to effect an investment in Lancelot Ltd. pursuant to the Pentagon Confirmation Agreement.  (Tosar Aff. ¶ 12.)

25.      Pursuant to Pentagon's instruction, KBC Cayman V, through its affiliate, KBC Investments, directed HSBC (acting through its affiliate, Somers Dublin, as securities custodian for KBC Investments) to enter into a subscription agreement to effect the purchase of $20 million in Lancelot Ltd. common stock.  Also at Pentagon's direction pursuant to the Pentagon Confirmation Agreement, on or about July 1, 2007, KBC Investments instructed HSBC to cause Somers Dublin to make a subsequent subscription in Lancelot Ltd. common stock of an additional $40 million.  (Tosar Aff. ¶¶ 12-13.)

26.      Shortly before its initial subscription, KBC Investments Ltd.; Pentagon Capital Management, PLC; Lancelot Ltd.; and Lancelot Investment Management, LLC entered into a letter agreement in which the parties acknowledged that the initial $20 million subscription and any subsequent subscriptions in Lancelot Ltd. "related" to the "option transaction between

---

[7] The parties amended the initial confirmation agreement on June 12, 2007 and then again on May 7, 2008.  (Tosar Aff. Exs. C, D.)  Among other changes, the 2007 amendment modified the definition of eligible interests and modified the minimum and maximum strike prices.  Through the May 7, 2008 amendment, Pentagon Select elected to purchase all the securities subject to the Pentagon Confirmation Agreement.

6

Pentagon Select, Ltd. and KBC Investments Cayman V Ltd." – i.e., the Pentagon Confirmation Agreement. (Tosar Aff. ¶ 14; Tosar Aff. Ex. G.) The letter agreement was negotiated directly between Lancelot and Pentagon and consented to by KBC. (Tosar Aff. ¶ 14.)

27.     The subscription agreement that governed the investment in Lancelot Ltd. shares incorporated a Confidential Information Memorandum ("<u>Lancelot Ltd. CIM</u>") and Lancelot Ltd.'s Articles of Incorporation ("<u>Lancelot Ltd. Articles</u>," and collectively with the subscription agreement and Lancelot Ltd. CIM, the "<u>Lancelot Ltd. Subscription Agreement</u>"). (Tosar Aff. ¶ 15; *see also* Tosar Aff. Exs. H & I.)

28.     The Lancelot Ltd. Subscription Agreement established the terms whereby an investor could redeem shares in, and receive payment from, Lancelot Ltd. More specifically, the Lancelot Ltd. CIM provided in relevant part that "[s]hares may be redeemed as of the last business day of each fiscal quarter at Share NAV calculated as described herein. Written notice of redemption must be given to the Administrator at least sixty (60) calendar days prior to the proposed redemption date, indicating the number of Shares proposed to be redeemed . . . ." (Tosar Aff. Ex. I at 28.) The agreement also provided that "[r]edemptions may be permitted at such other times or with such shorter notice as the Fund, in its absolute discretion, may determine." (*Id*. at 29.)

29.     Furthermore, in the "Settlements" section, the Lancelot Ltd. CIM provided the method by which redemptions of Lancelot Ltd. shares were settled. (*Id*. at 29-30 ("Redemptions generally are settled in cash which will be remitted by wire transfer to a bank account designated in the investor's redemption request . . . .").)

30.     On or about March 31, 2008, at Pentagon's request and in accordance with the Pentagon Confirmation Agreement, KBC Investments instructed HSBC and Somers Dublin to

7

submit a redemption request for 29,000 shares of Lancelot Ltd. common stock. Lancelot Ltd. honored the redemption request by directing its bank, Northern Trust Bank ("Northern Trust"), to transfer $59,988,976.60 to Somers Dublin, HSBC's affiliate, which Northern Trust did through a series of payments made from August 28, 2008 to September 11, 2008. Upon receipt of such funds, Somers Dublin remitted corresponding payments to KBC. In accordance with the Pentagon Confirmation Agreement, Pentagon used such funds to pay a portion of Pentagon's purchase price of the basket of securities subject to the Pentagon Confirmation Agreement, which Pentagon had previously elected to purchase. (Tosar Aff. ¶ 17.)

