UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendants. | 12 Misc. 115 (JSR) |
| In re MADOFF SECURITIES | |
| PERTAINS TO THE FOLLOWING CASE: | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HARVEY E. ROTHENBERG REVOCABLE TRUST UAD 7/24/02, HARVEY E. ROTHENBERG as trustee and beneficiary, BETTY KLEIN<br><br>　　　　　Defendants. | 12 Civ. 05717 (JSR)<br><br>Adv. Pro. No. 10-05072 (BRL) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT BETTY KLEIN'S APPLICATION FOR AN ORDER
ALLOWING DISTRICT COURT'S CONSIDERATION OF
<u>MOTION SEEKING WITHDRAWAL OF THE REFERENCE</u>**

　　　　　　　　　　　　　　　**BAKER & HOSTETLER LLP**
　　　　　　　　　　　　　　　45 Rockefeller Plaza
　　　　　　　　　　　　　　　New York, New York 10111
　　　　　　　　　　　　　　　Telephone: (212) 589-4200
　　　　　　　　　　　　　　　Facsimile: (212) 589-4201

　　　　　　　　　　　　　　　Attorneys for Irving H. Picard, Trustee for the
　　　　　　　　　　　　　　　Substantively Consolidated SIPA Liquidation of
　　　　　　　　　　　　　　　Bernard L. Madoff Investment Securities LLC
　　　　　　　　　　　　　　　and Bernard L. Madoff


## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................2

I. DEFENDANT'S SERVICE ARGUMENTS ARE WITHOUT MERIT ...........................7

    A. KLEIN'S COUNSEL CONSENTED TO ELECTRONIC SERVICE OF ALL PLEADINGS AND DOCUMENTS ................................................................7

    B. THE TRUSTEE PROPERLY SERVED KLEIN'S COUNSEL .............................9

II. THIS COURT SHOULD STRICTLY ENFORCE THE ADMINISTRATIVE ORDER ..............................................................................................................................12

CONCLUSION ..............................................................................................................................14

**TABLE OF AUTHORITIES**

Page

**Cases**

Akey v. Clinton Cnty., 375 F.3d 231 (2d Cir. 2004) ....................................................................... 11

BASF Corp. v. Norfolk S. Railway Co., No. 04-CV-9662, 2008 WL 678557 (S.D.N.Y. Mar. 10, 2008) .......................................................................................................................................... 12

Carovski v. Jordan, No. 06CV716S, 2008 WL 1805813 (W.D.N.Y. April 18, 2008) .................... 8

E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP, 432 Fed.Appx. 657 (9th Cir. 2011) .... 11

In re Blanchard, Adv. Pro. No. 08–00034, 2008 WL 1782367 (Bankr.N.D.Iowa April 14, 2008) ...................................................................................................................................................... 11

In re Dana Corp., No. 06–10354, 2007 WL 1577763 (Bankr. S.D.N.Y. May 30, 2007) ...... 10, 11

In re Enron Corp., No. 01–16034, 2006 WL 897862 (Bankr. S.D.N.Y. Feb. 16, 2006) ............. 10

Leon v. Murphy, 988 F.2d 303 (2d Cir. 1993) ............................................................................... 11

*Meckel v. Cont'l Res. Co.*, 758 F.2d 811 (2d Cir. 1985) ................................................................ 12

Ms. Interpret v. Rawe Druck–und–Veredlungs–GMBH (In re Ms. Interpret), 222 B.R. 409 (Bankr. S.D.N.Y. 1998) ................................................................................................................ 11

Nolan v. City of Yonkers, 168 F.R.D. 140 (S.D.N.Y. 1996) .................................................... 10, 11

Rocha v. Merit Sys. Prot. Bd.,  688 F.3d 1307 (Fed. Cir. 2012) ..................................................... 8

**Statutes**

15 U.S.C. § 78aaa ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 5 ................................................................................................................................ 8

Fed.R.Civ.P. 5(b)(2)(E) .................................................................................................................... 8

S.D.N.Y. L. R. 5.2 ............................................................................................................................. 8

**Other Authorities**

J. Klensin, RFC 2821: Simple Mail Transfer Protocol, Apr. 2001, http://www.faqs.org/rfcs/rfc2821.html .................................................................................. 10

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa et seq., and the estate of Bernard L. Madoff ("Madoff," or the "Debtor," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, hereby submits this Opposition to the application by Defendant Betty Klein ("Klein") for an Order permitting this Court to hear on the merits (hereinafter the "Application"), her "Motion Seeking a Withdrawal of Reference," filed in Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y.), No. 12-cv-05717 (S.D.N.Y. July 25, 2012), ECF No. 4. For the reasons discussed below, Klein's Application should be denied.

