```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :           12 MC 115 (JSR)
        Plaintiff,                   :
                                     :           MEMORANDUM ORDER
        -v-                          :
                                     :
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
        Defendant.                   :
------------------------------------x
                                     :
In re:                               :
                                     :
MADOFF SECURITIES                    :
                                     :
------------------------------------x
                                     :
PERTAINS TO THE FOLLOWING CASE:      :
                                     :
------------------------------------x
                                     :
IRVING H. PICARD,                    :
                                     :           12 Civ. 2318 (JSR)
        Plaintiff,                   :
                                     :
        -v-                          :
                                     :
ROBERT ROMAN,                        :
                                     :
        Defendant.                   :
                                     :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/12

JED S. RAKOFF, U.S.D.J.

On November 12, 2010, Irving H. Picard (the "Trustee"), appointed as trustee pursuant to the Securities Investor Protection Act ("SIPA") for the consolidated liquidation of Bernard L. Madoff Investment Securities, LLC ("Madoff Securities"), commenced an action in the Bankruptcy Court against defendant Robert Roman,

1

Bernard Madoff's brother-in-law and an investor in Madoff Securities, to recover fraudulent transfers that Madoff Securities paid to Roman. On March 28, 2012, Roman filed a motion under 28 U.S.C. § 157(d) seeking mandatory withdrawal of the reference of the Trustee's Action to the Bankruptcy Court. Roman filed an amended motion on March 30, 2012.

Withdrawal of the bankruptcy reference is mandatory where the movant shows that, absent the withdrawal, the bankruptcy judge would be obliged "to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *see also Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir. 1990) (withdrawal of the reference is required "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding").

Roman seeks withdrawal on the issue of whether the Trustee possesses standing under Article III of the United States Constitution to assert avoidance and recovery claims against Roman. Roman has also sought withdrawal on four issues that are being separately addressed as part of consolidated briefings ordered by the Court. *See* Consent Order Regarding § 546(e) dated May 15, 2012; Order Regarding Antecedent Debt dated May 12, 2012; Order Regarding *Stern v. Marshall* dated April 13, 2012. In this Memorandum Order, the Court addresses only the issue of standing.

2

straightforward and familiar interpretation of the Bankruptcy Code, SIPA and the Constitution, and does not require "substantial and material" consideration of non-bankruptcy federal law.

Although Roman relies heavily on this Court's decision to withdraw the reference on issues of standing in *Picard v. HSBC Bank PLC*, 450 B.R. 406 (S.D.N.Y. 2011), in fact the reasoning of that opinion cuts against Roman's motion here. There, the Court was concerned with whether SIPA -- which has both bankruptcy and non-bankruptcy components -- permitted the Trustee to bring common law claims -- not statutory bankruptcy actions -- against the defendants in that case. Thus, the Trustee's novel use of SIPA to bring non-bankruptcy claims that would otherwise be barred by the doctrine of *in pari delicto* presented substantial and material consideration of SIPA in its non-bankruptcy aspects. *See* 450 B.R. at 410. By contrast, here SIPA and the Bankruptcy Code work in tandem to grant the Trustee the authority to bring statutory avoidance and recovery claims on behalf of the estate itself, *see* 15 U.S.C. § 78fff-2(c)(3), and thus the Trustee's claims for avoidance and recovery of fraudulent transfers entails only a straightforward analysis of SIPA in its classic bankruptcy aspects. Thus, in contrast to *HSBC*, there is no "conflict between SIPA and ordinary bankruptcy law" that would mandate withdrawal of the reference. 450 B.R. at 413. Similarly, the constitutional issues here presented are familiar ones in the bankruptcy context.

4

So far as the standing issue is concerned, Roman asserts that because a thief never takes title to stolen property, the Trustee has no standing to pursue customer funds, which Madoff Securities held as a fiduciary and stole from its customers. Since the Trustee would not otherwise have standing, Roman argues, the Trustee must look to SIPA to provide him with standing to seek recovery of customer funds, but a statutory grant of standing cannot create an "injury in fact," a requirement of constitutional standing, where none exists. Thus, according to Roman, withdrawal of the question of standing is necessary because the question of whether the Trustee has standing to bring avoidance and recovery claims requires substantial and material consideration both of SIPA and of federal constitutional law.

It is indisputable that standing is an important threshold issue in any case. *See Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 117 (2d Cir. 1991). That this is so, however, does not imply that determining whether the Trustee has standing here requires more than the "simple application" of federal constitutional law and SIPA. As this Court has previously stated, "not every issue arising under SIPA mandates withdrawal; instead, only issues requiring substantial and material interpretation of SIPA require withdrawal." Order at 2, *Picard v. Fiterman Inv. Fund*, 12 MC 115 (JSR) (S.D.N.Y. June 7, 2012). Here, the Court finds that the question of whether the Trustee has standing to bring its avoidance and recovery claims against Roman can be answered through

3

Accordingly, the Court denies Roman's motion to withdraw the reference on the issue of Article III standing, without prejudice to the other withdrawal issues raised by the motion that are the subjects of consolidated briefing.

SO ORDERED.

Dated: New York, NY
November /2, 2012

                                              JED S. RAKOFF, U.S.D.J.