**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
SECURITIES INVESTOR
PROTECTION CORPORATION,

                Plaintiff,

      v.                                 12-MC-115 (JSR)

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC,

                Defendants.
-------------------------------------------------------x
In re

BERNARD L. MADOFF SECURITIES,     **(Relates to consolidated proceedings**
                Debtor.                   **on 11 U.S.C. § 550(a))**
-------------------------------------------------------x

## CONSOLIDATED REPLY MEMORANDUM OF LAW IN SUPPORT OF SUBSEQUENT TRANSFEREES' MOTION TO DISMISS <u>FOR FAILURE TO ASSERT A TIMELY AVOIDANCE CLAIM</u>

 

Robinson B. Lacy
Sharon L. Nelles
Patrick B. Berarducci
Yavar Bathaee
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

*Attorneys for Movants Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered International (USA) Ltd.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

REPLY STATEMENT .....................................................................................................................1

ARGUMENT ....................................................................................................................................2

I. THE TRUSTEE MUST PREVAIL IN AN AVOIDANCE CLAIM AGAINST THE SUBSEQUENT TRANSFEREES IN ORDER TO RECOVER FROM THEM UNDER SECTION 550.........................................................................................2

II. THE TRUSTEE AND SIPC'S RELIANCE ON THE LIMITATIONS PERIOD OF SECTION 550(F) IS MISPLACED. ...........................................................................4

III. IT IS THE TRUSTEE AND SIPC'S POSITION CONCERNING THE APPLICABLE STATUTE OF LIMITATIONS—AND NOT THE MOVANTS'—THAT WILL BURDEN JUDICIAL RESOURCES AND THE ESTATE...........................................................................................................................10

IV. SECTION 78FFF-2(C)(3) OF SIPA DOES NOT EXCUSE THE TRUSTEE FROM COMPLYING WITH SECTION 546(A)..............................................................12

V. THE ISSUE 1 DEFENDANTS' AND MOVANTS' POSITIONS ARE NOT INCONSISTENT AND THEIR DIFFERENCES DO NOT SUPPORT THE TRUSTEE AND SIPC'S POSITION. ..............................................................................14

CONCLUSION................................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*ASARCO LLC v. Shore Terminals LLC*,
   2012 WL 2050253 (N.D. Cal. June 6, 2012) ............................................................................7

*Cal. Pub. Emp. Retirement Sys. v. Caboto-Gruppo Intesa BCI*
   (*In re Worldcom Secs. Litig.*), 496 F.3d 245 (2d Cir. 2007) ..................................................10

*Dye v. Sachs (In re Flashcom, Inc.,)*,
   361 B.R. 519 (Bankr. C.D. Cal. 2007) ............................................................................3, 4, 7

*Eldred v. Ashcroft*,
   537 U.S. 186 (2003) ................................................................................................................12

*Hill v. Spencer Sav. & Loan Ass'n* (*In re Bevill, Bresler & Schulman, Inc.*),
   83 B.R. 880 (D.N.J. 1988) .....................................................................................................14

*In re M. Fabrikant & Sons, Inc.*,
   394 B.R. 721 (Bankr. S.D.N.Y. 2008) ...............................................................................5, 9

*Jobin v. Boryla (In re M&L Bus. Mach. Co.)*,
   75 F.3d 586, 591 (10th Cir. 1996) .........................................................................................12

*Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*,
   2005 Bankr. LEXIS 662 (Bankr. D. Kan. Apr. 14, 2005) ..............................................3, 5, 8

*Official Unsecured Creditors Comm. v. United States Nat'l Bank*
   (*In re Suffola, Inc.*), 2 F.3d 977 (9th Cir. 1993) .....................................................................4

*Pearson v. Northeast Airlines, Inc.*,
   309 F.2d 553 (2d Cir. 1962) ..................................................................................................10

*Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Inv. Sec. LLC)*,
   480 B.R. 501, 2012 WL 4856207 (Bankr. S.D.N.Y. Oct. 11, 2012) ................................. 6-8

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*,
   440 B.R. 243 (Bankr. S.D.N.Y. 2010) ..................................................................................14

*Picard v. Taylor (In re Park S. Sec., LLC)*,
   326 B.R. 505 (Bankr. S.D.N.Y. 2005) ..................................................................................14

*Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*,
   415 B.R. 346 (Bankr. S.D. Ind. 2009) ....................................................................................9

*Reiser v. Moorman* (*In re Equity Land Title Agency, Inc.*),
   370 B.R. 154 (Bankr. S.D. Ohio 2007) ............................................................................ 5, 8-9

## TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Thompson v. Jonovich (In re Food & Fibre Prot., Ltd.)*,
   168 B.R. 408 (Bankr. D. Ariz. 1994) .................................................................. 3, 4, 7

*Weinman v. Fidelity Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*,
   354 F.3d 1246 (10th Cir. 2004) ............................................................................ 11

*Woods & Erickson LLP v. Leonard (In re AVI)*,
   389 B.R. 721 (B.A.P. 9th Cir. 2008) ................................................................... 5, 8

### STATUTES

11 U.S.C. § 546(a) ............................................................................................... *passim*

11 U.S.C. § 547 .................................................................................................... *passim*

11 U.S.C. § 550 .................................................................................................... *passim*

Bankruptcy Reform Act of 1994, Pub. L. 103-394, § 202, 108 Stat. 4106 .................. 4

Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549 ............................... 14

Chandler Act, Pub. L. 575, 52 Stat. 840 (1938) ......................................................... 13

Securities Investor Protection Act Amendments of 1978,
   Pub. L. 95-283, 92 Stat. 249 ............................................................................ 13-14

Securities Investor Protection Act of 1970, Pub. L. 91-598, 84 Stat. 1636 ............... 13

### RULES

Fed. R. Bankr. P. 2004 ................................................................................................ 11

Fed. R. Civ. P. 20 ........................................................................................................ 10

Fed. R. Civ. P. 23(a) ............................................................................................. 10-11

Fed. Rules Civ. P. 15 .................................................................................................... 9

### OTHER AUTHORITIES

5 Collier on Bankruptcy ¶ 5.02[3] (16th ed. 2012) .................................................... 12

## REPLY STATEMENT

The Trustee and SIPC misstate the controlling facts relating to the Fairfield settlement that are established by the record of the proceedings in the bankruptcy court and pointed out in the Movants' Opening Memorandum. The Trustee asserts that he "has, through the settlement with Fairfield, effectively 'avoided' the initial transfers from BLMIS." (Tr. Mem. 19.) He also makes the astonishing assertion, based solely on the language in the Settlement Agreement, that Judge Lifland's order approving it "expressly contemplated that the Trustee would use the settlement and consent judgment in recovery proceedings against subsequent transferees." (*Id*. at 25.) SIPC likewise asserts that the Settlement Agreement "specifically provided that 'the Judgments may be used by the Trustee to prosecute Subsequent Transfer Claims, and then for the purpose of establishing the avoidance of the Withdrawals,'" and that "the Bankruptcy Court entered judgment in favor of the Trustee, as against Fairfield, as initial transferee, on the Transferee's avoidance claims." (SIPC Mem. 3-4.) SIPC repeats the substance of these assertions as the conclusion of its argument concerning Issue 2. (*Id*. at 22.)

In fact, the provision quoted from the Settlement Agreement provides no support for the Trustee's claims against the Movants because (1) it is simply a provision of an agreement to which the Movants are not parties and (2) the *Trustee agreed*, and the *order approving the settlement expressly provided*, that "nothing in the Agreement shall restrict, interfere or otherwise affect any rights, defenses and/or remedies that may be asserted by the Trustee, Designated Subsequent Transferees and Non-Designated Subsequent Transferees in connection with" the Trustee's claims against the subsequent transferees.[1] (Tr. 10-11 (June 7, 2011)

---

[1]     The Trustee's attempt to limit the effect of his agreement and the bankruptcy court's order to an acknowledgement that the subsequent transferees could assert any "defenses

(*footnote continued*)

(Bathaee Declaration Exh. D); Order Approving Settlement 3 (Bathaee Declaration Exh. E).) The judgment that was actually entered was simply an award of money damages, and did not avoid any transfers. (Consent Judgment ¶ 1 (Bathaee Declaration Exh. F). Moreover, while the stated amount of the Judgment was equal to the amount of the transfers the Trustee sued to avoid, the Settlement Agreement limits the amount the Trustee can recover pursuant to the Judgment to a small fraction of that amount (Settlement Agreement (Exh. A to Bathaee Declaration Exh. B) ¶¶ 1-2, 4-9) and the Judgment expressly provides that it may only be enforced to the extent permitted by the Agreement (Consent Judgment ¶ 2) (Bathaee Declaration Exh. F).

## ARGUMENT

### I. THE TRUSTEE MUST PREVAIL IN AN AVOIDANCE CLAIM AGAINST THE SUBSEQUENT TRANSFEREES IN ORDER TO RECOVER FROM THEM UNDER SECTION 550.

As shown in Movants' Opening Memorandum, the Trustee cannot prevail on his Section 550 claims against the Movants because he has not asserted claims against them under the Avoidance Provisions. (Op. Mem. 6-11.) Section 550(a) only authorizes the Trustee to recover from a subsequent transferee "to the extent that the transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a)." Under the Due Process Clause this requirement can only be satisfied by a judgment of avoidance that is binding on the respective Movant. Any proceeding in which the Trustee seeks such a judgment will be "[a]n action or proceeding under section 544, 545, 547, 548, or 553," subject to the time limit imposed by 11 U.S.C. § 546(a).

There is no merit to the Trustee's contention that "the cases cited by these defendants

---

(*footnote continued*)
available to the initial transferee" (Tr. Mem. 26 n.13) is not supported by anything in the transcript of his lawyer's announcement of the agreement or the order itself.

merely hold that their rights to due process afford them the opportunity to contest the avoidability of the initial transfers, to the extent that issue was not fully adjudicated in a prior proceeding." (Tr. Mem. 26.)  All three of the cases cited by the Trustee contradict his assertion that they only afford a transferee the right to "contest the avoidability of the initial transfers." In fact, they all hold that the Trustee has the burden of proving a claim for avoidance:

> In sum, to recover the amount of the Transfer from Respondents, Movants must prove the elements of avoidance under §547(b) by a preponderance of the evidence.

*Dye v. Sachs (In re Flashcom, Inc.,)*, 361 B.R. 519, 526 (Bankr. C.D. Cal. 2007).

> [T]he Trustee must establish that it is proper to avoid the transfer from the Debtor to Jonovich, then establish that J.S. Stephens, as the subsequent recipient of the money the Debtor paid Jonovitch, is a "transferee" from whom payment may be recovered under Section 550(a), subsections (1) or (2).

*Thompson v. Jonovich (In re Food & Fibre Prot., Ltd.)*, 168 B.R. 408, 416 (Bankr. D. Ariz. 1994).

> In order to recover under section 550, the Trustee must establish that the transfer to the Bank was avoidable under section 547 and that the Bank was a transferee of the funds.

*Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*, 2005 Bankr. LEXIS 662 at *17 (Bankr. D. Kan. Apr. 14, 2005).  In *Morris v. Emprise* the court dismissed the Trustee's claim because it was not asserted within the time prescribed by section 546(a). *Id.* at *7.

If the Trustee is arguing that the holdings of these cases apply only when the issue of avoidance has not been "fully adjudicated" because the prior judgments were based on a default or settlements, the short answer is that this fact is irrelevant to the due process concerns on which the decisions are based.  The Trustee simply ignores the Supreme Court's repeated holdings, five of which are cited on page 9 of Movants' Opening Memorandum, that a prior proceeding in which neither the defendant nor its representative was a party can have no effect on the defendant's rights.  Whether or not "fully adjudicated," a proceeding to which the defendant was

-3-

not a party cannot produce a determination binding on the defendant, reverse the burden of pleading, or limit the defenses that the defendant can assert in the subsequent proceeding.

The language quoted above from *Dye*, *Thompson*, and *Jones Storage* also belie SIPC's assertion, similar to the Trustee's, that the "limitation" that a Trustee may only recover proceeds of a transfer that has been avoided merely "invokes the defenses available to avoidance of the transfer; it does not require a separate avoidance or otherwise serve as a defense itself." (SIPC Mem. 19.) The only case cited by SIPC to support this argument, *Official Unsecured Creditors Comm. v. United States Nat'l Bank (In re Suffola, Inc.)*, 2 F.3d 977 (9th Cir. 1993), says nothing of the sort. In that case the creditors committee brought both an avoidance claim under Section 547(b) and a recovery claim under Section 550 against the defendant, *id.* at 978-79, and nothing in the opinion suggests that the trustee was not required to assert the avoidance claim.[2]

## II. THE TRUSTEE AND SIPC'S RELIANCE ON THE LIMITATIONS PERIOD OF SECTION 550(F) IS MISPLACED.

There is no merit to the Trustee and SIPC's contention that the Movants, by relying on the two-year limitations period of section 546(a), are seeking to nullify section 550(f) by improperly importing the limitations period for avoidance actions into these recovery proceedings. (Tr. Mem. 20-22; SIPC Mem. 20-21.) Movants are not attempting to import the limitations period of section 546(a) into section 550. They are simply pointing out that prevailing on a claim under section 550 requires avoidance of the initial transfer, and the time to commence a proceeding to avoid a transfer under the avoidance provisions relevant to the

---

[2] The precise holding of *Suffola* was that a trustee (or committee exercising the powers of a trustee) could avoid a payment made more than 90 days before bankruptcy as a preference if it benefitted an insider, pursuant to the extended preference period for payments to or for the benefit of insiders in 11 U.S.C. § 547(b)(4)(B), and then recover it from a non-insider lender. That holding was overruled by the enactment of 11 U.S.C. § 550(c) in the Bankruptcy Reform Act of 1994, Pub. L. 103-394, § 202, 108 Stat. 4106, 4121.

Trustee's claims is prescribed by section 546(a).

As explained by Chief Bankruptcy Judge Bernstein, this does not render section 550(f) a nullity. *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 745 n.23 (Bankr. S.D.N.Y. 2008). The Trustee may not need to assert claims under section 550. "For example, if a trustee challenges the granting of a mortgage, and the court avoids the mortgage as a fraudulent transfer, the declaration of voidness ends the litigation -- the trustee does not need to 'recover' the mortgage." *Id.* at 741. A trustee may also wish to obtain a determination concerning whether the transfer can be avoided before tackling the additional burdens of recovering the proceeds, such as proving that a subsequent transferee is not a good faith transferee for value. Section 550(f) thus gives added flexibility to a trustee who initially chooses not to seek recovery and avoidance in the same suit, by allowing an action for recovery up to one year after a successful avoidance. A trustee must nonetheless assert an avoidance claim against the defendant in the recovery proceeding within the limitary period prescribed for the relevant avoidance provision, in this case section 546(a). *Id.* at 745 n.23; *see also Woods & Erickson LLP v. Leonard (In re AVI)*, 389 B.R. 721, 734 (B.A.P. 9th Cir. 2008); *Reiser v. Moorman* (*In re Equity Land Title Agency, Inc.*), 370 B.R. 154, 160-61 (Bankr. S.D. Ohio 2007); *Morris v. Emprise Bank*, 2005 Bankr. LEXIS 662 at *17.

Section 550(a) applies to claims against both initial transferees and subsequent transferees, but the Trustee and SIPC treat it as imposing completely different requirements depending on whether the defendants are initial or subsequent transferees. First, under the Trustee and SIPC's position, while a trustee could not recover transfers from initial transferees without successfully asserting both an avoidance and a recovery claim, a trustee could recover transfers from subsequent transferees based only on a recovery claim unless the defendant established a defense to the avoidance claim. Second, initial transferees would have the

assurance that a trustee could not recover transfers from them if he did not commence a proceeding against them within the two-year period prescribed by section 546(a), but subsequent transferees could be sued for an undefined amount of time, up to one year after a trustee concludes litigation with another transferee.  Section 550(f) does not authorize this disparate treatment of initial and subsequent transferees.

Judge Lifland's recent decision in *Picard v. Bureau of Labor Insurance*, 480 B.R. 501, 2012 WL 4856207 (Bankr. S.D.N.Y. Oct. 11, 2012) does not provide persuasive support for the Trustee and SIPC's position.  In that case, defendant Bureau of Labor Insurance ("BLI") — which allegedly received subsequent transfers from Fairfield Sentry—argued that (1) because the Trustee's settlement with the Fairfield Funds did not avoid the initial transfer, the limitations period in section 550(f) never began to run and (2) in order to avoid the "absurd result" that the section 550(f) limitations period would never begin to run, the court should apply section 546(a) to bar the claims under section 550.  Judge Lifland rejected the argument, reasoning that:

> Although the Settlement does not constitute a formal avoidance of the initial transfer from BLMIS to Fairfield, it presents the Court with finality with respect to Fairfield Sentry.  This finality triggers the relevant one-year statute of limitations under section 550(f) of the Code.  Without such a trigger, the Trustee would be permitted to bring suit against a subsequent transferee for an indefinite amount of time, a highly inequitable result.

2012 WL 4856207 at *16.  Judge Lifland stated that BLI would "be afforded its due process rights to contest the avoidability of these initial transfers," *id.,* but his opinion does not discuss the possibility that the Trustee was required to bring an avoidance claim against BLI that would be subject to section 546(a).

Judge Lifland's holding that the "finality" resulting from a settlement that conspicuously did not avoid any transfer is the equivalent of the avoidance referred to in section 550(f) is flatly inconsistent with the plain language of the statute.  He expressly acknowledged that "the

-6-

Trustee's Settlement with Fairfield Sentry did not involve any determination on the merits as to the initial transfers." *Id.*. His argument that treating the settlement as triggering the one-year period prescribed by section 550(f) was necessary because otherwise "the Trustee would be permitted to bring suit against a subsequent transferee for an indefinite amount of time" is incorrect because the Trustee is required to assert a preference or fraudulent transfer claim against the subsequent transferee within the time prescribed by section 546(a). Finally, there is no basis for Judge Lifland's apparent view that the conceded requirement that the Trustee must demonstrate that the transfer is avoidable in the proceeding against the subsequent transferee does not require the Trustee to commence "an action or proceeding under" an avoidance provision, *see* 11 U.S.C. § 546(a), governed by the statute of limitations applicable to such proceedings.

The authorities relied on by Judge Lifland in *BLI* do not support either his decision or the Trustee and SIPC's position in this litigation. The only case he cited to support his conclusion that "finality" triggered the statute of limitations under section 550(f), *ASARCO LLC v. Shore Terminals LLC*, 2012 WL 2050253 at *5 (N.D. Cal. June 6, 2012) (cited at 2012 WL 4856207 at *16), concerned a provision of CERCLA that expressly established a limitary period triggered by a judicially approved settlement. *ASARCO* has nothing to do with section 550(f) or any language comparable to that section. In his discussion of defendant's "due process rights to contest the avoidability of these initial transfers," Judge Lifland cited the three cases discussed on page 3 above, *Dye*, *Thompson*, and *Morris*, 2012 WL 4856207 at *16, and those cases squarely hold that the trustee must assert an avoidance claim against the subsequent transferee.

Indeed, in his separate discussion holding that the Trustee did not have to obtain a judgment of avoidance against the initial transferee, Judge Lifland relied on two cases that directly support the Movants' position on Issue 2. *See* 2012 WL 4856207 at *15. First, he cited

*Fabrikant*, which is discussed and quoted at length on pages 8-10 and 12 of Movants' Opening Memorandum.  He also cited *Woods & Erickson LLP v. Leonard*, in which the trustee asserted both an avoidance claim under section 549 and a recovery claim under section 550 against a subsequent transferee, *see id*. at 727.  That decision expressly states that the Trustee must satisfy the statutes of limitations applicable to both the recovery and the avoidance claims:

> [W]e perceive no impediment to giving effect to the different statutes of limitations for avoidance under § 549 and recovery under § 550.  Each statute of limitation has meaning depending upon which remedy the trustee seeks.  For example, while avoidance is a necessary precondition to any recovery under § 550, it is permissible, but not mandatory, to bring an avoidance action and a recovery action in one suit.  Thus, if the trustee seeks to avoid a transfer and recover the property or its value in the same adversary proceeding, assuming the avoidance is timely and established, then the recovery action will necessarily be within the one year pursuant to § 550(f). Alternatively, if the trustee prosecutes a separate adversary proceeding for avoidance and then a subsequent adversary proceeding for recovery, the avoidance action is subject to the statute of limitations under § 549(d) and § 550(f) is applicable to the recovery adversary proceeding.

389 B.R. at 734 (citations and footnote omitted).

The Trustee's and SIPC's attempts to distinguish the cases relied on by Movants is completely unsuccessful.  The Trustee argues that in *Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)* the claim against the subsequent transferee was dismissed based on the untimeliness of the claim against the initial transferee.  (Tr. Mem. 24.)  To the contrary, while the court there recognized that the initial transferee had failed to assert a valid statute of limitations defense, it did not rely on that fact to dismiss the claims against the subsequent transferee.  2005 Bankr. LEXIS 662 at *11-12.  The court dismissed the "section 550 Adversary" against the subsequent transferee because "section 546(a), which governs the Trustee's bringing of a preference action, ran . . . long before *the filing of the section 550 Adversary*." *Id.* at *17 (emphasis added).  The Trustee and SIPC both argue that *Rieser v. Moorman (In re Equity Land Title Agency, Inc.)* is distinguishable because the bankruptcy court in that case had expressly

limited the preclusive effect of the default judgment that it entered against the initial transferees. (Tr. Mem. 24-25; SIPC Mem. 21-22.)  However, the actual reason why the court dismissed the trustee's section 550 claim in that case was that the trustee had not asserted a claim to avoid the relevant initial transfer and section 546(a) barred him from doing so.  370 B.R. at 161.[3]  Finally, the Movants' Opening Memorandum quoted extensively from and relied on Chief Bankruptcy Judge Bernstein's decision in *In re M. Fabrikant & Sons, Inc.*  However, while the Trustee and SIPC cite this decision repeatedly in opposition to the Issue 1 motion, they do not even mention it in responding to the Issue 2 motion.

Finally, there is no color of merit to the Trustee's contention that the Movants' position would frustrate the purpose of section 550(f)'s limitations period because "it is clear from the statutory scheme that Congress intended for a trustee to have an open-ended statute of limitations under Section 550(f) that may not be triggered for several years."  (Tr. Mem. 25.)  The only case cited by the Trustee on this point, *Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346, 353 (Bankr. S.D. Ind. 2009), says nothing about Congress's intent or, as discussed on page 14 of Movants' Opening Memorandum, any other issue relevant to this motion.[4]  In fact, it is the Trustee's position that would frustrate the purposes of the relevant statutes of limitations.  As he

---

[3]   If the limitation on the preclusive effect of the default judgment in *Rieser v. Moorman* were significant, the order approving the Fairfield settlement likewise provides that "nothing in the Agreement shall restrict, interfere, or otherwise affect any rights, defenses and/or remedies" in the Trustee's proceedings against subsequent transferees.

[4]   In *Pry* the trustee filed an amended complaint in which she named the wife of one of the original defendants as a defendant in a claim that the court concluded was made "solely for purposes of recovery under § 550(a)."  415 B.R. at 353.  The wife moved to dismiss on the ground that the amendment did not relate back under Fed. R. Civ. P. 15 and the bankruptcy court denied the motion because the one-year period prescribed by section 550(f) had not elapsed.  *Id*.  There was no discussion of whether the trustee was required to assert an avoidance claim against the new defendant or of the time within which she was required to do so.

acknowledges, statutes of limitations are intended to protect parties against stale claims, *Cal. Pub. Emp. Retirement Sys. v. Caboto-Gruppo Intesa BCI (In re Worldcom Secs. Litig.)*, 496 F.3d 245, 253 (2d Cir. 2007), to relieve the courts from adjudicating old disputes where evidence may have been forgotten, and to provide defendants with a disposition of claims within a reasonable time, *Pearson v. Northeast Airlines, Inc.*, 309 F.2d 553, 559 & n.13 (2d Cir. 1962). To serve these interests in the context of preference and fraudulent transfer claims, Congress has expressly provided a two-year limitations period. The Trustee's interpretation of section 550(f) would eviscerate this limitation and force subsequent transferees to litigate whether transfers constituted preferences or fraudulent transfers in the context of section 550 claims commenced long after the limitations period that Congress designated for such issues.

### III.  IT IS THE TRUSTEE AND SIPC'S POSITION CONCERNING THE APPLICABLE STATUTE OF LIMITATIONS—AND NOT THE MOVANTS'—THAT WILL BURDEN JUDICIAL RESOURCES AND THE ESTATE.

There is absolutely no merit to the Trustee and SIPC's argument that requiring a trustee to assert a timely avoidance claim against subsequent transferees would be "a burden on judicial resources and the debtor's estate" because it would require "a trustee to bring separate avoidance actions for the same transfer against the initial transferee and every subsequent transferee, all within the statute of limitations for avoidance actions." (SIPC Mem. 18.)

In fact, it is the Trustee who has elected to pursue his claims in the most burdensome manner imaginable. Prior to the expiration of the two-year statute of limitations the Trustee would have been free (a) to bring a single action against all parties, *see* Fed. R. Civ. P. 20, or (b) to sue all the initial and subsequent transferees as part of a defendant class, *see* Fed. R. Civ. P. 23(a) ("One or more members of a class may sue *or be sued* as representative parties on behalf of

all members" (emphasis added)).[5]  It is the Trustee that instead chose to bring scores of separate proceedings.  The Trustee and SIPC concede that the due process rights of the Movants require that they "will have the same opportunity to contest the avoidability of the transfer afforded to the initial transferees." (SIPC Mem. 13; Tr. Mem. 26.)  The Movants' conceded right to "contest the avoidability of the transfer" means that even under the Trustee's and SIPC's theory, all the factual issues presented by the application of the avoidance provisions to the initial transfer will be the subject of discovery, motion practice, and potential trial in each of scores of separate proceedings.

There is equally little merit to the Trustee's and SIPC's contention that it may be impractical for a trustee to identify all the subsequent transferees within the two-year period prescribed by section 546(a).  (Tr. Mem. 21-22; SIPC Mem. 21.)  Bankruptcy trustees have tools to assist them in identifying potential defendants that are not available to other private litigants, such as the ability to subpoena information before commencing litigation under Bankruptcy Rule 2004.[6]  In addition, "The limitations period in section 546(a) may be equitably tolled when a

---

[5] The Tenth Circuit affirmed the bankruptcy court's certification of a defendant class of transferees of alleged fraudulent transfers in *Weinman v. Fidelity Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*, 354 F.3d 1246, 1261-66 (10th Cir. 2004). Lehman Brothers Special Financing Inc. has asserted avoidance claims, among others, against a defendant class of noteholders (*see* Second Amended Complaint, *Lehman Brothers Special Financing Inc. v. Bank of America N.A., et al. (In re Lehman Brothers Holdings Inc.)*, ¶¶ 25-31, Adv. No. 10-3547 (JMP) (Bankr. S.D.N.Y. July 23, 2012)), but has not yet moved for class certification.   Movants do not concede the appropriateness of a mandatory class action for this purpose, but a timely opt-out class action would require any transferees that did not wish to be bound by the judgment against the class to identify themselves.

[6] The Trustee could obviously have obtained Fairfield's and Kingate's records of the redemption payments that comprise most of the subsequent transfers at issue here long before the expiration of the two-year period prescribed by section 546(a).  He also learned or ought to have learned that many of the Movants were alleged subsequent transferees based on the publicly-filed complaints in the so-called Redeemer Actions in which the Fairfield Liquidators sought to recover redemption payments from many of the Movants.

trustee, exercising due diligence, has been prevented from asserting a cause of action because he or she remains unaware of the action due to fraud or misrepresentation, or when 'extraordinary circumstances beyond [the trustee's] control [make] it impossible to file claims on time.'" 5 Collier on Bankruptcy ¶ 5.02[3], at 546-17 to -18 (16th ed. 2012) (footnotes omitted) (quoting *Jobin v. Boryla (In re M&L Bus. Mach. Co.)*, 75 F.3d 586, 591 (10th Cir. 1996). Moreover, there is no need to identify all the members of a defendant class before commencing a class action.

In any event, a court cannot rewrite a statute, much less abrogate the Due Process Clause, simply because the Trustee and SIPC find them inexpedient. Even if the proper interpretation of a statute upholds a "very bad policy," "[t]he wisdom of Congress' action . . .is not within our province to second-guess." *Eldred v. Ashcroft*, 537 U.S. 186, 222 (2003). "Bankruptcy law specifically recognizes that 'deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.'" *Rieser v. Moorman*, 370 B.R. at 161 (quoting *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992)).

## IV. SECTION 78FFF-2(C)(3) OF SIPA DOES NOT EXCUSE THE TRUSTEE FROM COMPLYING WITH SECTION 546(A).

The Trustee and SIPC assert, somewhat tentatively, that the language in SIPA § 78fff-2(c)(3) stating that a SIPA trustee may recover customer property to the extent that a transfer is "voidable or void" under the Bankruptcy Code requires denial of the motion relating to Issue 1 (Tr. Mem. 7; SIPC Mem. 8),[7] but seem not to suggest that the language has any relevance to

---

[7] This argument is at odds with the rest of the Trustee's opposition brief, which goes out of the way to emphasize that the Trustee is seeking to recover transfers under section 550 and not section 78fff-2(c)(3). (*E.g.,* Tr. Mem. 1 ("Utilizing the fraudulent conveyance provisions of Bankruptcy Code §§ 547, 548 and 550, among others, the Trustee timely commenced a number of avoidance and recovery actions against initial and subsequent transferees who received stolen BLMIS customer property.").) Similarly, SIPC acknowledges that section 78fff-2(c)(3) "[m]ore

(*footnote continued*)

Issue 2. For the avoidance of doubt, it is clear that this language provides no basis for opposing the Issue 2 motion. Even if section 78fff-2(c)(3) could be construed as creating a right of recovery independent of section 550, it would still require the Trustee to establish that the initial transfer is "voidable or void under title 11 of the United States Code," and any proceeding in which the Trustee seeks to establish that a transfer is "voidable or void" as a preference or fraudulent transfer would be an "action or proceeding under sections 544, 545, 547, 548, or 553" subject to the two-year limitation of section 546(a). Moreover, section 78fff-2(c)(3) cannot be construed to authorize any proceeding against a subsequent transferee. It only refers to recovery of a transfer that is voidable or void under the Bankruptcy Code, and the Trustee recognizes that the only transfers that can be avoided under the Bankruptcy Code's preference and fraudulent transfer provisions are initial transfers by the debtor. (Tr. Mem. 8.)

In fact, no court has interpreted section 78fff-2(c)(3) as creating an independent cause of action pursuant to which a SIPA trustee may recover transfers independent of the requirements and statutes of limitations for avoidance and recovery claims in the Bankruptcy Code.[8] That

---

(*footnote continued*)
likely" only "restates the requirements for recovery under the Bankruptcy Code" and thus still requires the Trustee to meet the requirements of section 550 in order to recover transfers from Movants. (SIPC Mem. 8.) Finally, if section 78fff-2(c)(3) is treated as creating a right to recovery independent of section 550, it is not subject to the limitation in section 550(f). Yet the Trustee and SIPC insist that section 550(f) does apply to their claims. Section 550(f) expressly applies only to "[a]n action or proceeding under this section," so their reliance on section 550(f) entails that their claims are subject to the requirements of section 550(a), including the requirement that such a claim can only succeed "to the extent a transfer is avoided."

[8]   Section 78fff-2(c)(3) is clearly not intended to modify the requirements of section 550. It was originally adopted as part of section 60(e)(5) of the Bankruptcy Act, with the words "voidable or void," decades before enactment of section 550 of the Bankruptcy Code. *See* Chandler Act, Pub. L. 575, 52 Stat. 840, 871 (1938). The substance of section 60(e)(5), including the words "voidable or void," was reproduced as section 6(e)(2)(D) of the Securities Investor Protection Act of 1970, Pub. L. 91-598, 84 Stat. 1636, 1650. The Securities Investor Protection Act Amendments of 1978 renumbered that section as section 8(c)(3) and amended it

(*footnote continued*)

-13-

provision is universally construed as merely granting authority to a SIPA trustee to bring claims to recover customer property, which was never property of the debtor, to the same extent that the avoidance and recovery provisions of the Bankruptcy Code permit recovery of property of the debtor. *See, e.g., Hill v. Spencer Sav. & Loan Ass'n* (*In re Bevill, Bresler & Schulman, Inc.*), 83 B.R. 880, 894 (D.N.J. 1988); *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 271-73 (Bankr. S.D.N.Y. 2010) (Lifland, B.J.); *Picard v. Taylor (In re Park S. Sec., LLC)*, 326 B.R. 505, 513 (Bankr. S.D.N.Y. 2005) (Drain, B.J.).

### V. THE ISSUE 1 DEFENDANTS' AND MOVANTS' POSITIONS ARE NOT INCONSISTENT AND THEIR DIFFERENCES DO NOT SUPPORT THE TRUSTEE AND SIPC'S POSITION.

The Trustee's argument that Issue 1 and Movants "disagree with each other" and that "[t]he two conflicting arguments are the best evidence that neither group of defendants is advancing a proper construction of Section 550" (Tr. Mem. 27) is frivolous. A disagreement does not mean both sides are wrong. One might just as well say that the Trustee must be wrong because he disagrees with the other defendants' position concerning Issue 1.

In any event, the Trustee is mistaken in asserting that the two groups of defendants are asserting inconsistent positions. The Issue 1 Defendants do not contend that the Trustee's claims are "too early" because "he must wait before suing subsequent transferees" until there is a judgment of avoidance against the initial transferees. (Tr. Mem. 26.) Their argument is simply that the Trustee must obtain a judgment against the initial transferee before he can *prevail* on his

---

(*footnote continued*)
to conform to the revised terminology adopted for SIPA at that time, but the words "void or voidable under the provisions of the Bankruptcy Act" were carried forward without change. Pub. L. 95-283, § 9, 92 Stat. 249, 263. The Bankruptcy Reform Act of 1978, which enacted the Bankruptcy Code, changed "the Bankruptcy Act" to "title 11 of the United States Code," but made no other changes. Pub. L. 95-598, § 308(m), 92 Stat. 2549, 2675.

claim against a subsequent transferee.  Their "motion seeks dismissal of claims based on initial transfers to Fairfield, as the Trustee can no longer avoid those transfers."  (Consolidated Memorandum of Law on Behalf of Subsequent Transferee Defendants Concerning Section 550(a) Issue (1) 6 n.4, 12-mc-115 (JSR) (Oct. 5, 2012) (ECF No. 384).)  It is only because the Fairfield settlement makes it impossible that the Trustee will *ever* obtain a judgment of avoidance against Fairfield that the Issue 1 Defendants seek dismissal of the claims to recover proceeds of the Fairfield initial transfers.

## CONCLUSION

For the reasons state above and in the Movants' Opening Memorandum, the motion should be granted.

Dated:   November 30, 2012

Respectfully submitted,

/s/ Robinson B. Lacy
Robinson B. Lacy
Sharon L. Nelles
Patrick B. Berarducci
Yavar Bathaee
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

*Attorneys for Movants Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered International (USA) Ltd.*