UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>      Plaintiff,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>      Defendant. | 12-MC-00115 (JSR) |
| In re:<br>MADOFF SECURITIES | (Relates to consolidated proceedings on Section 550(a) Issues) |

**CONSOLIDATED REPLY MEMORANDUM OF LAW ON BEHALF OF SUBSEQUENT TRANSFEREE DEFENDANTS CONCERNING SECTION 550(a) ISSUE (1) RAISED BY ORDER OF THE COURT DATED AUGUST 21, 2012**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney
Lawrence B. Friedman
Carmine D. Boccuzzi, Jr.
David Y. Livshiz
Jerilin Buzzetta
One Liberty Plaza
New York, New York 10006

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| A. | Section 550's Plain Language Requires That The Trustee "Avoid" The Initial Transfers To The Initial Transferees Before He Can Recover From Subsequent Transferees | 2 |
|  | 1. The Trustee Has Failed To Avoid The Initial Transfers To Fairfield | 3 |
|  | 2. The Trustee Cannot Recover From The Subsequent Transferees To The Extent He Has Failed To "Avoid" The Initial Transfers | 4 |
|  | 3. SIPA Does Not Grant The Trustee The Power–Unavailable Under The Bankruptcy Code–To Recover A Transfer That He Has Not Avoided | 8 |
| B. | Equitable Considerations Further Compel Dismissal Of The Trustee's Claims | 9 |
| CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Rules and Statutes**                                                                 **Page(s)**

11 U.S.C. § 550(a) .......................................................................................... passim

15 U.S.C. § 78fff-1(a) ..................................................................................... 8-9

15 U.S.C. § 78fff-2(c)(3) ................................................................................ 9

**Cases**

*Advanced Telecoms. Network Inc. v. Allen (In re Advanced Telecomms. Network, Inc.)*,
321 B.R. 308 (Bankr. M.D. Fla. 2005) ........................................................... 6

*Allen v. McCurry*,
449 U.S. 90 (1980) ......................................................................................... 10

*ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*,
582 F. 3d 422 (2d Cir. 2009) .......................................................................... 7

*Brown v. Phillips (In re Phillips)*,
379 B.R. 765 (Bankr. N.D. Ill. 2007) ............................................................. 6

*Crafts Plus+, Inc. v. Foothill Capital Corp. (In re Crafts Plus+, Inc.)*,
220 B.R. 331 (Bankr.W.D.Tex. 1998) ........................................................... 6

*EDP Med. Computer Sys., Inc. v. United States*,
480 F.3d 621 (2d Cir. 2007) ........................................................................... 10

*Huff v. Cruz Contracting Corp.*,
643 F. Supp. 2d 344 (S.D.N.Y. 2009) ............................................................ 11

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
408 F.3d 689 (11th Cir. 2005) ........................................................................ 6

*Kendall v. Sorani (In re Richmond Produce Co., Inc.)*,
195 B.R. 455 (N.D. Cal. 1996) ...................................................................... 6

*Leonard v. Optimal Payments, Ltd. (In re Nat'l Audit Def. Network, Inc.)*,
332 B.R. 896 (Bankr. D. Nev. 2005) ............................................................. 6

*Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*,
No. 00-14862, 2005 WL 2590385 (Bankr. D. Kan. Apr. 14, 2005) .............. 6

| Cases | Page(s) |
|---|---|
| *Official Comm. of Unsecured Creditors v. Foss (In re Felt Mfg. Co.)*, 371 B.R. 589 (Bankr. D.N.H. 2007) | 6 |
| *Perez v. Westchester Cnty Dep't of Corr.*, 587 F.3d 143 (2d Cir. 2009) | 4 |
| *Picard v. Bureau of Labor Ins.*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) ("*BLI*") | 3, 4, 5 |
| *Shapiro v. Art Leather Inc. (In re Connolly N. Am. LLC)*, 340 B.R. 829 (Bankr. E.D. Mich. 2006) | 6 |
| *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.)*, 379 B.R. 5 (Bankr. E.D.N.Y. 2007) | 5 |
| *Sticka v. Bestline, Inc. (In re Attaway)*, 180 B.R. 274 (Bankr. D. Or. 1995) | 7 |
| *Williams v. Baxter Land Co. (In re Ark. Catfish Growers, LLC)*, No. 06-cv-0037 (SWW), 2007 WL 215815 (Bankr. E.D. Ark Jan. 25, 2007) | 6 |
| *World Bazaar Franchise Corp. v. CCC Assocs. (In re World Bazaar Franchise Corp.)*, 167 B.R. 985 (Bankr. N.D. Ga. 1994) | 6 |

**Other Authorities**

| | |
|---|---|
| H.R. REP. NO. 95-595 (1977) | 7-8 |
| 4 HON. WILLIAM L. NORTON, JR. & WILLIAM L. NORTON III, NORTON BANKRUPTCY LAW AND PRACTICE § 70:1 (3d ed. 1998) | 5 |

The Subsequent Transferee Defendants respectfully submit this consolidated reply memorandum of law in response to the Trustee's Memorandum Of Law In Opposition To Defendants' Motion To Dismiss Concerning Section 550(a) Issues 1 And 2 As Ordered By The Court On August 21, 2012 (the "Tr. Opp.") and the Memorandum Of Law Of The Securities Investor Protection Corporation Addressing The Section 550(a) Issues (the "SIPC Opp.") and in further support of their Consolidated Memorandum Of Law On Behalf Of Subsequent Transferee Defendants Concerning Section 550(a) Issue (1) Raised By Order Of The Court Dated August 21, 2012 (the "Opening Brief").[1]

## PRELIMINARY STATEMENT

The Trustee's Section 550 claims against the Subsequent Transferee Defendants that allegedly received transfers from Fairfield fail as a matter of law because the Trustee has not avoided, and as a result of his settlement with Fairfield, cannot avoid, the initial transfers received by Fairfield from BLMIS. Section 550's plain language is unambiguous: a debtor can only recover a transfer from a subsequent transferee, like the Subsequent Transferee Defendants here, "to the extent" that the transfer from the debtor to the initial transferee has been "avoided." 11 U.S.C. § 550(a). This reading of Section 550 is supported not only by the statute's plain language, but also by (1) its legislative history, (2) the structure of the Bankruptcy Code as a whole, (3) the

---

[1] Capitalized terms not otherwise defined have the meaning assigned in the Opening Brief. Nothing here waives or resolves any issue that was or could have been raised by any party except for Issue (1) identified in the 550(a) Briefing Order. *See* 550(a) Briefing Order ¶ 13. All such other issues, including, without limitation, personal jurisdiction, are expressly reserved. *Id.* Referenced exhibits are attached to the Declaration of Adam Shajnfeld, dated October 5, 2012. As used here, "Subsequent Transferee Defendants" means those defendants identified in Exhibit A to the Notice Of Motion To Dismiss, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115 (JSR) (S.D.N.Y. Oct. 5, 2012), ECF No. 382.

only decision of this Court on the issue and (4) a substantial body of judicial authority. Against this, the Trustee throws a veritable kitchen sink of makeweight arguments, all of which fail. Accordingly, the Trustee's claims against the Subsequent Transferee Defendants that are alleged to have received transfers from Fairfield must be dismissed.

Principles of equity further support the dismissal of the Trustee's recovery claims brought against Fairfield's subsequent transferees. The Trustee and SIPC *concede* that the Trustee consciously chose not to "avoid" the initial transfers as part of his settlement with Fairfield in order to maximize Fairfield's ability to recover on its equitable restitution claims in the Redeemer Actions, any proceeds of which the Trustee is entitled to share under the Settlement Agreement. Having made this choice, and having obtained the benefit of the arms-length negotiated Settlement Agreement, the Trustee should not now be permitted to escape its consequences.

## ARGUMENT

### A. Section 550's Plain Language Requires That The Trustee "Avoid" The Initial Transfers To The Initial Transferees Before He Can Recover From Subsequent Transferees

As demonstrated in the Opening Brief, the Trustee has failed to avoid the initial transfers from BLMIS to Fairfield, and because of his settlement with Fairfield, he can no longer do so. *See* Opening Br. at 12-14. Because the plain language of Section 550 limits the Trustee's recovery powers "to the extent that [the] transfer [to the initial transferee] is *avoided*," see *id.* at 7-12 (quoting 11 U.S.C. § 550(a) and collecting cases), he cannot recover from the Subsequent Transferee Defendants who are alleged to have received transfers from Fairfield, and his claims against them must be dismissed.[2]

---

[2] This motion seeks dismissal of claims based on initial transfers to Fairfield, as the Trustee can no longer avoid those transfers. Should a similar situation occur involving a different

2

### 1.   *The Trustee Has Failed To Avoid The Initial Transfers To Fairfield*

The Trustee argues—with no support or explanation whatsoever—that the requirements of Section 550 are somehow satisfied because the Settlement Agreement "effectively 'avoided' the initial transfers from BLMIS." *See* Tr. Opp. at 19-20. This argument fails.

A simple review of the Settlement Agreement and the Consent Judgments makes clear that these documents, both of which the Trustee negotiated and voluntarily agreed to, make no mention of the initial transfers being "avoided." *See* Ex. D (Settlement Agreement) and Ex. E (Consent Judgment); *see also* Opening Br. at 4-5. The mere fact that the Trustee obtained a "substantial recovery from Fairfield," Tr. Opp. at 20 n.8, does not, in and of itself, constitute an "avoidance" of the initial transfers, and the Trustee therefore cannot satisfy the requirements of Section 550 by pointing to the Settlement Agreement. *See Picard v. Bureau of Labor Ins.*, 480 B.R. 501, 522 (Bankr. S.D.N.Y. 2012) ("*BLI*") ("[T]he settlement does not constitute a formal avoidance of the initial transfer from BLMIS to Fairfield."); Hr'g Tr. at 27-28 (Ex. F) (to satisfy a requirement of Section 550, the Trustee must obtain a "declaration of avoidance" of the initial transfer). Contrary to the Trustee's argument here, the Trustee's own practice demonstrates that where the Trustee wanted to "avoid" the initial transfers, he knew what was required to do so. *See* Ex. G and Ex. H (expressly providing for the "avoidance" of the initial transfers in the Tremont settlement agreement and the Harley default judgment, respectively). The Trustee's argument must accordingly be rejected.

---

feeder fund, the argument herein would apply with equal force to preclude recovery from subsequent transferees of that feeder fund.

### 2. The Trustee Cannot Recover From The Subsequent Transferees To The Extent He Has Failed To "Avoid" The Initial Transfers

Apparently unable to contest the plain reading of Section 550 proffered by the Subsequent Transferee Defendants, the Trustee instead responds to a straw man, arguing that nothing in Section 550's plain language requires the Trustee to obtain "a final adjudicated judgment of avoidance as against the initial transferee" or prevents him from "avoiding the initial transfer through a court-approved settlement agreement." Tr. Opp. at 9-10. The Subsequent Transferee Defendants have never contended that the Trustee cannot avoid an initial transfer by means of a court approved settlement. Rather, the Subsequent Transferee Defendants contend that where, as here, the settlement agreement and related consent judgment do *not* avoid the initial transfer, the Trustee has failed to comply with the requirements of Section 550 and thus cannot recover from the Subsequent Transferee Defendants. *See* Opening Br. at 6-7; *see also id.* at 13 (settlement agreement between the Trustee and the Tremont defendants, which expressly avoids the initial transfers, satisfies Section 550's requirements).[3] The Trustee's and SIPC's proffered reading of Section 550 fails for the additional reason that, as demonstrated in the Opening Brief, Opening Br. at 8-9, and not rebutted by either the Trustee or SIPC, it would effectively read Section 550(f) out of the Bankruptcy Code—an impermissible result. *Perez v. Westchester Cnty Dep't of Corr.*, 587 F.3d 143, 155 (2d Cir. 2009) ("[W]e construe statutes to avoid surplussage whenever possible.").

The Trustee's and SIPC's heavy reliance on *BLI* is misplaced. In *BLI*, Judge Lifland followed this Court's decision in *Enron*—which generally requires the trustee to avoid initial transfers before pursuing recovery from subsequent transferees—but concluded that

---

[3] Where the Trustee *has* avoided the initial transfer, the Subsequent Transferee Defendants nevertheless retain the right to raise any argument that could have been, but was not, raised by the initial transferee. *See* Tr. Opp. at 12-13.

4

requiring the Trustee to enter into a settlement agreement where the initial transfers were avoided was "impractical" because initial transferees may not want to agree to such a provision in the settlement agreement. *See BLI*, 480 B.R. at 521. However, both the reasoning of *BLI* and the Trustee's and SIPC's follow-on arguments here, *see* Tr. Opp. at 17; SIPC Opp. at 16-17, cannot withstand scrutiny. Under *BLI*'s interpretation, *Enron*'s "impracticality" exception would be satisfied anytime that a trustee found it *inconvenient* to "avoid" the initial transfers, effectively swallowing the rule. This cannot be. Further, neither the Trustee, SIPC nor *BLI* identifies any reason why requiring the Trustee to obtain a judgment of avoidance, whether through litigation or as part of a settlement agreement, would be impractical. Indeed, the Trustee's own actions with respect to other feeder funds prove otherwise. *See* Ex. G (where the Trustee expressly provided for the "avoidance" of the initial transfers as part of the Tremont settlement agreement).

        The Trustee and SIPC otherwise rely on a number of decisions that invoke policy rationales to hold that the Trustee need not avoid the initial transfer before recovering it from a subsequent transferee. *See* Tr. Opp. at 11 n.4; SIPC Opp. at 14. These decisions, all of which are from outside this Circuit, are unavailing because they treat "avoided" and "avoidable" as synonyms, an approach expressly foreclosed by this Court's decision in *Enron*. *See* Hr'g Tr. at 8:19-21 (Ex. F) ("Avoidable and avoid are different words used differently in fraudulent conveyance law."); *see also Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib., Inc.)*, 379 B.R. 5, 19 (Bankr. E.D.N.Y. 2007) ("[B]efore the Trustee may obtain an 'actual recovery' . . . under Section 550(a), he must first avoid the underlying initial transfers."); 4 HON. WILLIAM L. NORTON, JR. & WILLIAM L. NORTON III, NORTON BANKRUPTCY LAW AND PRACTICE § 70:1 (3d ed. 1998) ("*Only after a transfer has been avoided* pursuant to one of the enumerated Code sections does Code § 550 permit the trustee to recover either the property transferred or, if the court so

orders, the value of that property.") (emphasis added). The Trustee and SIPC offer no reason at all as to why this Court should deviate from *Enron*'s reasoning, and this Court should reject their invitation to do so.

The decisions cited by the Trustee and SIPC are further inapposite because they do not address the issue at hand—*i.e.*, whether a trustee who has intentionally forfeited his right to avoid the initial transfers by settling with the initial transferee without avoiding the transfer so as to obtain a litigation advantage can nevertheless recover those same transfers from subsequent transferees. *See, e.g., IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689 (11th Cir. 2005) (no settlement agreement with initial transferee); *Brown v. Phillips (In re Phillips)*, 379 B.R. 765 (Bankr. N.D. Ill. 2007) (same); *Official Comm. of Unsecured Creditors v. Foss (In re Felt Mfg. Co.)*, 371 B.R. 589 (Bankr. D.N.H. 2007) (same); *Shapiro v. Art Leather Inc. (In re Connolly N. Am. LLC)*, 340 B.R. 829 (Bankr. E.D. Mich. 2006) (same); *Leonard v. Optimal Payments, Ltd. (In re Nat'l Audit Def. Network, Inc.)*, 332 B.R. 896 (Bankr. D. Nev. 2005) (same); *Crafts Plus+, Inc. v. Foothill Capital Corp. (In re Crafts Plus+, Inc.)*, 220 B.R. 331 (Bankr.W.D.Tex. 1998) (same); *Kendall v. Sorani (In re Richmond Produce Co., Inc.)*, 195 B.R. 455 (N.D. Cal. 1996) (same).[4] Contrary to what the Trustee asserts, Tr. Opp. at 13, the Subsequent Transferee Defendants do not dispute that the Trustee can bring a single action naming as defendants both initial and subsequent transferees and—provided he obtains a judgment avoiding

---

[4] *See also Advanced Telecomms. Network Inc. v. Allen (In re Advanced Telecomms. Network, Inc.)*, 321 B.R. 308 (Bankr. M.D. Fla. 2005) (suit only against initial transferees); *World Bazaar Franchise Corp. v. CCC Assocs. (In re World Bazaar Franchise Corp.)*, 167 B.R. 985 (Bankr. N.D. Ga. 1994) (same); *Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*, No. 00-14862, 2005 WL 2590385 (Bankr. D. Kan. Apr. 14, 2005) (transfer avoided by an order); *Williams v. Baxter Land Co. (In re Ark. Catfish Growers, LLC)*, No. 06-cv-0037 (SWW), 2007 WL 215815 (Bankr. E.D. Ark. Jan. 25, 2007) (suit against transfer beneficiary under Section 550(a)(1) only).

the initial transfer—recover from either the initial or the subsequent transferee. However, where, as here, a trustee cannot avoid the initial transfers, he cannot recover them from the subsequent transferees. *See* Hr'g Tr. at 27-28 (Ex. F) (Section 550 requires the trustee to obtain a "declaration of avoidance" of the initial transfer).

Finally, the Trustee and SIPC point to Section 550's legislative history in an attempt to prop up their argument that the Trustee can invoke Section 550's recovery power without first avoiding the initial transfer. *See* Tr. Opp. at 12-13; SIPC Opp. at 12-13. As an initial matter, it is axiomatic that, where, as in the case of Section 550, the plain language of the statute is unambiguous, a resort to legislative history is unwarranted. *See ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 582 F. 3d 422, 427 (2d Cir. 2009); *see also Sticka v. Bestline, Inc. (In re Attaway)*, 180 B.R. 274, 279 (Bankr. D. Or. 1995) (the language of Section 550(a) is "unambiguous" and allows the trustee to recover transfers only "to the extent any transfer is avoided"). In any event, as demonstrated in the Opening Brief, Section 550's legislative history treats the concepts of avoidance and recovery differently (a point the Trustee concedes, *see* Tr. Opp. at 14), and so supports a reading of Section 550 that requires the Trustee to first avoid the initial transfer before seeking to recover it from a subsequent transferee.

The Trustee and SIPC otherwise identify nothing in Section 550's legislative history that contradicts the Subsequent Transferee Defendants' proffered reading of Section 550. The fact that Section 550 is designed to permit subsequent transferees to assert defenses available to an initial transferee, Tr. Opp. at 12; SIPC Opp. at 12-13, in no way supports the Trustee's and SIPC's position that the Trustee need not avoid the initial transfers before seeking recovery from subsequent transferees. For example, the isolated statement of the Chairman of the Subcommittee on Civil and Constitutional Rights of the House Committee on the Judiciary cited by SIPC—"that

7

liability is not imposed on a transferee to the extent that a transferee is protected under a provision such as section 548(c)," H.R. REP. NO. 95-595, at 6457 (1977); SIPC Opp. at 12-13—does not support the Trustee's position and in no way contradicts the Subsequent Transferee Defendants' arguments. Indeed, the Subcommittee Chairman made clear that "[t]he liability of a transferee under 550(a) applies only 'to the extent that a[n initial] transfer *is avoided.*'" H.R. REP. NO. 95-595, at 6457 (1977) (emphasis added).

Section 550's plain meaning, legislative history and substantial judicial authority, including the only decision of this Court to consider the question, sum to a single unimpeachable conclusion: the Trustee can recover from subsequent transferees only to the extent he has avoided the initial transfers. Where, as here, he has failed to, and can no longer do so, his recovery claims against the Subsequent Transferee Defendants must be dismissed.

> 3. *SIPA Does Not Grant The Trustee The Power—Unavailable Under The Bankruptcy Code—To Recover A Transfer That He Has Not Avoided*

Recognizing that the clear and plain language of Section 550 requires the Trustee to avoid the initial transfers to Fairfield (which he can no longer do) before he can recover from the Subsequent Transferee Defendants, the Trustee and SIPC argue that SIPA provides the Trustee with the expanded power—above and beyond what is authorized by the Bankruptcy Code—to recover subsequent transfers without first avoiding the initial transfer. *See* Tr. Opp. at 9; SIPC Opp. at 4. This argument is similarly unavailing.

As both the Trustee and SIPC have admitted elsewhere, SIPA's plain language makes clear that the Trustee is "vested with the *same* powers" as a trustee in an ordinary bankruptcy proceeding governed by the Bankruptcy Code. 15 U.S.C. § 78fff-1(a) (emphasis added); *see, e.g.*, Mem. Of Law Of The Sec. Investor Prot. Corp. In Opp'n To Def's Mot. To Withdraw The Ref. at 10, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re*

*Madoff Sec.)*, No. 12-mc-00115 (JSR) (S.D.N.Y. Jul. 21, 2012), ECF No. 223 ("That the SIPA trustee has the same authority as a trustee in bankruptcy to sue in avoidance also is supported by SIPA section 78fff-1(a) which gives to the SIPA Trustee 'the same powers and title with respect to the debtor and the property of the debtor . . . as a trustee in a case under title 11.'"). It is thus not surprising that the Trustee and SIPC cannot identify a single precedent (nor are the Subsequent Transferee Defendants aware of one) where a SIPC trustee has been found to have avoidance and recovery powers greater than those available to an ordinary debtor.[5] Accordingly, to the extent this Court concludes that Section 550 prohibits a bankruptcy trustee from recovering an initial transfer that has not been avoided from a subsequent transferee, it should conclude that the Trustee is likewise prohibited from doing so, and his claims against the Fairfield Subsequent Transferee Defendants must be dismissed.[6]

---

[5] The Trustee's and SIPC's reliance on Section 78fff-2(c)(3) is misplaced. *See* 15 U.S.C. § 78fff-2(c)(3). As SIPC itself explains, SIPC Opp. at 8, Section 78fff-2(c)(3) merely creates a legal fiction—designating what would otherwise be property of the broker dealer's customer as property of the debtor—to permit the trustee to bring an avoidance and/or recovery action in the first place. However, nothing in Section 78fff-2(c)(3) is designed to expand the Trustee's avoidance and recovery powers above and beyond the powers available to a debtor in an ordinary bankruptcy proceeding. Not surprisingly, neither the Trustee nor SIPC cites any legislative history for Section 78fff-2(c)(3) that suggests otherwise.

[6] Finally, the Trustee's argument that the positions of the Issue 1 Defendants and Issue 2 Defendants contradict, *see* Tr. Opp. at 26-28, is wrong. Contrary to the Trustee's assertion, the Subsequent Transferee Defendants are not "contending that the Trustee's actions against them were brought too early." Tr. Opp. at 4. The issue is not whether the Trustee's actions against the Subsequent Transferee Defendants were "too early." The issue is the Trustee's inability, because of his settlement with Fairfield in which he chose not to avoid the initial transfers, to *ever* satisfy an essential element of Section 550. Moreover, there is no contradiction between the position taken by the Issue 1 and Issue 2 Defendants, because nothing in the Issue 2 Defendants' positions suggests that the Trustee need not avoid the initial transfers as to the initial transferee before seeking recovery from subsequent

9

In any event, SIPA is of no help to the Trustee and SIPC because the initial transfers from BLMIS to Fairfield are, in fact, no longer "voidable." Having brought an action seeking to avoid the initial transfers from BLMIS to Fairfield, and obtained a judgment in that litigation that did not avoid such transfers, the Trustee is barred by the doctrine of claim preclusion from bringing a second action to avoid the very same transfers that were at issue in the Fairfield litigation, and which the Trustee could have, but chose not to, avoid in that litigation. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (same).

### B.  Equitable Considerations Further Compel Dismissal Of The Trustee's Claims

As demonstrated in the Opening Brief, the Trustee's failure to avoid the initial transfers to Fairfield is the result of the Trustee's strategic litigation decision to forego any mention of the initial transfers being avoided in either the Consent Judgment or the Settlement Agreement. *See* Opening Br. at 12-14. Specifically, as established in the Opening Brief, and not disputed by either the Trustee or SIPC, the Trustee did not avoid the initial transfers in the Settlement Agreement or the Consent Judgment because he sought to maximize his ability to benefit from the billions of dollars of potential recovery Fairfield could obtain in the Redeemer Actions. *Id.* Having made that choice, and obtained substantial benefits from the Settlement Agreement, including a reduction in the size of Fairfield's customer claim against BLMIS and a right to a

---

transferees.

portion of any recovery Fairfield may get through the Redeemer Actions, it would be inequitable to permit the Trustee to, at the same time, avoid the consequences of his own strategic choices.

Nevertheless, the Trustee now asks this Court to excuse him from the consequences of the settlement terms he agreed to as a result of an arms-length negotiation, arguing that it would be inequitable not to do so because it would permit the Subsequent Transferee Defendants to avoid liability. *See* Tr. Opp. at 18. The Trustee cannot have his cake and eat it too.[7] It would be inequitable to permit the Trustee to ignore the requirements of Section 550 by permitting him to pursue recovery actions against Fairfield's subsequent transferees despite his intentional decision to game the system by foregoing the avoidance of the initial transfers through the Settlement Agreement in order to maximize his recovery through Fairfield's Redeemer Actions. *See* Opening Br. at 12-14. Moreover, it would be especially inequitable to do so here, where the Subsequent Transferee Defendants would have to pay one hundred cents on the dollar into the BLMIS estate but would not be able to benefit from any distribution made by BLMIS to customers because the Settlement Agreement substantially reduced Fairfield's claim against BLMIS—the only avenue of recovery available to the Subsequent Transferee Defendants. *See id.* Accordingly, the Trustee's recovery claims against Subsequent Transferee Defendants that are alleged to have received transfers from Fairfield must be dismissed.

---

[7] In any event, it is black letter law that considerations of policy and equity cannot overcome the plain language of a statute. *See Huff v. Cruz Contracting Corp.*, 643 F. Supp. 2d 344, 359 (S.D.N.Y. 2009).

11

## CONCLUSION

For the foregoing reasons, the Subsequent Transferee Defendants respectfully request that the Court enter an order dismissing with prejudice all claims against them in respect of alleged subsequent transfers allegedly received from Fairfield, and grant such further relief as is just and proper.

Dated: November 30, 2012
      New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Thomas J. Moloney
  (tmoloney@cgsh.com)
Lawrence B. Friedman
  (lfriedman@cgsh.com)
Carmine D. Boccuzzi, Jr.
  (cboccuzzi@cgsh.com)
David Y. Livshiz
  (dlivshiz@cgsh.com)
Jerilin Buzzetta
  (jbuzzetta@cgsh.com)
One Liberty Plaza
New York, New York 10006
(212) 225-2000