UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
SECURITIES INVESTOR PROTECTION      :
CORPORATION,
                                    :
    Plaintiff,                      :
                                    :         12 MC 115
        -v-                         :
                                    :         ORDER
BERNARD L. MADOFF INVESTMENT        :
SECURITIES LLC,                     :
                                    :
    Defendant.                      :
----------------------------------x
In re:                              :
                                    :
MADOFF SECURITIES                   :
----------------------------------x
PERTAINS TO:                        :
                                    :
Consolidated proceedings regarding  :
11 U.S.C. § 546(e)                  :
----------------------------------x
JED S. RAKOFF, U.S.D.J.

On May 15, 2012, upon consent of the parties and having

already withdrawn the reference from the Bankruptcy Court, the

Court ordered consolidated briefing on certain issues relating to

the application of 11 U.S.C. § 546(e) to adversary avoidance

proceedings brought under the Securities Investor Protection Act

("SIPA"), 15 U.S.C. § 78aaa et seq., by Irving H. Picard (the

"Trustee"), appointed as trustee pursuant to SIPA for the

consolidated liquidation of Bernard L. Madoff Investment

Securities, LLC ("Madoff Securities"). See Order, In re Madoff

Sec., 12 MC 115, ECF No. 119 (S.D.N.Y. May 15, 2012).

Specifically, the consolidated briefing addressed, in the context

of various defendants' motions to dismiss the avoidance or recovery claims against them, the following issues: (1) whether Section 546(e) is applicable to the initial transfers alleged by the Trustee; (2) whether Section 546(e) is applicable to the subsequent transfers alleged by the Trustee; (3) whether application of Section 546(e) to an initial or mediate Transfer bars recovery by the Trustee of any subsequent transfer pursuant to Section 550; (4) whether a subsequent transferee may invoke Section 546(e) even if the initial or mediate transferee did not invoke it; and (5) whether the good faith of an initial transferee is a predicate to the application of Section 546(e) and, if so, what is the standard for good faith thereunder. Order at 6-7. The Court heard oral argument on the consolidated briefing on November 27, 2012.

After carefully considering the parties' written submissions and oral argument, the Court hereby reaffirms the reasoning and rulings set forth in Picard v. Katz, 462 B.R. 447 (S.D.N.Y. 2011), and Picard v. Greiff, 476 B.R. 715 (S.D.N.Y. 2012), to the (substantial) extent that they determine the aforementioned issues. Where, however, those decisions do not fully resolve the issues presented above, the Court makes the following additional rulings:

(1) Where the Trustee has sought to avoid transfers, the avoidance of which would otherwise be barred by Section 546(e)

under the Court's rulings in <u>Katz</u> and <u>Greiff</u>, the initial transferee will not be able to prevail on a motion to dismiss some or all of the Trustee's avoidance claims simply on the basis of the Section 546(e) "safe harbor" <u>if</u> the Trustee has alleged that the <u>initial</u> transferee had <u>actual knowledge</u> of Madoff Securities' fraud.

(2) Where the Trustee has sought to recover transfers made from an initial transferee to a subsequent transferee, the avoidance of which would otherwise be barred by Section 546(e) as to the initial transferee, the subsequent transferee will not be able to prevail on a motion to dismiss some or all of the Trustee's avoidance claims simply on the basis of the Section 546(e) "safe harbor" <u>if</u> the Trustee has alleged that the <u>subsequent</u> transferee had <u>actual knowledge</u> of Madoff Securities' fraud.

An Opinion explaining the reasons for this Order and applying that reasoning to the issues posed above and to particular cases included within this consolidated proceeding will issue in due course. Meanwhile, the Clerk of the Court is directed to close items 256, 259 and 289 on the docket of this case.

SO ORDERED.

Dated: New York, NY
February 12, 2013

_____
JED S. RAKOFF, U.S.D.J.