UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>       Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>       Defendants. | 12 MC 115 (JSR) |
| In re MADOFF SECURITIES | |
| PERTAINS TO THE FOLLOWING CASE: | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>THE ESTATE OF RICHARD D. SIEGAL, *et al.*,<br><br>       Defendants. | 13 CV 0503 (JSR)<br><br>**CONSENT ORDER** |

JED S. RAKOFF, U.S.D.J.:

On consent, (i) the defendants in the above-captioned case (the "Defendants"), *Picard v. The Estate of Richard D. Siegal, et al.*, No. 13 Civ. 00503 (JSR) (S.D.N.Y.) (the "Siegal Action"), (ii) Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation ("SIPC", together with the Defendants, and the Trustee, the "Parties"), the Parties agree as follows:

WHEREAS, the Trustee filed a summons and complaint (collectively, the "Complaint") in the Bankruptcy Court in the Siegal Action on June 8, 2012. The Defendants were served with

300272376

the Complaint on October 3, 2012;

WHEREAS, the Defendants filed a motion to withdraw the Bankruptcy Court reference ("Siegal Withdrawal Motion") on January 22, 2013, arguing, *inter alia*, that issues related to 11 U.S.C. § 546(e) as applied to avoidance actions, raised questions of federal non-bankruptcy law;

WHEREAS, on May 23, 2012, the United States District Court for the Southern District of New York entered a Final Judgment Dismissing Certain Claims pursuant to Fed. R. Civ. P. 54(b) (the "Fishman Final Judgment") in the action captioned *Picard v. Ida Fishman Revocable Trust*, No. 11 Civ. 07603 (JSR) (S.D.N.Y.) (hereinafter the "Fishman Action") and in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities)*, No. 12 Misc. 0115 (JSR) (S.D.N.Y.) (hereinafter, the "Master Proceeding"), as to certain issues involving whether 11 U.S.C. § 546(e) limits the Trustee's ability to avoid or recover transfers made by BLMIS to defendants who allegedly had customer accounts at BLMIS, or defendants who were alleged to be immediate or mediate transferees of transfers made by BLMIS. On June 21, 2012, the Trustee and SIPC each filed Notices of Appeal as to the Fishman Final Judgment;

WHEREAS, on August 13, 2012, the Trustee and SIPC filed separate Notices of Appeal of the Final Judgment Dismissing Certain Claims in the action captioned *Picard v. Blue Star Investors, LLC, et al.*, No. 11 Civ. 9059 (JSR) (S.D.N.Y.) (the "Blue Star Action") and the Master Proceeding based on a later entered Fed. R. Civ. P. 54(b) judgment. On November 7, 2012, the Trustee and certain appellees jointly moved to consolidate the appeals into a single master appeal and on December 12, 2012, this Court granted the consolidation motion and ordered that pursuant to Fed. R. Civ. P. 3(b)(2), the appeals would be consolidated under Case No. 12-2557 (hereinafter, the "Consolidated Appeal");

300272376

WHEREAS, the Siegel Action was excluded from the Consolidated Appeal because the Defendants filed the Siegal Withdrawal Motion on January 22, 2013, after the Consolidated Appeal on December 12, 2012;

NOW THEREFORE, the Trustee, SIPC, and the Defendants hereby agree that the Consolidated Appeal as entered shall apply to the Siegel Action *nunc pro tunc* to December 12, 2012. The Parties further agree that the Defendants will be covered and bound by the Consolidated Appeal with respect to the issue of whether and to what extent 11 U.S.C. § 546(e) limits the Trustee's ability to avoid or recover transfers that BLMIS made to defendants who had customer accounts at BLMIS, or defendants who were alleged to be immediate or mediate transferees of transfers made by BLMIS;

AND THEREFORE, the Defendants agree to withdraw the Siegal Withdrawal Motion, and the Parties agree that no briefing on the Siegal Withdrawal Motion is necessary;

WHEREAS, the Parties recognize that the defendants in the Siegal Action have indicated they will, if necessary, raise additional defenses to the jurisdiction of the Trustee to commence an adversary proceeding against them and, therefore, the Parties agree that the entry of this Order shall not impair or otherwise affect such rights and defenses, including without limitation any defenses based on lack of jurisdiction, that the Parties may assert in the Bankruptcy Court;

BASED ON THE FOREGOING, IT IS HEREBY:

ORDERED that the Siegal Withdrawal Motion is hereby withdrawn and the Clerk of the Court is ordered to close docket 13 Civ. 00503; and

IT IS FURTHER ORDERED that the Consolidated Appeal as entered shall apply to the Siegal Action, and the Parties shall be bound by the Consolidated Appeal in all respects; and

300272376

IT IS FURTHER ORDERED that, except as expressly provided herein, entry of this Order shall not impair or otherwise affect the Parties' rights and defenses, including without limitation any defenses based on lack of jurisdiction, that the Parties may assert in the Bankruptcy Court; and

IT IS FURTHER ORDERED that all costs, expenses, and attorneys' fees shall be borne by the party incurring the same.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Date: New York, New York
      March 14, 2013

300272376