**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

|  |  |  |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 12-MC-115 (JSR) |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | |
| BERNARD L. MADOFF SECURITIES, | : | **(Relates to consolidated proceedings** |
| | : | **on 11 U.S.C. § 550(a))** |
| Debtor. | : | |

-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

Robinson B. Lacy
Sharon L. Nelles
Patrick B. Berarducci
Yavar Bathaee
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

*Attorneys for Movants Standard Chartered*
*Financial Services (Luxembourg) S.A.,*
*Standard Chartered Bank International*
*(Americas) Ltd., and Standard Chartered*
*International (USA) Ltd.*

(additional counsel in signature block)

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................... ii

STATEMENT .............................................................................................................. 2

ARGUMENT .............................................................................................................. 4

I.   THE ORDER PRESENTS A CONTROLLING QUESTION OF LAW. ................................ 5

II.  THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION
     CONCERNING THE CONTROLLING QUESTION. .......................................................... 6

III. AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE
     TERMINATION OF THE LITIGATION. ........................................................................ 17

CONCLUSION ............................................................................................................ 18

# TABLE OF AUTHORITIES

Page(s)

## CASES

*ASARCO LLC v. Shore Terminals LLC*,
2012 WL 2050253 (N.D. Cal. June 6, 2012) ..........................................................................16

*Balintulo v. Daimler AG*,
727 F.3d 174 (2d Cir. 2013)......................................................................................................4

*Covey v. Stahl Lumber Co. (In re Weishaar)*,
1998 WL 34065284 (Bankr. C.D. Ill. Oct. 26, 1998) ...............................................................9

*Estate of Re v. Kornstein Veisz & Wexler*,
958 F. Supp. 907 (S.D.N.Y. 1997) ............................................................................................5

*Fernandez v. Artuz*,
175 F. Supp. 682 (S.D.N.Y. 2001) ............................................................................................5

*Geron v. Robinson & Cole LLP*,
476 B.R. 732 (S.D.N.Y. 2012) ..................................................................................................5

*In re Clarkston*,
387 B.R. 882 (Bankr. S.D. Fla. 2008) .......................................................................................6

*In re Dynex Capital, Inc. Sec. Litig.*,
2006 WL 1517580 (S.D.N.Y. June 2, 2006) ...........................................................................17

*In re Laines*,
352 B.R. 420 (Bankr. E.D. Va. 2006) .......................................................................................6

*In re Lloyd's Am. Trust Fund Litig.*,
1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ...............................................................5, 6, 18

*In re M. Fabrikant & Sons, Inc.*,
394 B.R. 721 (Bankr. S.D.N.Y. 2008) ........................................................................6, 10, 16

*In re Mirabilis Ventures, Inc.*,
2012 WL 1038773 (Bankr. M.D. Fla. Mar. 21, 2012) ..............................................................8

*In re Morgan*,
276 B.R. 785 (Bankr. N.D. Ohio 2001) .....................................................................................6

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990).........................................................................................................4

*Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*,
2005 WL 2590385 (Bankr. D. Kan. April 14, 2005) .............................................9, 13-14, 16

**TABLE OF AUTHORITIES**
**(Continued)**

Page(s)

*Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Inv. Sec. LLC),*
    480 B.R. 501 (Bankr. S.D.N.Y. 2012) .................................................................1, 16

*Reiser v. Moorman (In re Equity Land Title Agency, Inc.),*
    370 B.R. 154 (S.D. Ohio 2007) ...............................................................9, 14, 16

*Savage & Assocs., P.C. v. BLR Servs. SAS (In re Teligent, Inc.),*
    307 B.R. 744 (Bankr. S.D.N.Y. 2004) ..................................................................6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    490 B.R. 46 (S.D.N.Y. 2013) ..............................................................................10

*Stern v. Marshall*, 131 S. Ct. 2594 (2011) .....................................................................10

*U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.),*
    22 F.3d 37 (2d Cir. 1994) .....................................................................................8

*United States Lines (S.A.) Inc. v. United States (In re McLean Indus., Inc.),*
    30 F.3d 385 (2d Cir. 1994) ...................................................................................8

*Woods & Erickson, LLP v. Leonard (In re AVI, Inc.),*
    389 B.R. 721 (B.A.P. 9th Cir. 2008).......................................................... 9, 15-16

STATUTES

11 U.S.C. § 502(d) ................................................................................................ 10-11

11 U.S.C. § 546(a) ................................................................................................ *passim*

11 U.S.C. § 547(b) .....................................................................................................11

11 U.S.C. § 549 ......................................................................................................2, 15

11 U.S.C. § 550(a) ................................................................................................ *passim*

11 U.S.C. § 550(f) ............................................................................................4, 11, 16

28 U.S.C. § 1292(b).............................................................................................1, 4, 18

OTHER AUTHORITIES

4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 502.05[2]
    (16th ed. 2012)......................................................................................................10

Federal Rule of Bankruptcy Procedure 2004 ..............................................................17

## <u>TABLE OF AUTHORITIES</u>
**(Continued)**

**Page(s)**

Federal Rule of Bankruptcy Procedure 7015 ....................................................................12

Federal Rule of Civil Procedure 15(c) ...........................................................................12

The undersigned Defendants (the "Movants") respectfully request that the Court amend its Opinion and Order entered October 29, 2013 (the "Order") to certify it for immediate appeal pursuant to 28 U.S.C. § 1292(b) because it presents a controlling question as to which there is substantial ground for difference of opinion, as follows:[1]

> Whether a claim against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the trustee has obtained a judgment against the defendant avoiding the initial transfer or he asserts a claim against the defendant to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a).

The Court held that the answer to this question is "no," and that a trustee may recover a transfer under section 550(a) merely by proving that the transfer is "avoidable." Certification is appropriate because the Court's Order appears to be the first decision of any court holding that a trustee need not bring a timely claim against a subsequent transferee under the avoidance provisions expressly referenced in section 550(a) (sections 544, 545, 547, 548, 549, 553(b), or 724(a)) (the "Avoidance Provisions") in order to obtain recovery under section 550(a). With one possible exception,[2] the Court's Order is contrary to every other decision that has squarely addressed the issue.

This holding has important implications and should be reviewed immediately by the Second Circuit. Specifically, the Court's holding would allow a trustee to recover transferred

---

[1]    Nothing herein waives or resolves any issue not specifically raised in the Section 550(a) Motions to dismiss and decided by the Court in the Order. As to all other issues, Defendants expressly reserve all rights, defenses, and objections (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process).

[2]    A decision of the Bankruptcy Court sustaining the Trustee's claims against one of Fairfield's subsequent transferees on different grounds, *Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Inv. Sec. LLC)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012), is discussed at pages 16-17 below.

property under section 550(a) without *ever* actually avoiding the initial transfer of that property

against *anyone*.  In fact, under the Court's ruling, a trustee seeking to recover property would

never have a reason to avoid transfers under the Avoidance Provisions, and instead could simply

seek to recover the transferred property under section 550(a).  Section 550 is thus transformed

from a provision authorizing the recovery of property transferred in avoided transfers to a

provision authorizing a trustee both to "avoid" and to recover the property.

> The Court recognized that the "language of section 550(a) is ambiguous" and that

the Bankruptcy Code treats avoidance and recovery as distinct concepts.  The language of

section 550(a) only authorizes a trustee to recover transferred property "to the extent that a

transfer is avoided" under the Avoidance Provisions.  Each of the Avoidance Provisions relevant

to the Trustee's claims is subject to a two-year limitations period for commencing "[a]n action or

proceeding under" the Avoidance Provision, *see* 11 U.S.C. §§ 546(a), which implies that any

proceeding seeking to avoid a transfer is subject to those time limits rather than the limitation

applicable to proceedings under section 550(a).  Accordingly, there are substantial grounds for

difference of opinion concerning the Court's holding that a trustee need not assert an avoidance

claim against a subsequent transferee within the limitations period applicable to proceedings

pursuant to the Avoidance Provisions, and need only satisfy the statute of limitations applicable

to the fundamentally distinct claim to recover property under section 550(a).  The issue is clearly

a controlling question of law and a reversal of this Court's decision would bring scores of

litigations to an end.

## STATEMENT

> In its Order, the Court addressed two issues:

> (1) whether, as a precondition for pursuing a recovery action
> against a subsequent transferee under 11 U.S.C. § 550(a), the

Trustee must first obtain a fully litigated, final judgment of avoidance against the relevant initial transferee under 11 U.S.C. §§ 544, 547, or 548;

(2) whether the Trustee's recovery action against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the Trustee has obtained a judgment against the relevant subsequent transferee avoiding the initial transfer or he asserts a claim against the subsequent transferee to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a).

(Order 5.)

The Court answered both questions "no."  Although the Court recognized that "the language of section 550(a) is ambiguous" because "against whom avoidance must be sought is unclear" and because of "the language, 'to the extent . . . avoided,'" the Court held that this language was not a temporal limitation, requiring avoidance to occur before recovery, but "'simply recognizes that transfers sometimes may be avoided only in part, and that only the avoided portion of a transfer is recoverable.'"  (Order 10.)  Accordingly, in answer to Question 1, the Court held that the Trustee need not obtain a judgment of avoidance against the initial transferee before seeking recovery from a subsequent transferee.  The Court nonetheless made clear that "the Trustee may not recover a transfer until its 'avoidability' is determined," and that "the Trustee cannot recover a transfer unless that transfer is proved able to be 'avoided' against the relevant transferee at least contemporaneously with the recovery action."  (Order 13.)

The Court then turned to the second question.  Relying on its reasons for ruling against the Defendants on the first question, the Court held that the phrase "to the extent . . . avoided" in section 550(a) does not require "an actual judgment of avoidance," but only addresses "the amount of the transfer that may be recovered."  (Order 16.)  The Court noted that the "Trustee concedes that a subsequent transferee from whom he seeks to recover may assert any defense to avoidance available to the initial transferee, unless collateral estoppel or res

judicata applies." (Order 17.)  However, the Court rejected Defendants' arguments that the Trustee's failure to commence the proceedings against them within the two-year limitations period prescribed by section 546(a), for any "action or proceeding under" the provisions authorizing avoidance of preferences or fraudulent transfers, would bar a recovery claim under section 550(a).

Specifically, the Court rejected Movants' arguments that section 546(a)'s two-year limitation period would apply to the Trustee's claims because "[s]uch a requirement would import the section 546(a) statute of limitations into all recovery proceedings, thereby conflating the separate concepts of avoidance and recovery, and rendering section 550(f) a nullity."  (Order 18.)  Instead, the Court held that "[t]he relevant statute of limitations for the Trustee's recovery action is provided in section 550(f) of the Bankruptcy Code, which, as stated above, allows recovery actions to be brought for one year after a judgment of avoidance or dismissal of a case." (Order 20.)  The Court concluded that claims against subsequent transferees of property transferred to either Fairfield or Kingate were timely under section 550(f), reasoning that "[f]or subsequent transferees of Kingate, the section 550(f) statute of limitations has not begun to run because the Trustee's adversary proceeding against Kingate remains ongoing," and that the Fairfield claims were timely against Standard Chartered because "the Trustee filed the Standard Chartered Complaint on April 26, 2012, less than one year after the July 2011 consent judgment in the Fairfield proceeding."  (Order 21.)

## ARGUMENT

Section 1292(b) authorizes a District Court to certify an interlocutory order for appeal if:  (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also*

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990). "When a ruling satisfies

these criteria and 'involves a new legal question or is of special consequence,' then the district

court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d

174, 186 (2d Cir. 2013) (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 111 (2009)); *see

also Geron v. Robinson & Cole LLP*, 476 B.R. 732, 745 (S.D.N.Y. 2012) (*sua sponte* certifying

for interlocutory review two issues that had not yet been "squarely addressed" and whose

"prompt resolution . . . will promote judicial economy and doctrinal clarity"). Certification of

the Court's Order, insofar as it denied the motion based on the statute of limitations, is

appropriate for the reasons set forth below.

## I.   THE ORDER PRESENTS A CONTROLLING QUESTION OF LAW.

A question of law is controlling if "(1) reversal of the district court's opinion

could result in dismissal of the action, (2) reversal of the district court's opinion, even though not

resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified

issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig*.,

1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997). Certification is especially appropriate where

the order involves a "purely legal question about which there are no triable issues of fact." *In re

Air Crash off Long Is., N.Y., on July 17, 1996*, 27 F. Supp. 2d 431, 435 (S.D.N.Y. 1998). Courts

within the Second Circuit frequently certify questions of whether a particular claim is time-

barred. *See, e.g.*, *Fernandez v. Artuz*, 175 F. Supp. 2d 682, 687 (S.D.N.Y. 2001) (granting

certification where district court held that statute of limitations did not bar plaintiff's claim);

*Estate of Re v. Kornstein Veisz & Wexler*, 958 F. Supp. 907, 929 (S.D.N.Y. 1997) (Sotomayor,

J.) (certifying statute of limitations question that was "potentially dispositive as to all of

plaintiffs' claims").

Here, reversal of the Court's decision would result in the dismissal of all of the Trustee's claims against Movants because any avoidance claim by the Trustee would be time-barred.  The Court's decision affects a large number of adversary proceedings, and it involves a pure question of law that does not present any factual issues.

## II.   THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION CONCERNING THE CONTROLLING QUESTION.

"The requirement that there be substantial ground for difference of opinion as to the legal issue presented for certification may be satisfied when:  (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  *In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at *5.  This requirement is met here both because the Court's Order involves a difficult issue of first impression for the Second Circuit and because there are conflicting authorities on the issue.

As the Court recognized, "it is well established that 'the concepts of avoidance and recovery are separate and distinct'" under the Bankruptcy Code.  (Order 6 (quoting *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 733 (B.A.P. 9th Cir. 2008)).)  Indeed, "[t]he Bankruptcy Code separates the concepts of avoidance and recovery" by providing causes of action for avoidance—namely, the causes of actions created by the Avoidance Provisions—that are separate and distinct from the cause of action for recovery of the transferred property created by section 550.  *See In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 741 (Bankr. S.D.N.Y. 2008) (Bernstein, C.B.J.) (internal citations omitted).[3]  Thus, a transfer may only be

---

[3]   *See also In re Clarkston*, 387 B.R. 882, 890 (Bankr. S.D. Fla. 2008) ("avoidance does not automatically lead to recovery" (citation omitted)); *In re Laines*, 352 B.R. 420, 425 (Bankr.  E.D. Va. 2006) ("[e]ffective avoidance by a trustee is a two-step process"); *Savage & Assocs., P.C. v. BLR Servs. SAS (In re Teligent, Inc.)*, 307 B.R. 744, 749-750 (Bankr. S.D.N.Y. 2004) ("The Code separates the avoidance of a fraudulent transfer from

*(footnote continued)*

"avoided" for purposes of section 550(a) if the Trustee prevails on a claim under the Avoidance

Provisions.  Any such claim is, on its face, subject to the statute of limitations applicable to an

"action or proceeding under" the Avoidance Provisions.  In the case of the Avoidance Provisions

relevant to the Trustee's claims, the applicable statute of limitations is 11 U.S.C. § 546(a).

   The Court's Order, however, allows the Trustee to recover transferred property

under section 550(a) without ever avoiding the initial transfer of the property.  In answering the

first question addressed in the Order, the Court held that the Trustee need not avoid the transfer

in a proceeding against the initial transferee in order to recover it from the subsequent transferee.

In answering the second question, the Court held that the Trustee need not avoid the transfer in

the proceeding against the subsequent transferee.  The inescapable conclusion is that the Trustee

need not avoid the initial transfer in *any* proceeding against *anyone* before recovering under

section 550(a).  For example, although the Trustee failed to commence a proceeding against

Standard Chartered before the deadline for asserting claims to avoid transfers under 11 U.S.C.

§ 546(a), the Court denied Standard Chartered's motion to dismiss because the Trustee had

commenced a timely proceeding against the initial transferee, Fairfield Sentry.  But the Trustee

settled his claims against Fairfield Sentry without avoiding the initial transfers, and the

settlement precludes him from ever avoiding those transfers in the proceeding against Fairfield

Sentry.  (*See* Consolidated Memorandum of Law in Support of Subsequent Transferees' Motion

to Dismiss for Failure to Assert a Timely Avoidance Claim (Oct. 5, 2012) ("Consolidated

---

(*footnote continued*)

   the recovery of a fraudulent transfer. . . . Section 550 restricts the trustee to the recovery
of the *avoided transfer*, or its value, from the initial and subsequent transferees and the
entities for whose benefit the transfer was made." (emphasis added)); *In re Morgan*, 276
B.R. 785, 790 (Bankr. N.D. Ohio 2001) ("the concepts of 'avoidability' and 'recovery'
are distinct concepts completely separate and independent from one another").

Memorandum") 4-5 [Dkt No. 388].)  This is surely not what Congress intended when it authorized a recovery of transferred property, in section 550(a), "to the extent that a transfer is avoided."

Section 550(a) is the provision of the Bankruptcy Code that governs all proceedings to recover property that has been transferred in an avoided transfer.  Although the Court was construing it in the context of claims against subsequent transferees, it also governs claims against the initial transferee.  Accordingly, the Court's holding that a trustee does not need to assert a claim under the Avoidance Provisions against a subsequent transferee in order to recover property means that the trustee need not assert such a claim against the initial transferee either.

Thus, under the Court's Order, a trustee seeking to recover property against an initial or subsequent transferee would have no need to bring claims under the Avoidance Provisions, but could simply recover the property under section 550(a).  The only context in which section 546(a) could apply would be where a trustee brings claims to avoid obligations without seeking recovery of any property.[4]  However, this result is contrary to decades of decisions holding that a trustee may not recover *property* from an initial transferee, on the ground that it was the subject of a voidable transfer, unless he asserts a claim under one of the Avoidance Provisions within the limitations period applicable to proceedings under that provision. *See, e.g., United States Lines (S.A.) Inc. v. United States (In re McLean Indus., Inc.)*, 30 F.3d 385, 388 (2d Cir. 1994); *U.S. Brass & Copper Co. v. Caplan (In re Century Brass*

---

[4]     In a proceeding to avoid an obligation, there is no property to recover, and the trustee presumably would not be able to take advantage of the Court's ruling dispensing with the need for a timely claim under the Avoidance Provisions in the proceeding under section 550(a).

*Products, Inc.)*, 22 F.3d 37 (2d Cir. 1994); *AEM v. United States (In re Mirabilis Ventures, Inc.)*,

2012 WL 1038773, at *8-11 (Bankr. M.D. Fla. Mar. 21, 2012); *In re AVI, Inc.*, 389 B.R. at 734;

*Reiser v. Moorman (In re Equity Land Title Agency, Inc.)*, 370 B.R. 154, 160-61 (S.D. Ohio

2007); *Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*, 2005 WL 2590385, at *5-7

(Bankr. D. Kan. April 14, 2005); *Covey v. Stahl Lumber Co. (In re Weishaar)*, 1998 WL

34065284 (Bankr. C.D. Ill. Oct. 26, 1998).

   There is substantial ground for difference of opinion concerning whether this

result is consistent with the plain language of 11 U.S.C. § 550(a).  That provision authorizes a

trustee to recover transferred property "to the extent that a transfer is avoided."  The Court's

observation that the words "to the extent" were intended to address the possibility that a transfer

might only be avoided in part does not provide any basis for concluding that the Trustee need not

avoid at least some part of the transfer.  The Court apparently recognizes that if the initial

transfer is only avoided to the extent of, say, property worth a million dollars, section 550(a)

only authorizes the recovery of property worth a million dollars.  If the initial transfer is not

avoided at all, however, the amount of the initial transfer that is avoided is zero.  It follows that

the trustee may not recover any property having a value in excess of zero—or any amount at

all—from the subsequent transferee.

   The Court also interpreted "is avoided" in section 550(a) to mean "able to be

'avoided" or "avoidable."  That holding directly conflicts with a decision of then Chief

Bankruptcy Judge Bernstein that was actually cited in the Court's Order:

> "Avoid" is a verb that means "[t]o render void," Black's Law
> Dictionary (8th ed. 2004) ("Black"), or "to annul, vacate, defeat,
> evade, invalidate."  Webster's Third New International Dictionary
> (Unabridged) 151 (1981).  It is not synonymous with "avoidable."
> Avoidable, or "voidable," is an adjective.  It describes a transaction
> that can be voided, *id.* at 2562, but that is "[v]alid until annulled."

> Black 1605.  In other words, a transfer must be avoidable in order
> to be avoided, but *until* it is avoided, it is as valid as an
> unavoidable transfer.

*In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 741 (emphasis added).

The Court did not address the distinction pointed out by Judge Bernstein.

Separately, the Court incorrectly rejected the argument that "avoided" must mean something

different from "avoidable" because Congress used the word "avoidable" in 11 U.S.C. § 502(d).

(Order 12.)  That section states:

> The court shall disallow any claim of any entity from which
> property is recoverable under section 542, 543, 550, or 553 of this
> title or that is a transferee of a transfer avoidable under section
> 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

The Court stated that "avoidable" is used in section 502(d) to permit the disallowance of a claim

"prior to adjudicating whether a transfer received by that creditor is in fact avoidable."  (Order

12.)  To the contrary, a trustee must obtain an adjudication that the transfer to the creditor "was

in fact avoidable" in order to obtain an order disallowing the claim under section 502(d).  This

Court has previously recognized that "where the Trustee has sought to disallow a claim under

§ 502(d), the Bankruptcy Court will have to determine whether the claimant has received 'a

transfer avoidable under section . . . 547 [or] 548.'"  *See Sec. Investor Prot. Corp. v. Bernard L.*

*Madoff Inv. Sec. LLC*, 490 B.R. 46, 54 (S.D.N.Y. 2013) (Rakoff, J.); *see also Stern v. Marshall*,

131 S. Ct. 2594, 2616-17 (2011) (Bankruptcy Court must decide preference claim in adjudicating

objection to transferee's claim).

Most courts hold that a trustee may obtain disallowance of a claim pursuant to

section 502(d) even if he did not seek a determination that the transfer to the creditor was

avoidable within the time period prescribed by section 546(a).  4 Alan N. Resnick & Henry J.

-10-

Sommer, *Collier on Bankruptcy* ¶ 502.05[2], at 502-56 (16th ed. 2012).  *Collier* explains these

decisions on the basis of the use of the word "avoidable" in section 502(d):

> The wording of section 502(d) refers to transfers "avoidable" under
> various sections and not to transfers that have been avoided.
> Arguably, an avoidable transfer is one that meets the statutory
> requirement for avoidance despite the potential time-bar defense.

*Id*.  In contrast, section 550(a) only permits recovery of a transfer "to the extent that a transfer is

*avoided*," implying that a time bar to avoidance of the transfer precludes recovery of the transfer

under section 550(a).

Eliminating the requirement of a timely avoidance claim as a prerequisite for a

recovery under section 550(a) nullifies two other provisions of the Code.  **First**, section 550(f)

provides that a proceeding under section 550(a) must be commenced prior to the earlier of "(1)

one year after the avoidance of the transfer on account of which recovery under this section is

sought; or (2) the time the case is closed or dismissed."  If it is not necessary to prevail on a

claim under the Avoidance Provisions in order to recover transferred property under section

550(a), as this Court has held, then there is no reason why a trustee should ever "avoid the

transfer on account of which recovery under this section is sought."  As in the complaint against

Standard Chartered, he will simply assert claims under section 550, and only be required to

prove that the transfer "is able to be avoided."  Thus, clause (1) of section 550(f) would be

nullified, and the trustee would be able to assert claims to recover all property that was the

subject of a transfer that is "able to be avoided" until the bankruptcy case is closed or dismissed.

**Second**, section 547, which authorizes the avoidance of preferences, does not

permit the avoidance of obligations.  It only applies to a "transfer of an interest of the debtor in

property."  11 U.S.C. § 547(b).  Thus, any preference may be the subject of a recovery

proceeding under section 550(a).  Under this Court's ruling, such a proceeding is not subject to

the two-year limitations period in section 546(a).  Section 546(a), however, expressly lists

proceedings under section 547 among the proceedings to which it applies.  The Court's ruling

renders the reference to section 547 in section 546(a) a nullity.

Trustee failed to bring any avoidance action with respect to the initial transfer (against either the initial or subsequent transferee) within section 546(a)'s two-year limitations period.

The Court's decision suggests that section 546(a) would continue to have some

relevance because:

> a subsequent-transferee defendant is entitled to bring a statute of
> limitations defense to avoidance only if the Trustee failed to bring
> any avoidance action with respect to the initial transfer (against
> either the initial or subsequent transferee) within section 546(a)'s
> two-year limitations period.

(Order 17-18, citing *In re Jones Storage & Moving, Inc.*, 2005 WL 2590385, at *5 (Bankr. D.

Kan. April 14, 2005).)  However, this would make section 546(a) unlike any other statute of

limitations by allowing the commencement of an avoidance proceeding against one defendant to

satisfy the limitations period for other proceedings against other defendants.  Movants are not

aware of any other context in which a plaintiff that sues one defendant within the applicable

period of limitations is then freed from the time limit if he wishes to sue other defendants for the

same claim.  The Order completely undermines Rule 15(c)(1)(C) of the Federal Rules of Civil

Procedure, which is applicable to adversary proceedings pursuant to Rule 7015 of the Federal

Rules of Bankruptcy Procedure.  Under Rule 15(c)(1)(C), an amended complaint that adds a new

defendant only relates back to the date of the original pleading if the new defendant (a) received

such notice of the original action that he will not be prejudiced in defending on the merits and (b)

knew or should have known that the action would have been brought against it but for a mistake

concerning the proper party's identity.  In contrast, this Court's Order makes avoidance claims

asserted against new parties in new proceedings relate back to the commencement of a totally

different proceeding against a totally different party, regardless of notice or mistake.

Moreover, because section 550(a) applies to proceedings against both the initial transferee and a subsequent transferee, the Court's decision would allow a trustee to commence and settle a timely proceeding against a single subsequent transferee, such as an investor that redeemed a thousand dollars' worth of Fairfield Sentry shares, and then be freed of the section 546(a) statute of limitations in commencing proceedings against the initial transferee and all the other subsequent transferees.

The decision cited by this Court as support for this holding, in *Jones Storage & Moving*, is in fact directly contrary authority.  That case involved a proceeding against a bank that was the initial transferee of alleged preferences, which the Bankruptcy Court referred to as the "550 Adversary."  2005 WL 2590385 at *1.  The trustee relied on a stipulated judgment of avoidance he had obtained against the party for whose benefit the transfers were made, in what the Court referred to as the "Jones Adversary."  *Id*.  The Bankruptcy Court held that the due process clause prevented the trustee from using the judgment obtained in Jones Adversary to establish that the transfer was avoided for purposes of the 550 Adversary.  *Id*. at *3-4.  It then held that the 550 Adversary should be dismissed because it was not commenced within the two-year time limit prescribed by section 546(a).  *Id*. at *5-7.  The Jones Adversary had also been commenced after the expiration of the two-year period, but this was not the reason the Bankruptcy Court dismissed the 550 Adversary.  Rather, the Court relied on the trustee's failure to commence the 550 Adversary within the two-year period:

> In order to recover under section 550, the Trustee must establish that the transfer to the Bank was avoidable under section 547 and that the Bank was a transferee of the funds.  In this case, the 2 year statute of limitations of section 546(a), which governs the Trustee's bringing of a preference action, ran in December 2002, *long before the filing of the section 550 Adversary*.  The Bank, as a defendant to the Trustee's claim that the Debtor's payments to the Bank of $27,009.86 within 90

days of filing for bankruptcy relief were preferential, therefore has a statute of limitations defense.

*Id*. at *5 (emphasis added).  The Bankruptcy Court explained the general rule as follows:

> In this case, the Trustee therefore could have combined his claims under sections 547 and 550 against both Jones (the party benefitted) and the Bank (the immediate transferee), or *could have proceeded under both sections against only the Bank* or only Jones.  *In any event, in order to prevail on the section 547 claim,* assuming that the defendants would not waive the statue [sic] of limitations defense, *the action must have been commenced within two years of the filing of the bankruptcy.*  The Trustee failed to file a timely action.  Rather, he filed an out of time action against Jones, obtained a consent judgment, and now proceeds to atempt [sic] to rely upon that judgment to enforce liability against the Bank.  As stated above, this consent judgment in the Jones Adversary is not binding on the Bank.  At this juncture, *it is too late for the Trustee to commence an action under section 547 against the Bank*, which can assert its own statute of limitations defense to the preference action.

*Id*. at *7 (emphasis added).

The Bankruptcy Court for the Southern District of Ohio followed *Jones Storage & Moving* in *Reiser v. Moorman*.  In that case the Bankruptcy Court held that the trustee could not rely on a default judgment against the initial transferee to establish that the transfer was avoided in a later proceeding against a subsequent transferee, based on language in the default judgment stating that it would only affect the parties to the proceeding in which it was entered. 370 B.R. at 157-60.[5]  The Bankruptcy Court then held that the trustee's claim against the subsequent transferee was barred by section 546(a):

---

[5]     Similarly, the order approving the settlement between the Trustee and Fairfield says that nothing in the settlement agreement will affect the rights of the subsequent transferees. *See* Consolidated Memorandum 4-5; Order at 3, *Picard v Fairfield Sentry Ltd (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. No. 09-1239 (BRL), Dkt. No. 95 (Bankr. S.D.N.Y. June 10, 2011).

-14-

In the circumstances of this case, the Trustee has no alternative basis to demonstrate a predicate avoidable transfer, since the two year statute of limitations under § 546 to pursue avoidable transfers expired. In *Morris v. Emprise Bank (In re Storage and Moving, Inc.)* . . . a trustee sought to use a consent judgment, in a prior preference adversary proceeding, to pursue a § 550 cause of action against a bank. The court noted that the bank was neither a party, nor in privity with the party, in the prior adversary proceeding.  Accordingly, the court concluded that "this consent judgment is not binding on the Bank.  At this juncture, it is too late for the Trustee to commence an action under § 547 against the bank, which can assert its own statute of limitations to the preference action." . . .  Similarly, in this adversary proceeding, since the Trustee cannot use the Clayton Decision to establish the predicate avoidance transfer and the two year statute of limitations, under § 546, to avoid a transfer expired prior to the filing of the present adversary proceeding, the Trustee cannot establish a predicate avoidable transfer and cannot prosecute a § 550 cause of action against the Defendants.

*Id*. at 160-61 (citations omitted).

The same principles were adopted by the Bankruptcy Appellate Panel for the Ninth Circuit in *In re AVI*, on which this Court relied heavily in deciding Issue 1.  That case involved a claim to avoid a post-petition transfer pursuant to 11 U.S.C. § 549, which is subject to the two-year statute of limitations in section 549(d).  *See* 389 B.R. at 724.  The Bankruptcy Appellate Panel held that a trustee was not required to obtain a judgment of avoidance against the initial transferee before commencing a proceeding against the subsequent transferee, but made clear that the proceeding against the subsequent transferee must be commenced within the limitations period applicable to the avoidance claim:

[W]hile avoidance is a necessary precondition to any recovery under § 550, it is permissible, but not mandatory, to bring an avoidance action and a recovery action in one suit. . . .  Thus, if the trustee seeks to avoid a transfer and recover the property or its value in the same adversary proceeding, *assuming the avoidance is timely and established*, then the recovery action will necessarily be within the one year pursuant to § 550(f).  Alternatively, if the trustee prosecutes

-15-

> a separate adversary proceeding for avoidance and then a subsequent
> adversary proceeding for recovery, the avoidance action is subject to
> the statute of limitations under § 549(d) and § 550(f) is applicable to
> the recovery adversary proceeding.

*In re AVI*, 389 B.R. at 734 (emphasis added) (footnotes and citations omitted).  Chief Judge

Bernstein adopted this reasoning, and relied on *AVI*, in the decision cited by this Court in *In re*

*M. Fabrikant & Sons, Inc.*, 394 B.R. at 743 n.23.

   The only decision identified by the parties or the Court that provides any support

for the view that a trustee's claim to recover property that was the subject of an alleged voidable

transfer is not subject to the limitations periods applicable to avoidance claims is the Bankruptcy

Court's decision in *Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Investment*

*Securities, LLC)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012).  That decision did not actually address

the issue decided in this Court's Order.  Unlike the Movants, the defendant in that proceeding

apparently accepted that section 550(f) would allow the trustee to seek recovery from a party that

received property from Fairfield within one year after a judgment of avoidance in a proceeding

against Fairfield.  It argued, however, that because the proceeding against Fairfield was settled

without a judgment of avoidance, the section 546(a) limitations period should be applied "[t]o

avoid the absurd result of section 550(f) of the Code never starting to run."  *Id*. at 522.

   Judge Lifland simply held that there was no "absurd result" because the Fairfield

settlement had "finality" that "triggers the relevant one-year statute of limitations under section

550(f)."  *Id*.  He did not address the possibility that the language of section 550(a), permitting

recovery of transferred property "to the extent that a transfer is avoided," requires the trustee to

assert an avoidance claim against each initial and subsequent transferee that is subject to the

limitations periods applicable to proceedings under the Avoidance Provisions.  He did not

address or attempt to distinguish the holdings discussed above in *Jones Storage & Moving*,

-16-

*Reiser v. Moorman*, *AVI*, and *In re M. Fabrikant & Sons, Inc.*  The only decision he cited was to support his conclusion that "finality" triggered the statute of limitations under section 550(f). That decision, *ASARCO LLC v. Shore Terminals LLC*, 2012 WL 2050253 at *5 (N.D. Cal. June 6, 2012) (cited at 480 B.R. 522-23), provided no support for his decision because it involved a provision of CERCLA that expressly established a limitary period triggered by a judicially approved settlement.  Accordingly, Judge Lifland's decision provides no support for this Court's Order.[6]

The Court's ruling would present a difficult issue of first impression for the Second Circuit, which has never permitted a successful recovery claim under section 550(a) without a corresponding successful claim under an Avoidance Provision.  There is conflicting authority on this issue because the Court's Order conflicts with the decisions of all the other courts that have considered it.  Accordingly, there is sufficient ground for disagreement to justify interlocutory review by the Second Circuit.

### III.   AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

An immediate appeal may materially advance the ultimate termination of the litigation because a reversal of this Court's decision would end the litigation.  Where "substantial

---

[6]   The alleged "difficulties that may be faced by a trustee in tracking down the various subsequent transfers" (Order 19) provide no basis for construing the statute to free a trustee of the obligation to satisfy section 546(a).  Neither the Trustee nor the Court has identified any reference to this alleged difficulty in the legislative history of sections 546(a) and 550.  Moreover, the Trustee's protestations concerning these alleged difficulties are overstated for the reasons set forth on pages 11-12 of the Consolidated Reply Memorandum of Law in Support of Subsequent Transferees' Motion to Dismiss for Failure to Assert a Timely Avoidance Claim (Nov. 30, 2012) [Dkt. No. 414].  In particular, a trustee may obtain discovery concerning any subsequent transfers as soon as the bankruptcy case is commenced, without commencing any avoidance proceeding, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

resources may be expended in vain both by the parties and [the] Court if [the Court's] initial

conclusion proves incorrect," *In re Dynex Capital, Inc. Sec. Litig.*, 2006 WL 1517580, at *3

(S.D.N.Y. June 2, 2006), "early appellate review 'might avoid protracted and expensive

litigation." *Lloyd's*, 1997 WL 458739, at *3 (citation omitted).  Because the Order presents

novel and potentially dispositive questions of statutory interpretation that have not yet been

decided by the Court of Appeals, this Court should certify the question for immediate appeal so

that there is clarity as to the law before any factual issues are tried.  To do otherwise might result

in the reversal of a judgment entered after expensive, protracted, and ultimately unnecessary

discovery and trial.

## CONCLUSION

        Movants respectfully request that the Court certify its Order for interlocutory

review pursuant to 28 U.S.C. § 1292(b).

Dated:  New York, New York
        November 12, 2013

                                         /s/ Robinson B. Lacy
                                        Robinson B. Lacy
                                        Sharon L. Nelles
                                        Patrick B. Berarducci
                                        Yavar Bathaee
                                        SULLIVAN & CROMWELL LLP
                                        125 Broad Street
                                        New York, New York  10004

                                        *Attorneys for Movants Standard Chartered
                                        Bank International (Americas) Ltd., Standard
                                        Chartered International (USA) Ltd., and
                                        Standard Chartered Financial Services
                                        (Luxembourg) S.A., Adv. No. 12-1565, 12 Civ.
                                        4328*

Scott B. Schreiber
Andrew T. Karron
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC  20004
Tel:  (202) 942-5000
Fax:  (202) 942-5999


*Attorneys for Defendant Atlantic Security*
*Bank, Adv. No. 11-2730, 12 Civ. 2980*


David W Parham
Baker Y McKenzie LLP
2300 Trammell Crow Center
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com

*Attorneys for Cathay Life Insurance Co. Ltd.,*
*Adv. No. 11-02568*

Thomas J. Moloney
Charles J. Keeley
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
(212) 225-3999 (facsimile)
tmoloney@cgsh.com


*Attorneys for Somers Dublin Limited and*
*Somers Nominees (Far East) Limited, Adv. No.*
*11-2748, 12 Civ. 2430*

Michael E. Wiles
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
Fax: 212-909-6836
email: mewiles@debevoise.com

*Attorneys for Pictet et Cie, Adv. No. 11-1724,
12 Civ. 3402*

Gary J. Mennitt
Email: gary.mennitt@dechert.com
Elisa T. Wiygul
Email: elisa.wiygul@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Orbita Capital Return Strategy
Limited, Adv. No. 11-2537, 12 Civ. 2934*

Robert J. Lack (rlack@fklaw.com)
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, New York 10036-6516
(212) 833-1100

*Attorneys for Defendants Multi-Strategy Fund
Limited and CDP Capital Tactical Alternative
Investments, Adv. No. 12-1205, 12 Civ. 4840*

Marc J. Gottridge
Andrew M. Behrman
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000
marc.gottridge@hoganlovells.com

*Attorneys for Defendants Barclays Bank
(Suisse) S.A., Barclays Bank S.A., and Barclays
Private Bank & Trust Limited, Adv. No. 11-
2569, 12 Civ. 1882*


David J. Mark
KASOWITZ, BENSON,
TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1990
Facsimile:  (212) 500-3490
Email:  DMark@kasowitz.com

*Attorneys for Banca Carige S.p.A., Adv. No.
11-2570, 12 Civ. 2408*


Thomas B. Kinzler
Daniel Schimmel
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
tkinzler@kelleydrye.com
dschimmel@kelleydrye.com

*Attorneys for Caceis Bank France and Caceis
Bank Luxembourg, Adv. No. 11-2758, 12 Civ.
2434*

John P. Cooney, Jr.
Email:  jcooney@mckoolsmith.com
Eric B. Halper
Email: ehalper@mckoolsmith.com
Virginia I. Weber
Email:  vweber@mckoolsmith.com
Sachin S. Bansal
Email: sbansal@mckoolsmith.com
McKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone:  212.402.9400
Facsimile: 212.402.9444

*Attorneys for defendant Bank Julius Baer &
Co. Ltd., Adv. No. 11-2922, 12 Civ. 2311*

William J. Sushon
Shiva Eftekhari
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
(212) 326-2000
wsushon@omm.com
seftekhari@omm.com
dshamah@omm.com

*Attorneys for Defendants Credit Suisse AG,
Credit Suisse AG, Nassau Branch, Credit
Suisse AG, Nassau Branch Wealth
Management, Credit Suisse AG, Nassau
Branch LATAM Investment Banking, Credit
Suisse Wealth Management Limited, Credit
Suisse (Luxembourg) SA, Credit Suisse
International, Credit Suisse Nominees
(Guernsey) Limited, Credit Suisse London
Nominees Limited, Credit Suisse (UK) Limited,
and Credit Suisse Securities (USA) LLC, Adv.
No. 11-2925, 12 Civ. 2454; Adv. No. 12-1676,
12 Civ. 4724*

*Attorneys for Solon Capital Limited, Adv. No.
12-1025, 12 Civ. 2456*

*Attorneys for Mistral (SPC), Adv. No. 12-1273,
12 Civ. 3532*

*Attorneys for Zephyros Limited, Adv. No. 12-1278, 12 Civ. 3533*


Peter E. Calamari
Marc L. Greenwald
Eric M. Kay
David S. Mader
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Defendant Abu Dhabi Investment Authority, Adv. No. 11-2439, 12 Civ. 2616*

Robert S. Fischler
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Robert.Fischler@ropesgray.com

Stephen Moeller-Sally
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
ssally@ropesgray.com

*Attorneys for Schroder & Co. Bank AG, ADv. No. 12-1210, 12 Civ. 4749*

Andrea J. Robinson
Charles C. Platt
George W. Shuster, Jr.
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
New York, New York 10007

*Attorneys for Movants SNS Bank N.V. and
SNS Global Custody B.V., Adv. No. 10-46, 12
Civ. 2509*

Charles C. Platt
George W. Shuster, Jr.
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
New York, New York 10007

*Attorneys for Movant BSI AG, Adv. No. 12-
1209, 12 Civ. 3177*