**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br><br>Civ. No. 12-mc-0115 (JSR) |
| In re:<br><br>MADOFF SECURITIES | |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO ISSUE 2 SUBSEQUENT
TRANSFEREE DEFENDANTS' MOTION TO AMEND OCTOBER 29, 2013 OPINION
AND ORDER REGARDING 550(a) ISSUES TO ADD 28 U.S.C. § 1292(b)
CERTIFICATION FOR INTERLOCUTORY APPEAL**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,
Trustee for the Substantively
Consolidated SIPA Liquidation of
Bernard L. Madoff Investment
Securities LLC and the Estate of
Bernard L. Madoff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................. 1

LEGAL STANDARD ........................................................................................ 3

ARGUMENT .................................................................................................... 4

I.   THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION REGARDING THE ORDER ......................................................................... 4

    A.   There is No Disagreement Among the Courts With Regard to the Order .............. 4

    B.   The Defendants' Purported "Conflicts" Between the Order and Other Case Law are Illusory .................................................................................. 7

        1.   There is No Conflict Between the Order and Case Law Holding that Avoidance Actions Against Initial Transferees Must Be Brought Within the Two-Year Statute of Limitations of Section 546(a)………………….…..8

        2.   No Conflict Exists Between the Order and the *Fabrikant* Decision With Regard to the Interpretation of  Section 550(a)………………….…9

    C.   The Order Presents No Complicated Issue of First Impression, and the Merits of Defendants' Arguments Do Not Create A Substantial Ground For Difference of Opinion .................................................................................. 10

    D.   Rehashing of Prior Arguments Fails To Create A Substantial Ground For Difference Of Opinion ............................................................................ 12

    E.   Defendants' New Arguments are Inappropriate On a Section 1292(b) Motion, and Further Fail to Satisfy the Requisite Standard.................................. 13

II.   CERTIFICATION WILL NOT MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION ...................................................................................... 15

CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*,
    426 F. Supp. 2d 125 (S.D.N.Y. 2005).................................................................................4, 12

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    No. 9 MD 2058 (PKC), 2010 WL 4237304 (S.D.N.Y. Oct. 8, 2010) .....................................13

*Bilello v. JPMorgan Chase Ret. Plan*,
    603 F. Supp. 2d 590 (S.D.N.Y. 2009)....................................................................................15

*Conn. Ex. Rel. Blumenthal v. U.S. Dep't of the Interior*,
    228 F.3d 82 (2d Cir. 2000)....................................................................................................11

*In re Buspirone Patent Litig.*,
    210 F.R.D. 43 (S.D.N.Y. 2002) ...............................................................................................3

*Casey v. Long Island R.R. Co.*,
    406 F.3d 142 (2d Cir. 2005)....................................................................................................4

*City of New York v. Milhelm Attea & Bros., Inc.*,
    2012 WL 4959502 (E.D.N.Y. Oct. 17, 2012)..........................................................................12

*In re Enron Creditors Recovery Corp.*,
    2009 WL 3349471 (S.D.N.Y. Oct. 16, 2009) ...........................................................................5

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996).............................................................................................10, 11

*Glatt v. Fox Searchlight Pictures Inc.*,
    2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013)..........................................................................5

*In re Investors Funding Corp. of New York Sec. Litig.*,
    36 B.R. 1019 (S.D.N.Y. 1983)..........................................................................................16, 17

*Klinghoffer v. S.N.C. Achille Lauro In Amministrazione Straordinaria*,
    921 F.2d 21 (2d Cir. 1990)......................................................................................................3

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)............................................................................3

*Longo v. Carlisle DeCoppet & Co.*,
    537 F.2d 685 (2d Cir. 1976)...........................................................................5

*In re McLean Indus., Inc.*,
    30 F.3d 385 (2d Cir. 1994).........................................................................9, 11

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*,
    399 F. Supp. 2d 320 (S.D.N.Y. 2005).............................................................12

*Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*,
    2005 WL 2590385 (Bankr. D. Kan. June 22, 2005) .........................................6

*Morton v. Mancari*,
    417 U.S. 535 (1974).....................................................................................11

*Northwest Airlines Corp. v. City of Los Angeles*,
    2008 WL 4755377 (S.D.N.Y. Oct. 28, 2008) ...............................................4

*Official Comm. of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*,
    394 B.R. 721 (Bankr. S.D.N.Y. 2008) ......................................................9, 10

*Oscar Mayer & Co. v. Evans*,
    441 U.S. 750 (1979).....................................................................................11

*Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012)..............................................................10

*Picard v. Bureau of Labor Insurance*,
    480 B.R. 501 (Bankr. S.D.N.Y. 2012)...................................................*passim*

*Rieser v. Moorman (In re Equity Land Title Agency, Inc.)*,
    370 B.R. 154 (Bankr. S.D. Ohio 2007).............................................................6

*Rodriguez v. Banco Cent.*,
    917 F.2d 664 (1st Cir. 1990)...........................................................................5

*Romea v. Heiberger & Assocs.*,
    988 F. Supp. 715 (S.D.N.Y. 1998)..................................................................5

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re S. African Apartheid Litig.,*
2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) ...................................................................11, 15

*In re S. African Apartheid Litig.,*
624 F.Supp.2d 336 (S.D.N.Y. 2009)....................................................................................13

*In re Sept. 11 Litig.,*
Misc. No. 21-97(AKH), 2003 WL 22251325 (S.D.N.Y. Oct. 1, 2003) ..................................3

*S.E.C. v. Credit Bancorp, Ltd.,*
103 F. Supp. 2d 223 (S.D.N.Y. 2000)....................................................................................4

*Savage & Assocs., P.C. v. BLR Servs. SAS, et al. (In re Teligent, Inc.),*
307 B.R. 744 (Bankr. S.D.N.Y. 2004) ..................................................................................11

*SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.),*
-- F. Supp. 2d -- No. 12-MC-00115 (JSR), 2013 WL 6301085 (S.D.N.Y. Dec. 5,
2013) .................................................................................................................................15, 16

*SIPC v. Stratton Oakmont, Inc.,*
234 B.R. 293 (Bankr. S.D.N.Y. 1999) ..................................................................................11

*State Teachers Ret. Bd. v. Fluor Corp.,*
84 F.R.D. 38 (S.D.N.Y. 1979) ..............................................................................................16

*Thompson v. Jonovich (In re Food & Fibre Protection, Ltd.),*
168 B.R. 408 (Bankr. D. Ariz. 1994)....................................................................................12

*U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.),*
22 F.3d 37 (2d Cir. 1994) .......................................................................................................9

*United States v. Menasche,*
348 U.S. 528 (1955)..............................................................................................................11

*United States v. Huron Consulting Grp., Inc.,*
No. 09 Civ. 1800 (JSR), 2011 WL 2017322 (S.D.N.Y. May 16, 2011)........................3, 4, 17

*United States ex rel. Hollander v. Clay,*
420 F. Supp. 853 (D.D.C. 1976)............................................................................................7

*Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distrib. Corp.,*
964 F.2d 85 (2d Cir. 1992).....................................................................................................3

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*White v. Nix,*
  43 F.3d 374 (8th Cir. 1994) ...................................................................7

*Williston v. Eggleston,*
  410 F. Supp. 2d 274 (S.D.N.Y. 2006)...................................................15

*Woods & Erickson v. Leonard (In re AVI),*
  389 B.R. 721 (B.A.P. 9th Cir. 2008).....................................................7

**STATUTES**

11 U.S.C.§ 502(d) ................................................................................9, 11

11 U.S.C. § 544 ..........................................................................................1

11 U.S.C. § 546(a) ............................................................................ *passim*

11 U.S.C. § 547..................................................................................*passim*

11 U.S.C. § 548.........................................................................................1

11 U.S.C. § 550(a) ............................................................................ *passim*

11 U.S.C. § 550(f) .............................................................................*passim*

15 U.S.C. §§78aaa *et seq.* .........................................................................1

28 U.S.C. § 1292(b) ..........................................................................*passim*

**RULES**

Fed. R. Civ. P. 15(c)(1)(C) .....................................................................14

**OTHER AUTHORITIES**

5 COLLIER ON BANKRUPTCY ¶ 550.LH (16th ed. 2010)..............................11

16 WRIGHT, MILLER & COOPER, FED. PRAC. & PROC.: JURIS. § 3930
  (2d ed.) ...........................................................................................10, 16

H.R. REP. NO. 95-595 (1977)....................................................................11

Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), respectfully submits this Memorandum of Law in opposition to the Motion for Certification for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion") filed by the 550(a) Issue 2 Subsequent Transferee Defendants.

## INTRODUCTION

Two groups of subsequent transferee defendants previously moved to dismiss the Trustee's recovery proceedings against them pursuant to Section 550(a) of the Bankruptcy Code. Thereafter, this Court ordered common briefing with respect to the following issues:[1]

> (1) whether, as a precondition for pursuing a recovery action against a subsequent transferee under 11 U.S.C. § 550(a), the Trustee must first obtain a fully-litigated, final judgment of avoidance against the relevant initial transferee under 11 U.S.C. §§ 544, 547 or 548 ("Issue 1"), or

> (2) whether the Trustee's recovery action against a subsequent transferee under 11 U.S.C. § 550(a) must be dismissed unless the Trustee has obtained a judgment against the relevant subsequent transferee avoiding the initial transfer or he asserts a claim against the subsequent transferee to avoid the initial transfer within the period prescribed by 11 U.S.C. § 546(a) ("Issue 2").

By Opinion and Order filed October 29, 2013 (the "Order"), this Court properly denied the motions to dismiss with respect to both Issue 1 and Issue 2. The Issue 2 Subsequent Transferee Defendants – and notably *only* the Issue 2 Subsequent Transferee Defendants (hereinafter "Defendants") – now seek this Court's permission to take an interlocutory appeal.

The Motion must be denied because Defendants have not satisfied the standard for taking an immediate appeal from the interlocutory Order. Section 1292(b) requires that Defendants

---

[1] *See* this Court's Order entered August 22, 2012, *SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*, No. 12-MC-00115 (JSR) (ECF. No. 314).

show a substantial ground for difference of opinion exists with respect to the Court's Order before they pursue an interlocutory appeal.  In fact, no disagreement exists at all.   The Defendants' arguments all have been rejected previously by this Court and the bankruptcy court in *Picard v. Bureau of Labor Insurance*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) ("*BLI*"). Contrary to Defendants' assertions, not a single case has ever held that all recovery proceedings against subsequent transferees must:  (i) include a claim for avoidance of the initial transfers; and (ii) be brought against subsequent transferees within the two-year statute of limitations set forth in Section 546(a) of the Bankruptcy Code.

Given the limited number of decisions on the issue, Defendants seek to frame the dispute as a complicated question of "first impression" for the Second Circuit.  Even where issues of first impression are presented, however, the Court must analyze the strength of Defendants' arguments in opposition to the Order in deciding whether the issue is truly one on which there is a substantial ground for dispute.  Here, there is no doubt as to the soundness of the Order.  This Court already has determined that Defendants' arguments improperly attempt to import the statute of limitations of Section 546(a) of the Code, which is applicable to actions to avoid initial transfers, into recovery proceedings against subsequent transferees brought pursuant to Section 550 of the Code.  Defendants' arguments improperly conflate the Bankruptcy Code's well-recognized separation and distinction between the concepts of avoidance and recovery, and would render the statute of limitations for recovery proceedings set forth in Section 550(f) a nullity in contravention of fundamental canons of statutory construction.

Defendants' remaining contentions are all either repackaged arguments previously rejected by this Court, or new arguments improperly raised for the first time on this Motion.  None, however, is sufficient to create a substantial ground for difference of opinion.  When

considered against the substantial delay that an interlocutory appeal would cause, the arguments advanced by the Defendants do not merit the extraordinary relief of certification for immediate appeal.

## LEGAL STANDARD

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). "[F]ederal practice is strongly biased against interlocutory appeals.  Appeals from interlocutory orders prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *United States v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800 (JSR), 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011) (quoting *In re Sept. 11 Litig.*, Misc. No. 21-97(AKH), 2003 WL 22251325, at *1 (S.D.N.Y. Oct. 1, 2003)).

Interlocutory appeals are "an exception to the general policy against piecemeal appellate review embodied in the final judgment rule." *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002).  The Second Circuit has held, therefore, that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Huron*, 2011 WL 2017322, at *1 (quoting *Klinghoffer v. S.N.C. Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir.1990); *see Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (district courts must use "great care in making a § 1292(b) certification").

A district court has discretion to certify an interlocutory order for immediate appeal to the Second Circuit Court of Appeals under Section 1292(b), exercisable in exceptional circumstances where the order "involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Huron*, 2011 WL 2017322, at *1. A party's request for certification of an interlocutory appeal cannot succeed unless all three of these factors are met.  *See NW Airlines Corp. v. City of Los Angeles*, 2008 WL 4755377, at *6 (S.D.N.Y. Oct. 28, 2008); *see also Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005) (refusing to grant certification where all three criteria of Section 1292(b) were not met).

Satisfying the three factors discussed above, however, does not ensure that an immediate appeal from an interlocutory order will be granted.  A "district judge has unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met."  *Huron*, 2011 WL 2017322, at *1 (citations and internal quotation marks omitted).  As discussed above, only exceptional circumstances warrant piecemeal review, and exceptional circumstances are not present here.

## ARGUMENT

## I.

## THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION REGARDING THE ORDER

### A.    There is No Disagreement Among the Courts With Regard to the Order

Satisfying Section 1292(b)'s "substantial ground for difference of opinion" standard requires a showing of "substantial doubt that the district court's order was correct."  *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 129-30 (S.D.N.Y. 2005) (internal quotations omitted).  But there must be more than "some level of disagreement among the courts" for Section 1292(b) to be satisfied. *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).  A sufficient level of discord among the courts may show "substantial ground for difference of opinion" where, for example, a trial court has ruled contrary to the

rulings of all courts of appeal;[2] or where the circuit courts of appeal are in dispute and the court of appeals of the relevant circuit has not spoken.[3]

Defendants claim that there is a difference of opinion among the courts reviewing Section 550(a), but in fact, there is no disagreement among the courts at all.  The two courts that have addressed the issues at hand are in substantial agreement.

Consistent with this Court's Order, the bankruptcy court in *BLI* held that the Trustee did not need to obtain a final judgment of avoidance against the initial transferee, but rather, that the Trustee could properly pursue recovery proceedings against subsequent transferees after showing that the transfer to the initial transferee was "avoidable."  *BLI*, 480 B.R. at 521-22.  The *BLI* court also found that the relevant statute of limitations governing the recovery proceeding against the subsequent transferee was the one-year statute of limitations under Section 550(f) of the Code, rejecting the same argument advanced by Defendants here that the two-year statute of limitations governing avoidance actions in Section 546(a) should apply.  The bankruptcy court also found – consistent with this Court's Order – that a settlement with the initial transferee, Fairfield Sentry, brought "finality" with respect to the avoidance action against Fairfield Sentry, and that "finality" triggered the running of the one-year statute of limitations set forth in Section 550(f) to bring recovery proceedings against subsequent transferees.  *Id.* at 523.

On the other hand, no case has ever held – as Defendants contend – that in every recovery proceeding against subsequent transferees, the Trustee must also bring a claim for avoidance of the initial transfers and must do so within the two-year statute of limitations period set forth in

---

[2] *Longo v. Carlisle DeCoppet & Co.*, 537 F.2d 685, 685 (2d Cir. 1976); *In re Enron Creditors Recovery Corp.*, 2009 WL 3349471, at *7 (S.D.N.Y. Oct. 16, 2009).

[3] *Rodriguez v. Banco Cent.*, 917 F.2d 664, 665-67 (1st Cir. 1990); *Glatt v. Fox Searchlight Pictures Inc.*, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013); *Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 718 (S.D.N.Y. 1998).

Section 546(a) of the Code.  While Defendants quote extensively from several cases and vaguely assert that the Order conflicts with these authorities, these very cases support the Order and/or undermine Defendants' arguments.

For example, Defendants claim *Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*, No. 00-14862, 04-5106, 2005 WL 2590385 (Bankr. D. Kan. June 22, 2005) is in conflict with the Order.  Def. Mem. at 13.[4]  But *Jones Storage* merely stands for the proposition that claims against initial transferees to avoid transfers must be brought within the two-year statute of limitations contained in Section 546(a) of the Code;[5] and that trustees cannot circumvent a party's statute of limitations defense by attempting to use *res judicata* to enforce a consent judgment of avoidance entered against another defendant absent privity between the parties.  *In re Jones Storage & Moving, Inc.*, 2005 WL 2590385 at *4.  Nothing in the Order is to the contrary.

Another case relied on extensively by the Defendants, *Rieser v. Moorman (In re Equity Land Title Agency, Inc.)*, 370 B.R. 154 (Bankr. S.D. Ohio 2007), squarely conflicts with Defendants' argument. The *Rieser* court actually recognized that, had a valid judgment of avoidance against the initial transferee not contained restrictive language as to its future use, the trustee there could have relied on that judgment and would not have had to establish avoidance of the initial transfer in future proceedings to recover against subsequent transferees – a result

---

[4] *See* Defendants' Memorandum of Law in Support of Motion for Certification Pursuant to 28 U.S.C. § 1292(b), dated Nov. 12, 2013.  ("Def. Mem." or "Memorandum of Law").

[5] *In re Jones Storage & Moving, Inc.*, 2005 WL 2590385 at *5 ("In order to recover under section 550, the Trustee must establish that the transfer to the Bank [initial transferee] was avoidable under section 547 …. In this case, the 2 year statute of limitations of section 546(a), which governs the Trustee's bringing of a preference action, ran in December 2002, long before the filing of the section 550 Adversary").

6

that is completely the opposite of what Defendants claim they are entitled to here.[6]  *Reiser*, 370 B.R. at 157-58.

Finally, Defendants claim *Woods & Erickson v. Leonard (In re AVI)*, 389 B.R. 721 (B.A.P. 9th Cir. 2008), is in conflict with the Order.  But the *In re AVI* court recognized that the statutes of limitations in the avoidance provisions of the Code are applicable to avoidance proceedings, and that the statute of limitations of 550(f) is applicable to recovery proceedings – a ruling that is completely consistent with the Order.  *In re AVI*, 389 B.R. at 734.

Defendants acknowledge the issues they raise in the Motion have been decided by this Court as well as the bankruptcy court in *BLI*, but suggest that the lack of any other cases may constitute grounds for a difference of opinion.  Def. Mem. at 16.  A "dearth of cases" does not mean, however, that there is a substantial ground for difference of opinion.  *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) ("substantial ground for difference of opinion does not exist merely because there is a dearth of cases"); *United States ex rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976).

## B.    The Defendants' Purported "Conflicts" Between the Order and Other Case Law are Illusory

Given the lack of disagreement among the courts, Defendants attempt to manufacture the appearance of conflicts between the Order and other case law.  But these purported conflicts are illusory, as they are founded on distortions of the Court's rulings, or citations to cases that do not stand for the propositions advanced by Defendants.

---

[6] As noted in the Order, the Trustee concedes "that a subsequent transferee from whom he seeks to recover may assert any defense to avoidance available to the initial transferee, unless collateral estoppel or *res judicata* applies."  Order at *7.

1.    There is No Conflict Between the Order and Case Law Holding that
      Avoidance Actions Against Initial Transferees Must Be Brought Within
      the Two-Year Statute of Limitations of Section 546(a)

Defendants contend that the Order relieves the Trustee of the need to avoid an initial transfer against anyone in any proceeding.  Def. Mem. at 6-8.  Defendants argue that this "ruling" is contrary to decades of decisions that have held that a trustee may not recover property from an initial transferee unless he asserts an avoidance claim within the two-year limitations period under Section 546(a).  *Id.* at 8.

The Defendants' argument mischaracterizes the holding of the Court.  The Court disagreed with Defendants' interpretation that the "to the extent a transfer is avoided" language in Section 550(a) of the Bankruptcy Code requires the Trustee bring an avoidance claim in every single recovery action against subsequent transferees within the two-year statute of limitations of Section 546(a).  Order at *8.  The Court found that analysis faulty because Defendants' interpretation would eviscerate Section 550(f)'s separate limitations period for recovery actions.  Ultimately, it could also result in duplicative avoidance actions within Section 546(a)'s statute of limitations period against both initial and subsequent transferees.  *Id.*

The Court did not conclude, as Defendants contend, that the Trustee need not prove the avoidance of the initial transfer against anyone.  To the contrary, this Court found that due process required the Trustee to prove the *avoidability* of the initial transfers against *every* single subsequent transferee in recovery proceedings brought under Section 550; and that subsequent transferees would have available to them the same defenses as the initial transferees would have to avoidance, including the Section 546(a) statute of limitations.  *Id.*  Moreover, the Order implicitly reaffirms that all avoidance actions against initial transferees must be brought within the two-year period of Section 546(a).  *Id.*

The authorities cited by Defendants at pages 8-9 in their Memorandum of Law do not conflict with the Order. *In re McLean Indus., Inc.*, 30 F.3d 385, 388 (2d Cir. 1994), *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Prod., Inc.)*, 22 F.3d 37 (2d Cir. 1994), and the other cases cited by Defendants stand for the unremarkable proposition that avoidance actions against initial transferees must be commenced within the two-year statute of limitations period set forth in Section 546(a) of the Code. As noted above, nothing in the Order suggests otherwise, and in fact, the Order recognized that the Section 546(a) statute of limitations defense is available to subsequent transferees where a trustee has failed to bring any avoidance action against either the initial or subsequent transferee within the two-year time period. Order at *7.

2.   No Conflict Exists Between the Order and the *Fabrikant* Decision With Regard to the Interpretation of Section 550(a)

Similarly, there is no conflict between the Order and the bankruptcy court's decision in *Official Comm. of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 741 (Bankr. S.D.N.Y. 2008)[7] with respect to the interpretation of the "to the extent . . . avoided" language of Section 550(a) of the Code. While the bankruptcy court in *Fabrikant* observed that the meanings of "avoid" and "avoidable" are not synonymous (*see id.*), it also noted that the "to the extent that" language in Section 550(a) recognizes that transfers may be only partially avoided, with only the avoidable part being recoverable. *Id.* at 743. That is consistent with the conclusion reached by this Court. Order at *4. Analyzing the issue in a "necessary party" context, the bankruptcy court in *Fabrikant* determined that the trustee there could proceed directly against the subsequent transferee and "avoid" the initial transfer as to

---

[7] Defendants attempt to bolster this argument by seizing onto another argument made by the Issue 1 Subsequent Transferee Defendants – namely, that Congress used the word "avoidable" in Section 502(d) of the Code, and so must have meant something different by "avoided" in Section 550(a). (*See* Def. Mem. at 10). The Court considered this argument and rejected it (Order at * 5), and Defendants cite to no authorities to the contrary which create any substantial ground for difference of opinion as to this ruling in the Order.

them, and that the subsequent transferees could still defend on the basis that the initial transfers were not fraudulent. *Fabrikant,* 394 B.R. at 745-46.  Far from conflicting with this Court's ruling, to the extent applicable,[8] the *Fabrikant* decision supports the Order.[9]

**C.     The Order Presents No Complicated Issue of First Impression, and the Merits of Defendants' Arguments Do Not Create A Substantial Ground For Difference of Opinion**

Recognizing that there is no disagreement between the Order and existing case law, Defendants attempt to create a substantial ground for difference of opinion by claiming that the issues at hand involves a "difficult issue of first impression for the Second Circuit."  (Def. Mem. at 6).  But even cases of first impression may not warrant certification.  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 372 (S.D.N.Y. 2012); 16 WRIGHT, MILLER & COOPER, FED. PRAC. & PROC.: JURIS. § 3930 (2d ed.) (trial courts should not be "bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression").   When confronting a question of first impression, the district court must weigh "the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a

---

[8] The facts are also completely distinguishable from those in *Fabrikant*, as the Trustee here did sue the initial transferee within the two-year statute of limitations period of Section 546(a). Order at *8.

[9] Defendants also imply (*see Def. Mem.* at 16) that the Order conflicts with a footnote in *Fabrikant.  See Fabrikant,* 394 B.R. at 746 n.23.  But in that footnote, the bankruptcy court posed a hypothetical about what statute of limitations should apply where a trustee chooses to sue only a subsequent transferee, and does not sue the initial transferee to avoid the initial transfer.  Bankruptcy Judge Bernstein concluded that under circumstances where the initial transferee is not sued, subsequent transferees must be sued within the two-year statute of limitations of 546(a).  *Id.*  That finding is in complete accord with the Order, in which this Court held that if the Trustee does not sue an initial transferee, but instead commences a recovery action against a subsequent transferee after the expiration of the two year time period of 546(a), then the statute of limitations defense of Section 546(a) would be available to the subsequent transferee.  Order at *7.

*substantial* ground for dispute." *In re S. African Apartheid Litig.*, 2009 WL 5177981, at *2 (S.D.N.Y. Dec. 31, 2009) (emphasis in original) (quoting *In re Flor*, 79 F.3d at 284).

Defendants' arguments here are so contrary to the statutory scheme and legislative history of the relevant provisions of the Bankruptcy Code, they cannot create a substantial dispute and therefore do not rise to the standard of showing a substantial ground for difference of opinion. The Bankruptcy Code provides separate statutes of limitation for avoidance actions against initial transferees in Section 546(a), and for recovery proceedings in Section 550(f). *See* Order at *8. The Court properly rejected the Defendants' analysis that the language "to the extent that a transfer is avoided" contained in Section 550(a) obliges the Trustee in every recovery proceeding against subsequent transferees to bring an avoidance claim against the subsequent transferees within the 546(a) two-year statute of limitations. *Id.* The Court reasoned that adopting Defendants' analysis "would import the section 546(a) statute of limitations into all recovery proceedings,[10] thereby conflating the separate concepts of avoidance and recovery,[11] and rendering section 550(f) a nullity."[12] *Id.*

---

[10] *See U.S. Lines, Inc. v. U.S. (In re McLean Indus.)*, 184 B.R. 10, 15 (Bankr. S.D.N.Y. 1995) ("[h]ad Congress intended to impose a time limitation on objections to claims under section 502(d), they could have done so very easily. Congress' failure to do so precludes this Court from rewriting the statute…"); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 757 (1979).

[11] *See* H.R. Rep. No. 95-595, at 311 (1977) (Section 550 "enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee"); *Savage & Assocs., P.C. v. BLR Servs. SAS, et al. (In re Teligent, Inc.)*, 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004); *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 312 (Bankr. S.D.N.Y. 1999); *see also* 5 Collier on Bankruptcy ¶ 550.LH (16th ed. 2010) ("The notions to separate the concepts of avoidability of transfers and the liability of and recovery from transferees … originated with the Commission on the Bankruptcy Laws of the United States").

[12] *See U.S. v. Menasche*, 348 U.S. 528, 538 (1955); *see Morton v. Mancari*, 417 U.S. 535, 551 (1974) ("The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."); *Conn. Ex. Rel. Blumenthal v. U.S. Dep't of the Interior*, 228 F.3d 82, 88 (2d Cir. 2000) (explaining that the court

There is no support for the Defendants' contention that their due process rights somehow permit them to import the statute of limitations of Section 546(a) into recovery proceedings under Section 550.  Rather, the Order gives effect to Defendants' due process rights by providing subsequent transferees with the right to challenge the avoidability of initial transfers by raising any of the defenses – including the statute of limitations of Section 546(a) – that would be available to the initial transferee.[13]

## D.     Rehashing of Prior Arguments Fails to Create A Substantial Ground  for Difference of Opinion

As a matter of law, rehashing old arguments does not satisfy the requisite standard under Section 1292(b).[14]  Defendants nevertheless resurrect their argument that, if their interpretation of Section 550(a) is not adopted, a bankruptcy trustee would never have to commence an avoidance action.  Def. Mem. at 11.  Defendants now argue on the present motion that this would render Section 550(f)(1) a nullity.  Both this Court and the bankruptcy court rejected Defendants' argument, by noting the Trustee filed an avoidance action again the initial transferee within the two-year statute of limitation for Section 546(a).  Order at *8; *BLI*, 480 B.R. at 520.

---

is required to disfavor an interpretation of a statute that renders language superfluous), *cert. denied*, 532 U.S. 1007 (2001).

[13] Order at *7; *see BLI,* 480 B.R. at 522 ("the Trustee will still be required to prove that the transfers from BLMIS to Fairfield were fraudulent and improper in connection with its suit against BLI as subsequent transferee… So, too, BLI will be afforded its due process rights to contest the avoidability of these initial transfers"); *Thompson v. Jonovich (In re Food & Fibre Protection, Ltd.*), 168 B.R. 408, 422 (Bankr. D. Ariz. 1994) (court holding subsequent transferee had right to raise whatever defenses were available to the initial transferee).

[14] *Aristocrat Leisure Ltd*., 426 F. Supp. 2d at 129; *City of New York v. Milhelm Attea & Bros., Inc.*, 2012 WL 4959502, *4 (E.D.N.Y. Oct. 17, 2012) ("To the extent that Pennisi relies on the arguments made to this Court before issuing this Order, the Court notes that it has already considered and rejected those arguments as unpersuasive."); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("a party that offers only arguments rejected on the initial motion does not meet the second requirement of §1292").

Defendants' argument is ironic, in light of the Court's finding that it is Defendants' own interpretation of Section 550(a) – requiring all claims against subsequent transferees to be brought within the two-year period of Section 546(a) – that would render the statute of limitations of Section 550(f) a nullity.  Order at *8.  And as discussed more fully above, Defendants' argument rests on a flawed premise, because the Order did not obviate the need for any avoidance actions at all.

Given the Court's precise explanation of how the Section 550(f)(1) statute of limitations was triggered here by the Trustee's settlement in an avoidance action against an initial transferee,[15] it is clear that the Order does not render that statutory provision a nullity.

## E.   Defendants' New Arguments Are Inappropriate On a Section 1292(b) Motion, and Further Fail to Satisfy the Requisite Standard

Having failed to convince the Court previously, Defendants raise some new arguments in their Motion, which is entirely improper under Section 1292(b).  *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 9 MD 2058 (PKC), 2010 WL 4237304 at *3 (S.D.N.Y. Oct. 8, 2010); *In re S. African Apartheid Litig.*, 624 F.Supp.2d 336, 342 n.27 (S.D.N.Y. 2009).  Even if these belated arguments were to be considered by the Court, none creates a substantial ground for difference of opinion.

First, Defendants claim that Section 546(a)'s reference to Section 547 would be rendered a nullity by the Order.  Def.'s Mem. at 11-12.  This assertion is founded on the same flawed premise that Defendants rely on repeatedly – namely, that the Order purportedly eliminates the need for prosecution of any avoidance actions at all.  As discussed above, there is nothing in the

---

[15] Order at *5 ("[A]lthough the Settlement does not constitute a formal avoidance of the initial transfer from Madoff Securities to Fairfield, it presents the Court with finality with respect to Fairfield Sentry.  This finality triggers the relevant one-year statute of limitations under section 550(f) of the Code.") (quoting *BLI*, 480 B.R. at 522).

Order to suggest that the two-year statute of limitations for avoidance actions set forth in Section 546(a) – including preference actions against initial transferees brought under Section 547 – no longer applies in avoidance proceedings.[16]

Second, Defendants claim that the Order "makes avoidance claims asserted against new parties in new proceedings relate back to the commencement of a totally different proceeding against a totally different party."  Def. Mem. at 12.  This, Defendants argue, "completely undermines Rule 15(c)(1)(C)" because it effectively ignores the requirements of the Federal Rules of Civil Procedure pertaining to adding new defendants to existing complaints and the extent to which such new claims "relate back" to the original pleading.  *Id.*  The Court ruled, however, that the allegations with respect to the avoidable transfers were incorporated by reference into the recovery action.  Order at *8.  There are no avoidance claims being brought against "new defendants" in those recovery actions, and the relation back requirement under Rule 15(c)(1)(C) does not come into play here.

What Defendants are really arguing is that this Court interpreted the Code in such a way that it makes "section 546(a) unlike any other statute of limitations by allowing the commencement of an avoidance proceeding against one defendant to satisfy the limitations period for other proceedings against other defendants."  Def. Mem. at 12.  But that is precisely the framework which Congress chose in enacting the statutes of limitations for avoidance and recovery proceedings.  Defendants' reference to the relation back rules of the Federal Rules of Civil Procedure is irrelevant in light of Congress' specific enactment of the Bankruptcy Code provisions that govern the issues at hand.

---

[16]  As noted above, the Court implicitly reaffirmed that all avoidance actions against initial transferees must be brought within the two-year period of 546(a).  Order at *8.

Finally, Defendants claim that the Order effectively permits a trustee to sue and settle with a single subsequent transferee "and then be free of the section 546(a) statute of limitations in commencing proceedings against the initial transferee and all the other subsequent transferees." Def. Mem. at 13. Contrary to Defendants' contentions, the Order provides that if the statute of limitations defense would be available to the initial transferee because the Trustee did not pursue an avoidance action within Section 546(a)'s two-year statute of limitations period, *every* subsequent transferee would have that same defense available to them. Order at *7.

* * *

Where, as here, a moving party cannot demonstrate a substantial ground for difference of opinion exists, courts have repeatedly denied motions to certify pursuant to Section 1292(b). *See Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593-95 (S.D.N.Y. 2009); *In re S. African Apartheid Litig.,* 2009 WL 5177981, at *2; *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-78 (S.D.N.Y. 2006) (denying 1292(b) certification where there was no substantial ground for a difference of opinion).

## II.

## CERTIFICATION WILL NOT MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION

In addition to requiring that movants establish that there is a substantial ground for difference of opinion regarding the order, to grant interlocutory appeal under Section 1292(b), the district judge must also be of the opinion that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *SIPC v. Bernard L. Madoff Inv. Secs.*, --- F. Supp. 2d ---, No.12 MC 115 (JSR), 2013 WL 6301085, at *1 (S.D.N.Y. Dec. 5, 2013) (quoting 28 U.S.C § 1292(b)).

The requirement that an interlocutory appeal "may materially advance the ultimate termination of the litigation" stems from the policy that interlocutory review should only occur in extraordinary cases where a decision will avoid expensive and lengthy litigation. Fed. Proc. § 3:213; *see In re Investors Funding Corp. of New York Sec. Litig.*, 36 B.R. 1019, 1022-23 (S.D.N.Y. 1983) (Section 1292(b) is "designed to permit an interlocutory appeal where it may operate to minimize the overall cost of litigation on the parties and the judicial system"). Leave to appeal should therefore be denied in the event that an interlocutory appeal will delay trial, rather than expedite it. *See State Teachers Ret. Bd. v. Fluor Corp.*, 84 F.R.D. 38, 39 (S.D.N.Y. 1979) (refusing to grant Section 1292(b) certification because interlocutory appeal would not ultimately advance the termination of the litigation, finding "[a]n immediate appeal will not necessarily reduce the litigation time and costs of this proceeding"); 16 WRIGHT, MILLER & COOPER, FED. PRAC. & PROC.: JURIS. § 3930.

As discussed above, Defendants rely on either repackaged arguments that have already been rejected by this Court or new arguments that lack merits; and therefore certification is more likely to further delay these proceedings than materially advance the termination of the litigation. *See SIPC v. Bernard L. Madoff Inv. Secs.*, --- F. Supp. 2d ---, No.12 MC 115 (JSR), 2013 WL 6301085, at *1 (determining that interlocutory appeal would not materially advance the termination of the litigation but instead, "[o]n the contrary, certification in this instance is likely to result in the kind of piecemeal, interminable litigation that is the bane of those jurisdictions that foolishly lack a final judgment rule"); *In re Investors Funding Corp. of New York Sec. Litig.*, 36 B.R. at 1022-23 (denying interlocutory appeal, holding "under these circumstances, far from expediting the ultimate termination of this litigation, merely delay the date this matter will finally proceed to trial and add unnecessarily to the already enormous litigation expenses all parties to

this action have obviously incurred").  Such delay will increase the duration of the litigation and costs to the parties involved, precisely what Section 1292(b) requirements for interlocutory appeal are designed to avoid.  *See Huron*, 2011 WL 2017322, at *1 n.1 ("[t]he use of §1292(b) is reserved for those cases where an immediate appeal may avoid protracted litigation").

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that Defendants' Motion be denied in its entirety.

Dated:  December 10, 2013
       New York, New York

By: /s/ Regina Griffin
David J. Sheehan
Email: dsheehan@bakerlaw.com
Regina Griffin
Email: rgriffin@bakerlaw.com
Thomas L. Long
Email: tlong@bakerlaw.com
Stacey A. Bell
Email: sbell@bakerlaw.com
Amanda E. Fein
Email: afein@bakerlaw.com

BAKER & HOSTETLER LLP
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*As to the following actions:*

*Credit Suisse AG, Credit Suisse AG, Nassau Branch, Credit Suisse AG, Nassau Branch Wealth Management, Credit Suisse AG, Nassau Branch LATAM Investment Banking, Credit Suisse Wealth Management Limited, Credit Suisse (Luxembourg) SA, Credit Suisse International, Credit Suisse Nominees (Guernsey) Limited, Credit Suisse London Nominees Limited, Credit Suisse (UK) Limited, and Credit Suisse Securities (USA) LLC, Adv. No. 11-2925, 12 Civ. 2454; Adv. No. 12-1676, 12 Civ. 4724*

*Solon Capital Limited, Adv. No. 12-1025, 12 Civ. 2456*

*Mistral (SPC), Adv. No. 12-1273, 12 Civ. 3532*

*Zephyros Limited, Adv. No. 12-1278, 12 Civ. 3533*

By: /s/ Howard L. Simon
WINDELS MARX LANE
& MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Howard L. Simon
Email: hsimon@windelsmarx.com
Kim M. Longo
Email: klongo@windelsmarx.com

*Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

*As to the following actions:*

*Caceis Bank France and Caceis Bank Luxembourg, Adv. No. 11-2758, 12 Civ. 2434*

By: /s/ Matthew B. Lunn
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Matthew B. Lunn
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: mlunn@ycst.com
        jduda@ycst.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*

18