UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SECURITIES INVESTOR            :
PROTECTION CORPORATION,        :
                               :
             Plaintiff,        :
                               :
        v.                     :       12-MC-115 (JSR)
                               :
BERNARD L. MADOFF              :
INVESTMENT SECURITIES LLC,     :
                               :
             Defendants.       :
                               :
-------------------------------------------------------x
In re                          :
                               :
BERNARD L. MADOFF SECURITIES,  :   **(Relates to consolidated proceedings**
                               :   **on 11 U.S.C. § 550(a))**
             Debtor.           :
                               :
-------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

Robinson B. Lacy
Sharon L. Nelles
Patrick B. Berarducci
Yavar Bathaee
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

*Attorneys for Movants Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered International (USA) Ltd.*

(additional counsel listed after signature)

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT .....................................................................................................................1

I.  MOVANTS CORRECTLY DESCRIBED THE STANDARD FOR CERTIFICATION ........1

II. THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION
    CONCERNING THE CONTROLLING QUESTION OF LAW ..............................................2

    A.    Respondents Have Not Rebutted Movants' Showing That the
    Order Conflicts With Decisions of Other Courts........................................................3

    B.    Respondents' Other Arguments Are Without Merit..................................................6

III. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW AND AN
     IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE
     TERMINATION OF THE LITIGATION ................................................................................9

CONCLUSION....................................................................................................................10

SC1:3549642.5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Balintulo v. Daimler AG*,
   727 F.3d 174 (2d Cir. 2013) .................................................................................................. 1-2

*In re South African Apartheid Litigation*,
   2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) ....................................................................... 1-2

*Kiobel v. Royal Dutch Petroleum Co.*,
   133 S. Ct. 1659 (2013) ............................................................................................................. 2

*Kiobel v. Royal Dutch Petroleum Co.*,
   621 F.3d 111 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) ..................................................... 2

*Morris v. Emprise Bank* (*In re Jones Storage & Moving, Inc.*),
   2005 WL 2590385 (Bankr. D. Kan. June 22, 2005) ................................................................. 3

*Official Comm. of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A.*
   (*In re M. Fabrikant & Sons, Inc.*), 394 B.R. 721 (Bankr. S.D.N.Y. 2008) ........................ 5-6, 9

*Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Inv. Sec. LLC)*,
   480 B.R. 501 (Bankr. S.D.N.Y. 2012) ..................................................................................... 2

*Rieser v. Moorman (In re Equity Land Title Agency, Inc.)*,
   370 B.R. 154 (Bankr. S.D. Ohio 2007) ................................................................................. 3-4

*Woods & Erickson v. Leonard (In re AVI)*,
   389 B.R. 721 (B.A.P. 9th Cir. 2008) ..................................................................................... 4-6

**STATUTES**

11 U.S.C. § 502(d) ......................................................................................................................... 9

11 U.S.C. § 546(a) ................................................................................................................ passim

11 U.S.C. § 550 ..................................................................................................................... passim

28 U.S.C. § 1292(b) ................................................................................................................. 1-2, 10

**RULES**

Fed. R. Civ. P. 15(c)(1)(C) ........................................................................................................ 7-8

# ARGUMENT

The Court's Order denying the "Issue 2" motion rejected a statute of limitations defense that could terminate scores of proceedings. It did so based on a novel interpretation of what the Court characterized as an ambiguous statute. Judicial efficiency calls for certification pursuant to 28 U.S.C. § 1292(b).

## I. MOVANTS CORRECTLY DESCRIBED THE STANDARD FOR CERTIFICATION

In 2009 the Supreme Court admonished that courts "should not hesitate" to certify a decision that satisfies the criteria prescribed by section 1292(b) if it involves a "new legal question or is of special consequence." The Second Circuit followed in 2013. (Movants' Mem. 5 (quoting *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 111 (2009)) (internal quotation marks omitted).) The Trustee and SIPC (together, the "Respondents") ignore these decisions, however, and rely on older, outdated decisions of the Second Circuit that "urge[d] the district courts to exercise great care in making a 1292(b) certification." (Tr. Mem. 3; SIPC Mem. 3 (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (internal quotation marks omitted).) Although the present motion satisfies both standards, the older standard on which Respondents rely did not survive *Mohawk Industries* and *Balintulo*.

The circumstances of *Balintulo* are instructive. In that case Judge Scheindlin denied a motion to dismiss claims against corporations under the Alien Tort Statute ("ATS") on grounds including "lack of jurisdiction over corporations under the ATS" and "lack of extraterritorial reach for causes of action under the ATS." 727 F.3d at 184. Judge Scheindlin then denied certification on the ground that there was "no substantial ground for disagreement" concerning the existence of corporate liability under the ATS. *In re South African Apartheid*

*Litigation*, 2009 WL 5177981, at *2 (S.D.N.Y. Dec. 31, 2009) (citations omitted). The Second Circuit, however, held that no such liability existed in *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 149 (2d Cir. 2010). The Supreme Court affirmed on the ground that federal courts may not, under the ATS, recognize common-law causes of action for conduct occurring outside the United States. *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1668-69 (2013).

The Second Circuit ultimately denied an order of mandamus vacating Judge Scheindlin's decision as unnecessary because she would be required to dismiss the complaint based on the Supreme Court's decision in *Kiobel*. 727 F.3d at 193-94. In this context, the court explained that certification under section 1292(b) and mandamus "provides two 'discretionary review mechanisms' that 'serve as useful "safety valve[s]" for promptly correcting serious errors." *Id.* at 186 (quoting *Mohawk Indus.*, 558 U.S. at 111). It made clear:

> When a ruling satisfies these criteria [in 28 U.S.C. § 1292(b)] and "involves a new legal question or is of special consequence," then the district court "should not hesitate to certify an interlocutory appeal."

*Balintulo*, 727 F.3d at 186 (quoting *Mohawk Indus.*, 558 U.S. at 111).

## II. THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION CONCERNING THE CONTROLLING QUESTION OF LAW

Respondents do not deny that the Order presents a question of first impression for the Second Circuit. They cannot rebut Movants' showing that the Order conflicts with other decisions because they do not address the actual language of the other decisions that Movants cited. Their suggestion that the Bankruptcy Court adopted this Court's interpretation of section 550 in *Picard v. Bureau of Labor Insurance (In re Bernard L. Madoff Inv. Sec. LLC)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012), also is incorrect for the reasons stated on pages 16-17 of Movants' Memorandum, to which they offer no response. They do not present any other basis for denying that there is substantial ground for difference of opinion concerning the Court's interpretation of

-2-

11 U.S.C. § 550.

### A. Respondents Have Not Rebutted Movants' Showing That the Order Conflicts With Decisions of Other Courts

Respondents' assertion that the Order does not conflict with any other decisions fails to respond to the detailed discussion of three such decisions in Movants' Memorandum. Thus, the Trustee's discussion of *Morris v. Emprise Bank (In re Jones Storage & Moving, Inc.)*, 2005 WL 2590385 (Bankr. D. Kan. June 22, 2005), simply ignores the language from the decision quoted on pages 13-14 of Movants' Memorandum, which makes clear that in *every* proceeding under section 550 the trustee must assert a timely claim against the defendant under an avoidance provision, *id.* at *7. Because the trustee in *Jones Storage* could not bring timely claims for *both* avoidance and recovery against the Bank, the Bank could "assert its own statute of limitations defense to the preference action" and there could be no recovery under Section 550. *Id.*

The Trustee attempts to distinguish *Rieser v. Moorman (In re Equity Land Title Agency, Inc.)*, 370 B.R. 154 (Bankr. S.D. Ohio 2007), on the ground that it "recognized" that absent "restrictive language as to its future use" in the default judgment, "the trustee there could have relied on that judgment and would not have had to establish avoidance of the initial transfer in future proceedings." (Tr. Mem. 6.) Even if *Rieser* had actually held this, it would not help the Trustee in this case because in this case everyone agrees that the Due Process Clause bars the use of a judgment against one party to alter the rights of any person not in privity with that party. (Tr. Mem. 6; Order 17.)[1]

---

[1] In fact, *Rieser* did not decide whether the trustee could have relied on the default judgment absent the restrictive language. 370 B.R. at 160. In addition, Respondents do not dispute that the order approving the Fairfield settlement contained a similar restriction

(*footnote continued*)

-3-

More importantly, neither Respondent addresses the holding of *Rieser* that is relevant to this motion: That the trustee's claim against the subsequent transferee under section 550 was barred because the time for asserting an avoidance claim under section 546(a) had expired. In that case the order for relief was entered on July 1, 2002, *id*. at 159 n.2, and the proceeding against the initial transferees, the Claytons, was commenced within the two years prescribed by section 546(a), in June 2004, *id*. at 157. A default judgment was entered against the Claytons on June 24, 2005, *id*. at 159, and the trustee commenced the *Moorman* proceeding within the one-year period prescribed by section 550(f), *id.* at 158-59. Under this Court's Order, the *Moorman* proceeding would have been timely because the proceeding against the Claytons was commenced within the period prescribed by section 546(a). The Bankruptcy Court, however, dismissed the *Moorman* proceeding because it was not filed within the two-year period. *Id*. at 161.

The Trustee's discussion of *Woods & Erickson v. Leonard (In re AVI)*, 389 B.R. 721 (B.A.P. 9th Cir. 2008), also overlooks the relevant aspect of that decision. *AVI* did not merely "recognize[] that the statutes of limitations in the avoidance provisions of the Code are applicable to avoidance proceedings, and that the statute of limitations of 550(f) is applicable to recovery proceedings." (Tr. Mem. 7.) Rather, it held that the Trustee must assert an avoidance claim within the time prescribed by the statute of limitations for such claims against each defendant from which he seeks recovery under section 550. *Id*. at 734. Respondents ignore the clear holding in that decision that "avoidance is a necessary precondition to any recovery under § 550." *Id*. *AVI* states that a trustee has two alternatives in seeking to recover from a subsequent

---

(*footnote continued*)
 (*see* Movants' Mem. 14 n.5).

-4-

transferee: He may either assert a timely avoidance claim and a claim under section 550 in the same proceeding, or he can assert a timely avoidance claim in one proceeding and then seek recovery under section 550 in a separate "recovery" proceeding against the same defendant. *Id*. In every case, however, he must assert an avoidance claim within the period prescribed for avoidance proceedings. *Id.*

Finally, the Trustee recognizes that Judge Bernstein's decision in *Official Committee of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 741 (Bankr. S.D.N.Y. 2008), held that "the meaning of 'avoid' and 'avoidable' are not synonymous" (Tr. Mem. 9), contrary to this Court's Order (*see* Order 12-13). The Trustee attempts to distinguish the decision by arguing that Judge Bernstein held "that the 'to the extent that' language in Section 550(a) recognizes that transfers may be only partially avoided, with only the avoidable part being recoverable." (Tr. Mem. 9 (citing *Fabrikant*, 394 B.R. at 743).) However, Respondents fail to address Movants' argument that if there has been no avoidance, the "extent" to which the transfer is avoided is zero and section 550's statutory predicate is not satisfied with respect to *any* proceeds of the transfer. (*See* Movants' Mem. 9.)

There also is no merit to the Trustee's assertion that Judge Bernstein simply "concluded that under circumstances where the initial transferee is not sued, subsequent transferees must be sued within the two-year statute of limitations of 546(a)." (Tr. Mem. 10 n.9.) Judge Bernstein's decision was not limited in this way. To the contrary, he plainly distinguished between actions in which "avoidance" must be proved and follow-on actions that merely seek "recovery" *from the same parties* and held that "Section 546(a) imposes a statute of limitations that applies to all avoidance lawsuits." *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 745 n.23. He did not limit the application of section 546(a) to the circumstance when the initial transferee "is not sued." Indeed, as Judge Bernstein observed, it is only where section 546(a) is applied to

-5-

all avoidance actions, against both initial and subsequent transferees, that "[n]o . . . danger exists" of rendering 550(f)(1) "meaningless." *Id*. Quoting the *AVI* decision discussed above, he stated that section 550(f) is satisfied (i) if a trustee brings a timely avoidance claim in the same proceeding with a recovery claim under section 550 or (ii) if the trustee first brings a timely avoidance claim and then asserts a recovery claim against the same defendant within one year after a judgment of avoidance. *Id.*

### B. Respondents' Other Arguments Are Without Merit

None of Respondents other arguments overcome Movants' showing that the Order involves a controlling question as to which there is substantial ground for difference of opinion.

First, there is no merit to the Trustee's argument that "Defendants' interpretation would eviscerate Section 550(f)'s separate limitations period for recovery actions" (Tr. Mem. 8, 13), and SIPC's similar assertion that under Movants' interpretation the "Section 550(f) statute of limitations would be essentially meaningless since a trustee would have no occasion to bring avoidance and recovery actions seriatim." (SIPC Mem. 11.) Both the Bankruptcy Appellate Panel for the Ninth Circuit and Chief Bankruptcy Judge Bernstein expressly rejected this argument. *In re AVI*, 389 B.R. at 734;.*In re Fabrikant & Sons, Inc.*, 394 B.R. at 745 n.23. To the contrary, it is the Court's Order that would render the one-year period in section 550(f) a nullity by permitting a trustee to bring claims under section 550 to both avoid and recover a transfer without ever obtaining a judgment of avoidance. Indeed, by allowing section 550 to serve as a cause of action that in effect both avoids and recovers a transfer upon a showing that the transfer is "able to be avoided" (Order 13), the Order conflates the distinct causes of action for avoidance and recovery.

-6-

Second, Respondents argue that having to bring an avoidance action against subsequent transferees would result "in duplicative actions within Section 546(a)'s statute of limitations period against both initial and subsequent transferees." (Tr. Mem. 8; SIPC Mem. 11.) In fact, it is the position advocated by Respondents and accepted in the Order that will spawn duplicative litigation. The Trustee and the Court recognize that a trustee is required "to prove the *avoidability* of the initial transfers against *every* single subsequent transferee in recovery proceedings brought under Section 550" (Tr. Mem. 8 (emphasis in original), and that is precisely the same showing that would be required to sustain an avoidance claim against a subsequent transferee. Thus, the only way to avoid "duplicative actions" is to require a trustee to assert all his claims to recover proceeds of a transfer promptly, within the two-year period prescribed by section 546(a), so the identical issues presented in each case can be the subject of coordinated discovery and a consolidated trial. SIPC's argument that "Section 546(a) and Section 550(f), taken together, should [] provide flexibility to trustees, recognizing that it is not always practical or possible to sue every subsequent transferee within two years of the start of the case" (SIPC Mem. 11) provides no basis for abrogating the requirements of the Bankruptcy Code or the Due Process Clause. Respondents have never attempted to disprove Movants' showing that a trustee has ample means, such as a defendant class action, to commence proceedings against subsequent transferees within the period prescribed by section 546(a). (*See* Movants' Mem. 17 n.6; Consolidated Reply Memorandum of Law in Support of Subsequent Transferees' Motion to Dismiss for Failure to Assert a Timely Avoidance Claim 10-12 (Nov. 30, 2012) [Dkt. No. 414].)

Third, there is no merit to the Trustee's response to the Movants' argument that the Order is inconsistent with Fed. R. Civ. P. 15(c)(1)(C). His assertion that "[t]here are no avoidance claims being brought against 'new defendants' in those recovery actions" (Tr. Mem. 14) simply begs the question. Everyone agrees that the Due Process Clause and the language of

-7-

section 550 require a trustee to prove all the facts necessary to avoid an initial transfer in any proceeding to recover proceeds of that transfer. (Tr. Mem. 6; Order 17.) The Trustee himself emphasizes that the allegations of his avoidance claims against Kingate and Fairfield "were incorporated by reference" in the complaints against the Movants. (Tr. Mem. 14). The Order, however, allows a lawsuit filed against one transferee within the 546(a) limitations period to satisfy the statute of limitations for avoidance claims against *other* parties in *different* proceedings. (*See* Order 20.) The net effect is to accomplish the relation back that Rule 15(c)(1)(C) authorizes in limited circumstances without requiring a trustee to satisfy that rule's requirements.[2]

In fact, the Trustee himself does not accept the implications of the Court's Order. The Order unambiguously states that a subsequent transferee may assert a statute of limitations defense to avoidance "only if the Trustee failed to bring any avoidance action with respect to the initial transfer (*against either the initial or subsequent transferee*) within section 546(a)'s two-year limitations period." (Order 18 (emphasis added).) Since section 550, including the phrase "to the extent . . . avoided," applies to recovery proceedings against both initial and subsequent transferees, this implies that the initial transferee likewise could not assert a defense under section 546(a) if the trustee asserted an "avoidance action with respect to the initial transfer" against a subsequent transferee. The Trustee, in contrast, denies that a timely avoidance claim against a subsequent transferee would free a trustee of any restriction under section 546(a) concerning the time within which he may assert recovery claims against initial transferees. (Tr.

---

[2] The Trustee characterizes Movants' argument regarding Rule 15 as a new one that was raised for the first time in the Memorandum. (Tr. Mem. 13-14.) This is incorrect. Movants raised the issue during the oral argument. Tr. 13-14 (Dec. 3, 2012) [Dkt. No. 423].

-8-

Mem. 15.) Indeed, he characterizes two cases cited by Movants as standing "for the unremarkable proposition that avoidance actions *against initial transferees* must be commenced with the two-year-statute of limitations period." (Tr. Mem. 9 (emphasis added).)

The Trustee actually asserts, incorrectly, that the Court's Order "implicitly reaffirms that all avoidance actions against initial transferees must be brought within the two-year period of Section 546(a)." (Tr. Mem. 8.) Elsewhere, he insists that "[t]he Bankruptcy Code provides [a] separate statute[] of limitations for avoidance actions against initial transferees in Section 546(a)." (Tr. Mem. 11.) Both assertions are simply false. Nothing in either section 546(a) or section 550 justifies a distinction between the limitations periods applicable to initial transferees and subsequent transferees. To the contrary, section 546(a) expressly applies to "[a]n action or proceeding under section 544, 545, 547, 548, or 553." As Judge Bernstein recognizes, section 546(a) applies to "all avoidance lawsuits," not just those against initial transferees. *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 745 n.23. However, the Trustee's unwillingness to accept this Court's interpretation of sections 546(a) and 550 makes clear that there is substantial ground for difference of opinion concerning the correctness of that interpretation.[3]

### III. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW AND AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

SIPC does not dispute that the Order presents a controlling question of law or that an interlocutory appeal could materially advance the termination of the litigation. The Trustee likewise does not dispute that the Order presents a controlling question of law, and presents no

---

[3] Separately, neither Respondent contests Movants' showing that the Order is mistaken in stating that 11 U.S.C. § 502(d) permits disallowance of a creditor's claim "prior to adjudicating whether a transfer received by that creditor is in fact avoidable." (Movants' Mem. 10 (quoting Order 12).).

grounds for denying that an appeal might materially advance the termination of the litigation apart from a single sentence belittling the Movants' arguments concerning the correctness of the Order. (Tr. Mem. 16.) The Trustee does not dispute that an appeal at this juncture could result in the termination of scores of proceedings. Since there is substantial ground for difference of opinion concerning a controlling question of law for the reasons set forth above, there can be no dispute that the Order satisfies the other requirements of section 1292(b).

## CONCLUSION

For the reasons stated, the Court should certify its Order for interlocutory review pursuant to 28 U.S.C. § 1292(b).

Dated:  New York, New York
        December 20, 2013

      /s/  Robinson B. Lacy
Robinson B. Lacy
Sharon L. Nelles
Patrick B. Berarducci
Yavar Bathaee
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

*Attorneys for Movants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., and Standard Chartered Financial Services (Luxembourg) S.A., Adv. No. 12-1565, 12 Civ. 4328*

Scott B. Schreiber
Andrew T. Karron
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC  20004
Tel:  (202) 942-5000

*Attorneys for Defendant Atlantic Security Bank, Adv. No. 11-2730, 12 Civ. 2980*

David W Parham
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
Dallas, Texas 75201
Telephone: (214) 978-3000
Email: david.parham@bakermckenzie.com

*Attorneys for Cathay Life Insurance Co. Ltd., Adv. No. 11-02568*

Thomas J. Moloney
Charles J. Keeley
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Email: tmoloney@cgsh.com

*Attorneys for Somers Dublin Limited and Somers Nominees (Far East) Limited, Adv. No. 11-2748, 12 Civ. 2430*

Michael E. Wiles
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
Email: mewiles@debevoise.com

*Attorneys for Pictet et Cie,*
*Adv. No. 11-1724, 12 Civ. 3402*


Gary J. Mennitt
Email: gary.mennitt@dechert.com
Elisa T. Wiygul
Email: elisa.wiygul@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500

*Attorneys for Orbita Capital Return*
*Strategy Limited,*
*Adv. No. 11-2537, 12 Civ. 2934*

Robert J. Lack
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, New York 10036-6516
(212) 833-1100
Email: rlack@fklaw.com

*Attorneys for Defendants Multi-Strategy Fund*
*Limited and CDP Capital Tactical Alternative*
*Investments, Adv. No. 12-1205, 12 Civ. 4840*

Marc J. Gottridge
Andrew M. Behrman
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000
Email: marc.gottridge@hoganlovells.com

*Attorneys for Defendants Barclays Bank*
*(Suisse) S.A., Barclays Bank S.A., and Barclays*
*Private Bank & Trust Limited,*
*Adv. No. 11-2569, 12 Civ. 1882*

David J. Mark
KASOWITZ, BENSON,
TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1990
Email:  DMark@kasowitz.com

*Attorneys for Banca Carige S.p.A.,*
*Adv. No. 11-2570, 12 Civ. 2408*

Thomas B. Kinzler
Daniel Schimmel
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800
tkinzler@kelleydrye.com
dschimmel@kelleydrye.com

*Attorneys for Caceis Bank France and*
*Caceis Bank Luxembourg,*
*Adv. No. 11-2758, 12 Civ. 2434*

John P. Cooney, Jr.
Email:  jcooney@mckoolsmith.com
Eric B. Halper
Email: ehalper@mckoolsmith.com
Virginia I. Weber
Email:  vweber@mckoolsmith.com
Sachin S. Bansal
Email: sbansal@mckoolsmith.com
McKOOL SMITH, P.C.
One Bryant Park, 47th Floor

-13-

New York, New York 10036
Telephone:  212.402.9400
Facsimile: 212.402.9444

*Attorneys for defendant Bank Julius Baer &*
 *Co. Ltd., Adv. No. 11-2922, 12 Civ. 2311*

William J. Sushon
Shiva Eftekhari
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
(212) 326-2000
wsushon@omm.com
seftekhari@omm.com
dshamah@omm.com

*Attorneys for Defendants Credit Suisse AG,*
*Credit Suisse AG, Nassau Branch, Credit*
*Suisse AG, Nassau Branch Wealth*
*Management, Credit Suisse AG, Nassau*
*Branch LATAM Investment Banking, Credit*
*Suisse Wealth Management Limited, Credit*
*Suisse (Luxembourg) SA, Credit Suisse*
*International, Credit Suisse Nominees*
*(Guernsey) Limited, Credit Suisse London*
*Nominees Limited, Credit Suisse (UK) Limited,*
*and Credit Suisse Securities (USA) LLC,*
*Adv. No. 11-2925, 12 Civ. 2454;*
*Adv. No. 12-1676, 12 Civ. 4724*

*Attorneys for Solon Capital Limited,*
*Adv. No. 12-1025, 12 Civ. 2456*

*Attorneys for Mistral (SPC),*
*Adv. No. 12-1273, 12 Civ. 3532*

*Attorneys for Zephyros Limited,*
 *Adv. No. 12-1278, 12 Civ. 3533*

Peter E. Calamari
Marc L. Greenwald
Eric M. Kay
David S. Mader
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Defendant Abu Dhabi Investment Authority,*
*Adv. No. 11-2439, 12 Civ. 2616*

Robert S. Fischler
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Robert.Fischler@ropesgray.com

Stephen Moeller-Sally
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
ssally@ropesgray.com

*Attorneys for Schroder & Co. Bank AG,*
*Adv. No. 12-1210, 12 Civ. 4749*

Andrea J. Robinson
Charles C. Platt
George W. Shuster, Jr.
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
New York, New York 10007

*Attorneys for Movants SNS Bank N.V. and SNS Global Custody B.V.,*
*Adv. No. 10-46, 12 Civ. 2509*

Charles C. Platt
George W. Shuster, Jr.
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
New York, New York 10007

*Attorneys for Movant BSI AG,*
*Adv. No. 12-1209, 12 Civ. 3177*