```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
       Plaintiff,                    :
                                     :     12 MC 115 (JSR)
       -v-                           :
                                     :     MEMORANDUM ORDER
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
       Defendant.                    :
------------------------------------x
In re:                               :
                                     :
MADOFF SECURITIES                    :
------------------------------------x
PERTAINS TO:                         :
                                     :
Consolidated proceedings on          :
11 U.S.C. § 550(a) issues            :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On October 28, 2013, this Court issued an Opinion and Order regarding § 550(a) of the Bankruptcy Code, denying the motions to dismiss brought by the "subsequent transferee defendants." See Opinion and Order, 12 Misc. 115, ECF No. 495 (S.D.N.Y. Oct. 28, 2013). These defendants then filed a motion to amend that Opinion and Order to include a certification under 28 U.S.C. § 1292(b), which would permit interlocutory appeal pursuant to Federal Rule of Appellate Procedure 5(a)(3), Federal Rule of Civil Procedure 59, and Federal Rule of Bankruptcy Procedure 9023. See Memorandum of Law, 12 Misc. 115, ECF No. 501 (S.D.N.Y. Nov. 12, 2013). The Trustee for Bernard L. Madoff Investment Securities LLC, Irving H. Picard, (the

1

"Trustee") and the Securities Investor Protection Corporation ("SIPC") each filed a memorandum of law in opposition to the motion to amend. See Memorandum of Law, 12 Misc. 115, ECF Nos. 510, 511 (S.D.N.Y. Dec. 10, 2013). Finally, the defendants filed a reply brief. See Memorandum of Law, 12 Misc. 115, ECF No. 514 (S.D.N.Y. Dec. 20, 2013). Having carefully considered all the parties' submissions, the Court hereby denies the motion.

"No principle of federal jurisprudence has proved more efficacious than the 'final judgment rule,' by which a district court's interim rulings may not normally be appealed until the case is over and final judgment rendered." Picard v. Katz, 466 B.R. 208, 208 (S.D.N.Y. 2012) (denying Trustee's motion for certification under 28 U.S.C. § 1292(b)). This sound principle is embodied in the district court's " 'unfettered discretion to deny certification' of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." Gulino v. Bd. Of Educ., 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting Nat'l Asbestos Workers Med. Fun v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)).

For an order that is otherwise not appealable, the criteria for certification for interlocutory appeal under § 1292(b) are that the district judge "be of the opinion" (i) that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (ii) "that an immediate appeal from the order may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). The Second Circuit cautions that in applying these criteria, "only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Getione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)) (internal brackets omitted).

This Court is not of the opinion that there is a substantial ground for difference of opinion as to the holding of the Opinion and Order, substantially for the reasons stated in the Trustee's memorandum of law in opposition to the motion. Neither is this Court of the opinion that an interlocutory appeal would materially advance the litigation's termination. On the contrary, certification in this instance is likely to result in the kind of piecemeal, interminable litigation that is the bane of those jurisdictions that foolishly lack a final judgment rule. Accordingly, the motion is denied.

SO ORDERED.

Dated: New York, NY
January 14, 2013

JED S. RAKOFF, U.S.D.J.