**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | |
| v. | Civil Action No. 12-mc-0115 (JSR) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| MADOFF SECURITIES | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and Estate of Bernard L. Madoff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

I.     THE ORDER PRESENTS TWO CONTROLLING ISSUES OF LAW ........................... 4

II.    SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST ON
       THE COURT'S TWO LEGAL HOLDINGS. ................................................................. 5

       A.     Conflicting Rulings, Including From This Court, On Whether "Good
              Faith" Under Section 548(c) is an Element of a Trustee's Prima Facie
              Case or an Affirmative Defense, Warrant Immediate Appeal .............................. 7

       B.     No Other Court Has Elevated The Good Faith Standard Under 548(c)
              From Inquiry Notice to Actual Knowledge, Even in SIPA Cases ....................... 11

       C.     An Immediate Appeal From the Court's Order is Warranted Given its
              Effect on Numerous Pending Actions ................................................................ 13

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Dixon,*
480 F.3d 636 (2d Cir. 2007)................................................................................11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................................11

*Balintulo v. Daimler AG,*
727 F.3d 174 (2d Cir. 2013).................................................................................4

*Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp. LLC),*
362 B.R. 624 (Bankr. S.D.N.Y. 2007)...................................................................8

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................................11

*Bilello v. JPMorgan Chase Retirement Plan,*
603 F. Supp. 2d 590 (S.D.N.Y. 2009)....................................................................4

*Brown v. Bullock,*
294 F.2d 415 (2d Cir. 1961)...............................................................................13

*Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC),*
439 B.R. 284 (S.D.N.Y. 2010)..............................................................................8

*Consol. Edison, Inc. v. Northeast Util.,*
318 F. Supp. 2d 181 (S.D.N.Y. 2004)..................................................................13

*Consub Delaware LLC. v. Schahin Engenharia Limitada,*
476 F. Supp. 2d 305 (S.D.N.Y. 2007)....................................................................6

*In re Contemporary Indus. Corp.,*
312 B.R. 898 (D. Neb. 2004)................................................................................4

*In re Enron Creditors Recovery Corp.,*
2009 WL 3349471 (S.D.N.Y. Oct. 16, 2009)........................................................4

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.),*
310 B.R. 500 (Bankr. S.D.N.Y. 2002)...............................................................7, 8

*Gredd v. Bear, Stearns Securities Corp. (In re Manhattan Inv. Fund Ltd.),*
397 B.R. 1 (S.D.N.Y. 2007), *aff'd,* 328 F. App'x 709 (2d Cir. 2009)...................12

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Hill v. McDonough,*
547 U.S. 573 (2006)............................................................................................10

*Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.,*
620 F.3d 137 (2d Cir. 2010)...............................................................................11

*Jones v. Bock,*
549 U.S. 199 (2007)......................................................................................10, 11

*Klinghoffer v. S.N.C. Achille Lauro,*
921 F.2d 21 (2d Cir. 1990)..............................................................................4, 5

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,*
507 U.S. 163 (1993)............................................................................................11

*In re Lloyd's Am. Trust Fund Litig.,*
1997 WL 458739 (S.D.N.Y. Aug. 12, 1997)........................................................4

*In re Madoff Sec.,*
12-MC-115 (S.D.N.Y. Dec. 6, 2013), ECF No. 508 ..........................................14

*In re Madoff Sec.,*
12-MC-115 (S.D.N.Y. Jan. 14, 2014), ECF No. 519..........................................14

*In re Madoff Sec.,*
12-MC-115 (S.D.N.Y. June 25, 2012), ECF No. 197...........................................2

*Marshall v. Picard,*
740 F.3d 81 (2d Cir. 2014)..................................................................................12

*McColley v. Rosenberg (In re Candor Diamond Corp.),*
76 B.R. 342 (Bankr. S.D.N.Y. 1987)....................................................................8

*Picard v. Cohmad Sec. Corp.,*
454 B.R. 317 (Bankr. S.D.N.Y. 2011)..............................................................9, 10

*Picard v. Katz,*
11-cv-3605 (S.D.N.Y. Mar. 14, 2012), ECF No. 177.......................................6, 9

*Picard v. Katz,*
462 B.R. 447 (S.D.N.Y. 2011)......................................................................6, 9, 14

*Picard v. Katz,*
466 B.R. 208 (S.D.N.Y. 2012)..............................................................................9

## TABLE OF AUTHORITIES
(continued)

<u>Page(s)</u>

*Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*),
No. 00 MC 00012, 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011)............................6, 8, 9, 12

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
2014 WL 1651952 (S.D.N.Y. April 27, 2014) ......................................................... *passim*

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
499 B.R. 416 (S.D.N.Y. 2013)......................................................................................9

*Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*,
234 B.R. 293 (Bankr. S.D.N.Y. 1999)..........................................................................8

*In re Sentinel Mgmt. Grp., Inc.*,
728 F.3d 660 (7th Cir. 2013) ......................................................................................12

*Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.)*,
337 B.R. 791 (Bankr. S.D.N.Y. 2005)..........................................................................8

*Swierkiewicz v. Sorema N. A.*,
534 U.S. 506 (2002)....................................................................................................11

**Statutes**

11 U.S.C. § 548................................................................................................2, 4, 13

11 U.S.C. § 548(a) ................................................................................................2

11 U.S.C. § 548(a)(1)(A) ..............................................................................6, 7, 8

11 U.S.C. § 548(c) ......................................................................................... *passim*

11 U.S.C. § 550................................................................................................2, 4

11 U.S.C. § 550(a)........................................................................................2, 14

11 U.S.C § 550(b).........................................................................................2, 14

15 U.S.C. § 78aaa *et seq.* ..........................................................................................1

15 U.S.C. § 78fff-2(c)(3) ...............................................................................2

15 U.S.C. § 78fff(b)................................................................................2, 7

15 U.S.C. § 5301................................................................................................13

28 U.S.C. § 1292(b) ........................................................................1, 4, 5, 15

# TABLE OF AUTHORITIES
(continued)

<u>**Page(s)**</u>

42 U.S.C. § 1997e(a)................................................................................................10

**Other Authorities**

16 Fed. Prac. & P. § 3930 .........................................................................................7

*Additional Reforms to the Sec. Investor Prot. Act: Hearing Before the Subcomm.*
  *on Capital Mkts., Ins., & Gov't Sponsored Enters. of the Comm. on Fin.*
  *Servs.*, 111th Cong. 98 (2009) ...............................................................................13

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's Opinion and Order of April 27, 2014, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2014 WL 1651952 (S.D.N.Y. April 27, 2014) (the "Order").

## PRELIMINARY STATEMENT

The Court should certify its Order for interlocutory appeal because it resolved two controlling issues of law—determinations that will dictate how some 150 avoidance actions proceed in the bankruptcy court—in a manner that the Second Circuit may well disagree with.

First, the Court held that the Trustee must "plausibly allege," as part of his complaint in the relevant avoidance action, "that the defendant did not act in good faith."  Order, 2014 WL 1651952, at *5.  The Court's holding that the affirmative defense of good faith under section 548(c) is an element of the Trustee's prima facie case to avoid and recover fraudulent transfers is contrary to all prior case law, including decisions of this Court in this liquidation.

Second, the Court reiterated its earlier holding that a transferee's lack of good faith in a SIPA liquidation may be shown only by actual knowledge of, or willful blindness to, fraud.  But the Second Circuit recently endorsed, in a SIPA case, the "inquiry notice" standard that prevails in all other bankruptcy cases.

Because of the unique procedural posture of the Order arising from the Court's withdrawal of the reference, the Order is interlocutory.  As a result, absent certification, the

---

[1] Subsequent references to provisions of SIPA shall omit "15 U.S.C."

Order directs the bankruptcy court to apply its guidelines in hundreds of cases that the Second Circuit may ultimately reverse.  The resulting uncertainty frustrates the orderly disposition of these actions through both settlement and litigation, and risks imposing massive undue costs on the courts and the parties.  To advance the termination of these litigations, as well as the ultimate resolution of the BLMIS liquidation, the Court should certify its Order for interlocutory appeal.

## **BACKGROUND**

At issue is the Court's construction of sections 548(a), 548(c), 550(a), and 550(b) of the Bankruptcy Code in a SIPA matter.  A SIPA liquidation is, in all material respects, a bankruptcy proceeding, and must be conducted "as though it were being conducted" under the liquidation provisions of title 11.  SIPA § 78fff(b).  Accordingly, SIPA permits a trustee to avoid transfers under section 548, and recover them under section 550 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA.  Courts adjudicate SIPA avoidance actions under decisional authority applicable to avoidance actions in a bankruptcy case, applying the relative burdens of proof equally to litigants in both title 11 and SIPA adversary proceedings.

But this Court has viewed SIPA differently from other courts.  On June 25, 2012, this Court withdrew the reference to the bankruptcy court over these actions, in part, to determine "whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in 'good faith' under either 11 U.S.C. § 548(c) or 11 U.S.C § 550(b)."  *See* Order Withdrawing Reference at 3, *In re Madoff Sec.*, 12-MC-115 (S.D.N.Y. June 25, 2012), ECF No. 197.

The Order held that, although "good faith" is an element of affirmative defenses to actions under sections 548 and 550, in SIPA cases, a SIPA trustee must plead the absence of good faith, with particularized allegations, as part of his prima facie case to avoid and recover transfers under the Bankruptcy Code.  Order, 2014 WL 1651952, at *5.  The Court reasoned that

2

the usual rule that a defendant bears the burden of pleading an affirmative defense "would totally undercut SIPA's twin goals of maintaining marketplace stability and encouraging investor confidence." *Id*.  The Order also reiterated the Court's prior holding that for purposes of SIPA avoidance actions, "'good faith' means that the transferee neither had actual knowledge of the . . . fraud nor willfully blinded himself to circumstances indicating a high probability of such fraud." *Id*. at *4.

The Order resolved these legal questions upon withdrawal of the reference, which did not result in the entry of final judgment in any action.  Instead, the Court returned all actions to the bankruptcy court for further proceedings consistent with the Order to determine whether the specific allegations made in the Trustee's complaints meet the new standards it set.  If so, the parties may then proceed with the adjudication of their claims under the heightened proof standard enunciated in the Order.

The Trustee now moves to certify the Order for immediate appeal to ensure that the Second Circuit can weigh in on the Order before hundreds of avoidance actions proceed in the bankruptcy court.

## <u>ARGUMENT</u>

Under § 1292(b), a district court may certify an order for interlocutory appeal when:  (1) the disputed ruling involves controlling questions of law; (2) substantial grounds for difference of opinion exist; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b); *see also In re Enron Creditors Recovery Corp.,* 2009 WL 3349471, at *5 (S.D.N.Y. Oct. 16, 2009).

## I.     THE ORDER PRESENTS TWO CONTROLLING ISSUES OF LAW

A question of law is "controlling" if the issue to be appealed is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *In re Contemporary Indus. Corp.*, 312 B.R. 898, 901 (D. Neb. 2004); *see also Bilello v. JPMorgan Chase Retirement Plan*, 603 F. Supp. 2d 590, 593 (S.D.N.Y. 2009) (finding controlling question of law when interpretation of statute was required).  In addition, a question of law is "controlling" if reversal on that ground would materially affect the litigation's outcome, *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), or if the "certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997).  "When a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 111 (2009)).

The Order, in interpreting section 548(c) of the Bankruptcy Code, presents two controlling issues of law:

1.     Whether a SIPA trustee's prima facie case for avoidance and recovery of transfers under sections 548 and 550 of the Bankruptcy Code includes pleading a lack of "good faith" under section 548(c), which is ordinarily an affirmative defense in bankruptcy cases?

2.     Whether SIPA requires a trustee to prove a lack of "good faith" under section 548(c) using a subjective standard of actual knowledge or willful blindness, as opposed to the objective inquiry notice standard that has applied in bankruptcy cases for over a century?

Because the Order determines the elements of the claims that the Trustee must plead and prove, it involves only issues of law.  It transforms section 548(c)'s requirement of "good faith" from an affirmative defense to an element of a SIPA trustee's prima facie case, and then

heightens the proof standard from an objective standard of inquiry notice to a subjective standard of actual knowledge.  The Order's precedential effect extends beyond the approximate pending 150 adversary proceedings in this SIPA liquidation affected by the ruling to all future adversary proceedings under SIPA.

In exercising its discretion, the Court should "consider the system-wide costs and benefits of allowing the appeal." *Klinghoffer*, 921 F.2d at 24.  Because the bankruptcy court now must consistently apply the rulings under the Order to all pending actions, the certainty from an immediate appeal would benefit hundreds of litigants and conserve the resources of the different courts involved in this liquidation.  Absent an immediate appeal, the parties run the risk that their litigations could later be set back to square one, at great cost to the parties and with tremendous delay of the overall resolution of these litigations.  These are precisely the kind of "extraordinary circumstances" where interlocutory appeal is warranted.

## II.    SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST ON THE COURT'S TWO LEGAL HOLDINGS

The Court is well aware that the Trustee disagrees with its resolution of the issues decided by the Order, and the Trustee is well aware that his disagreement alone does not justify certification for interlocutory review.  Instead, the proper inquiry is whether "there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  Substantial grounds can arise out of uncertainty as to whether a court applied the correct legal standard in its order.  *Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*), No. 00 MC 00012, 2011 WL 3897970, at *10 (S.D.N.Y. Aug. 31, 2011).  This factor may also "be met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  *Consub Delaware LLC. v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309

(S.D.N.Y. 2007) (citing *In re Lloyd's Am. Trust Funds Litig.*, No. 96 Civ. 01262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997)).

Under any of these tests, substantial grounds for a difference of opinion exist here.  Not only is there conflicting authority from other courts on whether "good faith" is an affirmative defense, the Order deviates from this Court's own prior rulings on the matter.  *See Picard v. Katz*, 462 B.R. 447, 456 n.9 (S.D.N.Y. 2011) (noting that the burden of making a prima facie showing of the good faith defense is initially on the defendants); Order, *Picard v. Katz*, 11-cv-3605 (S.D.N.Y. Mar. 14, 2012), ECF No. 177 (adhering to "its prior determination that [good faith] is an issue under § 548(c), and that therefore the burden of proving, by a preponderance of the evidence, that the defendants received the aforementioned transfers in good faith (i.e., in the absence of willful blindness) rests on the defendants").

Moreover, the basis for the Court's rulings—that the presence of securities laws creates unique standards of pleading and proof in SIPA cases, even though a SIPA trustee is authorized to use the avoidance provisions of the Bankruptcy Code—is a matter of first impression.  No court has held that the prima facie elements of a fraudulent transfer case differ from those prescribed by statute in Bankruptcy Code section 548(a)(1)(A) merely because they are utilized in a SIPA case.  Nor has any court held that the good faith defense to an avoidable transfer is to be determined under a different standard merely because the main liquidation case arises under SIPA—in fact, the Second Circuit recently alluded to the opposite result.  These are questions of first impression that the Second Circuit should be permitted to weigh now.

Because this liquidation involves hundreds of related avoidance actions, this uncertainty created by the Order is more than sufficient to warrant certification.  This is particularly true

here, where the questions presented are "initial" ones, concerning pleading burdens and the

substance of governing law that other courts have answered differently:

> The level of uncertainty required to find a substantial ground for
> difference of opinion should be adjusted to meet the importance of
> the question in the context of the specific case.  If proceedings that
> threaten to endure for several years depend on an initial question of
> jurisdiction, limitations, or the like, certification may be justified at
> a relatively low threshold of doubt.

16 Fed. Prac. & P. § 3930.  Getting them wrong at this stage likely would disrupt subsequent

proceedings for years.  The Trustee, Madoff's victims, and other interested parties should not

have to bear that risk.

### A.    Conflicting Rulings, Including From This Court, On Whether "Good Faith" Under Section 548(c) is an Element of a Trustee's Prima Facie Case or an Affirmative Defense, Warrant Immediate Appeal

SIPA expressly incorporates the avoidance provisions of the Bankruptcy Code.  SIPA §§

78fff(b); 78fff-2(c)(3) (stating that a trustee can avoid transfers to the extent the same are void or

voidable under Title 11).  Section 548(a)(1)(A) allows a trustee to avoid transfers made by

BLMIS with the "actual intent to hinder, delay, or defraud" its creditors.  11 U.S.C. §

548(a)(1)(A).  In Ponzi scheme cases, actual fraudulent intent is established as a matter of law.

*See, e.g., Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)* ("*Manhattan I*"),

310 B.R. 500, 506–07 (Bankr. S.D.N.Y. 2002).  To properly allege a case for the avoidance and

recovery of actual fraudulent transfers under all prior case law construing section 548(a)(1)(A),

the Trustee was required to plead that BLMIS was a Ponzi scheme and that the defendants

received transfers from BLMIS.  The burden would then shift to defendants to prove as an

affirmative defense that they received the transfers for value and in good faith, as set forth in

section 548(c).

The universal rule is that good faith is not an element of a plaintiff's claim under section 548(a)(1)(A).  *See, e.g., Christian Bros. High Sch. Endowment v. Bayou No Leverage Fund, LLC (In re Bayou Grp., LLC)* ("*Bayou III*"), 439 B.R. 284, 308 (S.D.N.Y. 2010); *Bayou Superfund, LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp. LLC)*, 362 B.R. 624, 629 (Bankr. S.D.N.Y. 2007); *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.)*, 337 B.R. 791, 805 (Bankr. S.D.N.Y. 2005) (quoting *Breeden v. L.I. Bridge Fund, LLC* (*In re Bennett Funding Grp., Inc.)*, 232 B.R. 565, 573 (Bankr. N.D.N.Y. 1999) ("[Section 548(c)] has been construed as an affirmative defense, all elements of which must be proven by the defendant-transferee.")); *Manhattan I*, 310 B.R. at 508; *McColley v. Rosenberg (In re Candor Diamond Corp.)*, 76 B.R. 342, 351 (Bankr. S.D.N.Y. 1987); *see also* 5 Collier on Bankruptcy ¶ 548.09[2][b] (16th ed. 2012).

That section 548(c) is an affirmative defense has also been the rule in SIPA cases.  In the *Stratton Oakmont* SIPA case, the court rejected defendants' motions to dismiss on the basis that the SIPA trustee failed to meet his pleading burden, finding "[w]hether [they] took those monies in good faith and for value are issues to be raised by them as affirmative defenses to the Trustee's recovery and need not be negated by the Trustee in the Complaint."  *Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 318 (Bankr. S.D.N.Y. 1999) (Brozman, C.J.) (internal citation omitted).  Similar rulings have issued from the district court and bankruptcy court in this liquidation.  *See Picard v. Merkin,* 2011 WL 3897970 (noting that the good faith transferee affirmative defense is codified at section 548(c)); *Merkin*, 440 B.R. at 256; *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317, 341 (Bankr. S.D.N.Y. 2011)

In fact, this Court has held four times in this liquidation that the elements of section 548(c) are affirmative defenses, the burden of which falls on defendants.  *See Katz*, 462 B.R. at

456 n.9 (noting that the burden of making a prima facie showing of the good faith defense is initially on the defendants); Order, *Picard v. Katz*, 11-cv-3605 (S.D.N.Y. Mar. 14, 2012), ECF No. 177 (adhering to "its prior determination that [good faith] is an issue under § 548(c), and that therefore the burden of proving, by a preponderance of the evidence, that the defendants received the aforementioned transfers in good faith (i.e., in the absence of willful blindness) rests on the defendants"); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. 416, 423 (S.D.N.Y. 2013) ("section 548(c) provides an affirmative defense that allows a defendant to retain portions of that otherwise entirely avoidable transfer") (citing *In re Bayou Grp., LLC*, 362 B.R. 624, 629 (Bankr. S.D.N.Y. 2007)); *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (finding that the BLMIS customer agreements "and the context in which they were made will likely be presented as evidence at trial as part of the defendants' affirmative defense under § 548(c)").[2]

All of these decisions are contrary to the Order. The jurisprudence to date in this and all other SIPA proceedings has enforced a trustee's right to use the avoidance powers, as set forth in the Bankruptcy Code, with no heightened pleading burden, and a defendant's right to prove its good faith under section 548(c).  In fact, trustees enjoy greater latitude in establishing a prima facie case.  *Cohmad Sec. Corp.*, 454 B.R. at 330 (where "the [T]rustee's lack of personal knowledge is compounded with complicated issues and transactions [that] extend over lengthy

---

[2] Section 548(c) provides that "a transferee or obligee of such a transfer or obligation that takes for value and in good faith . . . may retain any interest transferred . . ." 11 U.S.C. § 548(c).  In a prior decision regarding the "value" component of section 548(c), the Court agrees that section 548(c) is an affirmative defense.  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. at 416.  It is curious that the Court interprets "value" as an affirmative defense but "good faith" as part of the Trustee's prima facie case when "value" and "good faith" are conjunctive elements set forth in a single statutory section of the Bankruptcy Code.

periods of time, the [T]rustee's handicap increases," and "even greater latitude" should be afforded his pleading) (citing *Stratton Oakmont*, 234 B.R. at 310).

The Order finds that SIPA's "twin goals of maintaining marketplace stability and encouraging investor confidence" are reasons to alter the pleading standards ordinarily required for an avoidance claim by a trustee.  Order, 2014 WL 1651952, at *5.  But the Supreme Court and Second Circuit have rejected similar attempts to judicially alter statutory pleading burdens for policy reasons.

In *Jones v. Bock*, 549 U.S. 199, 212 (2007), the Supreme Court unanimously reversed a Sixth Circuit decision holding that it was a prisoner's burden, under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), to negate in his complaint the affirmative defense of failure to exhaust non-judicial remedies.  Federal Rule of Civil Procedure 8(a), the Court explained, requires simply a 'short and plain statement of the claim' in a complaint," and a plaintiff need not do more than that. *Id*. at 212.  This was so, it explained, notwithstanding the strong policy considerations at stake and the desire to further the purposes of the PLRA by "screening" out non-meritorious claims: "The argument that screening would be more effective if exhaustion had to be shown in the complaint proves too much; the same could be said with respect to any affirmative defense." *Id*. at 215.  But "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Id*. at 212; *see also Hill v. McDonough*, 547 U.S. 573, 582 (2006) ("Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts."); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512–14 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)

(altering pleading burdens is a result that "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation").

The Second Circuit has expressly followed *Jones*. In *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007), it reversed a district court's dismissal of a complaint for failure to satisfy the applicable limitations period. "The pleading requirements in the Federal Rules of Civil Procedure," it explained, "do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Id*. at 640 (citing *Jones*, 549 U.S. at 199).

*Iqbal* and *Twombly* do not require a different result, but rather only clarify that a plaintiff's prima facie case must be supported by well-pleaded facts that "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571 (2007). Neither case alters the longstanding rule—a corollary to the holding of *Jones*—that an affirmative defense is proper grounds for dismissal only "if the defense appears on the face of the complaint." *Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (citing *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998)).

Substantial grounds for a difference of opinion exist regarding this Court's holding that section 548(c) is an element of a SIPA trustee's prima facie case for avoidance and recovery of transfers rather than an affirmative defense. Certification is appropriate to permit the Second Circuit to resolve this question definitively.

### B. No Other Court Has Elevated The Good Faith Standard Under 548(c) From Inquiry Notice to Actual Knowledge, Even in SIPA Cases

The Court held in the Order that "good faith" in a SIPA avoidance action should be judged by the subjective standard of actual knowledge or willful blindness, not the objective

standard of inquiry notice routinely applied in bankruptcy cases, contending that "nothing in the intervening time has changed the analysis and conclusion that the Court reached in [*Picard v.*] *Katz* and reiterated in [*Picard v.*] *Avellino*."  Order, 2014 WL 1651952, at *3.

But in fact, something did change in the time between *Katz/Avellino* and the Order—the Second Circuit endorsed the inquiry-notice standard in a SIPA liquidation.  In *Marshall v. Picard*, the Second Circuit set forth the black letter law on the standard for the good faith defense under section 548(c), with no exception for SIPA cases:

> A recipient of a transfer is entitled to a "good faith" defense upon a showing that it took the transfer "for value" and "in good faith." 11 U.S.C. § 548(c). The presence of "good faith" depends upon, *inter alia*, "whether the transferee had information that put it on inquiry notice that the transferor was insolvent or that the transfer might be made with a fraudulent purpose." *In re Bayou Grp., LLC*, 439 B.R. 284, 310 (S.D.N.Y. 2010).

740 F.3d 81, 90 n.11 (2d Cir. 2014).  Given *Marshall*, the Second Circuit should be afforded the opportunity to weigh in on this Court's conclusion to the contrary.

Other courts have similarly applied the inquiry notice standard to bankruptcies involving securities-market participants.  *See, e.g., In re Sentinel Mgmt. Grp., Inc.*, 728 F.3d 660, 668 n.2 (7th Cir. 2013) (liquidation of investment manager maintaining customer accounts); *Gredd v. Bear, Stearns Securities Corp. (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 23–24 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 709 (2d Cir. 2009) (adversary proceeding to avoid margin payments made by hedge fund to stock broker).

Congress would seem to disagree with the Court's conclusion as well.  No SIPA provision expressly or implicitly supports imposing a standard other than inquiry notice.  If Congress viewed inquiry notice as inappropriate in a SIPA proceeding and inconsistent with its aims of protecting investors, it would have provided for a proof standard in the SIPA statute different from that in the Bankruptcy Code.  An amendment was proposed in 2009 that would

12

have done exactly that, but the amendment did not pass.  *Compare Additional Reforms to the Sec. Investor Prot. Act*: *Hearing Before the Subcomm. on Capital Mkts., Ins., & Gov't Sponsored Enters. of the Comm. on Fin. Servs.*, 111th Cong. 98 (2009) (detailing proposed amendment to limit clawback litigation) *with* Dodd-Frank Wall Street Reform & Consumer Prot. Act, 15 U.S.C. § 5301 (2010) (final enacted legislation containing no such amendment).

In sum, there is substantial ground for difference of opinion on whether, in a SIPA proceeding, a defendant's lack of "good faith" for purposes of sections 548 and 550 of the Bankruptcy Code requires showing actual knowledge or willful blindness.  Certification is warranted so that the Second Circuit has the opportunity to address this question before the bankruptcy court has to adjudicate some 150 cases in which this standard will be implicated.

### C.    An Immediate Appeal From the Court's Order is Warranted Given its Effect on Numerous Pending Actions

Immediate appeal is necessary and appropriate to "[p]rovid[e] certainty as to . . . claims" and to "help streamline the litigation for trial and on appeal." *Consol. Edison, Inc. v. Northeast Util.*, 318 F. Supp. 2d 181, 196 (S.D.N.Y. 2004).  Moreover, certification would materially advance the ultimate termination of litigation because it would avoid the chaos that inevitably would follow if, after substantial additional proceedings before the bankruptcy court on the pleading and proof standards, the Order were ultimately reversed.  *Id*.  Judicial and party economy require interlocutory review in this instance, where there is substantial ground for difference of opinion on the legal standards that govern over 150 separate avoidance and recovery actions.  *See Brown v. Bullock*, 294 F.2d 415, 417 (2d Cir. 1961) (Friendly, J.) (granting interlocutory appeal because "such a determination was likely to have precedential value for a large number of other suits . . . now pending in the Southern District [of New York]).

13

While this Court denied certification in *Katz*, this case is different.  First, the case involves not one, but approximately 150 cases.  Second, unlike *Katz*, these cases have not proceeded beyond the motion to dismiss stage.  And third, unlike *Katz*, where the issues were fact-bound, there is no need for further development of the record on the Order.  As the Court has recognized, the issues here are purely matters of law.  Order, 2014 WL 1651952, at *1 (recognizing that the instant proceeding was directed at definitional questions relating to Bankruptcy Code sections 548(c) and 550(b) and related questions of pleading standards).

Nor should the Court's refusal to certify interlocutory appeals on its prior orders relating to section 550(a) of the Bankruptcy Code and "antecedent debt" under section 548(c) preclude certification here.  *See* Order, *In re Madoff Sec.*, 12-MC-115 (S.D.N.Y. Dec. 6, 2013), ECF No. 508; Order, *In re Madoff Sec.*, 12-MC-115 (S.D.N.Y. Jan. 14, 2014), ECF No. 519.  For each of those issues, the Court's rulings were consistent with its prior decisions and those of the bankruptcy court below.  On the issues presented here, however, the Court's ruling conflicts with its own prior rulings, demonstrating that an interlocutory appeal of the Order is appropriate.

Absent an immediate appeal, the parties will have to wait years to have the benefit of the Second Circuit's ruling on the legal standards that govern these avoidance actions.  They should not be forced to litigate to trial and final judgment under the new standard of law set forth in the Order, only to find after the fact that the standard should have been different.  Delay of appellate review could result in re-trials in numerous cases if the Order is reversed.  Due to the number and complexity of these world-wide proceedings, failure to permit appellate review will only lead to further delay of the ultimate termination of litigation, whether through settlement or court determination.  Certification would allow the parties to take a single orderly and efficient appeal

to definitively resolve these questions of law and then get on with the business of negotiation and litigation on the merits.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court amend its Order to certify that Order for immediate appeal pursuant to 28 U.S.C. § 1292(b) because it involves controlling questions of law as to which there is substantial ground for difference of opinion and because an immediate appeal will materially advance the ultimate termination of the litigations.

Dated:  June 5, 2014
      New York, New York

By: _/s/ David J. Sheehan_
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Seanna R. Brown
    Email: sbrown@bakerlaw.com
    **BAKER & HOSTETLER LLP**
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201

    David B. Rivkin, Jr.
    Email: drivkin@bakerlaw.com
    Andrew M. Grossman
    Email: agrossman@bakerlaw.com
    **BAKER & HOSTETLER LLP**
    1050 Connecticut Ave., N.W., Ste. 1100
    Washington, D.C. 20036
    Telephone: (202) 861-1500
    Facsimile: (202) 861-1783

    *Attorneys for Irving H. Picard, Trustee for the*
    *Substantively Consolidated SIPA Liquidation of*
    *Bernard L. Madoff Investment Securities LLC*
    *and the Estate of Bernard L. Madoff*

*As to the following actions:*

*Picard v. Hoboken Radiology, et al.*,
Adv. Pro. No. 10-05386, Civil Action
No. 12-cv-02290

*Picard v. Edward Blumenfeld, et al.*,
Adv. Pro. No. 10-04730, Civil Action No.
12-cv-02405

*Picard v. Credit Suisse AG, et al.*,
Adv. Pro. No. 11-02925, Civil Action No.
12-cv-02454

*Picard v. Solon Capital, Ltd.*, Adv. Pro.
No. 12-01025, Civil Action No.
12-cv-02456

*Picard v. Zephyros Limited*, Adv. Pro.
No. 12-01278, Civil Action No.
12-cv-03533

*Picard v. Mistral (SPC)*, Adv. Pro. No.
12-01273, Civil Action No.12-cv-03532

*Picard v. Trincaster Corporation*,
Adv. Pro. No. 11-02731, Civil Action
No. 12-cv-02486

*Picard v. Credit Suisse AG, as*
*successor-in-interest to Clariden Leu AG*
*and Bank Leu AG*, Adv. Pro. No.
12-01676, Civil Action No. 12-cv-04724

*Picard v. Royal Bank of Canada, et al.*,
Adv. Pro. No. 12-01699, Civil Action No.
12-cv-04938

*Picard v. Robert Nystrom*, Adv. Pro. No.
10-04399, Civil Action No. 12-cv-02403

*Picard v. Societe Generale Private Banking*
*(Suisse) S.A., (f/k/a SG Private Banking*
*Suisse S.A.), et al.*, Adv. Pro. No. 12-01677,
Civil Action No. 12-cv-08860

By: */s/ Howard L. Simon*
WINDELS MARX LANE&
MITTENDORF, LLP
156 West 56th Street
New York, New York  10019
Telephone:  (212) 237-1000
Facsimile:  (212) 262-1215
Howard L. Simon
E-mail: hsimon@windelsmarx.com

*Special Counsel to Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and Bernard L.*
*Madoff*

As to the following actions:

Picard v. Caceis Bank Luxembourg, et al., Civil Action No. 12-cv-02434

Picard v. Credit Agricole (Suisse) S.A., et al., Civil Action No. 12-cv-02494

Picard v. Credit Agricole Corporate and Investment Bank, Civil Action No. 12-cv-04867

Picard v. Barfield Nominees Limited, et al., Civil Action No. 12-cv-05278

Picard v. Intesa Sanpaolo SPA, et al., Civil Action No. 12-cv-06291

By:  */s/ Matthew B. Lunn*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Matthew B. Lunn
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone:  (212) 332-8840
Facsimile: (212) 332-8855
Email:  mlunn@ycst.com
        jduda@ycst.com

Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC