UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>Civil Action No. 12-mc-0115 (JSR) |
| In re:<br><br>MADOFF SECURITIES | |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash off Long Island*, *N.Y. on July 17, 1996*,
    27 F. Supp. 2d 431 (1998) ................................................................................................4

*In re Cintas Corp. Overtime Pay Arbitration Litig*,
    2007 WL 1302496 (N.D. Ca. May 2, 2007) .....................................................................3

*In re Microsoft Corp. Antitrust Litig.*,
    274 F. Supp. 2d 741 (D. Md. 2003) ..................................................................................4

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ..........................................................................................................5

*Picard v. Avellino*,
    469 B.R. 408 (S.D.N.Y. 2012) ..........................................................................................2

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011) ..........................................................................................2

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    12-mc-115 (S.D.N.Y. June 25, 2012), ECF No. 201 .......................................................1

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    2014 WL 1651952 (S.D.N.Y. April 27, 2014) ........................................................1, 2, 3, 5

**Statutes**

15 U.S.C. § 78aaa .........................................................................................................................1

28 U.S.C. § 1292(b) ..............................................................................................................1, 2, 5

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this reply memorandum of law in further support of his motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's Opinion and Order of April 27, 2014, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2014 WL 1651952 (S.D.N.Y. April 27, 2014) (the "Order"), which held: (1) the Trustee must "plausibly allege," as part of his complaint in the relevant avoidance action, that the defendant did not act in good faith; and (2) a transferee's lack of good faith in a SIPA liquidation may be shown only by actual knowledge of, or willful blindness to, fraud.

## ARGUMENT

On the basis that there were unresolved issues presented by SIPA, this Court withdrew the reference in hundreds of proceedings to determine "identical questions of law" common to the Trustee's actions, including the "good faith" pleading and proof standards that are the subject of the Order. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 12-mc-115 (S.D.N.Y. June 25, 2012), ECF No. 201. Following consolidated briefing, the Court issued the Order which did not determine any factual issues but rather "set out the general framework," leaving it to the Bankruptcy Court to "determine in any instance whether the [] standards have been met." Order, 2014 WL 1651952, at *5.

This procedural history demonstrates this Court's own determination that the Order involves purely questions of law. While Defendants claim that there is no ground for a

---

[1] Subsequent references to provisions of SIPA shall omit "15 U.S.C."

difference of opinion on those questions of law, *see* Defs. Br. at 11-17, the questions of law resolved by the Order are novel, as evidenced by the fact that other than the Order, not a single opinion has been issued in over forty years of SIPA jurisprudence that holds SIPA trustees to different pleading standards than typical bankruptcy trustees. And this Court is the only one in those forty years to hold SIPA trustees to higher proof standards to recover avoidable transfers. *See Picard v. Katz*, 462 B.R. 447, 456 (S.D.N.Y. 2011); *Picard v. Avellino*, 469 B.R. 408, 412 (S.D.N.Y. 2012).

The only remaining question is whether an interlocutory appeal will advance the ultimate termination of the litigation, the third factor required under 28 U.S.C. § 1292(b). Unsurprisingly, Defendants posit that because several of their individual actions may terminate sooner without an interlocutory appeal, certification should be denied. But the test is not whether any one of the hundreds of actions at issue may terminate sooner with or without an interlocutory appeal—it is whether an interlocutory appeal will advance the *ultimate* termination of the litigation. And there is no dispute that the termination of the overall liquidation—from which each of Defendants' separate litigations emanate—will be advanced by an interlocutory appeal in this matter. A ruling by the Second Circuit now would set clear rules of the road for all of the individual actions, permitting the parties to make the appropriate strategy decisions for motion practice, trial, and any potential settlements, rather than potentially putting the parties back at square one after years of litigation.

The Order did not rule on any factual issues specific to any particular case. Instead, this Court's ruling merely set the framework under which hundreds of cases will proceed through fact and expert discovery, settlement and/or trial. Requiring the parties to litigate a common issue in hundreds of separate actions to obtain review of a single order—the final appeal of

which will determine whether the parties have been operating under the correct standard throughout the course of those individual litigations—would undermine the reasons this Court ordered consolidated proceedings in the first place. *C.f. In re Cintas Corp. Overtime Pay Arbitration Litig*, 2007 WL 1302496, at *2 (N.D. Ca. May 2, 2007) (granting certification where denial would force parties to appeal seventy separate cases to different courts of appeal, undermining purpose of MDL proceeding before a single court).

This is not a typical bankruptcy in which an appeal from a judgment or order of the Bankruptcy Court on separate issues presented by each of the adversary proceedings is taken to the District Court and then to the Second Circuit. Instead, many common legal issues have already been withdrawn and decided by this Court in the first instance, followed either by consolidated appeals to the Second Circuit or by returning the cases to the Bankruptcy Court with directions to apply the particular rulings in each adversary proceeding. Unlike some of the other discrete issues that have been returned to the Bankruptcy Court for application, however, the Order involves threshold issues of pleading and proof that will guide every adversary proceeding in this liquidation in which the Trustee has alleged a lack of good faith. Without an appeal now, the Bankruptcy Court may apply possibly erroneous conclusions of law in scores of cases with varying facts, all of which will result in multiple appeals anyhow. Like the Trustee's determination of net equity, the Order involves threshold legal determinations that are common across the adversary proceedings, warranting immediate review on appeal.[2]

---

[2] The history of this case has shown that few of the Trustee's adversaries are willing to sit on the sidelines when case-wide issues are litigated. Thus, even if a final judgment is issued in one adversary proceeding on the good faith standards enunciated in the Order, undoubtedly a number of defendants in other adversary proceedings will seek to join the appeal in some fashion. There is no guarantee that any order that becomes appealable on these issues will be conducive to a consolidated appeal in which all defendants can be heard. To the extent that other defendants want to participate in an appeal on these issues, it is in the interest of all parties for the Court to certify an interlocutory appeal now to facilitate that process.

Defendants argue that an interlocutory appeal will not promote an orderly and efficient process for appellate review, *see* Defs. Br. at 6, but that does not belie their singular aim of obtaining dismissal of individual cases. If returned to the Bankruptcy Court for application to the facts in hundreds of cases, the parties will not have clarity on this issue until the Bankruptcy Court issues hundreds of dispositive rulings; the District Court, sitting as a bankruptcy court of appeals, hears and decides the first round of appeals resulting from those rulings; and the Second Circuit hears and decides the subsequent appeals on the orders from the District Court. The history in this very liquidation proceeding tells us unequivocally that this process takes years. Denying an interlocutory appeal multiplies, rather than decreases, the amount of litigation, costs, and time, which will ultimately work a great burden on each of the many courts that will be involved in resolving these issues on a piecemeal basis.

For the same reasons that this Court ordered common briefing and issued a consolidated ruling on a legal issue common to hundreds of actions, it should afford the Second Circuit the opportunity to review and determine the correct standards under which these cases will be litigated before those litigations once again wend their way through the Bankruptcy, District, and Circuit Courts on an individual basis. There is no question that the Second Circuit will have an opportunity to hear an appeal on this issue—the only question is whether it will do so on an omnibus basis before further significant resources are expended by the parties or after hundreds of cases and appeals are determined by the Bankruptcy and District Courts, respectively. A ruling by the Second Circuit would be law of the case in every one of the adversary proceedings, greatly decreasing the overall amount of litigation on this issue as well as facilitating the ultimate termination of this liquidation, demonstrating the appropriateness of certification here.

4

This Court need look no further than decisions by other district courts faced with certification requests in large proceedings on rulings that affected hundreds of individual actions. In the multidistrict litigation stemming from the crash of TWA Flight 800, a court within this district was faced with permitting an appeal on a common legal issue or remanding cases for individual proceedings. In granting certification, the court held that immediate review may obviate years of litigation on a common issue, avoiding the fate of another case in which it "took fifteen years to resolve a legal issue that was common to all plaintiffs." *In re Air Crash off Long Island*, *N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 436 (1998); *see also In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 741, (D. Md. 2003) (granting certification where ruling controlled "many aspects of the proceedings in substantial respects," including scope of discovery and evidence).

The standards for certification do not require that a case be exceptional. But this case is: there can be no question that the standard announced in the Order "involves a new legal question" and is "of special consequence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009). In those instances, the Supreme Court has directed that "district courts should not hesitate to certify an interlocutory appeal." *Id.* The Court should not hesitate to do so here.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court amend its Order to certify that Order for immediate appeal pursuant to 28 U.S.C. § 1292(b) because it involves controlling questions of law as to which there is substantial ground for difference of opinion and because an immediate appeal will materially advance the ultimate termination of the litigations.

Dated: July 16, 2014
      New York, New York

By: /s/ *David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

6

*As to the following actions:*

*Picard v. Hoboken Radiology, et al.*,
Adv. Pro. No. 10-05386, Civil Action
No. 12-cv-02290

*Picard v. Edward Blumenfeld, et al.*,
Adv. Pro. No. 10-04730, Civil Action No.
12-cv-02405

*Picard v. Credit Suisse AG, et al.*,
Adv. Pro. No. 11-02925, Civil Action No.
12-cv-02454

*Picard v. Solon Capital, Ltd.*, Adv. Pro.
No. 12-01025, Civil Action No.
12-cv-02456

*Picard v. Zephyros Limited*, Adv. Pro.
No. 12-01278, Civil Action No.
12-cv-03533

*Picard v. Mistral (SPC)*, Adv. Pro. No.
12-01273, Civil Action No.12-cv-03532

*Picard v. Trincaster Corporation*,
Adv. Pro. No. 11-02731, Civil Action
No. 12-cv-02486

*Picard v. Credit Suisse AG, as
successor-in-interest to Clariden Leu AG
and Bank Leu AG*, Adv. Pro. No.
12-01676, Civil Action No. 12-cv-04724

*Picard v. Royal Bank of Canada, et al.*,
Adv. Pro. No. 12-01699, Civil Action No.
12-cv-04938

*Picard v. Robert Nystrom*, Adv. Pro. No.
10-04399, Civil Action No. 12-cv-02403

*Picard v. Societe Generale Private Banking
(Suisse) S.A., (f/k/a SG Private Banking
Suisse S.A.), et al.*, Adv. Pro. No. 12-01677,
Civil Action No. 12-cv-08860

By: */s/ Howard L. Simon*
WINDELS MARX LANE&
MITTENDORF, LLP
156 West 56th Street
New York, New York  10019
Telephone:  (212) 237-1000
Facsimile:  (212) 262-1215
Howard L. Simon
E-mail: hsimon@windelsmarx.com

*Special Counsel to Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

7

| | |
|---|---|
| As to the following actions:<br><br>Picard v. Caceis Bank Luxembourg, et al., Civil Action No. 12-cv-02434<br><br>Picard v. Credit Agricole (Suisse) S.A., et al., Civil Action No. 12-cv-02494<br><br>Picard v. Credit Agricole Corporate and Investment Bank, Civil Action No. 12-cv-04867<br><br>Picard v. Barfield Nominees Limited, et al., Civil Action No. 12-cv-05278<br><br>Picard v. Intesa Sanpaolo SPA, et al., Civil Action No. 12-cv-06291 | By:   */s/ Matthew B. Lunn*<br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Matthew B. Lunn<br>Justin P. Duda<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone:  (212) 332-8840<br>Facsimile: (212) 332-8855<br>Email:   mlunn@ycst.com<br>            jduda@ycst.com<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* |

8