### B. Investments in Colossus Ltd., Lancelot LP, and Colossus LP at the Direction of Eden Rock

31. With respect to adversary proceeding number 10-02000, KBC Cayman V and Eden Rock Finance Master Ltd. entered into a confirmation agreement on November 11, 2004 ("Eden Rock Master Confirmation Agreement").[8] (Tosar Aff. Ex. E.) With respect to adversary proceeding numbers 10-02003 and 10-02007, KBC Cayman and Eden Rock Finance Fund LP ("Eden Rock FF") entered into a confirmation agreement on November 18, 2004 (the "Eden Rock Finance Confirmation Agreement," and together with the Eden Rock Master Confirmation Agreement, the "Eden Rock Confirmation Agreements"). (Tosar Aff. Ex. F.)

---

[8] KBC Cayman V originally entered into this confirmation agreement with Eden Rock Structured Finance Fund Ltd., which later transferred its rights and obligations under the agreement to Eden Rock Finance Master Ltd. The confirmation agreement was amended to reflect this change through a novation agreement dated December 1, 2006. (Tosar Aff. Ex A.) This Statement of Facts refers to Eden Rock Structured Finance Fund Ltd. and Eden Rock Finance Master Ltd. collectively as the "Eden Rock Master Counterparty" or "Eden Rock MC." The Eden Rock Master Confirmation Agreement was amended multiple times. Among other changes, the amendments modified the maximum strike price and spread. (Tosar Aff. ¶ 9 n.4.)

8

### 1. Investment in Colossus Ltd.

32. The Eden Rock Master Counterparty ("Eden Rock MC") instructed KBC Cayman V to effect an investment in Colossus Ltd. pursuant to the Eden Rock Master Confirmation Agreement. Pursuant to this instruction, in February 2005, KBC Cayman V, through its affiliate KBC Investments, then directed Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd. ("Fortis Prime"), acting as custodian for KBC Investments, to enter into a subscription agreement and effect a purchase of $300,000 in Colossus Ltd. common stock. (Tosar Aff. ¶ 18.) Also at Eden Rock MC's direction pursuant to the Eden Rock Master Confirmation Agreement, KBC Investments instructed Fortis Prime, as custodian acting at its request, to make subsequent subscriptions in Colossus Ltd. common stock of an additional $8.8 million. (Tosar Aff. ¶ 19.)

33. The subscription agreement that governed the investment in Colossus Ltd. shares incorporated a Confidential Information Memorandum ("Colossus Ltd. CIM") and Colossus Ltd.'s Articles of Incorporation ("Colossus Ltd. Articles," and collectively with the subscription agreement and Colossus Ltd. CIM, the "Colossus Ltd. Subscription Agreement"). (Tosar Aff. ¶ 20.)

34. The Colossus Ltd. Subscription Agreement established the terms whereby an investor could redeem shares in, and receive payment from, Colossus Ltd. More specifically, the Colossus Ltd. CIM provided in relevant part that "[s]hares may be redeemed as of the last business day of each fiscal quarter at Share NAV calculated as described herein. . . . Written notice of redemption must be given to the Administrator at least sixty (60) calendar days prior to the proposed redemption date, indicating the number of Shares proposed to be redeemed . . . ." (Tosar Aff. Ex. J at 29.) The agreement also provided that "[r]edemptions may be permitted at such other times or with such shorter notice as the Fund, in its absolute discretion, may determine." (*Id.*)

9

35. Furthermore, in the "Settlements" section, the Colossus Ltd. CIM provided the method by which redemptions of Colossus Ltd. shares were settled. (*Id.* at 29-30 ("Redemptions generally are settled in cash which will be remitted by wire transfer to a bank account designated in the investor's redemption request . . . .").)

36. With respect to the $374,535.65 that the Trustee seeks to avoid based upon a transfer between accounts in Adversary Proceeding Number 10-02000, Fortis Prime effected this transfer pursuant to the Eden Rock Master Confirmation Agreement. (Tosar. Aff. ¶ 22.)

37. At Eden Rock MC's request and in accordance with the terms of the Eden Rock Master Confirmation Agreement, KBC Investments instructed Fortis Prime to submit two redemption requests for Colossus Ltd. common stock in October and December 2007. Colossus Ltd. honored the redemption requests by directing its bank, Northern Trust, to transfer $10,447,640.01 to Fortis Prime, which Northern Trust did through two payments made in February and May 2008. (Tosar Aff. ¶ 23.) Upon receipt of such funds, Fortis Prime remitted the corresponding payments to KBC Investments, and, in accordance with the Confirmation Agreement, Eden Rock MC used such funds to pay a portion of Eden Rock MC's purchase price of the basket of securities subject to the Eden Rock Master Confirmation Agreement. (Tosar Aff. ¶ 23.)

### 2. Investment in Lancelot LP

38. Eden Rock FF instructed KBC Cayman to effect an investment in Lancelot LP pursuant to the Eden Rock Finance Confirmation Agreement. Pursuant to this instruction, in February 2005, KBC Cayman directed Fortis Prime, acting as custodian for KBC Cayman, to enter into a subscription agreement and effect the purchase of a $4 million limited partnership interest in Lancelot LP. (Tosar Aff. ¶ 24; Tosar Aff. Ex. K.) Also at Eden Rock FF's direction

pursuant to the Eden Rock Finance Confirmation Agreement, KBC Cayman instructed Fortis Prime to make subsequent subscriptions in Lancelot LP totaling $9 million. (Tosar Aff. ¶ 25.)

39. The subscription agreement that governed the investment in Lancelot LP shares incorporated a Confidential Information Memorandum ("<u>Lancelot LP CIM</u>") and Lancelot Investors Fund LP Limited Partnership Agreement ("<u>Lancelot LP Partnership Agreement</u>," and collectively with the subscription agreement and Lancelot LP CIM, the "<u>Lancelot LP Subscription Agreement</u>"). (Tosar Aff. ¶ 26.)

40. The Lancelot LP Subscription Agreement established the terms whereby an investor could redeem the limited partnership interest in, and receive payment from, Lancelot LP. More specifically, the Lancelot LP CIM provided in relevant part that a "Limited Partner may redeem all or any portion of such [limited partnership] Units as of the end of any fiscal year, provided that the withdrawing Limited Partner gives at least sixty (60) calendar days' prior written notice to the General Partner." (Tosar Aff. Ex. L at 19.) The agreement also provided that the General Partner could permit redemption on less than sixty days' prior written notice. (*Id*.)

41. Furthermore, the agreement provided the method by which redemptions of Lancelot LP interests were settled. (*Id*. ("Redemptions generally are settled in cash which will be remitted by wire transfer to a bank account designated in the investor's redemption request . . . .").)

42. At Eden Rock FF's request and in accordance with the Eden Rock Finance Confirmation Agreement, KBC Cayman instructed Fortis Prime, acting as custodian, to submit a redemption request for $15.5 million in Lancelot LP interests. Lancelot LP honored that redemption request by directing its bank, Northern Trust, to transfer $15.5 million to Fortis

11

Prime, which Northern Trust did through two payments made in February 2008. Upon receipt of such funds, Fortis Prime remitted the corresponding payments to KBC Cayman, and, in accordance with the Confirmation Agreement, Eden Rock FF used such funds to pay a portion of Eden Rock FF's purchase price of the basket of securities subject to the Eden Rock Finance Confirmation Agreement. (Tosar Aff. ¶ 28.)

### 3. Investment in Colossus LP

43. Eden Rock FF instructed KBC Cayman to effect an investment in Colossus LP pursuant to the Eden Rock Finance Confirmation Agreement. Pursuant to this instruction, in February 2005, KBC Cayman directed Fortis Prime, acting as custodian for KBC Cayman, to enter into a subscription agreement and effect a purchase of a $1.5 million limited partnership interest in Colossus LP. (Tosar Aff. ¶ 29; Tosar Aff. Ex. M.) Also at Eden Rock FF's direction pursuant to the Eden Rock Finance Confirmation Agreement, KBC instructed Fortis Prime to make subsequent subscriptions in Colossus LP totaling $14.05 million. (Tosar Aff. ¶ 30.)

44. The subscription agreement that governed the investment in Colossus LP shares incorporated a Confidential Information Memorandum ("Colossus LP CIM") and Colossus LP Limited Partnership Agreement ("Colossus LP Partnership Agreement," and collectively with the subscription agreement and Colossus LP CIM, the "Colossus LP Subscription Agreement"). (Tosar Aff. ¶ 31.)

45. The Colossus LP Subscription Agreement established the terms whereby an investor could redeem the limited partnership interest in, and receive payment from, Colossus LP. More specifically, the Colossus LP CIM provided in relevant part that a "Limited Partner may redeem all or any portion of such [limited partnership] Units as of the end of any fiscal year, provided that the withdrawing Limited Partner gives at least sixty (60) calendar days' prior

written notice to the General Partner." (Tosar Aff. Ex. N at 19.) The agreement also provided that the General Partner could permit redemption on less than sixty days' prior written notice. (*Id*.)

46. Furthermore, the agreement provided the method by which redemptions of Colossus LP interests were settled. (*Id*. ("Redemptions generally are settled in cash which will be remitted by wire transfer to a bank account designated in the investor's redemption request . . . .").)

47. At Eden Rock FF's request and in accordance with the Eden Rock Finance Confirmation Agreement, KBC Cayman instructed Fortis Prime to submit two redemption requests for its Colossus LP interests in October 2007 and April 2008. Colossus LP honored the redemption requests by directing its bank, Northern Trust, to transfer $17 million to Fortis Prime, which Northern Trust did through two payments made in February and May 2008. Upon receipt of such funds, Fortis Prime remitted the corresponding payments to KBC Cayman, and, in accordance with the Confirmation Agreement, Eden Rock FF used such funds to pay a portion of Eden Rock FF's purchase price of the basket of securities subject to the Eden Rock Finance Confirmation Agreement. (Tosar Aff. ¶ 33.)

### IV. The Trustee's Stipulation

48. During the course of discovery, the Trustee stipulated that "each of the Transfers set forth in the Complaint were made by or to, or for the benefit of, a protected party (*i.e.*, commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency)." (Adv. No. 10-01980, Trustee's Supplemental Responses and Objections to KBC's First Set of Discovery Requests (Sept. 27, 2011) (attached hereto as Exhibit 2); Adv. No. 10-02000, Trustee's Supplemental Responses and Objections to

KBC's First Set of Discovery Requests (Sept. 27, 2011) (attached hereto as Exhibit 3); Adv. No. 10-02003, Trustee's Supplemental Responses and Objections to KBC's First Set of Discovery Requests (Sept. 27, 2011) (attached hereto as Exhibit 4); Adv. No. 10-02007, Trustee's Supplemental Responses and Objections to KBC's First Set of Discovery Requests (Sept. 27, 2011) (attached hereto as Exhibit 5).)

Dated: Chicago, Illinois
       October 21, 2011

Respectfully submitted,

/s/ William A. Evanoff
SIDLEY AUSTIN LLP
Bryan Krakauer
William A. Evanoff
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants KBC Financial Products (Cayman Islands) Ltd., KBC Investments Ltd., KBC Investments Cayman Islands V Ltd., and KBC-Securities NV*