## PRELIMINARY STATEMENT

Klein requests that this Court consider, on the merits, her "Motion Seeking Withdrawal of Reference," because Klein's counsel claims he was neither aware of nor received notice of the April 2, 2012 deadline for filing Motions to Withdraw the Reference to the Bankruptcy Court established pursuant to the Administrative Order Establishing Deadline for Filing Motions to Withdraw the Reference, SIPC v. BLMIS (In re Madoff Sec.), Adv. Pro. No. 08-01789 (Bank. S.D.N.Y. Mar. 5, 2012), ECF No. 4707 (the "Administrative Order").[1] These assertions are simply devoid of merit.

First, the Trustee was authorized to electronically serve the Administrative Order on Klein's counsel pursuant to the Order Establishing Notice Procedures and Limiting Notice, In re Madoff Sec., Adv. Pro. No. 08-01789 (Bank. S.D.N.Y. Dec. 5, 2011), ECF No. 4560 (the

---

[1] A copy of the Administrative Order is annexed to the Declaration of Oren Warshavsky ("Warshavsky Decl.") at Exhibit A.

2

"Notice Procedures Order")[2] and a stipulation executed by Klein's counsel, filed on September 6, 2011, in which Klein's counsel designated the e-mail address, cas@charlesasinger.com, as the sufficient means for service of pleadings and documents. In addition, as a registered holder of an account on the Case Management/Electronic Case File ("CM/ECF") for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Klein's counsel consented to electronic service of all court filings.

Second, not only did Klein's counsel consent to electronic service of all pleadings and relevant documents at the e-mail address which he designated, cas@charlesasinger.com, but Klein's counsel was properly served with the Administrative Order. The Trustee has submitted herewith a sworn affidavit from Donlin, Recano & Company ("DRC"), the Trustee's agent for serving process, stating that employees of DRC served an electronic copy of the Administrative Order on Klein's counsel on March 6, 2012 at cas@CharlesASinger.com, and that the electronic mailing was not returned as undeliverable.[3] The affidavit creates a strong presumption that service of the Administrative Order was, in fact, effectuated. Klein's counsel has failed to provide any evidence to rebut this presumption other than by offering general denials and assertions that e-mail service of the Administrative Order simply never reached his computer. Klein's counsel argues that a variation in the case-format of his e-mail address affected receipt, although the Trustee has been able to regularly communicate with Klein's counsel using either variation of the e-mail address. Courts have consistently found such general denials insufficient

---

[2] See Warshavsky Decl. at Exhibit B.

[3] See Affidavit of Laura Campbell of Donlin, Recano & Company, Inc. in Support of the Trustee's Memorandum of Law in Opposition to Defendant Betty Klein's Application for an Order Allowing District Court's Consideration of Motion Seeking Withdrawal of the Reference dated September 18, 2012 (the "Campbell Affidavit").

3

to rebut the presumption of receipt. This Court should do the same and deny the current Application.

This Court should uphold the Administrative Order, with which thousands of defendants, other than Klein, in nearly 800 adversary proceedings were able to fully comply. This Court has previously ruled that "the April 2 deadline will be strictly enforced." See Order at 2, In re Madoff Sec., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. March 27, 2012), ECF No. 4741.[4] Granting Klein's Application would eviscerate the Administrative Order and invite any number of additional parties to bring similar motions. The Court should decline Klein's invitation to do so, and should instead deny Klein's motion as untimely.

## BACKGROUND

On December 2, 2010, the Trustee commenced his action in the Bankruptcy Court against Klein and Harvey E. Rothenberg Rev. Trust (the "Trust"), and Harvey E. Rothenberg (together with the Trust, the "HER Defendants"), by filing a complaint (the "Complaint"), Adv. Pro. 10-05072. In his Complaint, the Trustee seeks the return of $1,995,000 of fictitious profits received by the HER Defendants.[5] Defendant Klein was served with the Complaint on March 29, 2011. Since that time Klein received three extensions of time to answer, move or otherwise respond to the Complaint. The first extension of time filed on April 20, 2011, extended Klein's time to answer to July 6, 2011.[6] The second extension of time filed on June 22, 2011, extended

---

[4] See Warshavsky Decl. at Exhibit C.

[5] See Complaint, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Dec. 2, 2010), ECF No. 1. A copy of the Complaint is annexed to the Warshavsky Decl. at Exhibit D.

[6] See Notice of Extended Response Due Date, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. April 20, 2011), ECF No. 9. A copy of the Notice of Extended Response due date is annexed to Warshavsky Decl. at Exhibit E.

4

Klein's time to answer to September 6, 2011.[7] The third extension of time filed on September 6, 2011, extended Klein's time to answer to October 20, 2011.[8]

During that time Klein's counsel reached out to discuss a potential resolution of the Trustee's claims against his client.[9] On July 25, 2011, the Trustee's counsel met with Klein's counsel to discuss settlement. During that meeting, the Trustee, through his counsel, asked Klein's counsel to provide various documents in furtherance of settlement. More than a month after meeting with the Trustee's counsel, on September 7, 2011, Klein's counsel provided the Trustee with a portion of the documents requested in support of his client's proposed settlement offer. Then on September 15, 2011, Klein's counsel provided the Trustee with additional documents in support of his client's settlement proposal. As the Trustee was reviewing the materials provided, on September 29, 2011 Klein's counsel sent the Trustee's counsel an e-mail withdrawing his client's settlement offer.[10]

---

[7] See Stipulation Extending Time to Respond [And Designating Email Address Upon Which to Serve Defendant[s]], Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. June 22, 2011), ECF No. 11. A copy of the Notice of Extended Response due date is annexed to Warshavsky Decl. at Exhibit F.

[8] See Stipulation Extending Time to Respond And Designating Email Address Upon Which to Serve Defendant, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Sept. 6, 2011), ECF No. 13. A copy of the Notice of Extended Response due date is annexed to Warshavsky Decl. at Exhibit G.

[9] Although the Trustee disagrees that the references to settlement discussions are relevant to the relief requested in the Application, the Trustee feels compelled to respond to specific statements made concerning settlement discussions in the Declaration of Charles A. Singer in Support Application to Have Motion Seeking Withdrawal of Reference Filed With This Court on July 25, 2012, Heard on the Merits, filed in Picard v. Harvey E. Rothenberg Rev. Trust, et al., No. 12-cv-05717 (S.D.N.Y. July 25, 2012), ECF No. 9 (the "Singer Declaration"). See Singer Declaration, ¶¶ 15, 24.

[10] A redacted copy of the relevant email withdrawing the settlement offer is annexed to the Warshavsky Decl. at Exhibit H. The email is redacted in accordance with Federal Rules of Evidence 408 which prohibits evidence of settlement discussions, but does not require exclusion when offered for another purpose, "such as proving bias or prejudice of a witness, negating a

On October 20, 2011, Klein filed her answer to the Trustee's complaint.[11] Two months later, the HER Defendants filed their answer and cross-claims against Klein.[12] On January 4, 2012, Klein filed her cross-claims against the HER Defendants.[13] On January 25, 2012, the Trustee filed an Amended Complaint.[14] On March 7, 2012, Klein filed her answer to the Amended Complaint and on March 21, 2012, Klein filed her response to the cross-claims made by the HER Defendants and brought her own cross-claim.[15] On April 13, 2012 the HER Defendants filed their response to Klein's cross-claim.[16] Then on July 24, 2012, almost four months after the deadline set by this Court, Klein filed her motion to withdraw the Bankruptcy

---

contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." See FRE § 408.

[11] See Answer and Defenses to the Complaint, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Oct. 20, 2011), ECF No. 15.

[12] See Answer, Affirmative Defenses, and Cross Claims of Harvey E. Rothenberg Rev. Trust, and Harvey E. Rothenberg, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Dec. 14, 2011), ECF No. 16.

[13] See Reply, Affirmative Defenses and Cross Claim to the Answer, Affirmative Defenses and Cross Claim of Harvey E. Rothenberg Rev. Trust and Harvey E. Rothenberg, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Jan. 4, 2012), ECF No. 18.

[14] See Amended Complaint, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. Jan. 25, 2012), ECF No. 20.

[15] See Answer and Defenses to Amended Complaint, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. March 7, 2012), ECF No. 22; Amended Answer and Cross Claim, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. March 21, 2012), ECF No. 24.

[16] See The Harvey E. Rothenberg Rev. Trust's and Harvey Rothenberg's Answer and Affirmative Defenses to the Cross Claim of Betty Klein, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. April 13, 2012), ECF No. 26.

reference.[17]

**ARGUMENT**

I.   **DEFENDANT'S SERVICE ARGUMENTS ARE WITHOUT MERIT**

The Court should deny Klein's Application.  DRC properly served the Administrative Order on Klein's counsel by e-mail at cas@CharlesASinger.com, creating a "very strong" presumption that service was effectuated.  Offering only self-serving denials, Klein's counsel has failed to present objective evidence sufficient to rebut this presumption.

A.   **KLEIN'S COUNSEL CONSENTED TO ELECTRONIC SERVICE OF ALL PLEADINGS AND DOCUMENTS**

It is unquestionable that Klein's counsel has consented to electronic service of all pleadings and related documents, whether it was through participation in the CM/ECF system and/or through the e-mail address Klein's counsel provided to the Trustee at cas@charlesasinger.com.

First, as a registered e-filer, Klein's counsel consented to electronic service of court filings pursuant to the Bankruptcy Court's Superseding General Order M-242.  See Superseding General Order M-242 at Exhibit 1, Section II. B. 1, In re: Electronic Means For Filing, Signing and Verification of Documents, M-399 (Bankr. S.D.N.Y. May 17, 2010) (hereinafter "Electronic Filing Order").[18]  The Electronic Filing Order explicitly states that "[t]he Court's issuance of an account to a System user constitutes a waiver of conventional service with respect to that user, who agrees to accept service in the manner described in the previous sentence."[19]  See S.D.N.Y.

---

[17] See Motion Seeking Withdrawal of Reference, Picard v. Harvey E. Rothenberg Rev. Trust, et al., Adv. Pro. No. 10-05072 (Bankr. S.D.N.Y. July 24, 2012), ECF No. 27.

[18] See Warshavsky Decl. at Exhibit I.

[19] See id., at Exhibit 1, Part II, Section B.1.

L. R. 5.2 (providing that electronic service "is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York"); Fed.R.Civ.P. 5(b)(2)(E) ("A paper is served under this rule by . . . sending it by electronic means. . . "). See also Rocha v. Merit Sys. Prot. Bd., 688 F.3d 1307, 1310 (Fed. Cir. 2012) (noting that moving party, as a registered e-filer, consented to accept all documents issued in electronic form); Carovski v. Jordan, No. 06CV716S, 2008 WL 1805813 at *4 (W.D.N.Y. April 18, 2008) (same).

Second, Klein's counsel provided explicit consent to electronic service pursuant to a Stipulation executed on September 6, 2011, in which he designated the above-referenced e-mail address as the proper means of delivery of all and any relevant filings.[20] In fact, DRC also served Klein's counsel with an electronic copy of the *Trustee's Motion for Entry of a*n Order (I) Approving Litigation Case Management Procedures for Avoidance Actions, and (II) Amended Global Protective Order,[21] as well as the subsequent Notice Procedures Order entered by Judge Lifland, authorizing the Trustee to electronically serve defendants in the adversary proceedings with relevant pleadings and documents,[22] at the e-mail address, cas@CharlesASinger.com.[23] At

---

[20] See supra n. 8, annexed to Warshavsky Decl. at Exhibit G. This Stipulation specifically refers to the "Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order," which states under paragraph 3(E) that "each defendant shall file a notice with the Court, on or before the Response due date specifying the email address(es) for service of pleadings and documents on it." See Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order, In re Madoff Sec., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Nov. 10, 2010), ECF No. 3141 ("Litigation Case Management Order"). A copy of the Litigation Case Management Order is annexed to the Warshavsky Decl. at Exhibit J.

[21] See Motion for Entry of an Order (I) Approving Litigation Case Management Procedures for Avoidance Actions, and (II) Amended Global Protective Order, In re Madoff Sec., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Oct. 21, 2010), ECF No. 3058.

[22] See supra n. 2, annexed to Warshavsky Decl. at Exhibit B.

no point did Klein's counsel object to the motion seeking, inter alia, authorization of electronic service.

The Notice Procedures Order explicitly states, at Exhibit 1:

> any party whose interests are directly affected by a specific pleading but who has not previously filed a Notice of Appearance or otherwise designated an e-mail address for service may first be contacted by the party wishing to effect service (the "Noticing Party") and asked to designate (via e-mail, facsimile, or mailed letter) an e-mail address at which the party may be served. After such e-mail address has been so provided, service upon that e-mail address shall be deemed proper service.[24]

As such, any party who had not filed a Notice of Appearance, was asked to designate an e-mail address at which the party may be served any relevant pleadings and/or filings. Pursuant to the Stipulation that Klein's counsel previously executed on September 6, 2011, Klein counsel consented to receiving any relevant filings via e-mail service, regardless of whether Klein's counsel is registered to receive ECF notifications of filings.

### B.    THE TRUSTEE PROPERLY SERVED KLEIN'S COUNSEL

As stated in the sworn affidavit from DRC, employees of DRC e-mailed an electronic copy of the Administrative Order to Klein's counsel on March 6, 2012 at the email address, cas@CharlesASinger.com.[25]  This affidavit creates a "very strong" presumption that service of

---

[23] See Campbell Affidavit ¶ 5.

[24] See supra n. 2, at Exhibit 1, Part I, ¶ 1(e), annexed to Warshavsky Decl. at Exhibit B.

[25] See Campbell Affidavit ¶ 5. It should be noted that Mr. Singer acknowledges in his declaration the Affidavit of Service prepared by Laura Campbell of DRC, dated March 7, 2012, in connection with the service of Administrative Order and the existence of his email address on exhibit 1 thereto. See Singer Declaration, ¶¶ 38-40. Mr. Singer also references the Affidavit of Service prepared by Oleg Bitman of Baker & Hostetler LLP, which was also prepared in connection with the service of Administrative Order and notes that his name, e-mail address and/or office address do not appear on the relevant exhibit to Mr. Bitman's affidavit. See Singer Declaration, ¶¶ 36-37. As a matter of practice, Baker & Hostetler serves required notices on the

the Administrative Order was, in fact, effectuated. See, e.g., Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1996) ("[t]he mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit"); In re Dana Corp., No. 06–10354, 2007 WL 1577763, at *4 (Bankr. S.D.N.Y. May 30, 2007); In re Enron Corp., No. 01–16034, 2006 WL 897862 at *3 (Bankr. S.D.N.Y. Feb. 16, 2006).

The Campbell Affidavit further states that the case-format of the e-mail address, whether the first letters of his name were capitalized or lower-cased, does not and did not affect the electronic mailing of the Administrative Order. See Campbell Affidavit ¶ 4; see also J. Klensin, RFC 2821: Simple Mail Transfer Protocol at 13, Apr. 2001, http://www.faqs.org/rfcs/rfc2821.html (last visited Sept. 18, 2012) (stating "[m]ailbox domains are not case sensitive"). The e-mail was not returned as undeliverable to Klein's counsel. See Campbell Affidavit ¶ 6. The Trustee has served other documents on Klein's counsel at this e-mail address, and none of those e-mails were returned as undeliverable.[26] In addition, Klein's counsel has engaged in e-mail communications with the Trustee using both variations of his e-mail address (lower cased and capitalized) without any e-mails being returned as undeliverable.[27]

The Campbell Affidavit further states that normal procedures were followed in effectuating electronic service upon Klein's Counsel, and outlines the procedures in place for monitoring

---

parties to the "Master Service List" as defined in the Notice Procedures Order, and DRC serves required notices on the larger group of all relevant parties entitled to receive notice in connection with the Adversary Proceedings, also consistent with the Notice Procedures Order. See Campbell Affidavit ¶ 8. The Trustee served each group of parties required to receive notice of the Administrative Order with copies of same in the manner authorized by the Notice Procedures Order and entirely consistent with the directive in the Administrative Order requiring the Trustee to serve the "order on the affected parties on or before March 7, 2012." See id.

[26] See id. ¶ 6.

[27] See Warshavsky Decl. at Exhibit K.

10

whether e-mails were properly sent and whether an e-mail is returned due to error or other miscellaneous reasons.[28] However, no e-mail sent to Klein's counsel was returned as undeliverable, including the Administrative Order on March 6, 2012.[29] Accordingly, the presumption of receipt is properly invoked. See e.g., Akey v. Clinton Cnty., 375 F.3d 231, 235 (2d Cir. 2004) (finding, in an analogous situation involving mail service, that where a party has provided evidence that notice was "properly addressed and mailed in accordance with regular office procedures, it is entitled to a presumption that the notice[] [was] received"); see also In re Blanchard, Adv. Pro. No. 08–00034, 2008 WL 1782367, at *2-3 (Bankr. N.D. Iowa April 14, 2008); E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP, 432 Fed. Appx. 657, 659 (9th Cir. 2011).

While the presumption of receipt is rebuttable, "it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary." In re Dana Corp., 2007 WL 1577763, at *4. Affidavits simply asserting that a party did not receive an electronic copy of a relevant order or ruling are considered mere general denials and are insufficient to rebut the presumption of receipt. See e.g., Akey, 375 F.3d at 235; Nolan, 168 F.R.D. at 144; Ms. Interpret v. Rawe Druck–und–Veredlungs–GMBH (In re Ms. Interpret), 222 B.R. 409, 413–14 (Bankr. S.D.N.Y. 1998).

To rebut the presumption of proper service, Klein's counsel must offer "some proof that the regular office procedure was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable." Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993)

---

[28] See Campbell Affidavit ¶ 4.

[29] See Campbell Affidavit ¶¶ 6-7.

(quoting Meckel v. *Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).  However, Klein's counsel has not, and cannot, rebut the presumption of receipt.  In his affidavit, Klein's counsel contests the presumption of receipt merely by denying that he received the electronic service of a copy of the Administrative Order at the e-mail address, cas@CharlesASinger.com.  Moreover, Klein's counsel provides no proof that there was a breach in the procedures utilized in electronic service, or that the Trustee was careless in effectuating service as is required to rebut the presumption of receipt.  See e.g., BASF Corp. v. Norfolk S. Railway Co., No. 04-CV-9662, 2008 WL 678557, at *5 (S.D.N.Y. Mar. 10, 2008) (finding that the defendant effectively established the office procedures followed in the regular course of business and that those procedures were followed on the date in question, in the service of the disputed document).  Courts have uniformly found that such general denials are insufficient, as a matter of law, to rebut the presumption of receipt.

      Counsel suggested the case-format of his e-mail address (while accurate in name and spelling) affected his receipt of the Administrative Order.  However, DRC has provided an affidavit indicating that the format of the e-mail address—be it capitalized or not—does not affect its successful delivery to its intended recipient.[30]  Overall, Klein's counsel has provided no evidence to rebut the strong presumption that DRC properly served him with the Administrative Order at the e-mail address he provided to the Trustee.

## II. THIS COURT SHOULD STRICTLY ENFORCE THE ADMINISTRATIVE ORDER

      This Court should deny Klein's Application as untimely pursuant to the Administrative Order.  This Court has previously ruled that "the April 2 deadline will be strictly enforced," when denying another request for an extension of the deadline.  See Order at 2, In re Madoff

---

[30] See Campbell Affidavit ¶ 4.

Sec., Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. March 27, 2012) (ECF No. 4741).[31]

As the Administrative Order clearly states, "[i]n the interest of administrative efficiency, this Court has been informed by Judge Rakoff, and hereby notifies all parties to the Adversary Proceedings, that the District Court will automatically regard untimely any motion to withdraw . . . if such motion is not filed on or before April 2, 2012."[32] Thousands of defendants complied with the Administrative Order and filed motions to withdraw the reference on or before the firm April 2, 2012 deadline. Klein is no different from any other defendant in this regard and should she have felt it prudent to file a motion to withdraw the reference, she should have done so on or prior to April 2, 2012. To grant Klein's Application would wholly undercut the "administrative efficiency" the Administrative Order sought to ensure[33] and encourage additional untimely motions. Such efforts should not be countenanced.

---

[31] See supra n. 4, Warshavsky Decl. at Exhibit C.

[32] See supra n.1, Warshavsky Decl. at Exhibit A.

[33] Id.

## CONCLUSION

For the foregoing reasons, Klein's Application should be denied in its entirety.

Dated:  September 19, 2012
       New York, New York

/s/  Oren J. Warshavsky

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
E-mail: dsheehan@bakerlaw.com
Oren J. Warshavsky
E-mail:  owarshavsky@bakerlaw.com
Nicholas J. Cremona
E-mail: ncremona@bakerlaw.com
Anat Maytal
E-mail: amaytal@bakerlaw.com

Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff